CLOSED,APPEAL,ETT–2D,LC1,MEDIATION

# U.S. District Court
## DISTRICT OF KANSAS (Topeka)
## CIVIL DOCKET FOR CASE #: 5:15–cv–03117–HLT

Thompson v. Virden et al
Assigned to: District Judge Holly L. Teeter
Case in other court:  10CCA, 19–03072
                      10CCA, 23–03099
                      10CCA, 23–03103
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 05/14/2015
Date Terminated: 06/01/2023
Jury Demand: Defendant
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Anthony Thompson**

represented by **Anthony Thompson**
1316 SW Western, Apt. 8
Topeka, KS 66604
Email:
PRO SE
*Bar Number:*
*Bar Status:*

**Michael J. Shultz**
Shultz Law Office, PA
445 North Waco
Wichita, KS 67202
316–269–2284
Fax: 316–269–2011
Alternative Phone:
Cell Phone:
Email: michael@shultzlaw.net
 *TERMINATED: 09/28/2022*
*Bar Number: 23133*
*Bar Status: Active*

V.

**Defendant**

**David L. Platt**
*District Court Judge, Geary County*
*District Court, in his individual capacity*
*TERMINATED: 02/02/2018*

**Defendant**

**Glen F. Virden**
*Senior Special Agent, Kansas Bureau of*
*Investigation, in his individual capacity*
*TERMINATED: 12/27/2021*

represented by **Arthur S. Chalmers**
Kansas Attorney General – Topeka
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
785–368–6244

001

Alternative Phone:
Cell Phone: 316−644−8541
Email: art.chalmers@ag.ks.gov
*LEAD ATTORNEY*
*Bar Number: 11088*
*Bar Status: Active*

**Carrie A. Barney**
Kansas Attorney General − Topeka
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
785−368−6695
Fax: 785−291−3767
Alternative Phone:
Cell Phone:
Email: carrie.barney@ag.ks.gov
 *TERMINATED: 05/28/2020*
*LEAD ATTORNEY*
*Bar Number: 22872*
*Bar Status: Active*

**Defendant**

**T−Mobile U.S.A.**                    represented by  **Jay E. Heidrick**
Polsinelli PC − 48th Place
900 W. 48th Place, Suite 900
Kansas City, MO 64112−1895
816−572−4765
Fax: 816−753−1536
Alternative Phone:
Cell Phone:
Email: jheidrick@polsinelli.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 20770*
*Bar Status: Active*

**Kymberly Kester**
Polsinelli PC
401 Commerce Street, Suite 900
Nashville, TN 37219
615−259−1510
Fax: 615−259−1573
Alternative Phone:
Cell Phone:
Email: kkester@polsinelli.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Phv*

**Amanda S. Vogelsberg**

002

Henson, Hutton, Mudrick, Gragson &
Vogelsberg, LLP
3649 SW Burlingame Road, Suite 200
Topeka, KS 66611–21558
785–232–2200
Fax: 785–232–3344
Alternative Phone:
Cell Phone:
Email: avogelsberg@hhmglaw.com
*TERMINATED: 05/03/2023*
*Bar Number: 23360*
*Bar Status: Active*

**James Phillip Gragson**
Henson, Hutton, Mudrick, Gragson &
Vogelsberg, LLP
3649 SW Burlingame Road, Suite 200
Topeka, KS 66611–21558
785–232–2200
Alternative Phone:
Cell Phone:
Email: jpgragson@hhmglaw.com
*TERMINATED: 05/04/2023*
*Bar Number: 16103*
*Bar Status: Active*

**Michael T. Hilgers**
Hilgers Graben, PLLC
570 Fallbrook Blvd., Suite 109
Lincoln, NE 68521
402–218–2106
Fax: 402–413–1880
Alternative Phone:
Cell Phone:
Email: mhilgers@hilgersgraben.com
*TERMINATED: 05/04/2023*
*PRO HAC VICE*
*Bar Number:*
*Bar Status: Phv*

**Trenton D. Tanner**
Hilgers Graben, PLLC
575 Fallbrook Blvd., Suite 200
Lincoln, NE 68521
402–260–1391
Fax: 402–413–1880
Alternative Phone:
Cell Phone:
Email: ttanner@hilgersgraben.com
*TERMINATED: 05/03/2023*
*PRO HAC VICE*
*Bar Number:*

*Bar Status: Phv*

**Defendant**

**Timothy Brown**
*Chief, Junction City Police Department,*
*in his individual capacity*
*TERMINATED: 12/27/2021*

represented by **Michael K. Seck**
Fisher, Patterson, Sayler & Smith, LLP –
Overland Park
9393 W. 110th Street, Suite 300
Overland Park, KS 66210
913–339–6757
Alternative Phone:
Cell Phone:
Email: mseck@fpsslaw.com
*LEAD ATTORNEY*
*Bar Number: 11393*
*Bar Status: Active*

**William D. Cross , Jr.**
Henderson Engineers
8345 Lenexa Drive
Lenexa, KS 66214
816–686–7989
Alternative Phone:
Cell Phone:
Email: bill.cross@hendersonengineers.com
*TERMINATED: 12/18/2018*
*LEAD ATTORNEY*
*Bar Number: 27530*
*Bar Status: Active*

**Defendant**

**Ben Bennett**
*Geary County Commissioner*
*TERMINATED: 02/20/2018*

**Defendant**

**Larry Hicks**
*Geary County Commissioner*
*TERMINATED: 02/20/2018*

**Defendant**

**Tony Wolf**
*Sheriff, Geary County Sheriff's*
*Department, in his individual and official*
*capacity*
*TERMINATED: 12/27/2021*

represented by **Eric Turner**
Foulston Siefkin LLP – OP
7500 College Blvd., Suite 1400
Overland Park, KS 66210
913–253–2176
Fax: 913–498–2101
Alternative Phone:
Cell Phone:
Email: eturner@foulston.com
*LEAD ATTORNEY*

Bar Number: 25065
Bar Status: Active

**Toby Crouse**
U.S. District Court – Topeka
444 SE Quincy Street
Topeka, KS 66683–0001
Alternative Phone:
Cell Phone:
Email:
*LEAD ATTORNEY*
*Bar Number: 20030*
*Bar Status: Justice Judge Magist*

**Defendant**

**Geary County**
*TERMINATED: 02/20/2018*

**Defendant**

**Kansas Bureau of Investigation**              represented by   **Carrie A. Barney**
*TERMINATED: 02/20/2018*                                        (See above for address)
                                                               *TERMINATED: 05/28/2020*
                                                               *LEAD ATTORNEY*
                                                               *Bar Number: 22872*
                                                               *Bar Status: Active*

**Defendant**

**Junction City Police Department**
*TERMINATED: 02/20/2018*

**Defendant**

**Geary County Sheriff's Office**
*TERMINATED: 02/20/2018*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 05/14/2015 | 1 | COMPLAINT filed by Plaintiff Anthony Thompson (Attachments: # 1 Exhibit 1; # 2 Summons; # 3 Envelope) (smnd) (Entered: 05/14/2015) |
| 05/14/2015 | 2 | MOTION for Leave to Proceed in forma pauperis by Plaintiff Anthony Thompson (referred to Magistrate Judge David J. Waxse) (Attachments: # 1 Inmate Statement) (smnd) (Entered: 05/14/2015) |
| 07/21/2015 | 3 | NOTICE AND ORDER TO SHOW CAUSE ENTERED: Plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $25.00. Within the same thirty–day period, plaintiff is required to show good cause, in writing, to the Honorable Sam A. Crow, United States Senior District Judge, why plaintiff's complaint should not be dismissed. Signed by Senior District Judge Sam A. Crow on |

| | | |
|---|---|---|
| | | 07/21/15. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 07/21/2015) |
| 08/13/2015 | 4 | RESPONSE (titled Statement of Facts) re 3 Notice and Order to Show Cause by Plaintiff Anthony Thompson (Attachments: # 1 Memorandum of Law in Support of Statement of Facts; # 2 Exhibit 1; # 3 Exhibit 2; # 4 Envelope) (smnd) (Entered: 08/13/2015) |
| 08/13/2015 | 5 | MOTION to Amend 1 Complaint to Add Defendant by Plaintiff Anthony Thompson (referred to Magistrate Judge David J. Waxse) (smnd) (Entered: 08/13/2015) |
| 08/21/2015 | | INITIAL PARTIAL FILING FEE PAID on 8/21/2015. Receipt number T4631009141, in the amount of $25.00. (ms) (Entered: 08/21/2015) |
| 01/25/2016 | 6 | NOTICE of Change of Address by Plaintiff Anthony Thompson, #15318–031: now at USP–Leavenworth, P.O. Box 1000, Leavenworth, Kansas 66048 (Attachments: # 1 Envelope) (smnd) (Entered: 01/25/2016) |
| 01/25/2016 | 7 | MOTION for Stay of Execution by Plaintiff Anthony Thompson (referred to Magistrate Judge David J. Waxse) (Attachments: # 1 Envelope) (smnd) (Entered: 01/25/2016) |
| 03/16/2016 | 8 | ORDER ENTERED: Plaintiff's motion 2 for leave to proceed in forma pauperis is granted with payment of the remainder of the district court filing fee to proceed as authorized by 28 U.S.C. 1915(b)(2). Plaintiff's motion 5 to amend is denied without prejudice. Plaintiff's motion 7 for a stay is granted. Signed by Senior District Judge Sam A. Crow on 03/16/16. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 03/16/2016) |
| 09/29/2017 | 9 | ORDER ENTERED: Defendants Platt, Junction City Police Department and Geary County Sheriff's Office are dismissed from this case and plaintiff's claims for injunctive and declaratory relief are dismissed. Plaintiff's § 1983 and state law claims against defendant Virden and defendant Platt in their official capacities and plaintiff's § 1983 and state law claims against defendant KBI are dismissed. The court shall dismiss defendant Geary County, Kansas, Ben Bennett and Larry Hicks from this action unless plaintiff files a motion to amend the complaint within 30 days of this order. The Clerk issue waiver of summons forms and prepare summons consistent with Section VII of this order. Signed by U.S. District Senior Judge Sam A. Crow on 09/29/17. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 09/29/2017) |
| 09/29/2017 | | SUMMONS ISSUED as to Defendants Kansas Bureau of Investigation and T–Mobile U.S.A. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (smnd) (Entered: 09/29/2017) |
| 09/29/2017 | | WAIVERS OF SERVICE OF SUMMONS ISSUED as to Defendants Timothy Brown, Glen F. Virden and Tony Wolf. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (smnd) (Entered: 09/29/2017) |
| 10/02/2017 | | MINUTE ORDER terminating referral to magistrate judge. Magistrate Judge David J. Waxse no longer assigned to case. Signed by deputy clerk on 10/2/17. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(cs) (Entered: 10/02/2017) |
| 10/05/2017 | 10 | WAIVER OF SERVICE Returned Executed – Prisoner Case by Timothy Brown. Timothy Brown waiver sent on 9/29/2017, answer due 11/28/2017. (Seck, Michael) |

| | | (Entered: 10/05/2017) |
|---|---|---|
| 10/10/2017 | 14 | SUMMONS RETURNED EXECUTED by certified mail upon Defendant T–Mobile U.S.A., c/o Corporation Service Company, Resident Agent; served on 10/6/2017, answer due 10/27/2017 (smnd) (Entered: 10/13/2017) |
| 10/12/2017 | 13 | SUMMONS RETURNED EXECUTED by certified mail upon Defendant Kansas Bureau of Investigation, c/o Kansas Attorney General; served on 10/6/2017, answer due 10/27/2017 (smnd) (Entered: 10/13/2017) |
| 10/13/2017 | 11 | MOTION to Dismiss Party Timothy Brown by Defendant Timothy Brown (Seck, Michael) (Entered: 10/13/2017) |
| 10/13/2017 | 12 | MEMORANDUM IN SUPPORT of 11 MOTION to Dismiss Party Timothy Brown by Defendant Timothy Brown(Seck, Michael) (Entered: 10/13/2017) |
| 10/27/2017 | 15 | ENTRY OF APPEARANCE by Carrie A. Barney on behalf of Kansas Bureau of Investigation. (Barney, Carrie) (Entered: 10/27/2017) |
| 10/27/2017 | 16 | ENTRY OF APPEARANCE by Amanda S. Vogelsberg on behalf of T–Mobile U.S.A.. (Vogelsberg, Amanda) (Entered: 10/27/2017) |
| 10/27/2017 | 17 | CLERKS ORDER EXTENDING TIME until November 10, 2017, for Defendant Kansas Bureau of Investigation to answer or otherwise plead. Signed by Deputy Clerk on 10/27/17. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 10/27/2017) |
| 10/27/2017 | 18 | CLERKS ORDER EXTENDING TIME until November 10, 2017, for Defendant T–Mobile U.S.A. to answer or otherwise plead. Signed by Deputy Clerk on 10/27/17. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 10/27/2017) |
| 10/30/2017 | 19 | WAIVER OF SERVICE OF SUMMONS Returned Executed by Attorney Eric Turner for Defendant Tony Wolf; waiver sent on 9/29/2017, answer due 11/28/2017 (smnd) (Entered: 10/30/2017) |
| 10/30/2017 | 20 | MOTION to Proceed to Trial Against Timothy Brown by Plaintiff Anthony Thompson (Attachments: # 1 Envelope) (smnd) (Entered: 10/30/2017) |
| 10/30/2017 | 21 | MEMORANDUM IN SUPPORT of 20 MOTION to Proceed to Trial Against Timothy Brown by Plaintiff Anthony Thompson (Attachments: # 1 Envelope) (smnd) (Entered: 10/30/2017) |
| 11/03/2017 | 22 | REPLY TO RESPONSE TO MOTION by Defendant Timothy Brown re: 11 MOTION to Dismiss Party Timothy Brown (Attachments: # 1 Exhibit 1)(Seck, Michael) (Entered: 11/03/2017) |
| 11/03/2017 | 23 | MOTION to Consolidate Cases (titled Motion to Consolidate Anthony Thompson's Complaint with Albert Banks and Martye Madkins in Order to Save Time and Judicial Resources) by Plaintiff Anthony Thompson (Attachments: # 1 Envelope) (smnd) (Entered: 11/03/2017) |
| 11/03/2017 | 24 | Letter from Plaintiff Anthony Thompson to Clerk of the Court (Attachments: # 1 Motion to Proceed to Trial Against Timothy Brown (unsigned); # 2 Envelope) (smnd) (Entered: 11/03/2017) |
| 11/06/2017 | 25 | |

| | | |
|---|---|---|
| | | RESPONSE by Defendant Timothy Brown re 23 MOTION to Consolidate Cases (Seck, Michael) (Entered: 11/06/2017) |
| 11/07/2017 | 26 | MOTION for attorney Michael T. Hilgers to appear pro hac vice ( Pro hac vice fee $50, Internet Payment Receipt Number AKSDC–4324006.) by Defendant T–Mobile U.S.A. (Vogelsberg, Amanda) (Entered: 11/07/2017) |
| 11/09/2017 | 27 | MOTION to Appoint Counsel by Plaintiff Anthony Thompson (Attachments: # 1 Envelope)(smnd) (Entered: 11/09/2017) |
| 11/10/2017 | 28 | RESPONSE by Defendant Timothy Brown re 27 MOTION to Appoint Counsel (Seck, Michael) (Entered: 11/10/2017) |
| 11/10/2017 | 29 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant T–Mobile U.S.A. (Vogelsberg, Amanda) (Entered: 11/10/2017) |
| 11/10/2017 | 30 | MEMORANDUM IN SUPPORT of 29 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant T–Mobile U.S.A.(Vogelsberg, Amanda) (Entered: 11/10/2017) |
| 11/13/2017 | 31 | MOTION for Extension of Time to File Answer by Defendant Kansas Bureau of Investigation (Barney, Carrie) (Entered: 11/13/2017) |
| 11/13/2017 | 32 | MOTION for Extension of Time to Respond to 9 Order by Plaintiff Anthony Thompson. (ms) (Entered: 11/14/2017) |
| 11/15/2017 | 33 | ORDER granting 26 Motion to Appear Pro Hac Vice of Michael T. Hilgers for T–Mobile U.S.A. pursuant to D. Kan. Rule 83.5.4 for purposes of this case only. Unless already registered, pro hac vice counsel should register for electronic notification pursuant to the court's Administrative Procedures by completing a CM/ECF Electronic Filing Registration Form at http://www.ksd.uscourts.gov/. Signed by U.S. District Senior Judge Sam A. Crow on 11/15/17. Mailed to pro se party Anthony Thompson by regular mail (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (msb) (Entered: 11/15/2017) |
| 11/15/2017 | 34 | ORDER denying 23 Motion to Consolidate Cases; granting 31 Motion for Extension of Time to Answer Kansas Bureau of Investigation answer due 11/20/2017; granting 32 Motion for Extension of Time to File Response re 32 MOTION for Extension of Time to File Respond as to 9 Order ( Response deadline 12/13/2017). Signed by District Judge Sam A. Crow on 11/15/17.Mailed to pro se party Anthony Thompson by regular mail (daw) (Entered: 11/15/2017) |
| 11/16/2017 | 36 | REPLY TO RESPONSE TO MOTION by Plaintiff Anthony Thompson re: 23 MOTION to Consolidate Cases (Attachments: # 1 Envelope) (smnd) (Entered: 11/20/2017) |
| 11/20/2017 | 35 | ORDER ENTERED: The court denies plaintiff's motion for appointment of counsel 27 without prejudice to plaintiff renewing his request at a later point in this litigation. Signed by U.S. District Senior Judge Sam A. Crow on 11/20/17. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 11/20/2017) |
| 11/20/2017 | 37 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Kansas Bureau of Investigation (Barney, Carrie) (Entered: 11/20/2017) |
| 11/20/2017 | 38 | MEMORANDUM IN SUPPORT of 37 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Kansas Bureau of Investigation(Barney, Carrie) |

| | | |
|---|---|---|
| | | (Entered: 11/20/2017) |
| 11/22/2017 | 39 | MOTION to Appoint Counsel by Plaintiff Anthony Thompson (Attachments: # 1 Envelope) (smnd) (Entered: 11/22/2017) |
| 11/27/2017 | 40 | MOTION for Extension of Time to File Response as to 29 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant T–Mobile U.S.A. by Plaintiff Anthony Thompson (Attachments: # 1 Envelope) (smnd) (Entered: 11/28/2017) |
| 11/28/2017 | 41 | MOTION to Dismiss *Plaintiff's Complaint* by Defendant Tony Wolf (Turner, Eric) (Entered: 11/28/2017) |
| 11/28/2017 | 42 | MEMORANDUM IN SUPPORT of 41 MOTION to Dismiss *Plaintiff's Complaint* by Defendant Tony Wolf(Turner, Eric) (Entered: 11/28/2017) |
| 11/29/2017 | 43 | ENTRY OF APPEARANCE by Toby Crouse on behalf of Tony Wolf (Crouse, Toby) (Entered: 11/29/2017) |
| 11/29/2017 | 44 | ORDER ENTERED: Plaintiff's motion 39 is treated as a motion for reconsideration of the court's order 35 and is denied. Signed by U.S. Senior District Judge Sam A. Crow on 11/29/17. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 11/29/2017) |
| 12/04/2017 | 45 | MOTION for Leave to Amend 1 Complaint by Plaintiff Anthony Thompson (Attachments: # 1 Amended Complaint (STRICKEN PER DOC. 53; # 2 Envelope) (smnd) Modified text on 12/29/2017 (msb). (Entered: 12/04/2017) |
| 12/04/2017 | 46 | RESPONSE (titled Motion to Amend Complaint and Reply to Defendants Motions to Dismiss) by Plaintiff Anthony Thompson re 11 Motion to Dismiss Party Timothy Brown by Defendant Timothy Brown, 29 Motion to Dismiss for Failure to State a Claim by Defendant T–Mobile U.S.A, 37 Motion to Dismiss for Failure to State a Claim by Defendant Kansas Bureau of Investigation and 41 Motion to Dismiss Plaintiff's Complaint by Defendant Tony Wolf (smnd) (Entered: 12/04/2017) |
| 12/04/2017 | 47 | MEMORANDUM OF LAW IN SUPPORT of 46 RESPONSE (titled Motion to Amend Complaint and Reply to Defendants Motions to Dismiss) by Plaintiff Anthony Thompson (smnd) (Entered: 12/04/2017) |
| 12/04/2017 | 54 | PROPOSED AMENDED COMPLAINT against defendants filed by Anthony Thompson.(msb) (Entered: 12/29/2017) |
| 12/06/2017 | 48 | ORDER ENTERED: Plaintiff is granted 14 days to clarify which document he seeks leave from the court to file as an amended complaint – Doc. No. 45–1 or Doc. No. 46. If plaintiff does not timely respond, the court shall treat Doc. No. 46 as the proposed amended complaint. Defendants' time to respond to plaintiff's motion for leave to amend the complaint shall not begin to run until the December 20, 2017. Signed by U.S. Senior District Judge Sam A. Crow on 12/06/17. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 12/06/2017) |
| 12/13/2017 | 49 | ORDER ENTERED: Plaintiff's motion 40 for extension of time is granted. Plaintiff is granted until January 3, 2018, to respond to the motion to dismiss filed by defendant T–Mobile U.S.A. Signed by U.S. District Senior Judge Sam A. Crow on 12/13/17. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 12/13/2017) |
| 12/13/2017 | 50 | |

| | | |
|---|---|---|
| | | MOTION to Strike <u>46</u> Response to Motion, by Defendant Timothy Brown (Seck, Michael) (Entered: 12/13/2017) |
| 12/18/2017 | <u>51</u> | REPLY TO RESPONSE TO MOTION by Defendant Tony Wolf re: <u>41</u> MOTION to Dismiss *Plaintiff's Complaint* (Crouse, Toby) (Entered: 12/18/2017) |
| 12/27/2017 | <u>52</u> | RESPONSE by Plaintiff Anthony Thompson: Re <u>50</u> MOTION to Strike <u>46</u> Response to Motion. (Attachment: # <u>1</u> Mailing Envelope)(msb) (Entered: 12/28/2017) |
| 12/29/2017 | <u>53</u> | ORDER regarding <u>45</u> Motion for Leave to Amend Complaint: Clerk is directed to re–docket No. 46 as plaintiff's proposed amended complaint. Doc. No. 45–1 shall not be considered as plaintiff's proposed amended complaint and shall be stricken. Defendants have time beginning from December 20, 2017 to respond to plaintiff's motion (Doc. No. 45) for leave to amend the complaint. Signed by U.S. District Senior Judge Sam A. Crow on 12/29/17. Mailed to pro se party Anthony Thompson by regular mail. (msb) (Entered: 12/29/2017) |
| 01/02/2018 | <u>55</u> | RESPONSE by Defendant Timothy Brown re <u>45</u> MOTION for Leave to Amend Complaint re <u>1</u> Complaint (Seck, Michael) (Entered: 01/02/2018) |
| 01/02/2018 | <u>56</u> | STRICKEN PURSUANT TO ORDER <u>61</u> FILED 01/05/18 –– RESPONSE by Plaintiff Anthony Thompson re <u>41</u> MOTION to Dismiss Plaintiff's Complaint by Defendant Tony Wolf (Attachments: # <u>1</u> Memorandum of Law in Support; # <u>2</u> Envelope) (smnd) Modified text on 1/5/2018 (smnd) (Entered: 01/02/2018) |
| 01/03/2018 | <u>57</u> | MOTION for Extension of Time to File Response as to <u>45</u> MOTION for Leave to Amend Complaint re <u>1</u> Complaint by Defendant T–Mobile U.S.A. (Vogelsberg, Amanda) (Entered: 01/03/2018) |
| 01/03/2018 | <u>58</u> | MOTION to Clarify by Defendant Tony Wolf (Crouse, Toby) (Entered: 01/03/2018) |
| 01/03/2018 | <u>59</u> | RESPONSE by Defendant Tony Wolf re <u>45</u> MOTION for Leave to Amend Complaint re <u>1</u> Complaint (Crouse, Toby) (Entered: 01/03/2018) |
| 01/05/2018 | <u>60</u> | ORDER ENTERED: Defendant T–Mobile's motion <u>57</u> for extension of time until January 10, 2017, to respond to plaintiff's motion for leave to amend complaint is granted. Signed by U.S. Senior District Judge Sam A. Crow on 01/05/18. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 01/05/2018) |
| 01/05/2018 | <u>61</u> | ORDER ENTERED: Defendant Wolf's motion for clarification <u>58</u> is granted. The court shall treat Doc. No. <u>47</u> as a response to defendant Wolf's motion to dismiss. Doc. No. <u>56</u> shall be considered an unauthorized surreply and the court shall direct that it be stricken. Defendant Brown's motion to strike <u>50</u> shall be denied. The court shall treat Doc. No. <u>47</u> as an unauthorized surreply as to defendant Brown's motion to dismiss. The court shall rule as follows as to the relief requested in plaintiff's reply <u>52</u> to defendant Brown's motion to strike. Consistent with this order, the request to strike words from Doc. No. <u>46</u> shall be denied as moot; the court shall treat Doc. No. <u>47</u> as a response to defendant Wolf and defendant T–Mobile's motions to dismiss; and the court shall deny without prejudice plaintiff's request to reconsider appointment of counsel. Signed by U.S. Senior District Judge Sam A. Crow on 01/05/18. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 01/05/2018) |
| 01/10/2018 | <u>62</u> | RESPONSE by Defendant T–Mobile U.S.A. re <u>45</u> MOTION for Leave to Amend Complaint re <u>1</u> Complaint (Vogelsberg, Amanda) (Entered: 01/10/2018) |
| 01/11/2018 | <u>63</u> | |

| | | ENTRY OF APPEARANCE by William Dennis Cross, Jr on behalf of Timothy Brown. (Cross, William) (Entered: 01/11/2018) |
|---|---|---|
| 01/11/2018 | 64 | NOTICE OF CHANGE OF FIRM NAME OR ADDRESS by Amanda S. Vogelsberg (Vogelsberg, Amanda) (Entered: 01/11/2018) |
| 01/16/2018 | 65 | RESPONSE by Plaintiff Anthony Thompson re 61 Order (Attachments: # 1 Envelope) (smnd) (Entered: 01/16/2018) |
| 01/17/2018 | 66 | ORDER ENTERED: The court grants plaintiff an additional 60 days from the date of this order to make service upon Mr. Virden. Signed by U.S. District Senior Judge Sam A. Crow on 01/17/18. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 01/17/2018) |
| 01/30/2018 | 67 | RESPONSE by Plaintiff Anthony Thompson re 66 Order (Attachments: # 1 Envelope) (smnd) (Entered: 01/30/2018) |
| 01/30/2018 | 68 | REPLY TO RESPONSE TO MOTION by Plaintiff Anthony Thompson re: 45 MOTION for Leave to Amend Complaint (Attachments: # 1 Envelope) (smnd) (Entered: 01/30/2018) |
| 01/30/2018 | 69 | NOTICE OF CHANGE OF FIRM NAME OR ADDRESS by Toby Crouse (Crouse, Toby) (Entered: 01/30/2018) |
| 02/20/2018 | 70 | ORDER ENTERED: Plaintiff's motion to amend 45 shall be granted. The amended complaint is Doc. No. 54 . The currently pending motions to dismiss 11 , 29 , 37 and 41 and the motion to proceed to trial 20 shall be considered moot. Upon screening the amended complaint, the court directs that: defendant Platt be dismissed; the official capacity claims against defendants Platt and Brown be dismissed; the § 1983 claim against defendant Virden in his official capacity be dismissed; and that defendants Bennett, Hicks, Geary County, Kansas Bureau of Investigation, Junction City Police Department and Geary County Sheriff's Office be dismissed without prejudice. Signed by U.S. District Senior Judge Sam A. Crow on 02/20/18. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 02/20/2018) |
| 02/20/2018 | 71 | AMENDED COMPLAINT filed by Plaintiff Anthony Thompson (smnd) (Entered: 02/20/2018) |
| 02/26/2018 | 72 | ORDER ENTERED: The court directs the Clerk to issue summons for defendant Virden which shall be served by the United States Marshal or a deputy marshal at the address supplied by plaintiff in Doc. No. 67 . The Clerk is directed to transmit a copy of this order to the United States Marshals Office for the District of Kansas. Signed by U.S. Senior District Judge Sam A. Crow on 02/26/18. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 02/26/2018) |
| 02/26/2018 | | SUMMONS ISSUED as to Defendant Glen F. Virden (issued to US Marshal for service). (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (smnd) (Entered: 02/26/2018) |
| 02/26/2018 | 73 | ORDER ENTERED: The screening process under 28 U.S.C. § 1915A having been completed, this matter is returned to the Clerk of the Court for random reassignment for all further proceedings pursuant to D. Kan. R. 40.1. Signed by U.S. District Senior Judge Sam A. Crow on 02/26/18. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 02/26/2018) |
| 02/26/2018 | 74 | |

| | | |
|---|---|---|
| | | MINUTE ORDER REASSIGNING CASE: Case reassigned to Chief District Judge Julie A. Robinson and Magistrate Judge K. Gary Sebelius for all further proceedings. Senior District Judge Sam A. Crow no longer assigned to case. Entered by Deputy Clerk on 02/26/18. Mailed to pro se party Anthony Thompson by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (smnd) (Entered: 02/26/2018) |
| 03/05/2018 | 75 | MOTION to Dismiss *Plaintiff's Amended Petition* by Defendant Timothy Brown (Cross, William) (Entered: 03/05/2018) |
| 03/05/2018 | 76 | MEMORANDUM IN SUPPORT of 75 MOTION to Dismiss *Plaintiff's Amended Petition* by Defendant Timothy Brown(Cross, William) (Entered: 03/05/2018) |
| 03/05/2018 | 77 | MOTION to Appoint Counsel by Plaintiff Anthony Thompson (referred to Magistrate Judge K. Gary Sebelius) (Attachments: # 1 Envelope) (smnd) (Entered: 03/05/2018) |
| 03/06/2018 | 78 | MOTION to Dismiss *Plaintiff's Amended Complaint* by Defendant T–Mobile U.S.A. (Vogelsberg, Amanda) (Entered: 03/06/2018) |
| 03/06/2018 | 79 | MEMORANDUM IN SUPPORT of 78 MOTION to Dismiss *Plaintiff's Amended Complaint* by Defendant T–Mobile U.S.A.(Vogelsberg, Amanda) (Entered: 03/06/2018) |
| 03/06/2018 | 80 | MOTION to Dismiss *Plaintiff's Amended Complaint* by Defendant Tony Wolf (Turner, Eric) (Entered: 03/06/2018) |
| 03/06/2018 | 81 | MEMORANDUM IN SUPPORT of 80 MOTION to Dismiss *Plaintiff's Amended Complaint* by Defendant Tony Wolf(Turner, Eric) (Entered: 03/06/2018) |
| 03/13/2018 | 82 | ORDER denying without prejudice 77 Motion to Appoint Counsel. Plaintiff may file a renewed motion after all motions to dismiss are resolved. Signed by Magistrate Judge K. Gary Sebelius on 3/13/18. A copy of this order was mailed to plaintiff at the address listed on the docket. (bh) (Entered: 03/13/2018) |
| 03/14/2018 | 83 | MOTION for Extension of Time to File Responses as to 80 MOTION to Dismiss *Plaintiff's Amended Complaint*, 75 MOTION to Dismiss *Plaintiff's Amended Petition*, and 78 MOTION to Dismiss *Plaintiff's Amended Complaint* by Plaintiff Anthony Thompson (referred to Magistrate Judge K. Gary Sebelius) (Attachments: # 1 Envelope) (smnd) (Entered: 03/14/2018) |
| 03/19/2018 | 84 | ORDER granting 83 Motion for Extension of Time to File Response re 78 MOTION to Dismiss Plaintiff's Amended Complaint, 80 MOTION to Dismiss Plaintiff's Amended Complaint, 75 MOTION to Dismiss Plaintiff's Amended Complaint. All response briefs shall be due by 4/27/2018. Signed by Magistrate Judge K. Gary Sebelius on 3/19/18. A copy of this order was mailed to plaintiff at the address listed on the docket. (bh) (Entered: 03/19/2018) |
| 03/28/2018 | 85 | SUMMONS RETURNED EXECUTED by certified mail upon Defendant Glen F. Virden; served on 3/9/2018, answer due 3/30/2018 (smnd) (Entered: 03/28/2018) |
| 03/30/2018 | 86 | ENTRY OF APPEARANCE by Carrie A. Barney on behalf of Glen F. Virden (Barney, Carrie) (Entered: 03/30/2018) |
| 03/30/2018 | 87 | CLERKS ORDER EXTENDING TIME until 04/13/2018 for Defendant Glen F. Virden to answer or otherwise plead. Signed by deputy clerk on 3/30/2018. (sw) |

| | | (Entered: 04/02/2018) |
|---|---|---|
| 04/18/2018 | 88 | RESPONSE by Plaintiff Anthony Thompson re 80 MOTION to Dismiss *Plaintiff's Amended Complaint* (smnd) (Entered: 04/18/2018) |
| 04/18/2018 | 89 | MEMORANDUM OF LAW IN SUPPORT of 88 Response to Motion to Dismiss Plaintiff's Amended Complaint by Plaintiff Anthony Thompson (smnd) (Entered: 04/18/2018) |
| 04/18/2018 | 90 | RESPONSE by Plaintiff Anthony Thompson re 78 MOTION to Dismiss *Plaintiff's Amended Complaint* (smnd) (Entered: 04/18/2018) |
| 04/18/2018 | 91 | MEMORANDUM OF LAW IN SUPPORT of 90 Response to Motion to Dismiss Plaintiff's Amended Complaint by Plaintiff Anthony Thompson (smnd) (Entered: 04/18/2018) |
| 04/18/2018 | 92 | RESPONSE by Plaintiff Anthony Thompson re 75 MOTION to Dismiss *Plaintiff's Amended Petition* (Attachments: # 1 Envelope) (smnd) (Entered: 04/18/2018) |
| 04/18/2018 | 93 | MEMORANDUM OF LAW IN SUPPORT of 92 Response to Motion to Dismiss Plaintiff's Amended Petition by Plaintiff Anthony Thompson (smnd) (Entered: 04/18/2018) |
| 05/02/2018 | 94 | REPLY TO RESPONSE TO MOTION by Defendant Timothy Brown re: 75 MOTION to Dismiss *Plaintiff's Amended Petition* (Cross, William) (Entered: 05/02/2018) |
| 05/02/2018 | 95 | REPLY TO RESPONSE TO MOTION by Defendant Tony Wolf re: 80 MOTION to Dismiss *Plaintiff's Amended Complaint* (Turner, Eric) (Entered: 05/02/2018) |
| 05/02/2018 | 96 | REPLY TO RESPONSE TO MOTION by Defendant T–Mobile U.S.A. re: 78 MOTION to Dismiss *Plaintiff's Amended Complaint* (Vogelsberg, Amanda) (Entered: 05/02/2018) |
| 05/11/2018 | 97 | MOTION to Strike 94 Reply to Response to Motion (Defendants Unauthorized Surreply) by Plaintiff Anthony Thompson (Attachments: # 1 Envelope) (smnd) (Entered: 05/11/2018) |
| 05/11/2018 | 98 | MOTION to Strike 95 Reply to Response to Motion (Defendants Unauthorized Surreply) by Plaintiff Anthony Thompson (Attachments: # 1 Envelope) (smnd) (Entered: 05/11/2018) |
| 05/14/2018 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 97 MOTION to Strike 94 Reply to Response to Motion, 98 MOTION to Strike 95 Reply to Response to Motion. The motion will be resolved by the District Judge.(bh)** (Entered: 05/14/2018) |
| 05/14/2018 | 99 | RESPONSE by Defendant Timothy Brown re 97 MOTION to Strike 94 Reply to Response to Motion (Seck, Michael) (Entered: 05/14/2018) |
| 05/21/2018 | 100 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Glen F. Virden (Barney, Carrie) (Entered: 05/21/2018) |
| 05/21/2018 | 101 | MEMORANDUM IN SUPPORT of 100 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Glen F. Virden(Barney, Carrie) (Entered: 05/21/2018) |

| 05/23/2018 | 102 | REPLY TO RESPONSE TO MOTION by Plaintiff Anthony Thompson re: 97 MOTION to Strike 94 Reply to Response to Motion (Attachments: # 1 Envelope) (smnd) (Entered: 05/23/2018) |
| 06/04/2018 | 103 | MOTION for Sanctions *Pursuant to Fed. R. Civ. P. 11* by Defendant Timothy Brown (Attachments: # 1 Letter)(Seck, Michael) (Entered: 06/04/2018) |
| 06/11/2018 | 104 | MOTION to Withdraw 97 MOTION to Strike 94 Reply to Response to Motion (Defendants Unauthorized Surreply) by Plaintiff Anthony Thompson (Attachments: # 1 Envelope) (smnd) (Entered: 06/12/2018) |
| 06/11/2018 | 105 | MOTION for Sanctions Pursuant to Fed. R. Civ. P. 11 by Plaintiff Anthony Thompson (referred to Magistrate Judge K. Gary Sebelius) (Attachments: # 1 Letter to Clerk of the Court; # 2 Envelope) (smnd) (Entered: 06/12/2018) |
| 06/12/2018 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 104 MOTION to Withdraw 97 MOTION to Strike 94 Reply to Response to Motion. The motion will be resolved by the District Judge.(bh)** (Entered: 06/12/2018) |
| 06/13/2018 | 106 | Plaintiff's Opposition to 100 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Plaintiff Anthony Thompson (Attachments: # 1 Letter to the Clerk of the Court; # 2 Envelope Returned for Postage) (smnd) Modified on 11/19/2018 to change event type (ht). (Entered: 06/13/2018) |
| 06/13/2018 | 107 | MEMORANDUM IN SUPPORT of 106 MOTION to Deny 100 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Plaintiff Anthony Thompson (Attachments: # 1 Envelope) (smnd) (Entered: 06/13/2018) |
| 06/14/2018 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 106 MOTION to Deny 100 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM. The motion will be resolved by the District Judge.(bh)** (Entered: 06/14/2018) |
| 06/18/2018 | 108 | RESPONSE by Defendant Timothy Brown re 105 MOTION for Sanctions (Seck, Michael) (Entered: 06/18/2018) |
| 06/21/2018 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 103 MOTION for Sanctions *Pursuant to Fed. R. Civ. P. 11*, 105 MOTION for Sanctions. The motion will be resolved by the District Judge.(bh)** (Entered: 06/21/2018) |
| 08/21/2018 | 109 | MINUTE ORDER REASSIGNING CASE: Case reassigned to District Judge Holly L. Teeter for all further proceedings. Chief District Judge Julie A Robinson no longer assigned to case. Signed by deputy clerk on 8/21/18. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(cs) (Entered: 08/21/2018) |
| 11/16/2018 | 110 | ORDER ENTERED: Plaintiff's Motion to Strike Brown's Unauthorized Surreply 97 and Motion to Strike Wolf's Unauthorized Surreply 98 are denied. The Court considers the arguments raised by Brown and Wolf in their replies 94 & 95 in determining their pending motions to dismiss the amended complaint. Plaintiff's Motion to Withdraw Motion to Strike Surreply 104 is denied as moot. The Motions for Sanctions Pursuant to Federal Rule of Civil Procedure 11 filed by Brown 103 and Plaintiff 105 are denied. Signed by District Judge Holly L. Teeter on 11/16/18. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 11/19/2018) |
| 11/16/2018 | 111 | |

| | | |
|---|---|---|
| | | MEMORANDUM AND ORDER ENTERED: Defendants' motions to dismiss the amended complaint 75 , 78 , 80 and 100 are granted. Signed by District Judge Holly L. Teeter on 11/16/18. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 11/19/2018) |
| 11/16/2018 | 112 | JUDGMENT regarding Memorandum and Order 111 granting defendants' motions to dismiss the amended complaint. ***Terminating Case. Signed by Deputy Clerk on 11/16/18. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 11/19/2018) |
| 11/30/2018 | 113 | MOTION to Alter or Amend Judgment by Plaintiff Anthony Thompson (Attachments: # 1 Envelope) (smnd) (Entered: 11/30/2018) |
| 11/30/2018 | 114 | MOTION to Appoint Counsel (see page 2 of letter to Clerk of the Court) by Plaintiff Anthony Thompson (referred to Magistrate Judge K. Gary Sebelius) (Attachments: # 1 Envelope) (smnd) (Entered: 11/30/2018) |
| 12/10/2018 | 115 | MOTION for Extension of Time to File Response as to 113 MOTION to Alter Judgment by Defendant Timothy Brown (Seck, Michael) (Entered: 12/10/2018) |
| 12/10/2018 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 115 MOTION for Extension of Time to File Response as to 113 MOTION to Alter Judgment. The motion will be resolved by the District Judge.(bh)** (Entered: 12/10/2018) |
| 12/10/2018 | 116 | ORDER granting Defendant Timothy Brown's 115 Motion for Extension of Time to File Response re 113 MOTION to Alter Judgment. Response deadline is 12/21/2018. Signed by District Judge Holly L. Teeter on 12/10/2018.Mailed to pro se party Anthony Thompson by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (md) (Entered: 12/10/2018) |
| 12/12/2018 | 117 | NOTICE of Change of Address by Plaintiff Anthony Thompson, #15318–031: now at Leavenworth Detention Center, 100 Highway Terrace, Leavenworth, Kansas 66048 (copies of requested documents mailed to Plaintiff Thompson) (Attachments: # 1 Envelope) (smnd) (Entered: 12/12/2018) |
| 12/14/2018 | 118 | MOTION for Extension of Time to File Response as to 113 MOTION to Alter Judgment by Defendant T–Mobile U.S.A. (Vogelsberg, Amanda) (Entered: 12/14/2018) |
| 12/14/2018 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 118 MOTION for Extension of Time to File Response as to 113 MOTION to Alter Judgment. The motion will be resolved by the District Judge.(bh)** (Entered: 12/14/2018) |
| 12/14/2018 | 119 | ORDER granting Defendant T–Mobile USA's 118 Motion for Extension of Time to File Response to Plaintiff's 113 MOTION to Alter or Amend Judgment. Response deadline is 12/21/2018. Signed by District Judge Holly L. Teeter on 12/14/2018. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (md) (Entered: 12/14/2018) |
| 12/14/2018 | 120 | RESPONSE by Defendant Tony Wolf re 114 MOTION to Appoint Counsel, 113 MOTION to Alter Judgment (Turner, Eric) (Entered: 12/14/2018) |
| 12/17/2018 | 121 | ORDER granting in part and denying in part 114 Motion to Appoint Counsel and Motion for Leave to File Consolidated Reply Brief. The court denies plaintiff's request for appointment of counsel and grants plaintiff's request to file a consolidated reply brief regarding 113 Plaintiff's Motion to Alter or Amend the Judgment. Plaintiff |

015

| | | |
|---|---|---|
| | | is reminded that D. Kan. Rule 7.1(e) limits the arguments and authorities section of a brief to thirty (30) pages or less. Signed by Magistrate Judge K. Gary Sebelius on 12/17/18. A copy of this order was mailed to plaintiff at the address listed on the docket. (bh) (Entered: 12/17/2018) |
| 12/18/2018 | 122 | NOTICE OF WITHDRAWAL OF APPEARANCE by attorney Bill D. Cross as to Timothy Brown (Cross, William) (Entered: 12/18/2018) |
| 12/20/2018 | 123 | RESPONSE by Defendant Timothy Brown re 113 MOTION to Alter Judgment (Seck, Michael) (Entered: 12/20/2018) |
| 12/21/2018 | 124 | RESPONSE by Defendant T–Mobile U.S.A. re 113 MOTION to Alter Judgment (Vogelsberg, Amanda) (Entered: 12/21/2018) |
| 01/07/2019 | 125 | MOTION for Extension of Time to File Reply as to 120 , 123 & 124 Responses to Motion to Alter or Amend Judgment by Plaintiff Anthony Thompson (Attachments: # 1 Envelope) (smnd) (Entered: 01/08/2019) |
| 01/08/2019 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 125 MOTION for Extension of Time to File Reply as to 123 Response to Motion, 120 Response to Motion, 124 Response to Motion. The motion will be resolved by the District Judge.(bh)** (Entered: 01/08/2019) |
| 01/09/2019 | 126 | ORDER granting in part and denying in part Plaintiff's 125 Motion for Extension of Time to File Reply re 113 MOTION to Alter or Amend Judgment. Reply deadline is 1/17/2019. The Court denies the motion to the extent it asks the Court to grant Doc. 113 on all grounds against Defendant Virden. Signed by District Judge Holly L. Teeter on 1/9/2019.Mailed to pro se party Anthony Thompson by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (md) (Entered: 01/09/2019) |
| 01/09/2019 | 127 | ORDER TO SHOW CAUSE: Defendant Virden is directed to file a show cause response by 1/18/2019. Signed by District Judge Holly L. Teeter on 1/9/2019. Mailed to pro se party Anthony Thompson by regular mail.(md) (Entered: 01/09/2019) |
| 01/17/2019 | 128 | REPLY TO RESPONSE TO MOTION by Plaintiff Anthony Thompson re: 113 MOTION to Alter or Amend Judgment (Attachments: # 1 Envelope) (smnd) (Entered: 01/17/2019) |
| 01/18/2019 | 129 | RESPONSE by Defendant Glen F. Virden re 113 MOTION to Alter or Amend Judgment (Barney, Carrie) (Entered: 01/18/2019) |
| 01/23/2019 | 130 | RETURN mail received re 116 Order on Motion for Extension of Time to File Response addressed to Plaintiff Anthony Thompson (Return to Sender–Inmate Not at This Institution); Remailed to Plaintiff Thompson at CCA–Leavenworth (smnd) (Entered: 01/23/2019) |
| 01/28/2019 | 131 | MOTION for Order (titled Request to Grant the Requested Relief Against Defendant Glen Virden) by Plaintiff Anthony Thompson (Attachments: # 1 Envelope) (smnd) (Entered: 01/28/2019) |
| 01/28/2019 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 131 MOTION for Order (titled Request to Grant the Requested Relief Against Defendant Glen Virden). The motion will be resolved by the District Judge.(md)** (Entered: 01/28/2019) |

| 02/01/2019 | 132 | MOTION for Order (titled Request for the Court to Order Glen Virden to Comply With Rules and Mail the Plaintiff a Copy of His Response) by Plaintiff Anthony Thompson (Attachments: # 1 Envelope) (smnd) (Entered: 02/01/2019) |
|---|---|---|
| 02/01/2019 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 132 MOTION for Order (titled Request for the Court to Order Glen Virden to Comply With Rules and Mail the Plaintiff a Copy of His Response). The motion will be resolved by the District Judge.(bh)** (Entered: 02/01/2019) |
| 02/26/2019 | 133 | ORDER ENTERED: Plaintiff's motion requesting (1) a copy of Virden's opposition to his motion to alter or amend and (2) an extension of his deadline for reply to that opposition 132 is granted. The Clerk is directed to send a copy of Virden's opposition 129 to Plaintiff, Inmate No. 15318–031 at the Leavenworth Detention Center, via expedited mail. Plaintiff shall have fourteen (14) days from the date of this order, up to and including March 12, 2019, to file his reply to Virden's opposition. Signed by District Judge Holly L. Teeter on 02/26/19. Mailed to pro se party Anthony Thompson by certified mail; Certified Tracking Number: 7010 2780 0003 1928 1359. (smnd) (Entered: 02/26/2019) |
| 03/04/2019 | 134 | CERTIFIED MAIL RECEIPT returned re 133 Order addressed to Plaintiff Anthony Thompson (smnd) (Entered: 03/04/2019) |
| 03/11/2019 | 135 | FINAL REPLY TO RESPONSE TO MOTION by Plaintiff Anthony Thompson re: 113 MOTION to Alter or Amend Judgment (Attachments: # 1 Envelope) (smnd) (Entered: 03/11/2019) |
| 03/20/2019 | 136 | MEMORANDUM AND ORDER ENTERED: Plaintiff's motion to alter or amend the Court's judgment of dismissal 113 is denied. Plaintiff's motion for order asking that the Court grant the requested relief against Defendant Glen Virden 131 is denied. Signed by District Judge Holly L. Teeter on 03/20/19. Mailed to pro se party Anthony Thompson by regular mail. (smnd) (Entered: 03/20/2019) |
| 04/12/2019 | 137 | NOTICE OF APPEAL as to 82 Order, 111 Memorandum and Order, 112 Judgment and 136 Memorandum and Order by Plaintiff Anthony Thompson (smnd) (Entered: 04/12/2019) |
| 04/12/2019 | | APPEAL FEE STATUS: filing fee not paid re: Notice of Appeal – Final Judgment 137 on behalf of Plaintiff Anthony Thompson. (THIS IS A TEXT ONLY ENTRY–NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION.) (smnd) (Entered: 04/12/2019) |
| 04/12/2019 | 138 | PRELIMINARY RECORD ON APPEAL transmitted to 10CCA re 137 Notice of Appeal – Final Judgment (Attachments: # 1 Preliminary Packet) (smnd) (Entered: 04/12/2019) |
| 04/12/2019 | 139 | APPEAL DOCKETED in 10CCA on April 12, 2019, and assigned Appeal No. 19–3072 re 137 Notice of Appeal – Final Judgment filed by Anthony Thompson (smnd) (Entered: 04/15/2019) |
| 04/29/2019 | 140 | MOTION for Leave to Appeal in forma pauperis by Plaintiff Anthony Thompson (Attachments: # 1 Inmate Account Summary) (smnd) (Entered: 04/30/2019) |
| 05/01/2019 | 141 | ORDER ENTERED: The Court grants plaintiff's motion 140 and assesses an initial partial filing fee of $36.00. Plaintiff shall pay the balance of the filing fee in installments as calculated pursuant to 28 U.S.C. § 1915(b)(2). Signed by District Judge Holly L. Teeter on 05/01/19. Mailed to pro se party Anthony Thompson by |

| | | regular mail. (smnd) (Entered: 05/01/2019) |
|---|---|---|
| 05/03/2019 | 142 | RECORD ON APPEAL retrieved by 10CCA consisting of two (2) volumes (Appeal No. 19–3072). (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (smnd) (Entered: 05/03/2019) |
| 05/28/2020 | 143 | ENTRY OF APPEARANCE by Arthur S. Chalmers on behalf of Glen F. Virden. (Chalmers, Arthur) (Entered: 05/28/2020) |
| 05/28/2020 | 144 | NOTICE OF WITHDRAWAL OF APPEARANCE by attorney Carrie A. Barney as to Glen F. Virden (Barney, Carrie) (Entered: 05/28/2020) |
| 06/03/2020 | 145 | APPEAL MANDATE from 10CCA: Affirm the district court's judgment in part, but we reverse and remand for further proceedings on Mr. Thompson's statutory wiretap claims about the law enforcement defendants' interception and disclosure of extra–territorial communications and T–Mobile's interception and disclosure of text messages. (Appeal No. 19–3072) (Attachments: # 1 Transmittal Letter) (smnd) (Entered: 06/03/2020) |
| 06/03/2020 | 152 | Letter to the Court from Arthur S. Chalmers, Counsel for Defendant Glen F. Virden. (smnd) (Entered: 06/12/2020) |
| 06/04/2020 | 146 | MINUTE ORDER REASSIGNING CASE: Case reassigned to Magistrate Judge Gwynne E. Birzer; Magistrate Judge K. Gary Sebelius no longer assigned to case. Signed by deputy clerk on 6/4/20. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(kao) (Entered: 06/04/2020) |
| 06/08/2020 | 147 | NOTICE to the Clerk of the Court re: 10CCA remand and confirmation of mailing address by Plaintiff Anthony Thompson. (smnd) (Entered: 06/08/2020) |
| 06/08/2020 | 148 | ENTRY OF APPEARANCE by Plaintiff Anthony Thompson. (Attachments: # 1 Envelope) (smnd) (Entered: 06/08/2020) |
| 06/08/2020 | 149 | NOTICE of Hearing:  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING. Status Conference set for 6/16/2020 at 09:45 AM by Zoom Video Conference before Magistrate Judge Gwynne E. Birzer. Mailed to pro se party Anthony Thompson by regular mail and by email to leavenworthlegalcorrespondence@corecivic.com.(adc) (Entered: 06/08/2020) |
| 06/11/2020 | 150 | *Defendant Glen Virden's* ANSWER to 54 Amended Complaint by Glen F. Virden.(Chalmers, Arthur) (Entered: 06/11/2020) |
| 06/11/2020 | 151 | ENTRY OF APPEARANCE by James Phillip Gragson on behalf of T–Mobile U.S.A.. (Gragson, James) (Entered: 06/11/2020) |
| 06/11/2020 | 153 | Letter to the Clerk from Plaintiff Anthony Thompson in Response to 152 Letter to the Court from Arthur S. Chalmers, Counsel for Defendant Glen F. Virden. (Attachments: # 1 Envelope) (smnd) (Entered: 06/12/2020) |
| 06/11/2020 | 154 | REQUEST for Jury Trial/Scheduling by Plaintiff Anthony Thompson. (Attachments: # 1 Envelope) (smnd) (Entered: 06/12/2020) |
| 06/15/2020 | 155 | MOTION for attorney Trenton D. Tanner to appear pro hac vice ( Pro hac vice fee $50, Internet Payment Receipt Number AKSDC–5168610.) by Defendant T–Mobile U.S.A. (referred to Magistrate Judge Gwynne E. Birzer) (Vogelsberg, Amanda) (Entered: 06/15/2020) |

018

| 06/15/2020 | 156 | MOTION to Appoint Counsel by Plaintiff Anthony Thompson (referred to Magistrate Judge Gwynne E. Birzer) (Attachments: # 1 Envelope) (smnd) (Entered: 06/15/2020) |
|---|---|---|
| 06/15/2020 | 157 | Letter to Clerk of the Court from Plaintiff Anthony Thompson re: certificate of service requirements by mailing copies of documents from defense counsel to Plaintiff Thompson. (smnd) (Entered: 06/15/2020) |
| 06/15/2020 | 158 | ORDER granting 155 Motion to Appear Pro Hac Vice of Trenton D. Tanner for T–Mobile U.S.A. pursuant to D. Kan. Rule 83.5.4 for purposes of this case only. Signed by Magistrate Judge Gwynne E. Birzer on 6/15/2020. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ala) (Entered: 06/15/2020) |
| 06/16/2020 | 159 | MINUTE ENTRY for proceedings held before Magistrate Judge Gwynne E. Birzer: STATUS CONFERENCE held on 6/16/2020. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rel) (Entered: 06/17/2020) |
| 06/17/2020 | 160 | ORDER. On 6/16/20 the Court held a video status conference. Plaintiff Anthony Thompson appeared on his own behalf. Defendant Tony Wolf appeared through counsel, Eric Turner. Defendant Glen Virden appeared through counsel, Arthur Chalmers. Defendant T–Mobile U.S.A., appeared through counsel, James Gragson and Trenton Tanner. Defendant Timothy Brown appeared through counsel, Michael Seck. After discussion with Plaintiff and defense counsel, the Court enters the following orders: All Defendants must answer or otherwise respond to the operative Complaint no later than 6/30/2020. Although D. Kan. Rule 16.1 exempts prisoner actions from Fed. R. Civ. P. 26(a)(1) disclosures, in the interest of narrowing discovery, the Court orders disclosures to be exchanged in this case. All parties must exchange their Rule 26(a)(1) disclosures no later than 7/16/20. Such disclosures must not be filed with the Clerk, but should be sent to Plaintiff and all counsel, with copies to the chambers of the undersigned. Plaintiff's motion for appointment of counsel (ECF No. 156) is taken under advisement. To permit the Court an opportunity to review the Rule 26 disclosures and consider the appointment of counsel, a follow–up status conference is scheduled for 7/28/2020 at 10:30 AM by Zoom videoconference before Magistrate Judge Gwynne E. Birzer. A Zoom invitation will follow by email closer to the hearing date. The parties should be prepared to discuss a general scheduling order for this case, to include a dispositive briefing schedule, at the 7/28/2020 conference. IT IS SO ORDERED. Signed by Magistrate Judge Gwynne E. Birzer on 6/17/2020. Mailed to pro se party Anthony Thompson by regular mail and by email to leavenworthlegalcorrespondence@corecivic.com. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(rel) (Entered: 06/17/2020) |
| 06/23/2020 | 161 | REQUEST to Stay the Execution of Thompson's Writ by Plaintiff Anthony Thompson. (Attachments: # 1 Envelope) (smnd) (Entered: 06/23/2020) |
| 06/25/2020 | 162 | ORDER APPOINTING COUNSEL: In follow–up to the status conference held 6/16/2020, the Court notes it has reconsidered Plaintiff's previous motion(s) to appoint counsel. Formal appointment in a written order with additional details will be forthcoming in the near future; however, for the time being, the parties are notified that Michael J. Shultz will be acting as Plaintiff's counsel. Mr. Shultz may be reached at Shultz Law Office, PA; 445 North Waco; Wichita, KS 67202. Mr. Shultz will work with Plaintiff to produce the Rule 26(a)(1) disclosures ordered in the 6/16/20 conference by the deadline of 7/16/20. In the event the parties need additional time to |

019

| | | submit the disclosures, they may contact the chambers of the undersigned Magistrate Judge. IT IS SO ORDERED. Signed by Magistrate Judge Gwynne E. Birzer on 6/25/20.Mailed to Anthony Thompson at CCA Leavenworth by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(adc) (Entered: 06/25/2020) |
|---|---|---|
| 06/29/2020 | 163 | ORDER ENTERED: The Request to Stay the Execution of Thompson's Writ is denied without prejudice. Signed by District Judge Holly L. Teeter on 06/29/20.Courtesy copy of Order mailed to Anthony Thompson by regular mail. (smnd) (Entered: 06/29/2020) |
| 06/30/2020 | 164 | *Separate* ANSWER to 71 Amended Complaint by Timothy Brown.(Seck, Michael) (Entered: 06/30/2020) |
| 06/30/2020 | 165 | ANSWER to 71 Amended Complaint by Tony Wolf.(Turner, Eric) (Entered: 06/30/2020) |
| 06/30/2020 | 166 | ANSWER to 71 Amended Complaint by T−Mobile U.S.A.(Gragson, James) Modified on 7/1/2020 to update main document and docket text to remove counterclaim filed in error (jal). (Entered: 06/30/2020) |
| 06/30/2020 | 167 | CORPORATE DISCLOSURE STATEMENT by T−Mobile U.S.A. identifying T−Mobile US, Inc. as corporate parent . (Gragson, James) (Entered: 06/30/2020) |
| 07/01/2020 | 168 | DOCKET ANNOTATION: The original document attached to Docket Entry 166 contained an incorrect title; the document has been blocked from public view, the corrected document has been added to the entry, and is attached to this annotation for noticing purposes ONLY. The text of the docket entry has been correct to reflect that there is no counterclaim. (jal) (Entered: 07/01/2020) |
| 07/06/2020 | 169 | NOTICE OF SERVICE by Glen F. Virden of Def Virden's Rule 26 Discl. (Chalmers, Arthur) (Entered: 07/06/2020) |
| 07/08/2020 | 170 | ORDER OF CONSOLIDATION FOR DISCOVERY PURPOSES; ORDER APPOINTING COUNSEL; and ORDER RESCHEDULING STATUS CONFERENCE granting 156 Motion to Appoint Counsel. The Court provisionally appoints Michael J. Shultz, a member in good standing of the bar of this Court, to represent both Plaintiffs for the limited purpose of assisting them through discovery and dispositive motion practice. Mr. Shultz is appointed pursuant to 28 U.S.C. § 1915(e) and may be reimbursed for his out−of− pocket expenses allowed under D. Kan. Rule 83.5.3(f)(1). Status Conference reset for 8/13/2020 at 01:30 PM in Video Conference – Zoom before Magistrate Judge Gwynne E. Birzer. See Order for further details. Signed by Magistrate Judge Gwynne E. Birzer on 7/7/2020. (sz) (Entered: 07/08/2020) |
| 07/08/2020 | | **Set/Reset Hearings: Status Conference set for 8/13/2020 at 01:30 PM in Video Conference – Zoom before Magistrate Judge Gwynne E. Birzer.(sz)** (Entered: 07/08/2020) |
| 07/08/2020 | | DOCKET ANNOTATION: From the date of consolidation, for discovery purposes, all future non−dispositive filings should be made in the lead case 15−cv−3093−HLT−GEB." (sz) (Entered: 07/08/2020) |
| 07/09/2020 | 171 | NOTICE of Hearing:  THIS IS AN OFFICIAL NOTICE FOR THIS HEARING (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) Status Conference originally set for 8/13/20 is RESET for 8/12/2020 at 01:30 |

| | | |
|---|---|---|
| | | PM by Zoom Video Conference before Magistrate Judge Gwynne E. Birzer. Counsel will receive an email invitation prior to the conference.(adc) (Entered: 07/09/2020) |
| 09/23/2021 | 172 | (DISREGARD – Document was to be filed in 15–3093) REPLY *in Support of Def Virden's MSJ* by Defendant Glen F. Virden. (Chalmers, Arthur) Modified on 9/23/2021. (jsh) (Entered: 09/23/2021) |
| 12/30/2021 | 173 | ORDER. In light of the summary judgment rulings, these consolidated matters are set for a status conference on 2/3/2022 at 10:00 AM by Zoom Video Conference before Magistrate Judge Gwynne E. Birzer. Counsel shall confer no later than 1/20/22 on how best to move this matter forward, and submit a Report of Parties Planning Meeting or other informal proposal to the undersigned by email no later than 1/27/2022. A Zoom invitation will follow by email prior to the scheduled conference. Signed by Magistrate Judge Gwynne E. Birzer on 12/30/21. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(adc) (Entered: 12/30/2021) |
| 02/28/2022 | 174 | SECOND SCHEDULING ORDER: Case remains consolidated for discovery; docketed for statistical purposes. See order for additional details. Deadline for Plaintiff's counsel to submit status report is 3/31/22. Mediation Notice Due 3/25/2022. Mediation deadline 5/6/2022. Discovery deadline 6/3/2022. Proposed Pretrial Order due by 6/10/2022. Final Pretrial Conference set for 6/17/2022 at 10:00 AM by Telephone before Magistrate Judge Gwynne E. Birzer. Participants must call the CONFERENCE LINE at 1–888–363–4749 using ACCESS CODE 9686294. Dispositive motion deadline 7/22/2022. Jury trial in Kansas City; date to be determined; estimated trial time 3 days. Signed by Magistrate Judge Gwynne E. Birzer on 2/28/22. (adc) (Entered: 02/28/2022) |
| 04/01/2022 | 175 | ORDER. On review of the confidential report submitted by appointed Plaintiffs' counsel Michael Shultz, Mr. Shultz' appointment is lifted; however, he will remain as counsel for the consolidated Plaintiffs as retained counsel from this date onward. IT IS SO ORDERED. Signed by Magistrate Judge Gwynne E. Birzer on 4/1/22. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(adc) (Entered: 04/01/2022) |
| 06/01/2022 | 176 | THIRD SCHEDULING ORDER: Status Report due by 7/15/2022. Discovery deadline 7/29/2022. Proposed Pretrial Order due by 8/25/2022. Final Pretrial Conference set for 9/1/2022 at 10:00 AM by Telephone GEB – CONFERENCE LINE 1–888–363–4749 ACCESS CODE 9686294 before Magistrate Judge Gwynne E. Birzer. Dispositive motion deadline 10/7/2022. Jury trial in Kansas City; date to be determined; estimated trial time 3 days. Signed by Magistrate Judge Gwynne E. Birzer on 5/31/2022. (heo) (Entered: 06/01/2022) |
| 08/31/2022 | 177 | MOTION to Withdraw as Attorney by Plaintiff Anthony Thompson (referred to Magistrate Judge Gwynne E. Birzer) (Shultz, Michael) (Entered: 08/31/2022) |
| 09/08/2022 | 178 | PRETRIAL ORDER ENTERED: Estimated trial time 2 days. Dispositive motion deadline 10/7/2022. Jury Trial set for 6/26/2023 at 09:00 AM in KC Courtroom 463 (HLT) before District Judge Holly L. Teeter. Signed by Magistrate Judge Gwynne E. Birzer on September 8, 2022. (mls) (Entered: 09/08/2022) |
| 09/08/2022 | 179 | REPORT AND RECOMMENDATIONS recommending that Plaintiffs' motion to amend their amended complaints or add new § 605 claims in their pretrial orders be DENIED. Objections to R&R due by 9/22/2022. Signed by Magistrate Judge Gwynne E. Birzer on September 8, 2022. Mailed to pro se party Anthony Thompson |

| | | by certified mail; Certified Tracking Number: 7020 3160 0000 9283 4564. (mls) (Entered: 09/08/2022) |
|---|---|---|
| 09/12/2022 | 180 | ENTRY OF APPEARANCE by Jay E. Heidrick on behalf of T–Mobile U.S.A. (Heidrick, Jay) (Entered: 09/12/2022) |
| 09/15/2022 | 181 | CERTIFIED MAIL RECEIPT returned re 179 REPORT AND RECOMMENDATIONS addressed to Anthony Thompson. (kas) (Additional attachment(s) added on 9/16/2022: # 1 2nd Return) (ca). (Entered: 09/15/2022) |
| 09/20/2022 | 182 | MOTION for extension of time to respond to the Report and Recommendations by Plaintiff Anthony Thompson. (mls) (Entered: 09/21/2022) |
| 09/21/2022 | 183 | ORDER re 182 MOTION for extension of time filed by Anthony Thompson. Any opposition is due on or before 9/26/2022. Signed by District Judge Holly L. Teeter on 9/21/2022. Mailed to pro se party Anthony Thompson by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(md) (Entered: 09/21/2022) |
| 09/21/2022 | 184 | AFFIDAVIT of Declaration of Michael Shultz re 177 MOTION to Withdraw as Attorney by Plaintiff Anthony Thompson(Shultz, Michael) (Entered: 09/21/2022) |
| 09/26/2022 | 185 | RESPONSE by Defendant T–Mobile U.S.A. re 182 Motion for Extension of Time (Heidrick, Jay) (Entered: 09/26/2022) |
| 09/26/2022 | 186 | PRO SE MOTION for Extension of Time to File Response as to 179 REPORT AND RECOMMENDATIONS re 71 Amended Complaint filed by Plaintiff Anthony Thompson. (Attachments: # 1 Envelope) (smnd) (Entered: 09/27/2022) |
| 09/26/2022 | 187 | SECOND PRO SE MOTION for Extension of Time to File Response as to 179 REPORT AND RECOMMENDATIONS re 71 Amended Complaint filed by Plaintiff Anthony Thompson. (smnd) (Entered: 09/27/2022) |
| 09/26/2022 | 188 | OBJECTION to 179 Report and Recommendations by Plaintiff Anthony Thompson. (smnd) (Entered: 09/27/2022) |
| 09/26/2022 | 189 | PRO SE MOTION to Modify Pretrial Order (missing page 2) by Plaintiff Anthony Thompson. (smnd) Modified text on 9/27/2022. (smnd) (Entered: 09/27/2022) |
| 09/28/2022 | 190 | ORDER granting 177 Motion to Withdraw as Attorney. ORDER granting Michael Shultz's Motion to Withdraw (ECF No. 177) as attorney for Anthony Thompson. The Court finds Mr. Shultz has complied with D. Kan. Rule 83.5.5(a) (ECF No. 184), and has established good cause for his withdrawal. IT IS SO ORDERED. Signed by Magistrate Judge Gwynne E. Birzer on 9/28/22. Mailed to pro se party Anthony Thompson, 2201 SE 25th, Topeka, Kansas 66605 by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (spa) (Entered: 09/28/2022) |
| 10/10/2022 | 191 | RESPONSE by Defendant T–Mobile U.S.A. to Objection re 179 Report and Recommendation (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Heidrick, Jay) (Entered: 10/10/2022) |
| 10/12/2022 | 192 | MOTION for Extension of Time to File Response as to 179 REPORT AND RECOMMENDATIONS re 71 Amended Complaint by Plaintiff Anthony Thompson. (jal) (Entered: 10/13/2022) |
| 10/13/2022 | 193 | |

| | | |
|---|---|---|
| | | ORDER granting 182 , 186 , 187 , and 192 motions for extension of time. The magistrate judge filed a report and recommendation on September 8. Objections were due by September 22. Thompson has requested several extensions. He also filed an objection on September 26. And T–Mobile has responded. The Court grants the motions in part. The Court extends the deadline until October 31, 2022. Thompson must file his objection or before this date. If he files an objection, it will supersede the already filed objection. Stated differently, the September 26 objection will not be considered if a new objection is filed. The objection is limited to 20 pages and must be double–spaced. If an objection is lodged, T–Mobile has until November 15, 2022 to respond. The Court will promptly take up the issue. The Court also extends the dispositive motion deadline to account for this delay. Dispositive motions as provided for in the Pretrial Order are due on or before January 6, 2023. Signed by District Judge Holly L. Teeter on 10/13/2022. Mailed to pro se party Anthony Thompson by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(md) Modified on 10/13/2022 (md). (Entered: 10/13/2022) |
| 10/14/2022 | 194 | MINUTE ORDER: At the direction of chambers and upon filing of the Pretrial Order, case 15–3093–HLT and 15–3117–HLT are no longer consolidated. Each action will continue under its own case number. Signed by deputy clerk on 10/14/2022. Mailed to pro se party Anthony Thompson by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(jal) (Entered: 10/14/2022) |
| 10/17/2022 | 195 | NOTICE OF CHANGE OF ADDRESS by Anthony Thompson. (Remailed Docket Entries 193 and 194). (jal) (Entered: 10/17/2022) |
| 10/17/2022 | 196 | MOTION to Strike 188 Objection to Report and Recommendations and 191 Response to Objection to Report and Recommendation, MOTION for Extension of Time to File Response as to 179 REPORT AND RECOMMENDATIONS re 71 Amended Complaint, or in the Alternative, MOTION for Status Hearing by Plaintiff Anthony Thompson. (jal) (Entered: 10/17/2022) |
| 10/17/2022 | 197 | ORDER denying as moot 196 motion to strike, for continuance, or for status conference. Plaintiff has filed a motion requesting to remove certain documents from the record filed in response to the magistrate judge's report and recommendation. The Court previously addressed similar requests in other motions filed by Plaintiff, but Plaintiff may have not received that order at the time the current motion was filed. Because the requested relief has already been addressed, the Court denies the current motion as moot and repeats the relevant portions of its previous order as stated in Doc. 193: "The magistrate judge filed a report and recommendation on September 8. Objections were due by September 22. Thompson has requested several extensions. He also filed an objection on September 26. And T–Mobile has responded. The Court grants the motions in part. The Court extends the deadline until October 31, 2022. Thompson must file his objection on or before this date. If he files an objection, it will supersede the already filed objection. Stated differently, the September 26 objection will not be considered if a new objection is filed. The objection is limited to 20 pages and must be double–spaced. If an objection is lodged, T–Mobile has until November 15, 2022 to respond. The Court will promptly take up the issue. The Court also extends the dispositive motion deadline to account for this delay. Dispositive motions as provided for in the Pretrial Order are due on or before January 6, 2023." Signed by District Judge Holly L. Teeter on 10/17/2022. Mailed to pro se party Anthony Thompson by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (md) (Entered: 10/17/2022) |

| 10/31/2022 | 198 | OBJECTION to 179 Report and Recommendations by Plaintiff Anthony Thompson. (mls) (Entered: 10/31/2022) |
|---|---|---|
| 11/03/2022 | 199 | SUPPLEMENT to 198 Objection to Report and Recommendations by Plaintiff Anthony Thompson. (Attachments: # 1 Objection filed 10.31.2022, # 2 Attachment I, # 3 Attachment II) (jal) (Entered: 11/03/2022) |
| 11/07/2022 | 200 | RETURN Mail received re 193 Order addressed to Plaintiff Anthony Thompson. Remailed on 10/17/2022. (jal) (Entered: 11/07/2022) |
| 11/08/2022 | 201 | RETURN mail received re 194 Minute Order addressed to Anthony Thompson (Return to Sender/Not at This Address); Not Remailed as Plaintiff Thompson picked up from Topeka Clerk's Office. (smnd) (Entered: 11/08/2022) |
| 11/14/2022 | 202 | RESPONSE by Defendant T–Mobile U.S.A. re 196 Motion to Strike,, Motion for Extension of Time to File Response/Reply,, Motion for Hearing, 179 Report and Recommendations, *Response to Plaintiff's Objections to Magistrate's Report and Recommendation (198)* (Heidrick, Jay) (Entered: 11/14/2022) |
| 11/17/2022 | 203 | ORDER: Plaintiff's objection to Judge Birzer's R&R 198 is OVERRULED. Judge Birzer's recommendation 179 that Plaintiff's request for leave to amend his amended complaint to add a new claim in the pretrial order be DENIED. Plaintiff's motion requesting modification of the pretrial order 189 is DENIED. Signed by District Judge Holly L. Teeter on November 17, 2022. Mailed to pro se party Anthony Thompson by regular mail. (mls) (Entered: 11/17/2022) |
| 01/06/2023 | 204 | MOTION for Summary Judgment by Defendant T–Mobile U.S.A. (Heidrick, Jay) (Entered: 01/06/2023) |
| 01/06/2023 | 205 | MEMORANDUM IN SUPPORT of 204 MOTION for Summary Judgment by Defendant T–Mobile U.S.A. (Attachments: # 1 Exhibit List, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J)(Heidrick, Jay) (Entered: 01/06/2023) |
| 01/09/2023 | 206 | ORDER: Plaintiff's response to the motion for summary judgment Doc. 204 is due on or before 5:00 p.m. on Tuesday, January 31, 2023. The Court will consider the motion without the benefit of Plaintiff's response if Plaintiff fails to respond by that time. Signed by District Judge Holly L. Teeter on 1/9/23.Mailed to pro se party Anthony Thompson by regular mail (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(ss) (Entered: 01/09/2023) |
| 01/09/2023 | 207 | NOTICE TO PRO SE LITIGANT WHO OPPOSES A MOTION FOR SUMMARY JUDGMENT by T–Mobile U.S.A. re 204 MOTION for Summary Judgment (Heidrick, Jay) (Entered: 01/09/2023) |
| 01/30/2023 | 208 | MOTION for Extension of Time to File response as to 204 MOTION for Summary Judgment by Plaintiff Anthony Thompson (msb) (Entered: 01/30/2023) |
| 01/31/2023 | 209 | ORDER granting 208 MOTION for Extension of Time to File response as to 204 MOTION for Summary Judgment. Response deadline is on or before 2/8/2023. Signed by District Judge Holly L. Teeter on 1/31/2023.Mailed to pro se party Anthony Thompson by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (md) (Entered: 01/31/2023) |
| 02/08/2023 | 210 | RESPONSE by Plaintiff Anthony Thompson: Re 204 Motion for Summary Judgment (Attachments: # 1 Anthony Thompson Affidavit, # 2 Email From Anthony |

| | | Thompson, # 3 Cover Letter)(msb) (Entered: 02/08/2023) |
|---|---|---|
| 02/15/2023 | 211 | AFFIDAVIT of Anthony Thompson Signed and notarized: Exhibit to 210 Response to Motion by Anthony Thompson. (msb) (Entered: 02/15/2023) |
| 02/22/2023 | 212 | REPLY TO RESPONSE TO MOTION by Defendant T–Mobile U.S.A. re: 204 Motion for Summary Judgment (Heidrick, Jay) (Entered: 02/22/2023) |
| 02/24/2023 | 213 | NOTICE of intent to request leave of court to amend complaint by Anthony Thompson (msb) (Entered: 02/24/2023) |
| 03/24/2023 | 214 | MOTION for Leave to Amend 71 Amended Complaint by Plaintiff Anthony Thompson (msb) (Entered: 03/24/2023) |
| 03/24/2023 | 215 | MEMORANDUM IN SUPPORT of 214 MOTION for Leave to Amend 71 Amended Complaint by Plaintiff Anthony Thompson(msb) (Entered: 03/24/2023) |
| 03/31/2023 | 216 | ORDER: Defendant's Motion for Summary Judgment 204 is DENIED. Plaintiff's Motion for Leave to Amend 214 is DENIED. Signed by District Judge Holly L. Teeter on March 31, 2023. Mailed to pro se party Anthony Thompson by regular mail. (mls) (Entered: 03/31/2023) |
| 04/04/2023 | 217 | TRIAL ORDER: SEE ORDER FOR ADDITIONAL DEADLINE INFORMATION. Jury Trial is set for **6/26/2023 at 09:00 AM** in KC Courtroom 463 (HLT) before District Judge Holly L. Teeter. Motions in limine are due by 5:00 p.m. on May 5, 2023. Responses are due by 5:00 p.m. on May 12, 2023. In Limine Conference is set for **5/19/2023 at 09:00 AM** in KC Courtroom 463 (HLT) before District Judge Holly L. Teeter. Signed by District Judge Holly L. Teeter on 4/4/2023. Mailed to pro se party Anthony Thompson by regular mail. (Attachments: # 1 Exhibit A)(md) (Entered: 04/04/2023) |
| 04/27/2023 | 218 | WITNESS LIST by Anthony Thompson. (Attachment: # 1 Letter to Court)(msb) (Entered: 04/27/2023) |
| 04/27/2023 | 219 | EXHIBIT LIST by Anthony Thompson.(msb) (Additional attachment(s) added on 4/27/2023: # 1 Correct Exhibit list) (msb). (Entered: 04/27/2023) |
| 04/27/2023 | 220 | DOCKET ANNOTATION: Please be advised that the correct 219 Exhibit List filed by Anthony Thompson has been attached to this entry for noticing purposes only and also attached to the original docket entry. (msb) (Entered: 04/27/2023) |
| 04/27/2023 | 221 | EXHIBIT LIST by T–Mobile U.S.A..(Heidrick, Jay) (Entered: 04/27/2023) |
| 04/27/2023 | 222 | WITNESS LIST by T–Mobile U.S.A..(Heidrick, Jay) (Entered: 04/27/2023) |
| 04/28/2023 | 223 | MOTION for attorney Kymberly Kester to appear pro hac vice (Pro hac vice fee $50, Internet Payment Receipt Number AKSDC–6047293.) by Defendant T–Mobile U.S.A. (Attachments: # 1 ECF Registration Form)(Heidrick, Jay) (Entered: 04/28/2023) |
| 04/28/2023 | 224 | ORDER granting 223 Motion to Appear Pro Hac Vice of Kymberly Kester for T–Mobile U.S.A. pursuant to D. Kan. Rule 83.5.4 for purposes of this case only. Signed by Magistrate Judge Gwynne E. Birzer on 4/28/23. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (ala) (Entered: 04/28/2023) |
| 05/02/2023 | 225 | |

| | | OBJECTION(S) to 218 Witness List, 219 Exhibit List, 220 Docket Annotation by T–Mobile U.S.A.. (Heidrick, Jay) (Entered: 05/02/2023) |
|---|---|---|
| 05/03/2023 | 226 | NOTICE OF WITHDRAWAL OF APPEARANCE by attorney Amanda S. Vogelsberg and J. Phillip Gragson as to T–Mobile U.S.A. (Vogelsberg, Amanda) (Entered: 05/03/2023) |
| 05/04/2023 | 227 | NOTICE OF WITHDRAWAL OF APPEARANCE by attorney Amanda S. Vogelsberg, J. Phillip Gragson, Michael Hilgers and Trenton Tanner as to T–Mobile U.S.A. (Vogelsberg, Amanda) (Modified on 5/5/2023 to add phv attorneys to withdrawal names. (heo)) (Entered: 05/04/2023) |
| 05/05/2023 | 228 | MOTION in Limine by Defendant T–Mobile U.S.A. (Heidrick, Jay) (Entered: 05/05/2023) |
| 05/05/2023 | 229 | MOTION in Limine by Plaintiff Anthony Thompson. (Attachments: # 1 Envelope) (smnd) (Entered: 05/05/2023) |
| 05/08/2023 | 230 | OBJECTIONS to 221 Exhibit List by Anthony Thompson. (msb) (Entered: 05/08/2023) |
| 05/11/2023 | 231 | DESIGNATION OF DEPOSITION(S) by T–Mobile U.S.A.. (Heidrick, Jay) (Entered: 05/11/2023) |
| 05/11/2023 | 232 | PLAINTIFF'S DESIGNATIONS FOR DEPOSITIONS by Anthony Thompson. (kas) (Entered: 05/12/2023) |
| 05/12/2023 | 233 | RESPONSE by Defendant T–Mobile U.S.A. re 229 Motion in Limine (Heidrick, Jay) (Entered: 05/12/2023) |
| 05/12/2023 | 235 | OBJECTIONS by Plaintiff Anthony Thompson: Re 228 Motion in Limine (msb) (Additional attachment(s) added on 5/15/2023: # 2 Plaintiff's Objections Copy with Original Signature, received 5/15/2023) (jal). (Entered: 05/15/2023) |
| 05/15/2023 | 234 | OBJECTION(S) to 232 Designation of Depositions *of Plaintiff* by T–Mobile U.S.A.. (Heidrick, Jay) (Entered: 05/15/2023) |
| 05/17/2023 | 236 | PROPOSED JURY INSTRUCTIONS and VERDICT FORM by T–Mobile U.S.A..(Heidrick, Jay) (Modified on 5/19/2023 to correct title. (heo)) (Entered: 05/17/2023) |
| 05/17/2023 | 237 | NOTICE of Jury Instruction Conference by T–Mobile U.S.A. re 236 Proposed Jury Instructions (Heidrick, Jay) (Entered: 05/17/2023) |
| 05/17/2023 | 238 | PROPOSED VOIR DIRE by T–Mobile U.S.A..(Heidrick, Jay) (Entered: 05/17/2023) |
| 05/19/2023 | 239 | MINUTE ENTRY for proceedings held before District Judge Holly L. Teeter: IN LIMINE CONFERENCE held on 5/19/2023. The Court grants Defendant's 228 Motion in Limine. The Court denies Plaintiff's 229 Motion in Limine as to Topics 1 and 3. Topic 2 is withdrawn. See Minute Sheet for additional deadline information. Mailed to Pro Se Party Anthony Thompson via U.S. Regular Mail. (Court Reporter Kim Greiner.) (md) (Entered: 05/19/2023) |
| 05/24/2023 | 240 | ORDER granting 228 MOTION in Limine as to Topic 1 filed by T–Mobile U.S.A. and denying 229 MOTION in Limine as to Topic 1 filed by Anthony Thompson. Follows oral order of 5/19/23. Signed by District Judge Holly L. Teeter on 5/24/23.Mailed to pro se party Anthony Thompson by regular mail. (msb) (Entered: |

026

| | | 05/24/2023) |
|---|---|---|
| 05/30/2023 | 241 | RESPONSE (titled: Plaintiff's Objection to the District Court's Motion in Limine Order and Request for Interlocutory Appeal Pursuant to 28 USC 1292(b) and or the Collateral Order Doctrine) by Plaintiff Anthony Thompson re 240 Order. **This is a two–part filing made in error. See DE 242 for Appeal portion of this entry.**(jal) (Entered: 05/30/2023) |
| 05/30/2023 | 242 | NOTICE OF INTERLOCUTORY APPEAL (titled: Plaintiff's Objection to the District Court's Motion in Limine Order and Request for Interlocutory Appeal Pursuant to 28 USC 1292(b) and or the Collateral Order Doctrine) as to 203 Order, 216 Order, 240 Order, by Plaintiff Anthony Thompson. **This is a duplicate to DE 241 and is being made for administrative purposes only.** (jal) (Entered: 05/30/2023) |
| 05/30/2023 | 243 | MOTION for Bench Trial by Plaintiff Anthony Thompson. (jal) (Entered: 05/30/2023) |
| 05/30/2023 | 244 | ORDER EXPEDITING RESPONSE. Before the Court is Plaintiff's 241 Response to Order, 242 Notice of Interlocutory Appeal, and 243 MOTION for Trial. Defendant T–Mobile's response is due by noon on May 31, 2023. Signed by District Judge Holly L. Teeter on 5/30/2023. Mailed to pro se party Anthony Thompson by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(md) (Entered: 05/30/2023) |
| 05/31/2023 | 245 | NOTICE OF VOLUNTARY DISMISSAL by T–Mobile U.S.A. (Heidrick, Jay) (Entered: 05/31/2023) |
| 06/01/2023 | 246 | ORDER. The parties have notified the Court that they have reached a settlement on all remaining claims (See Doc. 245). In accordance with Rule 41, the Court grants the motion and dismisses this case with prejudice. This case is closed. Signed by District Judge Holly L. Teeter on 6/1/2023. Mailed to pro se party Anthony Thompson by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(md) (Entered: 06/01/2023) |
| 06/01/2023 | | APPEAL FEE STATUS: filing fee not paid re: Notice of Interlocutory Appeal 242 on behalf of Plaintiff Anthony Thompson. (THIS IS A TEXT ONLY ENTRY–NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION.) (smnd) (Entered: 06/01/2023) |
| 06/01/2023 | 247 | PRELIMINARY RECORD ON APPEAL transmitted to 10CCA re 242 Notice of Interlocutory Appeal. (Attachments: # 1 Preliminary Packet) (smnd) (Entered: 06/01/2023) |
| 06/01/2023 | | **Civil Case termed.(msb)** (Entered: 06/01/2023) |
| 06/01/2023 | 248 | APPEAL DOCKETED in 10CCA on June 1, 2023, and assigned Appeal No. 23–3099 re 242 Notice of Interlocutory Appeal filed by Anthony Thompson. (smnd) (Entered: 06/01/2023) |
| 06/05/2023 | 249 | NOTICE OF APPEAL as to (Doc. 246) Order in Case No. 15–3117–HLT and (Doc. 208) Memorandum and Order in Previously Consolidated Case No. 15–3093–HLT by Plaintiff Anthony Thompson. (smnd) (Entered: 06/05/2023) |
| 06/05/2023 | | APPEAL FEE STATUS: filing fee not paid re: Notice of Appeal 249 on behalf of Plaintiff Anthony Thompson. (THIS IS A TEXT ONLY ENTRY–NO DOCUMENT |

| | | IS ASSOCIATED WITH THIS TRANSACTION.) (smnd) (Entered: 06/05/2023) |
|---|---|---|
| 06/05/2023 | 250 | PRELIMINARY RECORD ON APPEAL transmitted to 10CCA re 249 Notice of Appeal. (Attachments: # 1 Preliminary Packet) (smnd) (Entered: 06/05/2023) |
| 06/06/2023 | 251 | APPEAL DOCKETED in 10CCA on June 5, 2023, and assigned Appeal No. 23–3103 re 249 Notice of Appeal filed by Anthony Thompson. (smnd) (Entered: 06/06/2023) |
| 06/20/2023 | | APPEAL FEE PAID in the amount of $505 Receipt No. 500000725, re 249 Notice of Appeal – Final Judgment filed by Anthony Thompson. (Appeal No. 23–3103) (THIS IS A TEXT ONLY ENTRY–NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION) Mail to pro se party Anthony Thompson at 1316 SW Western, Apt. 8, Topeka, KS 66604. (jal) (Entered: 06/20/2023) |
| 06/27/2023 | 252 | APPEAL MANDATE from 10CCA: dismissing appeal for lack of prosecution. (Appeal No. 23–3099) (Attachments: # 1 Transmittal Letter) (jal) (Entered: 06/27/2023) |

028

IN THE STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

ANTHONY THOMPSON,

        Plaintiff,

v.                 Case No.5:15-cv-3117-SAC-DJW

TIMOTHY BROWN, [Former Junction City Chief of Police] GLEN

VIRDEN, [KBI Special Agent]

DAVID PLATT, [Former Geary County District Judge]

TONY WOLF, [Sheriff of Geary County]

T-MOBILE, [Telephone Service Provider]

              Defendants,

[MOTION TO AMEND COMPLAINT AND REPLY TO DEFENDANTS MOTIONS TO
DISMISS]

       COMES NOW, Plaintiff Anthony Thompson for his cause of
action against Defendants' David Platt, Glen Virden, Timothy
Brown, Tony Wolf, and T-Mobile USA states as follows;

[PARTIES]

(1) Plaintiff Anthony Thompson is an individual who was
wiretapped by the defendants in violation of federal and state
wiretap law.

(2) Defendant Timothy Brown (Formerly Chief of Junction City
Police Department) is being sued in both his individual and
official capacities.

(3) Defendant Glen Virden (Special Agent of Kansas Bureau of
Investigations) is being sued in both his individual and
official capacities.

(4) Defendant David Platt (Formerly a Geary County District

Judge) is being sued in both his individual and official capacities.

(5) Defendant Tony Wolf ( Geary County Sheriff) is being sued in both his individual and official capacities.

(6) T-Mobile U.S.A. is ( a wireless telephone service provider)

[JURISDICTION AND VENUE]

(7) Jurisdiction is proper in this Court pursuant to 42 U.S.C. 1983 because the defendants acting under the color of state law violated rights granted under federal law.

(8) Jurisdiction is also proper in this Court pursuant to 28 U.S.C 1332 and 1367 because this court has supplemental jurisdiction over the state law claims plus this court has original jurisdiction from part of the same case or controversy under Article III of the United States Constitution. Also the amount in the controversy of the plaintiff is believed to exceed the sum value of $5,000,000.00 exclusive of interest and cost.

(9) Venue is proper in this court pursuant to 28 U.S.C. 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District, and defendants either transact business in this District (T-Mobile) or employed by entities which reside within this District.

[FACTUAL ALLEGATIONS]

(10) On March 5, 2013 defendant Judge Platt entered an order of authorization for interceptions of plaintiffs wire communications. Judge Platt authorized that the interceptions may take place in any jurisdiction within the United States.

Based on the state and federal law in place at this time
defendant Platt knew or had reason to know that he completely
lacked jurisdiction to issue that specific wiretap order. KSA
22-2516(3) and 18 U.S.C 2518(3) only allows for a district
judge to authorize interceptions to take place within the
jurisdiction in which the respected judge sits. Based
exclusively on its substance the order is invalid on the face
of the document. The federal court has explicitly held that
judge Platt lacked jurisdiction to issue interceptions outside
of his judicial district.

(11) On March 6, 2013 defendants Timothy Brown, Tony Wolf,
Glen Virden and approximately 50 of their subordinate officers
all endorsed their signature on the invalid wiretap order. At
the time of the defendants conduct Tony Wolf as Geary County
Sheriff, Glen Virden as Lead KBI Agent for the region of
Manhattan, and Timothy Brown as the Chief of Police for
Junciotn City all had final decsion making authority within
their respected departments. Based on the clearly established
federal and state wiretap laws which were in place on this
date, all defendants knew or had reason to know that the order
they were endorsing was invalid on its face. See KSA 22-
2516(3), and 18 U.S.C 2518(3). Our Circuit has held that a
violation of state wiretap law is explicitly a violation of
federal wiretap law. See United States v. Mcnulty.

(12) T-Mobile is a wireless telephone provider who regularly
conducts business within this district. T- Mobile recieved a
wiretap order from law enforcement on March 8, 2013. The
wiretap order did not authorize T-Mobile to "disclose"
electronic communications. T-Mobile violated the plaintiffs

rights under federal and state wiretapping statutes when it disclosed the plaintiffs private text messages to the other defendants without a court order. The disclosed interceptions include but are not limited to private text and picture messages to family members which were exchanged from a place within the privacy of plaintiffs home. T-Mobile's conduct resulted in the improper execution of the warrant. Our circuit does not allow for a good faith reliance based on an improper execution of a warrant. The federal law has a remedy for damages for this type of violation pursuant 18 U.S.C 2520.

(13) In April of 2013 Verizon informed the defendants Tony Wolf, Timothy Brown, and Glen Virden personally or through officials from the defendants agencies that the order it received failed to authorize interceptions of text messages. Verizon informed the defendants that if they wanted them to "disclose" Otis Ponds text messages they would have to send a specific request for interception of "electronic communications". The defendants supplemented the order and requested interceptions of electronic communications. Verizon then complied with the warrant and disclosed to the defendants Otis Ponds' text messages.

(14) Once Verizon explained to the defendants the different ty pes of communications defendants Tony Wolf, Timothy Brown, and Glen Virden all had knowledge that all of the text messages they recieved from T-Mobile beginning on March 8, 2013 were illegal under federal and state wiretapping laws. Even with this knowledge in hand at some time in between May 16, 2013 and June 4, 2013 the defendants "intentionally" and "willfully" under the supervision of Glen Virden disclosed

032

these text messages to the United States Attorneys Office.
Subesquent to that the United States Attorneys Office
disclosed those "electronic communications" to the United
States Probation Office. The defendants did this even though
they knew this information to be in violation of the federal
and state wiretap law. This is sufficient to show an
unofficial policy or practice by the defendants to violate the
clearly established federal law.

(15) Defendants Tony Wolf, Timothy Brown, and Glen Virden
intentionally "used" the illegal information in order to
further their investigation. The defendants listened to and
viewed hundreds probably closer to thousands of the plaintiffs
calls and text messages while plaintiff was in the privacy of
his own home speaking to family and friends. The defendants
then used this private information in order to further there
own personal agenda. Plaintiff's home was located in Manhattan
Kansas which is outside of the jurisdiction of any valid
interception according to the District of Kansas  suppression
order. To "use" information which was gathered in violation of
the federal and state wiretap law results in liability for
defendants for Tony Wolf, Timothy Brown, and Glen Virden under
the federal and state wiretap statutes.

(16) The District Court for the District of Kansas explicitly
held that Judge Platt lacked jurisdiction to issue
interceptions outside of his judicial district. This resulted
in the suppression of nearly 60,000 interceptions from the
federal trial. According to this federal court Judge Platt
acted in the complete absence of all jurisdiction when he
issued a wiretap order which allowed interceptions to take

place in any jurisdiction in the United States.

(17) This complaint is only intended to allege that the defendants are liable for the illegal communications from the Federal Courts suppression order.

(18) Plaintiff's direct appeal only answered whether the third party doctrine applies to the governments gathering of cell site location information without a valid warrant. Whether the District Courts suppression remedy expanded far enough was never discussed by the Tenth Circuit on plaintiff's direct appeal. See United States v. Thompson, 866 F.3d 1149 (10th Cir 2017)

(18) On May 9, 2013 Judge Platt denied plaintiff counsel even though he was being held pursuant to a 99 felony count arrest warrant. No one ever explained to the plaintiff why he had 99 felony counts. Defendant Platt remanded the plaintiff into the custody of the Sheriff department under a 1.2 million dollar bond. On May 16, 2013 plaintiff appeared before Judge Platt again without counsel for a status hearing. At the hearing plaintiff asked Judge Platt on the record why he does not have counsel to inform him of why he is being charged with so many crimes. Judge Platt can be heard on the record stating "I hear your complaint but will not address your argument at this time". Plaintiff never found out that his phone was tapped until June 4, 2013 when he appeared in federal court and recieved legal representation. Plaintiff still never seen the actual wiretap order in question until months later when his counsel brought the discovery up for him to view personally. It was at this point when the plaintiff found out about the existence of the defective wiretap warrant.

034

(19) Judge Crabtree held the plaintiff has a right to privacy in all his text messages. Text messages are considered "papers" and or "effects" protected under the fourth amendment of the consitution.

[COUNT I]

[Violation of the Kansas Wiretap Statute]

(20) The Kansas wiretap statute prohibits the interception, disclosure or use of any wire, oral, or electronic communication.

(21) Defendants have violated the plaintiff rights under the Kansas wiretap statute. The plaintiff is directly affected.

(22) Tony Wolf, Timothy Brown, Glen Virden, and T-Mobile acted unlawfully to "disclose" to third parties such as law enforcement, the United States Attorney's Office and United States Probation Office the plaintiffs electronic communications from the first March order.

(23) Tony Wolf, Timothy Brown, and Glen Virden violated the Kansas Wiretap Act when they intercepted, disclosed, used, or procured others to intercept, disclose, or use plaintiffs private communications.

(24) Plaintiff is entitled to the rights and protections and benefits provided under the Kansas Wiretap Act. See KSA 22-2502,et seq.

(25) Plaintiffs are aggrieved parties within the meaning Kansas Wiretap Statute.

(26) Upon information from the discovery in the federal case defendants have "disclosed" and "used" or procured others to "disclose" and "use" private information which belonged to the plaintiff. The defendants used this information in order to

035

assist them in there investigation.

(27) Pursuant to the Kansas Wiretap Act, plaintiff is entitled to damages, but not less than the liquidated damages computed of one hundred dollars a day of each violation or ten thousand dollars whichever is greater.

(28) Plaintiff is further entitled to punitive damages.

(29) Defendants Tony Wolf, Timothy Brown, and Glen Virden are liable pursuant to KSA 22-2518 for plaintiff's attorney's fees and cost/expenses incurred in this action.

(30) Plaintiff was subject to the policy and practice of defendants Timothy Brown, Tony Wolf, and Glen Virden which caused his private information to be exposed to the public to the detriment of his right to life, liberty, and pursuit of happiness.

[COUNT II]

[Violation of Federal Wiretap Statute]

(31) The Federal Wiretap Act prohibits intercepting, disclosing, or using the contents of any wire, oral, or electronic communication.

(32) Defendants have violated Plaintiffs rights under the Federal Wiretap Act. The Plaintiff is directly affected.

(33) Tony Wolf, Timothy Brown, Glen Virden David Platt, and T-Mobile acted unlawfully by intercepting private communications and disclosing those communications to third parties including but not limited to the United States Attorney's Office, law enforcement officials, and the United States Probation Office.

(34) Defendants Tony Wolf, Timothy Brown, Glen Virden and T-Mobile violated the Federal Wiretap Act when they -

Intentionally intercept, disclose, use or procure to intercept, disclose, or use wire, oral, or electronic communications or Intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication; knowingly or having reason to know that the information was obtained through the interception of a wire, oral or electronic communication in violation of 18 U.S.C. 2511.

(35) The Plaintiff is entitled to rights, benefits, and protections provided under the Federal Wiretap Act. See 18 U.S.C. 2511 et seq.

(36) Defendants Tony Wolf, Timothy Brown, Glen Virden, and T-Mobile are "persons" within the meaning of 18 U.S.C. 2510(6).

(37) Plaintiff is an "aggrieved party" within the meaning of the Federal wiretap statute.

(38) Pursuant to the Federal Wiretap Statute plaintiff is entitled to damages but not less than the actual damages suffered by the plaintiff any profits made by the defendants as a result of the violation, or liquidated damages computed of one hundred dollars per each day of violation or ten thousand dollars which ever is greater.

(39). Plaintiff is further entitled to punitive damages.

(40) Defendants are liable pursuant to 18 U.S.C. 2520 for plaintiffs fees and cost/expenses incurred in this action.

[COUNT III]

[VIOLATION OF FOURTH AMENDMENT]

(41) A violation of the state and federal wiretap statute necessarily is a violation of the fourth amendment. The wiretap statutes at issue were specifically codified in order

037

to protect the fourth amendment rights of the plaintiff. A violation of the wiretap statutes in question today are sufficient to establish cause of action under the fourth amendment as well.

[COUNT IV]

[Conspiracy to Commit the Substantive Counts]

(42) Defendants Tony Wolf, Timothy Brown, and Glen Virden knowingly conspired with one another to commit the substantive counts in this complaint.

(43) Defendants knowingly or had reason to know that the interceptions which they endorsed must only take place within the jurisdiction of the court in which the authorizing judge sits. Private and public citizens are presumed to know and abide by all laws which are available to the public.

(44) In April of 2013 Verizon Wireless informed the defendants and their subordinate officers that the warrant did not authorize the interceptions of text messages. With this knowledge the defendants still disclosed or procured others to disclose the text messages which defendant T-Mobile illegally disclosed to them from the March order. This is sufficient to establish the conspiratorial intent between Tony Wolf, Timothy Brown, and Glen Virden.


[PRAYER FOR RELIEF]

Wherefore plaintiff prays defendants Tony Wolf, Glen Virden, Timothy Brown and T-Mobile are held liable for damages under the respective federal and state Wiretap Acts. The defendants should be ordered to pay no less than ten million dollars in compensatory and punitive damages. Defendants also shall be

038

held liable for statutory damages under 18 U.S.C 2511 and

2520. Finally plaintiff prays for the request for relief

above, for cost and expenses for bringing this suit and any

further relief the court deems necessary.


Respectfully Submitted,


/s/Anthony Thompson

Anthony Thompson

USP Leavenworth

PO BOX 1000

Appellate Case: 23-3103   Document: 010110883858   Date Filed: 07/07/2023   Page: 40

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ANTHONY THOMPSON,

     Plaintiff,

     v.                               Case No. 5:15-cv-03117-HLT-KGS

GLEN F. VIRDEN, et al.,

     Defendants.

---

**MEMORANDUM AND ORDER**

Plaintiff Anthony Thompson brings this action pro se,[1] asserting claims for violation of state and federal wiretap statutes, violation of the Fourth Amendment, and conspiracy. Doc. 71. Each of the remaining defendants—Defendants T-Mobile U.S.A., Glen Virden, Timothy Brown, and Tony Wolf—has moved to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Docs. 75, 78, 80, 100. For the following reasons, the Court dismisses Plaintiff's claims against Defendants.

I.    **BACKGROUND**

    A.  **Criminal Investigation**

The following background is based on the record and accepts as true Plaintiff's well-pleaded factual allegations.[2] This case stems from the interception of cellular communications in

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally. *See Ivory v. Platt*, 2016 WL 5916647, at *6 (D. Kan. 2016). However, Plaintiff is not relieved of his burden of alleging sufficient facts upon which a recognized legal claim could be based. *Id.*

[2] The facts set forth in Parts I.A and B are taken from Plaintiff's amended complaint (Doc. 71) and the records of Plaintiff's criminal case (Case No. 5:13-cr-40060-DDC). *See Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) (holding that, when considering a motion to dismiss, "the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record"), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001); *Pace v. Swerdlow*, 519 F.3d 1067, 1072-73 (10th Cir. 2008) (finding district court was correct to take judicial notice of state court materials in considering motion to dismiss).

connection with an investigation—jointly conducted by the Kansas Bureau of Investigation ("KBI"), the Junction City Police Department, the Geary County Sheriff's Office, and the Riley County Police Department—into a suspected narcotics-trafficking conspiracy. In or around March and April 2013, Geary County District Court Judge David Platt entered a series of orders authorizing the interception of Plaintiff's (and his suspected co-conspirators') "wire communications." Defendant Glen Virden—special agent with the KBI in charge of the investigation—executed the orders, with directives to Defendant T-Mobile U.S.A. ("T-Mobile") and other service providers to intercept communications transmitted to and from the targeted phones. Virden affixed his signature to the orders, along with Defendant Timothy Brown (former chief of the Junction City Police Department) and Defendant Tony Wolf (Geary County Sheriff), among others.

Pursuant to the orders, the investigating agents intercepted phone calls and text messages from Plaintiff's—and others'—phones. Federal criminal drug trafficking charges were ultimately filed against Plaintiff in this Court.

## B.  Motions to Suppress

### 1.  Text Message Evidence

In connection with the underlying criminal case, Plaintiff (and his co-defendants) moved to suppress text message evidence, arguing that the state court orders, on their face, authorized interception of "wire communications" only and did not permit authorities to intercept "electronic communications" (such as text messages). District Judge Daniel D. Crabtree agreed that the orders authorized interception of "wire communications" only and that text messages constitute "electronic" rather than "wire" communications. Judge Crabtree declined to suppress the text message evidence, however, finding that the investigators' conduct in intercepting the text

messages fell within the "good faith" exception to the Fourth Amendment's exclusionary rule. In so holding, Judge Crabtree found that "the issuing judge and executing officers both understood the intended scope of the wiretap authorization, and that the authorization included interception of text messages." *United States v. Banks*, 2014 WL 4261344, at *5 (D. Kan. 2014). Judge Crabtree concluded that the officers' reliance on this understanding was "objectively reasonable." *Id.*

### 2. Extra-Territorial Communications

Plaintiff and his co-defendants also moved to suppress wiretap evidence, arguing that investigators had improperly intercepted communications outside of the territorial jurisdiction of the issuing judge (Judge Platt). During the hearing on Plaintiff's motion, Judge Crabtree ruled that the orders violated Kansas law to the extent they authorized the interception of communications on phones located outside Judge Platt's judicial district. Judge Crabtree accordingly ordered that the government present evidence regarding the physical location of the tapped phones at the time of the intercepted calls in order to determine which communications, if any, warranted suppression.

Following the presentation of evidence, Judge Crabtree suppressed all but 7,000 of the 67,000 total communications intercepted during the course of the investigation. As to the 7,000 surviving communications, Judge Crabtree ruled that the government had offered sufficient evidence that the communications were made by phones located inside Judge Platt's territorial jurisdiction. Judge Crabtree ordered the suppression of the extra-territorial intercepted communications. In connection with this decision, although declining to apply the exclusionary rule's good faith exception to evidence collected from wiretaps, Judge Crabtree noted that "one would not expect the officers executing search warrants to have apprehended the subtle, technical jurisdictional defect that forms the basis of the Court's threshold suppression ruling." *United States*

*v. Banks*, 2015 WL 2401048, at *3 (D. Kan. 2015), *vacated on other grounds by Banks v. United States*, 138 S. Ct. 2707 (2018).

### C.  Civil Case

Plaintiff proceeded to file this action for civil relief against various county officials, agencies, agency officials, and service providers,[3] alleging they violated state and federal law and the United States Constitution by intercepting and disclosing his communications (both oral and text) without proper judicial authorization. Docs. 1, 71. In the operative complaint,[4] Plaintiff asserts that Wolf, Brown, and Virden knew or had reason to know that the state court orders directed the interception of communications outside of Judge Platt's territorial jurisdiction. Doc. 71 ¶ 11. Plaintiff further alleges that—upon receipt of the order—T-Mobile improperly intercepted and disclosed text messages to the investigating authorities, even though the order did not expressly authorize the interception and disclosure of "electronic communications." *Id.* at ¶ 12. Plaintiff claims that Wolf, Brown, and Virden knew they illegally obtained the messages and extra-territorial calls, but nonetheless provided them to prosecutors in violation of state and federal law. *Id.* at ¶¶ 13-15.

Based on these allegations, Plaintiff asserts claims for: violation of the Kansas wiretap statute, K.S.A. §§ 22-2514, *et seq.*; violation of the federal Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. §§ 2510, *et seq.*; violation of the Fourth Amendment; and conspiracy. *Id.* at ¶¶ 20-44. Each of the four remaining defendants—T-Mobile, Virden, Brown,

---

[3]  The majority of the defendants have since been dismissed, including: Judge Platt; Ben Bennett (Geary County commissioner); Larry Hicks (Geary County commissioner); Geary County, Kansas; the KBI; the Junction City Police Department; and the Geary County Sheriff's Office. Doc. 70.

[4]  Plaintiff was granted leave to amend his complaint on February 20, 2018, and the amended complaint was entered by the Court. Docs. 70-71.

and Wolf—now moves to dismiss Plaintiff's claims. Docs. 75, 78, 80, 100. Plaintiff opposes Defendants' motions. Docs. 88-89, 90-91, 92-93, 106-107.[5]

## II.    STANDARD

Under Rule 12(b)(6), to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's claim is facially plausible if he pleads sufficient factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully" but "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

This standard results in two principles that underlie a court's analysis. *Id.* First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Stated differently, though the court must accept well-pleaded factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). "In keeping with these [two] principles, a court considering a

---

[5]  This Court construes Plaintiff's submission styled "Motion to Deny Defendant's Request to Dismiss the Amended Complaint" (Doc. 106) and accompanying memorandum in support (Doc. 107) as his opposition to Virden's motion to dismiss.

motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## III.   ANALYSIS

Virden, Brown, Wolf, and T-Mobile each move to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for relief. Docs. 75, 78, 80, 100. The arguments advanced by Virden, Brown, and Wolf have considerable overlap, with each arguing (1) that their "good faith reliance" upon the state court's orders shields them from exposure under federal and state wiretap statutes, (2) that qualified immunity protects them from individual liability for Plaintiff's Fourth Amendment claim,[6] and (3) that, in any event, Plaintiff fails to state a claim for relief. Docs. 76, 81, 101. Wolf—who remains subject to a claim in his capacity as Geary County Sheriff—also argues that he is protected by Eleventh Amendment immunity and, further, that Plaintiff fails to allege any unconstitutional policy or custom sufficient to hold him liable in his official capacity. Doc. 81 at 12-13.

Like Virden, Brown, and Wolf, T-Mobile argues that its good faith reliance exempts it from liability for violation of Kansas wiretap laws and the ECPA. Doc. 79 at 6-8. With respect to Plaintiff's constitutional claim, T-Mobile argues that it cannot be held liable because (1) it has not engaged in any state action, and (2) even if it had, it is nonetheless entitled to absolute immunity. *Id.* at 4-6. The Court addresses each of Plaintiff's claims in turn.

---

[6]  In his amended complaint, Plaintiff names Virden, Brown, and Wolf in both their individual and official capacities. Doc. 71 ¶¶ 2-3, 5. However, the Court previously dismissed Plaintiff's official capacity claims against Virden and Brown; only their individual capacity claims remain. Doc. 70 at 8. Both Plaintiff's official and individual capacity claims against Wolf remain. *Id.*

## A.  Violation of State and Federal Wiretap Statutes

Counts I and II of Plaintiff's amended complaint assert claims against Defendants under the Kansas wiretap statute and the federal ECPA, which impose civil liability on those who unlawfully intercept electronic communications. *See* 18 U.S.C. § 2520; K.S.A. § 22-2518. However, both statutes provide a "complete defense" where a defendant has relied in good faith upon a court order authorizing interception. *See* 18 U.S.C. § 2520(d)(1) ("A good faith reliance on . . . a court warrant or order . . . is a complete defense against any civil or criminal action brought under this chapter or any other law."); K.S.A. § 22-2518(2) ("A good faith reliance by any person on a court order authorizing the interception of any wire, oral or electronic communication shall constitute a complete defense in any civil or criminal action brought against such person based upon such interception."). In their motions to dismiss, Defendants argue that, because Judge Crabtree found in the underlying criminal case that Defendants relied in good faith upon the state court orders, they are immune from suit under the good faith exceptions and Counts I and II therefore fail to state a claim for relief.

The Court agrees with Defendants and finds that the record establishes Plaintiff's wiretap claims are barred by the good faith defense. As set forth above, before his criminal trial, Plaintiff moved to suppress wiretap and text message evidence, asserting similar arguments to the ones raised in this case. In ruling on Plaintiff's motions to suppress, Judge Crabtree held that the investigators' conduct in intercepting the text messages fell within the good faith exception to the Fourth Amendment's exclusionary rule, finding that "the issuing judge and executing officers both understood the intended scope of the wiretap authorization, and that the authorization included interception of text messages." *Banks*, 2014 WL 4261344, at *5. Judge Crabtree concluded that the officers' reliance on this understanding was "objectively reasonable." *Id.* Judge Crabtree

further noted in connection with his decision on Plaintiff's motion to suppress extra-territorial communications that "one would not expect the officers executing search warrants to have apprehended the subtle, technical jurisdictional defect that forms the basis of the Court's threshold suppression ruling." *Banks*, 2015 WL 2401048, at *3.

Judge Crabtree's reasoning in the underlying criminal case is equally applicable to the arguments raised in Plaintiff's civil case. *See Wright v. Florida*, 495 F.2d 186, 1090 (5th Cir. 1974) (holding that good faith reliance on a court order is a defense to both Fourth Amendment claims and Section 2520 of the ECPA). And the amended complaint fails to assert any facts from which the Court could reasonably infer that Defendants did not act in good faith reliance upon Judge Platt's orders. Although Plaintiff generally alleges that Defendants intercepted and disclosed communications despite knowing (or having reason to know) that the interceptions and disclosures were not properly authorized (Doc. 71 ¶¶ 11-15), bald allegations are not enough. Defendants' good faith reliance provides a complete defense to Plaintiff's wiretap claims. *See Reed v. Labbe*, 2012 WL 5267726, at *9 (C.D. Cal. 2012) (relying on findings of the district court and court of appeals in plaintiff's underlying criminal case in concluding that Section 2520(d) provided a complete defense to plaintiff's claims under the ECPA, warranting dismissal under Rule 12(b)(6)). The amended complaint therefore fails to state a claim for violation of state and federal wiretap statutes.[7]

---

[7] T-Mobile also falls under the ECPA's exception for providers of wire or electronic communication service. *See* 18 U.S.C. § 2511(2)(a)(ii). Under the ECPA, "provider[s] of wire or electronic communication service" (such as T-Mobile) are exempted from liability "for providing information, facilities, or assistance in accordance with the terms of a court order." *Id.* Dismissal of Plaintiff's ECPA claim—as against T-Mobile—is warranted on this additional basis.

### B. Violation of the Fourth Amendment

Next, Plaintiff claims Defendants' conduct in allegedly violating federal and state wiretap laws—as detailed in Part III.A, *supra*—violated his Fourth Amendment rights. Doc. 71 ¶ 41. Plaintiff brings this claim pursuant to 42 U.S.C. § 1983, which provides a cause of action against any individual who, under color of state law, causes another to be deprived of a constitutional right. *See West v. Atkins*, 487 U.S. 42, 48 (1988). For the reasons set forth below, Plaintiff fails to state a claim under Section 1983 against any of the Defendants, warranting dismissal pursuant to Rule 12(b)(6).

### 1. Virden and Brown

Because this Court previously dismissed Plaintiff's Section 1983 claims against Virden and Brown in their official capacities, only Plaintiff's individual capacity claims against Virden and Brown remain.[8] In their motions to dismiss, Virden and Brown argue that qualified immunity shields them from individual liability. Docs. 76 at 6-9, 101 at 4-6. For the following reasons, the Court agrees.

Qualified immunity protects public officials from civil liability provided their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 23 (2009). "Put simply, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Once an official has raised a defense of qualified immunity, the plaintiff bears the burden to show

---

[8] *See supra* note 6.

(1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the conduct at issue. *Ashcroft v. al-Kidd*, <u>563 U.S. 731, 735</u> (2011).[9]

Under the second prong, a right is "clearly established" for purposes of the qualified-immunity analysis where it is sufficiently clear that every reasonable official would have understood that his conduct violated that right. *Mullenix*, <u>136 S. Ct. at 308</u>. To satisfy this step, courts do not require a case "directly on point," but the plaintiff must identify existing precedent—either controlling authority or "a robust 'consensus of cases of persuasive authority'"—placing the constitutional question "beyond debate." *al-Kidd*, <u>563 U.S. at 741-42</u>. To do that, the precedent "must be 'particularized' to the facts of the case" before the Court. *White v. Pauly*, <u>137 S. Ct. 548, 552</u> (2017) (noting that courts should not define "clearly established law" at "a high level of generality").

Here, Plaintiff has not met his burden of showing a violation of clearly established law. In his amended complaint, in support of his constitutional claim, Plaintiff asserts: that a violation of state and federal wiretap laws is "necessarily" a violation of the Fourth Amendment; that the statutes "were specifically codified" to protect Plaintiff's constitutional rights; and that a violation of these statutes alone is sufficient to establish a cause of action under Section 1983. <u>Doc. 71</u> ¶ 41. Yet Plaintiff identifies no authority—let alone a controlling opinion or a "robust consensus" of persuasive authority—supporting his contentions or otherwise holding that the Fourth Amendment is violated by the <u>specific facts</u> presented here. The onus is on Plaintiff to identify existing precedent placing the constitutional question beyond debate. Because Plaintiff has not satisfied his

---

[9] The order in which the two prongs of the qualified-immunity analysis are evaluated is within the discretion of this Court. *See al-Kidd*, <u>563 U.S. at 735</u>.

burden, qualified immunity shields Virden and Brown from individual liability on Plaintiff's constitutional claim.

### 2. Wolf

Unlike Virden and Brown, Wolf remains subject to claims against him in both his individual capacity and his official capacity as Geary County Sheriff.[10] For the reasons set forth with respect to Virden and Brown in Part III.B.1, qualified immunity also protects Wolf from individual liability for Plaintiff's Section 1983 claim. Plaintiff has not shown a violation of clearly established law. In the absence of such a showing, the Court must dismiss Plaintiff's Section 1983 claim against Wolf in his individual capacity.

Plaintiff's claims against Wolf in his official capacity likewise fail because Plaintiff fails to allege any unconstitutional policy or custom as required under Section 1983. While an individual capacity suit seeks to impose personal liability upon a government official for actions taken under color of state law, an official capacity suit is, in essence, an action against the entity that employs the officer. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Under Section 1983, although governmental entities may be subject to liability, they may not be held liable on a respondeat superior theory. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). A plaintiff must instead show that "the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." *Seamons v. Snow*, 206 F.3d 1021, 1029 (10th Cir. 2000).

Plaintiff's allegations do not permit the Court to reasonably infer that Wolf is liable under Section 1983. In his amended complaint, Plaintiff claims that Wolf (along with Virden and Brown)

---

[10] *See supra* note 6.

knew Plaintiff's text messages and extra-territorial calls were illegally obtained but provided them to prosecutors anyway, asserting that this conduct demonstrated an unconstitutional policy or custom. Doc. 71 ¶ 14. Plaintiff does not allege any facts tending to show that Wolf's alleged actions were characteristic of any policy or custom of the Geary County Sheriff's Office, or that the conduct alleged infringed upon Plaintiff's constitutional rights. Although Plaintiff generally alleges that Wolf "had final decision making authority" within his office, he provides no factual allegations to support this assertion. *Id.* at ¶ 11. The allegations presented in the amended complaint do not provide a basis for the Court to reasonably infer that Wolf is liable under Section 1983. Accordingly, Plaintiff's official capacity claim against Wolf must be dismissed for failure to state a claim.

### 3.   T-Mobile

Plaintiff's Section 1983 claim against T-Mobile is likewise subject to dismissal for two independent reasons. First, Plaintiff fails to allege facts sufficient to show an essential element of his claim: that T-Mobile acted under color of state law. To state a claim under Section 1983, a plaintiff must (1) allege the violation of a constitutional right or a right secured under the laws of the United States, and (2) show that the alleged violation was committed by an individual acting under color of state law. *West*, 487 U.S. at 48. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Under Section 1983, therefore, claims may only be brought against defendants who represent the state in some capacity. *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988). "Private individuals and entities may be deemed state actors, however, if they have 'acted together with or [have] obtained

significant aid from state officials, or [if their] conduct is otherwise chargeable to the state.'"
*Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002) (quoting *Lugar v. Edmondson Oil
Co.*, 457 U.S. 922, 937 (1982)).

Plaintiff has not alleged facts sufficient to show that T-Mobile engaged in the requisite
state action to support his Section 1983 claim. Indeed, although Plaintiff alleges T-Mobile "act[ed]
under the color of state law," the only conduct Plaintiff attributes to T-Mobile in his amended
complaint is, generally, that T-Mobile intercepted and disclosed his text messages to investigators
without proper judicial authorization. Doc. 71 ¶¶ 7, 12. Acting in accordance with a court order
does not itself constitute action performed under color of state law. *See Green v. Truman*, 459 F.
Supp. 342, 344-45 (D. Mass. 1978) (finding state court order "does not clothe [defendant] with the
authority of state law necessary to satisfy the state actor requirement"); *Melnitzky v. HSBC Bank
USA*, 2007 WL 1159639, at *9 (S.D.N.Y. 2007) ("[T]he mere compliance with a court order does
not constitute action under color of state law."). Plaintiff alleges no other conduct to establish that
T-Mobile, as a private actor, acted under color of state law. Plaintiff's bare allegations and legal
conclusions are insufficient to state a claim.

Second, T-Mobile is absolutely immune from liability for Plaintiff's Section 1983 claim.
"Just as judges acting in their judicial capacity are absolutely immune from liability under section
1983, 'official[s] charged with the duty of executing a facially valid court order enjoy[] absolute
immunity from liability for damages in a suit challenging conduct prescribed by that order.'"
*Turney v. O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990) (citations omitted) (quoting *Valdez v.
City & Cty. of Denver*, 878 F.2d 1285, 1286 (10th Cir. 1989)). "[T]he power to execute judicial
decrees is no less an important and integral part of the judicial process than the roles of those
officials previously afforded absolute immunity" and "[a]bsolute immunity for officials assigned

to carry out a judge's orders is necessary to insure that such officials can perform their function without the need to secure permanent legal counsel." *Valdez*, <u>878 F.2d at 1287-88</u>. The Tenth Circuit has stated:

> To force officials performing ministerial acts intimately related to the judicial process to answer in court every time a litigant believes the judge acted improperly is unacceptable. Officials must not be called upon to answer for the legality of decisions which they are powerless to control . . . <u>[I]t is simply unfair to spare the judges who give orders while punishing the officers who obey them</u>.[11]

*Id.* at 1289 (emphasis added). Under the doctrine of absolute immunity, therefore, acts taken at the direction of the state court orders cannot form the basis for Plaintiff's Section 1983 claim against T-Mobile. *See T & W Inv. Co. v. Kurtz*, <u>588 F.2d 801, 802-03</u> (10th Cir. 1978) (holding that receiver named as a defendant in corporation's civil rights action was a court officer who shared the judge's immunity to the extent he carried out the orders of his appointing judge); *Jarvis v. Roberts*, <u>489 F. Supp. 924, 929</u> (W.D. Tex. 1980) (in case involving claim under Section 1983, finding that—where bank was merely complying with court order—actions complained of "were essentially those taken by the Court through its orders" and bank could not be held liable). For these reasons, dismissal of Plaintiff's Section 1983 claim against T-Mobile is warranted.

## C. Conspiracy

Finally, Plaintiff asserts a claim for conspiracy, alleging Defendants conspired to commit the wiretap and constitutional violations asserted in his amended complaint. This claim must likewise be dismissed pursuant to Rule 12(b)(6) because the amended complaint contains only conclusory allegations of conspiracy and is devoid of any facts to support those allegations.

---

[11] Indeed, Plaintiff's Section 1983 claim against the state court judge who issued the orders—Judge Platt—was previously dismissed on the basis of absolute immunity. Docs. 9, 70.

To state a claim for conspiracy under Section 1983, "a plaintiff must plead that he was deprived of a constitutional right as a result of a conspiracy comprised of or including conspirators acting under color of state law." *Leatherwood v. Rios*, 705 F. App'x 735, 739 (10th Cir. 2017). A federal conspiracy action under Section 1983 "requires at least a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective." *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010). Similarly, under Kansas law, the elements of a civil conspiracy claim are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds; (4) one or more unlawful overt acts; and (5) damages as a proximate result thereof. *Jackson v. Kan. Cty. Ass'n Multiline Pool*, 2005 WL 756773, at *6 (D. Kan. 2005). Under either state or federal law, conclusory allegations of conspiracy are insufficient; a plaintiff must instead plead specific facts to establish the requisite elements. *Brooks*, 614 F.3d at 1228; *Jackson*, 2005 WL 756773, at *6.

Here, Plaintiff's conspiracy claim fails for two reasons. First, for the reasons set forth in Parts III.A and B, *supra*, Plaintiff has failed to establish the existence of an underlying unlawful act—either a violation of state or federal wiretap law or a constitutional violation—necessary to state his claim. Second, Plaintiff does not plead facts sufficient to infer the existence of a meeting of the minds, an agreement, a general conspiratorial objective, or any concerted action among Defendants. Plaintiff alleges only: that Virden, Brown, and Wolf "knowingly conspired with one another" to commit the alleged acts; that Virden, Brown, and Wolf knew or had reason to know that the interceptions were legally required to take place only within Judge Platt's territorial jurisdiction; and that Virden, Brown, and Wolf knew that T-Mobile had intercepted text messages without judicial authorization, but nonetheless disclosed the messages to prosecutors. Doc. 71 ¶¶ 42-44. These conclusory allegations are not enough. Plaintiff has not come forward with

specific facts showing the requisite elements of a civil conspiracy. Although, given his pro se status, Plaintiff's pleadings are to be liberally construed, Plaintiff is not relieved of his burden to allege sufficient facts upon which a recognized claim can be based. *See Ivory v. Platt*, 2016 WL 5916647, at *6 (D. Kan. 2016). Dismissal of Plaintiff's conspiracy claim is warranted.

## IV.    CONCLUSION

THE COURT THEREFORE ORDERS that Defendants' motions to dismiss the amended complaint (Docs. 75, 78, 80, 100) are GRANTED.

IT IS SO ORDERED.

Dated: November 16, 2018                         /s/  *Holly L. Teeter*
                                                 HOLLY L. TEETER
                                                 UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

## JUDGMENT IN A CIVIL CASE

ANTHONY THOMPSON,

                         Plaintiff,

v.                                                      Case No.  15-3117-HLT-KGS

GLEN F. VIRDEN, T-MOBILE U.S.A.,
TIMOTHY BROWN and TONY WOLF,

                         Defendants.

( )     **JURY VERDICT.**  This action came before the Court for a trial by jury.  The issues
        have been tried and the jury has rendered its verdict.

( x )   **DECISION BY THE COURT.**  This action came before the Court.  The issues have
        been considered and a decision has been rendered.


        **IT IS ORDERED AND ADJUDGED** that defendants' motions to dismiss the
        amended complaint are granted.


Entered on the docket 11/16/18

**Dated:  November 16, 2018**          **TIMOTHY M. O'BRIEN, CLERK**



                                        **s/S. Nielsen-Davis**
                                        **Deputy Clerk**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**

NOV 30 2018

Clerk, U.S. District Court
By_____ Deputy Clerk

ANTHONY THOMPSON,
    Plaintiff,

v.                                    Case No: 5:15-cv-03117-HLT-KGS

Glen Virden, et al
    Defendants,

### MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)

Plaintiff, Anthony Thompson, standing prose brings this action with a request that this Honorable Court Amend its judgment which was entered on November 19, 2018, and received by plaintiff on November 21, 2018. See Document number 111 (hereafter Doc. 111). For the following reasons it is in the interest of justice that this motion to amend be granted and the plaintiff be allowed to proceed with his action against all remaining defendants.

### BACKGROUND

For purposes of simplicity plaintiff incorporates into this motion by way of reference the District Court's background summary which includes Section A Criminal Investigation, Section B Motion to suppress, (1) Text Message Evidence, (2) Extra-Territorial Communications, C. Civil Case. See Doc. 111 at pg. 1-5.

### STANDARD

A motion to amend must be filed within 28 days of the entry of judgment of dismissal. See Fed. R. Civ. P. 59(e). Under Rule 59(e), a party may ask a district court to reconsider a final ruling or judgment when the district court has misapprehended the facts, a parties position, or controlling law. See Barber ex. rel. Barber v. Colo. Dept. of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). Grounds warranting a motion to reconsider include (1) an intervening change in controlling law, (2) new evidence

previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite a the proverial apple. See Syntroleum Corp. v. Fletcher Int'l Ltd., 2009 U.S. Dist. LEXIS 22312, 2009 WL 761322 (N.D. Okla. Mar. 19, 2009). Plaintiff relies on the third prong the need to correct clear error and to prevent manifest injustice as his grounds for relief in this instant motion.

## ANALYSIS

Plaintiff incorporates by reference the district court's analysis for the sake of efficiency. See Doc. 111 at pg. 6.

### THE DISTRICT COURT'S RELIANCE ON GOOD FAITH AS A DEFENSE FOR THE DEFENDANT'S VIOLATION OF THE STATE AND FEDERAL WIRETAP STATUTES ARE BASED ON A CLEAR ERROR OF FACTS WHICH RESULTED IN MISAPPLICATION OF ITS CONCLUSIONS OF LAW

The Court held T-Mobile, Brown, Virden, and Wolf were all shielded by good faith from liability for there violations of the state and federal wiretap statutes. As a result the Court held plaintiff failed to state a claim against defendants for counts I and II of his complaint. See Doc. 111 at pg. 7. Agreeing with the defendant's postion on all defenses the district court held Judge Crabtree's finding that the investigators conduct in intercepting the text messages fell within the good faith exception of the Fourth Amendments exclusionary rule. Judge Crabtree found that both the authorizing judge and executing officers both intended and understood the scope of the order to include interception of text messages. Judge Crabtree based on these facts found the officers reliance on the warrant objectively reasonable. Id at 7. The district court's reliance on

2

on these facts to support the defendants good faith defense was clearly erroneous and contrary to the well pleaded facts within the complaint. This true because the facts before the court in the instant civil case were not before the district court and therefore never addressed by Judge Crabtree in the suppression hearing.  Plaintiff will now explain why the district court misapplied the facts from the instant complaint with the facts from the criminal suppression hearing.

**JUDGE CRABTREE'S GOOD FAITH RELIANCE FOR NOT SUPPRESSING THE TEXT MESSAGES HAS NO BEARING ON THE DEFENDANT'S LIABILITY FOR INTENTIONALLY DISCLOSING TEXT MESSAGES TO THE UNITED STATES ATTORNEY'S OFFICE AFTER BEING WARNED BY VERIZON WIRELESS THAT THOSE TEXT MESSAGES WERE OBTAINED IN VIOLATION OF STATE AND FEDERAL LAW.**

Judge Crabtree's application of the good faith defense was based on officers perspective at the time they initially received the text messages around March 8, 2013. See United States v. Banks, 2014 WL 4261344, at *5 (D.Kan. 2014). The complaint lodges liability against the defendant's for there actions of disclosing the text messages to the United States Attorney's Office after being warned by Verizon Wireless that the defendants received those text messages unlawfully. The complaint states the defendants liability for there actions took place at someday between May 8, 2013 through June 4, 2013. See Doc. 71 at ¶ 11-15. This Court held that plaintiff made a general statement in his complaint that defendants intercepted and disclosed communications despite knowing the interceptions were not properly authorized. Based on the court perspective this amounted to nothing more than a bald allegation. See Doc. 111 at pg. 8 (district court stating these bald allegations are not enough). A review of the complaint shows more than bald allegations by the plaintiff. Actually

complaint does alot more than simply state the wiretap order did not
authorize the disclosure of text messages. The complaint goes on to explain
why the defendant's disclosure was knowingly and intentional within the
meaning of 18 U.S.C. 2511(c). The complaint state in April of 2013, Wolf,
Brown, and Virden were notified by Verizon Wireless that the orders
it received from T-Mobile did not authorize the disclosure or interception
of text messages. The complaint also states Verizon forced the defendant's
to expressly request interception of text messages in a warrant prior
to disclosing any type of electronic communication. Finally the complaint
states after being informed by Verizon that it received text messages
illegally from T-Mobile the defendant's between May 16, 2013 through
June 4, 2013, intentionally and knowingly disclosed the illegal text
messages to the United States Attorney's Office. See Doc. 71 at ¶ 11-14.
Not one of the defendants have contested these facts within there motions
to dismiss. See Docs. 75, 78, 80, 100.

In a summary judgment proceeding a parties assertion of undisputed
facts is ordinarily credited by the court unless properly disputed by
the opposing party. See Fed. R. Civ. P. 56(e)(If a party... fails to
properly address another party's assertion of fact... the court may...(2)
consider the fact undisputed for purposes of the motion); Nahno-Lopez
v. Houser, 625 F.3d 1279, 1283-84 (10th Cir. 2010)(opponent's response
to summary judgment motion must raise a factual dispute that is material
to the motion). The Court in this instance failed to follow this well
settled principle when it gave the defendant's a good faith defense for
the knowing disclosure of illegally obtained text messages without giving
substance to well pleaded complaint as a whole. We assume the truth
of all well-pleaded facts in the complaint, and draw all reasonable inferences
therefrom in light of most favorable to the plaintiff. See Dias v. City
and County of Denver, 567 F.3d 1169, 1178 (10th Cir. 2000).

**4**

060

This Court failed to rely on these established principles and instead relied on Judge Crabtree's decision from the criminal case which were based on facts which were distinguishable from the facts in the instant case. See Doc. 111 at pg. 8. A review of the Court order shows that the well pleaded facts were not acknowledged. The complaint states (1) KSA 22-2516(3) and 18 U.S.C. 2518(3) only allows a judge to authorize a wiretap interception, (2) Brown, Virden, and Wolf are not district judges (3) Brown Virden, and Wolf all still authorized the invalid wiretap orders eventhough they are not judges, (4) Brown, Virden, and Wolf all authorized the orders on March 6, 2013 two days prior to T-Mobile receiving the authorization order, (5) At the time the defendants authorized the order they had reason to know the orders were invalid on its face pursuant to KSA 22-2516(3) and 18 U.S.C. 2518(3). See Doc. 71 at ¶ 10-11. None of the defendants have disputed that they are not authorized by law to issue wiretap orders. See Docs. 75, 78, 80. Nor has any defendant gave the court any explanation why they authorized the orders which did not require their signatures. Id. Even more problematic is the fact that the Tenth Circuit has explained a territorial jurisdiction issue is not a technical defect. See United States v. Krueger, 809 F.3d 1109, 1117 (10th Cir. 2015)(A warrant in blatant disregard of a judges territorial jurisdiction cannot be excused as a technical defect). Until the defendants gives the court an explanation of why they all combined to violate plaintiff's rights under federal law this Court is bound to accept plaintiff's pleadings as true. Therefore the defendants are liable for there actions because the complaint has sufficient facts to warrant relief.

Finally none of the defendants even attempted to demonstrate that they met the two prong good faith requirement under 18 U.S.C. 2520(d). Compounding the problem the Court likewise failed to address how the defendants met the two prongs required by our circuit to establish good

faith as a defense. See Doc. 111 at pg. 7-8 (district court relying on
Judge Crabtree's suppression order to determine good faith in the civil
case as well). Under 18 U.S.C. 2520(d) a defendant may only receive good
faith if he can demonstrate (1) that he has a substantive good faith
belief that he acted legally pursuant to the order, (2) and that this
belief was reasonable. See Dahl v. Dahl, 744 F.3d 623, 631 (10th Cir
2014). If the Court reviews these prongs it would become clear that the
defendants cannot meet even the first prong. At the time the defendants
authorized the 60,000 extra-territorial interceptions there was binding
State law which informed them that there conduct was illegal. In State
v. Adams, 576 P.2d 242, 245 (Kan. Ct. App. 1978), the Kansas Court of
Appeals held under KSA 22-2516(3) a district judge had no authority to
authorize interceptions outside his judicial district. A review of the
complaint makes clear that the orders authorized interceptions to take
place outside of there judicial district. The complaint also factually
states that Judge Crabtree held 60,000 interceptions to be invalid on
its face of the order. See Doc. 71 at ¶ 10. The complaint also states
that a violation of state wiretap law is expressly a violation of its
federal counterpart. Id. The Tenth Circuit has held that a violation of
state wiretap law is also a violation of the federal counterpart referencing
18 U.S.C. 2516(2). See United States v. McNulty, 729 F.2d 1243 (10th Cir.
1983).

The facts from the complaint also states that text messages were
illegally, intentionally, and knowingly disclosed to outside agencies
by the defendants. See Doc. 71 at ¶ 10-16. The complaint again states
the defendants not being district court judges authorized the wiretap
order. Id. Why did investigative officers authorize a wiretap order
which was invalid on the face of the document? In order to legally apply
good faith to the defendants this court must explain how defendants who
are not acting as judges would reasonably believe there actions to 062

legal. See Dahl at 631. The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is sufficient legally to state a claim. See Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). This court is required to amend the judgment and deny defendant's good faith defense because its judgment is not reasonably based on the well pleaded facts from the complaint.

### UNDER MEDLIN T-MOBILE , VIRDEN, BROWN, AND WOLF CANNOT RECEIVE GOOD FAITH FOR THE INTERCEPTION AND DISCLOSURE OF TEXT MESSAGES BECAUSE THAT CONDUCT RESULTS IN THE IMPROPER EXECUTION OF THE WIRETAP WARRANT

The Tenth Circuit has held that a person may not receive a good faith reliance based on the improper execution of a warrant. See United States v. Medlin, 789 F.2d 407, 410 (10th Cir. 1986)(good faith does not apply to the improper execution of a warrant). In this case T-Mobile, Wolf, Brown, or Virden has not shown that the wiretap order authorized the interceptions of text messages. See Docs. 75, 78, 80, 100. The reason behind this failure is that the warrant does not authorize such interceptions in regards to text messages. Has a result the court must explain why it gave defendants a good faith defense when there conduct was the result of the improper execution of the wiretap. The court's good faith holding is in conflict with Medlin and as a result must be amended in order to comply with circuit precedent.

### PLAINTIFF HAS SHOWN A VIOLATION OF THE FOURTH AMENDMENT

The Fourth Amendment mandates that no warrant shall issue but upon probable cause, and supported by oath or affirmation and particularly describing the place to be searched, and the persons or things to be seized. See U.S. IV Amend. Const. The court found that a wiretap order is not a

warrant within the meaning of the Fourth Amendment and that since the
complaint doesn't show the defendant's violated any clearly established
law, qualified immunity must be applied to all defendant's. A review of the
complaint shows this reasoning is not based on the well pleaded facts
within the complaint. Again the complaint clearly states that the defendants
received knowledge from Verizon Wireless that the text messages it received
from T-Mobile were illegal. See Doc. 71 at ¶ 14. The complaint also states
that the plaintiff received picture and text messages from within the
privacy of his own home. Id at ¶ 15. A reasonable reading of this must
pressume this statement to imply the plaintiff believed he received the
picture and text messages for the view of his eyes only. Judge Crabtree
also held the plaintiff had a reasonable expectation of privacy in his text
messages. See United States v. Banks, 2014 WL 4261344, at 4-5 (D.Kan. 2014).
Since at least 1967 the wiretapping statutes have been subject to the fourth
amendment limitations and requires a warrant. See Berger v. New York, 338
U.S. 41, 50-51 (1967). The Supreme Court's holding on this issue is sufficient
to establish a fourth amendment violation  for violations of wiretapping
statutes which were codified to comply with the fourth amendments structures.
If this court read Berger in conjunction with Judge Crabtree's holding that
the plaintiff held a reasonable expectation of privacy in his text messages,
then it must reconsider its holding that plaintiff's fourth amendment
claim was not stated within his complaint.

### VIRDEN AND BROWN CANNOT RECEIVE QUALIFIED IMMUNITY BECAUSE
### THEY VIOLATED PLAINTIFF'S CLEARLY ESTABLISHED
### STATUTORY RIGHT

The court also granted Virden and Brown qualified immunity. See Doc.
111 at pg. 9-10. The court took issue with the second prong of the qualified
immunity analysis. Id. In other words the court agreed that the defendants
violated a statutory or constitutional right but found that that right was

**8**

not clearly established at the time of the conduct at issue. Id at 10. The
Court's perspective was that the plaintiff failed to cite binding precedent
which would show a violation of the federal statutes was sufficient to
establish a cause of action in the instant suit. Id. A review of the complaint
draws a contrary conclusion. Our circuit has held on point to this issue
that a violation of state law is the same under federal. See United States
v. McNulty, 729 F.2d 1243 (10th cir. 1983). See Also Doc. 71 at ¶ 11.
The complaint also pled that Virden and Brown had reason to know the order
they authorized was invalid on its face under KSA 22-2516(3) and 18 U.S.C
2518(3). Id. The defendants have failed to dispute or cite any authority
which would allow this court to shield them from liability for failing
to follow a clearly established federal statute or a constitutional
right that a reasonable person would have known. Swanson v. Town of Mountain
View, 577 F.3d 1196, 1199 (10th cir. 2009). The Supreme Court has warned
that a failure to follow a clearly written state statute may violate
defendants federal constitution. A state creates a liberty interest protected
under the due process clause of the fourteenth amendment by placing
substantive limits on official discretion. See Kentucky Dept. of Corr.
v. Thompson, 490 U.S. 454, 460 (1989).

   The defendants have utterly failed to provide the court with any
explanation on why it was objectively reasonable to not comply with the
clearly established statutory violations of 18 U.S.C. 2516(2) and 18 U.S.C.
2518(3). Nor have the defendants explained to the court why it was
objectively reasonable to fail to follow clearly established law from
State v. Adams and United States v. Mcnulty. The district court held that
plaintiff failed to identify an existing precedent placing the constitutional
question beyond debate. for the law to be clearly established the contours
of the constitutional right at issue must be sufficiently clear that a
reasonable official would understand that what he is doing is violating

**9**

065

that right. See Wilson v. Montana, 715 F.3d 847, 852 (10th Cir. 2013).
Plaintiff has clearly established that the defendants authorization of the
wiretap warrant violated Mcnulty because the order failed to comply with
state wiretap law. See doc. 71 at ¶ 10-11. Mcnulty explicitly held that
18 U.S.C. 2516(2) permitted receipt of state authorized wiretap evidence
only if the state authorization complied both with the federal and applicable
state wiretapping statutes. The court has failed to explain why Mcnulty
is not considered clearly established law at the time of the conduct at
issue. In order to lawfully reward the defendants with qualified
immunity the court must explain why defendants were not bound by Mcnulty
at the time of there actions. Until that happens the qualified immunity
defense was applied in clear error. While, generally, only the complaint
and its allegations are considered in a motion to dismiss, documents
referred to in the complaint may be considered at the motion to dismiss
stage. See Alvuaro v. KOB-TV, 493 F.3d 1210, 1215 (10th Cir. 2007). The
failed to refer to the memorandum in support of the complaint prior to
disposing of the claims. See Doc. 70 and 71. A right is clearly established
if at the time of the conduct, existing precedent has placed the constitutional
or statutory question beyond debate... Ordinarily this standard requires
either there is a Supreme Court of Tenth Circuit precedent on point. See
Patel v. Hall, 849 F.3d 970, 980 (10th Cir. 2017). The defendants have not
disputed plaintiffs reliance on Mcnulty, 18 U.S.C. 2516(2), 2518(3) and as
a result this court must amend its judgment in order to comply with the
law from this circuit in Mcnulty as it relates to clearly established
precedent.

### THE COMPLAINT CLEARLY SHOWS AN UNOFFICIAL CUSTOM WHICH PLACES LIABILITY ON WOLF IN HIS OFFICIAL CAPACITY

This court held that the plaintiff did not allege any facts tending
to show Wolf's actions were characteristic of any policy or custom or that
such conduct infringed upon the constitutional rights of the plaintiff.

066

10

See Doc. 111 at pg. 12. A review of the complaint should lead this court to reassess its position. It is clear based on the complaint that Wolf participated in an unofficial custom for which liability is attached under section 1983. First, the complaint shows a violation of plaintiff's constitutional rights by Wolf. The complaint states Wolf obtained plaintiff's text messages without requesting them in a warrant.See Doc. 71 at ¶ 11. The complaint states these messages were sent and recieved within the privacy of his own home. Id. The complaint further states the plaintiff has a right to privacy in all his text messages and those messages are to be considered "papers" and or "effects" protected under the fourth amendment. Id at ¶ 20. As a matter of this record the plaintiff has established that the receipt and intentional disclosure of the text messages in this case constitute a fourth amendment claim. A opponent must reply to a factual dispute which is material to the motion. See Nanho-Lopez v. Houser, 625 F.3d 1279, 1283-84 (10th Cir. 2010). Since Wolf has failed to dispute any of these facts this court must issue a ruling on this precise point in favor of the plaintiff. See D. Kan. Rule 56.1(e)(stating responses must fairly meet the substance of the matter asserted). Wolf's defenses in this case are nothing more that conclusory defenses which do not even attempt to address the substance of the complaints claims.

The complaint also gave the court clear reason to infer a unofficial custom by Wolf. The facts from the complaint state (1) Wolf, Brown, and Virden along with approximately 50 subordinate officers authorized a warrant which was invalid at the time they authorized it, (2) Wolf acting as Geary County Sheriff had final decision making authority in his department, (3) state and federal wiretap law mandates only a district judge authorize interceptions, (4) Wolf is a Geary County Sheriff and not a district judge, (5) Verizon Wireless informed Wolf his receipt of text messages was unlawful, (6) Wolf with this knowledge from Verizon still intentionally disclosed

11

067

the messages to outside agencies including the United States Attorney's Office. See Doc. 71 at ¶ 10-20. Yet again Wolf failed to dispute not one of these facts which were pled in the complaint. Further Wolf has yet to inform this court why he authorized a wiretap order which the law requires only a district judge to perform such duties. In other words the undisputed facts clearly shows at the very least the characteristics of a unofficial custom of the Geary County Sheriff's office. A municipality is liable only when the official policy or unofficial custom is the moving force behind the injury alleged. See Bd. of Cnty, Commr's v. Brown, 520 U.S. 397, 404 (1997). The six facts cited from the complaint which went undisputed by Wolf provides this court with sufficient evidence of a unofficial policy by the defendant. This court has a duty to explain how these undisputed facts effect plaintiff's claim that Wolf participated in the unofficial policy which derectly resulted in the violation of the plaintiff's constitutional rights under the fourth amendment.

### THE COMPLAINT CLEARLY PROVES T-MOBILE ACTED UNDER STATE LAW

The court agreed with T-Mobile by holding there actions were in accordance with a court order and therefore not performed under the color of state law. The court therefore found plaintiff asserted bare allegations and legal conclusions. See Doc. 111 at pg.13. Based on this reasoning the court has held if law enforcement sent a judicial authorization specifically requesting interceptions of wire communications, T-Mobile can on its on decide to expand the scope of the wiretap order without any liability be placed on it for its actions. If this is true then the particularity requirement of the fourth amendment has no meaning. The court understood the complaint to allege that T-Mobile intercepted and disclosed text messages to investigators without judicial authorization. See Doc. 111 at pg. 13. But even though the judge did not authorize T-Mobile's conduct this court hold T-Mobile is protected from liablity under this same

warrant. Id. The court's holding is in conflict with Supreme Court binding authority. See Katz v. United States, 389 U.S. 347, 357 (1967)(Over and again this court has emphasized that the mandate of the fourth amendment requires adherence to judicial process, without prior approval by judges are per se unreasonable under the fourth amendment). T-Mobile in this case failed to adhere to the judicial process and as of now the court has rewarded them with immunity for there unreasonable failure to comply with the judicial process.

The court's position is that the plaintiff has not alleged any conduct to establish T-Mobile's role as a state actor, acted under color of state law. See Doc. 111 at pg. 13. Our circuit has applied a two part test to determine if a defendant is a state actor, (1) whether the government knew of or acquiesced in intrusive conduct, and (2) whether the party performing the search intended to assist law enforcement. See United States v. Souza, 233 F.3d 1197, 1201 (10th Cir. 2000). T-Mobile conceded to the first prong. See Doc. 79. This only leaves plaintiff to show T-Mobile exceeded the scope of the court order by disclosing plaintiff's text messages. T-Mobile's own words show they disclosed the plaintiff's text messages without authorization in an attempt to assist law enforcement from having to go through the trouble of getting a clarifying order. See Doc. 79 . This statement by T-Mobile proves a intentional and knowing disclosure of the unlawfully intercepted text messages by T-Mobile. The court did not even ackowlegde this statement by T-Mobile in its decision. T-Mobile is clearly a state actor based on its own words. A clear review of the complaint will show T-Mobile (1) violated a right secured by the laws of the United States, and (2) the violation was committed by an individual acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Count II of the complaint states T-Mobile knowingly violated 18 U.S.C. 2511(c) by intentionally disclosing electronic communications (text messages). See Doc. 71 at ¶ 35. The complaint also clearly states that the order in question did not authorize T-Mobile to either intercept nor disclose those communications. The complaint also states T-Mobile disclosed private text and picture messages which were sent and received from within the privacy of his own home. Id at ¶ 12. T-Mobile has not disputed one of these facts. Its only defense is that it was relying on a court order which did not protect any of its actions. See Doc.79 . This court found this sufficient to shield T-Mobile from liability without addressing any of the plaintiff's undisputed facts. Plaintiff will remind the court of the language adopted by our founding fathers. "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrant shall issue but upon probable cause, supported by oath and affirmation, and particulary describing the place to be searched, **and the persons or things to be seized"**.

Accentuating the obvious never hurts. The amendment contains two requirements one requiring searches and seizures to be reasonable and the other requiring warrants to be based on probable cause and particularly describe the place to be searched and the things to be seized. The complaint shows T-Mobile actually violated both requirements of the fourth amendment. First as plaintiff has a right to be secure in the persons, houses, papers, and efects against unreasonable searches. Plaintiff stated in his complaint he sent and received text and picture messages from within the privacy of his own home. T-Mobile intercepted and disclosed those messages without a judges authorization according to there own silence on the issue. See Doc. 71 at ¶ 12. The complaint clearly reads that these messages were not particularly described within the the warrant as a item to be seized. This shows the text messages were not to neither searched nor seized under the terms of the warrant. Id. T-Mobile did it anyways in an attempt 070

assist law enforcement. This court at the very least has a duty to explain how T-Mobile can be shielded by a warrant which did not authorize T-Mobile's specific conduct. The judgment therefore must be amended.

### T-MOBILE CAN ALSO NOT RECEIVE JUDCIAL IMMUNITY FOR CONDUCT NOT
### NOT PROTECTED BY THE WARRANTS TERMS AND CONDITIONS

The court found T-Mobile received judicial immunity for executing a facially valid warrant. See Doc. 111 at 13-14. Plaintiff would respectfully request this court to review the actual complaint. The complaint state Judge Platt did not authorize interceptions of plaintiff's electronic communications. See Doc. 71 at ¶ 10. This circuit has held that acts taken at the direction of a court order cannot form the basis for a section 1983 claim. See T &W Inv. Co. v. Kurtz, 588 F.2d 801, 802-03 (10th Cir. 1978). T-Mobile has not pointed to anything within the record which would suggest the judge ordered it to intercept and disclose text messages. See Doc.  . As a result this court holding that T-Mobile's actions were in compliance with a warrant is not supported by the record. Plaintiff is speechless on how T-Mobile received judicial immunity for actions not ordered by the judge. T-Mobile's actions were based on the record a warrantless search inregards to the text messages. And the Supreme Court has constantly held warrantless searches are pressummably unreasonable. See Groh v. Ramirez, 540 U.S. 551, 572 (2004). T-Mobile has never disputed the fact that the judge did not authorize them to intercept or disclose text messages. See D. Kan. Rule 56.1(b)(1)(memorandum in opposition to a motion for summary judgment must contain a concise statement of material facts as to which the party contends a genuine dispute exist). Since no dispute within the record exist as to T-Mobile's interception and disclosure of text messages without a warrant this court must amend it  judgment to reflect those facts.

### PLAINTIFF HAS EASILY ESTABLISHED A CONSPIRACY BETWEEN
### WOLF , VIRDEN, AND BROWN

071

The court dismissed plaintiff's claims for conspiracy based on parts III, A and B of its order for failing to establish a unlawful act. The court found no violation of the state or federal wiretap law nor a violation of the constitution to be pleaded in the complaint. Plaintiff would respectful request this court to review the major undisputed facts highlighted in his amended complaint prior to making its final determination on the conspiracy counts. Plaintiff by reference incorporates all previous sections of this current motion to amend in support of his conspiracy claims.

### REQUEST FOR CERTIFICATION OR ADJUDICATION OF UNDISPUTED FACTS
### UNDER FED. R. CIV. P. 54(b) & (c)

This court actually adjudicated all the claims in favor of every defense raised by every defendant. Based the record not one single fact essential to the defendants conduct was disputed by any defendant. Intead the defendants all made conclusory statements that they should receive  Good Faith, Qualified Immunity, and Failure to state claim defenses. However based on the law from this district's local rules undisputed facts must be weighed in favor of the moving party. Instead this court ignored all of the undisputed facts raised by the plaintiff and granted the defendants defenses without addressing these facts.

As a result plaintiff is requesting this court to enter a certification or adjudication of the remaining claims which remain undisputed from the complaint. Rule 54(b) provides in part, as follows... when more than one claim for relief is presented in an action..."the court may direct the entry of a final judgment as to one or more but fewer that all claims... only upon **"express"** direction, any order or other form of decision, however designed, which adjudicates fewer than all claims... shall not terminate the action as to any of the claim". The **"expressly"** determined language of the rule... requires district courts to make two explicit determinations in the certification order. First, the district court must determine the

judgment is final. Second it must determine there is no just reason for delay of entry of its judgment. In doing so district courts should clearly articulate thier reasons and make careful statements based on the record supporting their determination of finality and no just reason for delay so that we can avoid jurisdictional remands. See New Mexico v. Trujillo, 813 F.3d 1308, 1316 (10th Cir. 2018).

Plaintiff respectfully request this court to adjudicate how the following undisputed facts effect the defendant's defenses. The plaintiff would respectfully request this court to carefully and clearly articulate its positions for the following issues, (1) How does Wolf, Virden, and Brown receive a good faith defense for authorizing a invalid wiretap order when they are not district judges and the law mandates only district judges the authority to authorize wiretap orders?; (2) How is it objectively reasonable for Wolf, Virden, and Brown to receive good faith for the intentional disclosure of text messages to the United States Attorney's Office when prior to that disclosure Verizon Wireless informed the defendants the text messages were obtained illegally?; (3) How can Wolf, Brown, Virden, and T-Mobile receive good faith when all of there actions with regards to text messages resulted from the improper execution of the warrant under United States v. Medlin, 798 F.2d 407, 410 (10th Cir. 1986)?; (4) How can T-Mobile receive judicial immunity for disclosing text messages plaintiff's text messages which were neither requested nor authorized by the judge in his authorization order?; (5) When a wiretap order fails to particularly describe the things to be seized (in this case text messges) why does a officer who exceeds the scope of the warrant in there execution not violate the fourth amendment?; (6) Why is United States v. Mcnulty, 729 F.2d 1243 (10th Cir. 1983) not considered clearly established law?; (7) How does a defendant who violated 18 U.S.C. 2516(2), 18 U.S.C. 2518(3), and 18 U.S.C. 2511(c) not violate clearly established federal law?; (8) How does Wolf's conduct in allowing him and his subordinate officers

from the Geary County Sheriff's Office authorize a wiretap order which only allows district court judge to authorize wiretap orders not show a unofficial custom by that department?.

As a matter of better practice(indeed), the most desirable practice district courts  in there considerations of Fed. R. Civ. P 54(b) certification requests, should clearly articulate there reasons and make careful statements based on the record supporting their determination of finality and just reason for delay so that an appellate court can review a rule 54(b) order more intelligently and thus avoid jurisdictional remands. See Trujillo at 1316. Plaintiff respectfully request this court to carefully explain it reasons  and adjudicate all eight  questions in order for the appellate court to clearly understand the court position as it pertains to the plaintiff facts from his complaint which have went undisputed by the defendants.

**CONCLUSION**

Plaintiff respectfully request this court to amend its judgment to reflect that the undisputed facts shows the defendants must proceed to trial on all counts. In the alternative plaintiff respectfully request this court to adjudicate all 8 questions cleary for appellate court may obtain proper jurisdiction and understand precisely the courts position.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2018 I filed this motion with the Court and mailed a copy via U.S. Mail, postage prepaid, and request that all parties to this action be notified via electronic filing:

United States District Court
444 SE Quincy Rm 490
Topeka Kansas 66683

Respectfully Submitted

*Anthony Thompson*

Anthony Thompson #15318-031

074

15318-
  Ar
  #1
PO BOX 1000,
U.S. Penitentiary
Leavenworth, KS 66048
United States



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**



7016 2070 0000 0562 6444



U.S. POSTAGE PAID
FCM LG ENV
LEAVENWORTH, KS
66048
NOV 28, 18
AMOUNT

UNITED STATES
POSTAL SERVICE®

1000          66683-0002          **$0.00**
R2305K131572-4

⇔15318-031⇔
District Court
444 SE Quincy ST
Topeka, KS 66683
United States

RECEIVED

NOV 30 2018

CLERK U.S. DIST. COURT
TOPEKA, KANSAS

Appellate Case: 23-3103   Document: 010110883858   Date Filed: 07/07/2023   Page: 75

075

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANTHONY THOMPSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 5:15-cv-3117-SAC-DJW |
| v. | ) | |
| | ) | |
| TIMOTHY BROWN, et al. | ) | |
| | ) | |
| Defendants | ) | |

## RESPONSE OF DEFENDANT TIMOTHY BROWN TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

### I.    INTRODUCTION

Anthony Thompson ["Thompson"] seeks relief pursuant to Fed. R. Civ. P. 56(e) and requests that this Court alter or amend its Judgment [Doc. 111] granting Brown's Motion to Dismiss.  In doing so, Thompson attacks this Court's ruling arguing that the Court committed clear error on all Counts in the Amended Petition.  In reality, Thompson seeks a second bite of the apple and his Motion should be denied because there was no clear error on the part of this Court. Additionally, Thompson's Motion should be denied because he advances new arguments that were not considered by the Court in the first instance when granting Defendant Brown's Motion to Dismiss.

### II.    STANDARD TO BE APPLIED

Grounds warranting a Motion to Alter or Amend the Judgment pursuant to Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "Thus, a Motion for Reconsideration is appropriate where the Court has misapprehended the facts, a party's position, or the controlling law." *Id* "It is not

appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*. Here, Thompson asserts that he relies "on the third prong the need to correct clear error or prevent manifest injustice" as his grounds for relief. [<u>Doc. 113, p. 2</u>].

### III.   <u>ARGUMENTS AND AUTHORITIES</u>

**A.   The Court correctly ruled on the statutory good-faith reliance defenses.**

Thompson argues that this Court committed errors in two respects. First, he argues that there were facts considered by this Court that were not considered in the criminal case by Judge Crabtree. Second, he makes a new argument concerning the application of good-faith reliance. Neither of the arguments have merit.

With regard to the former, this Court correctly reasoned that Judge Crabtree's good-faith reliance analysis applied equally to this case. This makes sense because the fact basis in the criminal matter and the civil matter are coextensive. That is, at the heart of the criminal case and this case are the parties' reliance upon the wiretap orders issued by the state court. Thompson has failed to demonstrate why this Court's dismissal of this Count was in clear error.

With regard to the latter, Thompson is asserting a new argument that could have been made in response to Brown's Motion to Dismiss. Because it was not, this Court should reject its application and, again, determine that Thompson has failed to demonstrate clear error.

**B.   Brown is entitled to qualified immunity.**

Thompson next addresses Brown's assertion of qualified immunity but misapplies the analysis. First, Thompson argues that Brown exceeded his scope of authority and, therefore, was not entitled to qualified immunity. This argument fails because, at a minimum, nowhere in the Amended Complaint does Thompson allege that Brown acted outside the scope of his authority.

Second, Thompson provides no legal authority, as required when responding to an assertion of qualified immunity, that the law at the time of the alleged conduct was clearly established such that every reasonable officer would have known that it violated Thompson's constitutional rights.  In doing so, Thompson misapplies the burden-shifting and argues that Brown has somehow failed to explain "… why it is reasonable for him not to know that the Tenth Circuit held that a violation of state wiretap requirements is a violation of 18 U.S.C. 2516(2)."  [Doc. 93, p. 4].  To the contrary, the burden rests with Thompson to demonstrate both (1) that the Defendant's actions violated the Plaintiff's federal constitutional or statutory rights, and, if so, (2) that the right was clearly established at the time the conduct occurred.  *Siegert v. Gilley*, 500 U.S. 226, 231 (1991).  Here, Thompson fails to identify any legal authority, even assuming a constitutional violation, making clear that the legal rule was clearly established in a narrowly tailored, context-specific manner.  Because of this, Thompson has failed to demonstrate that this Court's dismissal of Brown and the application of qualified immunity was in clear error.

### C.     The Court correctly rejected Thompson's conspiracy claim.

Here, Thompson argues that this Court incorrectly dismissed his claims for conspiracy because of his failure to establish an underlying unlawful act.  [Doc. 113, p. 16].  As before, Thompson misperceives this Court's ruling which simply indicated that the Amended Complaint failed to plead "facts sufficient to infer the existence of a meeting of the minds, an agreement, a general conspiratorial objective, or any concerted action among Defendants."  [Doc. 111, p. 15].  Thompson's argument here is not persuasive and fails to establish that this Court committed clear error.

    **D.**    **<u>Fed. R. Civ. P. 54</u> has no application here.**

Rule 54(b) provides a mechanism by which a Court may enter final judgment when fewer than all claims have been adjudicated.  Here, the Court entered judgment for all Defendants on all claims so Rule 54(b) has no application.

Similarly, Rule 54(c) has no application because it pertains to default judgments which were not present here.  Thus, as before, Thompson has failed to demonstrate clear error on the part of this Court.

### IV.    <u>CONCLUSION</u>

This Court should deny Thompson's Motion to Alter or Amend Judgment for the reasons set forth in this response.

    Respectfully submitted,

    FISHER, PATTERSON, SAYLER & SMITH, LLP

     /s/ Michael K. Seck
    Michael K. Seck, #11393
    51 Corporate Woods, Suite 300
    9393 West 110th Street
    Overland Park, Kansas  66210
    913.339.6757/Fax: 913.339.6187
    mseck@fisherpatterson.com
    **ATTORNEY FOR DEFENDANT**
    **TIMOTHY BROWN**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 20, 2018, a copy of the foregoing pleading was electronically filed with the Clerk of the U.S. District Court for the District of Kansas, and a service copy was served via USPS on the following:

Anthony Thompson
15318-031
Leavenworth Detention Center
100 Highway Terrace
Leavenworth, Kansas 66048
**PLAINTIFF**

Carrie A. Barney
Office of Attorney General Derek Schmidt
Complex Tort Defense Unit
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Carrie.barney@ag.ks.gov
**ATTORNEYS FOR DEFENDANT
KANSAS BUREAU OF
INVESTIGATION AND GLEN VIRDEN**

Amanda S. Vogelsberg
Henson, Hutton, Mudrick, Gragson &
Vogelsberg, LLP
3649 SW Burlingame Road, Suite 200
Topeka, Kansas 66611
avogelsberg@hensonlawoffice.com

Michael T. Hilgers
Hilgers Graben, PLLC
570 Fallbrook Blvd., Suite 109
Lincoln, NE 68521
402-218-2106/F: 402-413-1880
mhilgers@hilgersgraben.com
lbresley@hilgersgarben.com
**ATTORNEYS FOR DEFENDANT
T MOBILE**

Toby Crouse
Crouse LLC
11814 Antioch, No. 253
Overland Park, Kansas 66210
tcrouse@crousellc.com
**ATTORNEYS FOR DEFENDANT
GEARY COUNTY SHERIFF TONY
WOLF**

   /s/  Michael K. Seck
Michael K. Seck, #11393

080

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ANTHONY THOMPSON #15318-031,      )
          )
          Plaintiff,      )
          )
v.          )      Case No. 5:15-CV-3117-SAC-DJW
          )
T-MOBILE USA, INC., *et al.*      )
          )
          Defendants.      )

**T-MOBILE USA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO
ALTER OR AMEND JUDGMENT**

Defendant T-Mobile USA, Inc., ("T-Mobile") submits this response brief in opposition to Plaintiff Anthony Thompson's ("Plaintiff") motion to alter or amend the judgment ("Motion"), filed on November 30, 2018 (Dkt. 113). As explained below, the District Court's order dismissing Plaintiff's amended complaint is correct on the facts and law and is free of clear error. Accordingly, Plaintiff's Motion should be denied.

**INTRODUCTION AND FACTUAL BACKGROUND**

Shortly before his conviction on federal drug-related charges in June 2015, Plaintiff filed suit against T-Mobile and several Kansas state judicial and law enforcement officials. In his operative complaint ("Complaint"), Plaintiff alleges that T-Mobile violated the Kansas and federal wiretap statutes, and that T-Mobile infringed on his Fourth Amendment rights, by complying with a judicial order instructing T-Mobile to grant law enforcement access to Plaintiff's wireless communications. (*See* Dkt. 71.)

In February 2018, T-Mobile moved to dismiss the Complaint. (*See* Dkt. 78). In support of its motion, T-Mobile made the following arguments, among others: (A) T-Mobile is not a state actor and thus not amenable to suit under § 1983 for violations of the Fourth Amendment; (B) T-

Mobile is entitled to absolute immunity because, in granting law enforcement access to Plaintiff's wireless communications, it was merely carrying out a court order; and (C) as found by the District Judge presiding over Plaintiff's criminal trial, T-Mobile acted in "good faith reliance" on a court order in giving law enforcement access to Plaintiff's wireless communications. (*See* Dkt. 79.)

On November 16, 2018, this Court granted T-Mobile's motion (as well as each of the other defendants' motions to dismiss) and dismissed all of Plaintiff's claims and entered judgment against Plaintiff. (*See* Dkt. 111, 112.) Plaintiff filed his Rule 59(e) motion to alter or amend the judgment on November 30, 2018. (*See* Dkt. 113.)

## STANDARD OF REVIEW

"The grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Demster v. City of Lenexa, Kan.*, 359 F. Supp. 2d 1182, 1184 (D. Kan. 2005). "Clear error" means a decision that is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Wright ex rel. Tr. Co. of Kansas v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001). As this Court has explained, litigants are not to use a motion for reconsideration "to rehash previously rejected arguments or to offer new legal theories or facts." *Demster*, 359 F. Supp. 2d at 1184. "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) (citations omitted).

## ARGUMENT

In urging the Court to reconsider its dismissal of his claims against T-Mobile, Plaintiff raises the following three arguments[1]:

1. The Court erroneously concluded that T-Mobile gave law enforcement access to Plaintiff's text messages in "good faith reliance" on a court order;

2. The Court incorrectly determined that T-Mobile was not acting "under color of state law" when it gave law enforcement access to his communications; and

3. The Court erred by granting T-Mobile judicial, or quasi-judicial, immunity for its actions taken in complying with the Kansas state court's order authorizing T-Mobile to share Plaintiff's communications with law enforcement.

As explained below, none of these arguments comes close to clearing the towering standard of review that this Court should apply in addressing Plaintiff's Rule 59(e) motion.

**1.      The Court Did Not Commit Clear Error in Concluding that Plaintiff's Wiretap Claims against T-Mobile Are Barred because of T-Mobile's Good-Faith Reliance on a Court Order.**

In his Motion, Plaintiff claims that in dismissing his wiretap claims, the Court mistakenly relied on Judge Crabtree's finding in the course of Plaintiff's criminal litigation that T-Mobile and the other defendants in this case relied in good faith on a court order in order to access Plaintiff's wireless communications and text messages. Plaintiff also argues that the Court's reliance on Judge Crabtree's finding "was clearly erroneous and contrary to the well pleaded facts within the complaint." (Dkt. 113, at 2-3.) Nevertheless, none of the "well pleaded facts" that Plaintiff believes the Court overlooked undermine the conclusion that T-Mobile acted in

---

[1] Plaintiff's arguments in his Motion are, at times, difficult to decipher. Accordingly, T-Mobile has done its best to discern and address the thrust of Plaintiff's arguments.

good-faith reliance on a court order. More fundamentally, none of Plaintiff's arguments is based on new law or evidence, nor does he point to any aspect of the Court's "good faith" conclusion that is "arbitrary, capricious, whimsical, or manifestly unreasonable." Instead, the Court's reasoning with respect to Plaintiff's wiretap claims correctly articulates the law and the facts and should therefore be left undisturbed.

2.      **The Court Correctly Concluded that T-Mobile Is Not a State Actor for Purposes of Plaintiff's Section 1983 Claim.**

Plaintiff next argues that the Court erred in holding that T-Mobile was not acting "under color of state law" when it gave law enforcement access to Plaintiff's communications. (*See* Dkt. 113, at 12-15.) In so arguing, however, Plaintiff does nothing more than rehash the same allegations, and point to the same legal precedents, that he raised in his Complaint and briefing regarding T-Mobile's motion to dismiss. Specifically, he asserts that because "T-Mobile exceeded the scope of the court order by disclosing plaintiff's text messages," (Dkt. 113, at 13), and because T-Mobile allegedly did so "in an attempt to assist law enforcement," (*id.*), T-Mobile is a state actor for purposes of his § 1983 claim. The Court has already (correctly) rejected this argument, as have numerous other courts in similar circumstances. *See, e.g., Daniel v. Safir*, 135 F. Supp. 2d 367, 375 (E.D.N.Y. 2001) ("Verizon is, of course, a private entity and, absent a specific allegation of conspiracy with a state actor, may not be held liable for a violation of civil rights. Mere compliance with a subpoena does not suggest the existence of a conspiracy, and plaintiff has not supplied this Court with any facts that could support one's existence."); *Herring v. T-Mobile*, No. 5:15-CV-242-LC-GRJ, 2015 WL 7820981, at *2 (N.D. Fla. Nov. 4, 2015) (explaining that "[o]nly in rare circumstances may a private party be viewed as a state actor for

purposes of liability under § 1983," and holding that plaintiff's allegations – which are similar to Plaintiff Thompson's – do not establish that T-Mobile acted under color of state law).

The Court should uphold its original decision that Plaintiff has failed to allege facts sufficient to establish T-Mobile as a state actor for purposes of his § 1983 claim and should deny Plaintiff's motion for reconsideration.

**3.     The Court Did Not Commit Clear Error in Holding T-Mobile Immune from Suit for Complying with a Court Order.**

Plaintiff's final argument with respect to T-Mobile is that the Court committed error by extending quasi-judicial immunity to T-Mobile for its actions in complying with a court order. (*See* Dkt. 113, at 15.) While the Court need not even address this argument – since the fact that T-Mobile is not a state actor independently undermines Plaintiff's § 1983 claim – it is clear that, once again, Plaintiff is improperly attempting to use Rule 59(e) as a vehicle to replow old ground. *See Demster*, 359 F. Supp. 2d at 1184 (explaining that litigants are not to use a motion for reconsideration "to rehash previously rejected arguments or to offer new legal theories or facts").  In his Motion, Plaintiff asserts that the court order T-Mobile was obeying did not "order it to intercept and disclose text messages." (*Id.*) This is simply a restatement of the same arguments that Plaintiff invoked in opposition to T-Mobile's motion to dismiss. (*See* Dkt. 91, at 4 ("[T]here is not even a dispute that the wiretap order was not facially valid when it comes [to] the disclosure of text messages.").) The Court already flatly rejected this argument. In so doing, the Court did not commit any error, let alone clear error.

## <u>CONCLUSION</u>

For these reasons, the Court should deny the Motion.

Dated: December 21, 2018.


Respectfully submitted,

/s/ Michael T. Hilgers
Michael T. Hilgers (NE#24483)
Hilgers Graben PLLC
570 Fallbrook Blvd., Suite 109
Lincoln, NE 68521
402-218-2106 (phone)
402-413-1880 (fax)
mhilgers@hilgersgraben.com

and

/s/ Amanda S. Vogelsberg
Amanda S. Vogelsberg (KS#23360)
Henson, Hutton, Mudrick & Gragson, LLP
3649 SW Burlingame Road, Ste. 200
Topeka, KS  66611
785.232.2200 (phone)
785.232.3344 (fax)
avogelsberg@hhmglaw.com
*Attorneys for Defendant T-Mobile USA*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 21, 2018 a true and correct copy of the foregoing pleading was electronically filed with the Clerk of the U.S. District Court for the District of Kansas, and a service copy was served via USPS, prepaid, on the following:

Anthony Thompson, #153018-031
Leavenworth Detention Center
100 Highway Terrace
Leavenworth, KS 66048
*Plaintiff*

And a service copy was served electronically on the following:

Carrie A. Barney
Office of Attorney General Derek Schmidt
Carrie.barney@ag.ks.gov
*Attorneys for Kansas Bureau of Investigation*

Michael K. Seck
mseck@fisherpatterson.com
*Attorney for Defendants Brown and Babcock*

Eric Turner
Foulston Siefkin, LLP
eturner@foulston.com

Toby Crouse
Crouse, LLC
tcrouse@crousellc.com
*Attorneys for Defendant Tony Wolf*

/s/ Amanda S. Vogelsberg
Amanda S. Vogelsberg

087



## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ANTHONY THOMPSON,**
    **Plaintiff,**

    v.

                                  **Civil Action No: 5: 15-cv-3117-HLT-KGS**

**TIMOTHY BROWN,  et al...**

### REPLY FOR PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff, Anthony Thompson, standing prose brings this action with a request that this Honorable Court grant plaintiff's motion to Alter or Amend. See Doc.113.  In this petition plaintiff informed the Court that it committed a clear error for a number of reasons in particular. Id.  The essence of the petition is that the court failed to adopt the undisputed facts from the complaint as true under Fed. R. Civ. P 56 (e) prior to applying the relevant conclusions of law. Based on their silence the defendant's waived any dispute to the facts from the complaint. As a result this Court must adjudicate its conclusions of law based on the undisputed facts. See Fed. R. Civ. P. 54 (b) and 56 (e).

### I. STANDARD TO BE APPLIED

Grounds warranting a Motion to Alter or Amend pursuant to Rule 59 (e) include... the need to correct clear error or prevent manifest injustice. See Servants of Paraclete v. Does. 204 F.3d 1005, 1013 (10th cir. 2000).  Plaintiff has pointed directly to undisputed facts which if not clearly addressed by the Court would result in both clear error and a manifest injustice.

### II.  FACTS WHICH REMAIN UNDISPUTED FROM THE COMPLAINT WHICH MUST BE ADDRESSED PRIOR TO THE COURT MAKING ITS CONCLUSIONS OF LAW

(1) Timothy Brown is the Chief of  Police for the Junction City Police Department. See Doc. 71 at 1.

(2) Tony Wolf is a Geary County Sheriff. Id at 2.

(3) Tony Wolf and Timothy Brown do not hold the title of Geary County District Judge. Id at 1-3.

(4) Tony Wolf and Timothy Brown authorized the wiretap order even though  they do not hold the title of a District Court Judge. Id at 3.

(5)  Tony Wolf and Timothy Brown based on their titles from their respected departments hold final decision making authority in their respected departments at the time they committed their

Appellate Case: 23-3103          Document: 0101110883858          Date Filed: 07/07/2023          Page: 88

violations. Id at 3.

(6) Tony Wolf and Timothy Brown were informed by Verizon Wireless in April of 2013 that they received the text messages from T-mobile illegally. With this knowledge these two defendants "intentionally", "knowingly" and "wilfully" disclosed these illegally obtained text messages to the United State Attorney's Office who then disclosed those same communications to the United States probation Office. Id at 5.

(7) Tony Wolf and Timothy Brown both knew and understood that the receipt and disclosure of the text messages were not protected by the terms of the court order. Id at 4-5.

(8) The conduct by Tony Wolf and Timothy Brown in knowingly disclosing the text messages which they knew were not protected by the terms of the court order resulted in an unofficial policy or practice to illegally further its investigation. Id at 5.

(9) T-Mobile knew the court order it received did not request the interception or disclosure of text messages. T-Mobile with this knowledge still decided to intercept and disclose these text messages to law enforcement to assist it in furthering its criminal investigation. T-Mobile knew its disclosure of the text messages exceeded the terms of the court order and in its attempt to help law enforcement improperly executed the warrant. Id at 3-4.

### III. BASED ON THE UNDISPUTED FACTS FROM THE AMENDED COMPLAINT THIS COURT'S GOOD FAITH RELAINCE DOES NOT COMPLY WITH FED. R. CIV. P 56(e)

Timothy Brown and Tony Wolf claim that the district court's good faith defense was correct based on the facts from the complaint. See  In General Doc. 120 at  4. The defendant's insist that the district court correctly decided the good faith issue based on the facts from Judge Crabtree's ruling in the criminal case. See In General Doc. 120 at 4-5. The defendant's also clearly understands that Judge Crabtree's ruling was based on the defendant's knowledge and intentions on March 6, 2013 when they authorized the order in question. See Doc. 120 at 4. ( Wolf stating that the plaintiff argues for clear error because there were facts before this Court which were not at issue on the criminal case). The defendant's make the conclusory statement that since both  rulings are based on the same wiretap order these distinct facts from the criminal case and the civil case are irrelevant. Id at 5. The defendant's therefore ask this court to ignore the undisputed facts from the amended complaint and uphold its previous order. Id at 5.

There is one major problem with the position taken by the defendant's. The undisputed facts in the civil case goes to the essence of why the good faith reliance in the criminal case is not applicable in the civil proceedings. In the criminal case Judge Crabtree's decision not to suppress the text messages were

based on the defendant's knowledge and intentions on March 6, 2013 when the order was authorized. See United States v. Banks, 2014 WL 41261344 at *5(Judge Crabtree holding the officers both "understood" the intended scope of the wiretap authorization, and that authorization included text messages). But the defendant's violation in this civil case is not based on what the defendant's understood and intended on March 6, 2013. The Amended complaint factually states, that the defendant's liability occurred in April of 2013 after Verizon Wireless informed the defendant's Timothy Brown and Tony Wolf that the orders they had been using did not authorize the disclosure of text messages. See Doc. 71 at 4. Contrary to Judge Crabtree's conclusion in the criminal case, the defendant's liability in this civil case resulted from the defendant's intentions and knowledge in April of 2013 after they knew the text messages were not authorized by the wiretap order. Id at 4-5.

The court must make its decision based on the undisputed facts from the plaintiff's complaint. These facts attach liability to Tony Wolf and Timothy Brown in the civil case on their knowledge and intent on April 2013 after Verizon informed them that the wiretap order did not authorize text messages. Judge Crabtree's ruling in the criminal case was base on the defendant's intent on March 6, 2013 which was prior to them being informed the text messages were not protected under the warrant. See Doc. 71 at 3-5. For the third time the defendant's also ignore the fact that they have not even attempted to meet the Tenth circuit's two prong analysis for good faith under 18 U.S.C. 2520(d). See Doc. 113 at 5-6. ( arguing for the third time that the defendant's failed to present any facts which could lead the court to apply the two prong good faith defense). The court has a duty to make its conclusions of law after addressing how those conclusions can be properly applied to the specific facts of the civil case. A failure by the court to amend its judgment would result in a clear violation of Fed. R. Civ. P. 56 (e) and 54 (c). See Nahno-Lopez v. Houser, 625 f.3d 1279, 1283-84 (10th Cir. 2010)..

## B. THE DISTRICT COURT'S FAILURE TO ADDRESS THE DEFENDANT'S IMPROPER EXECUTION OF TEXT MESSAGES ARE NOT BASED ON NEW FACTS

Tony Wolf and Timothy Brown take the position that the fact the Tenth Circuit does not allow a

Appellate Case: 23-3103     Document: 0101108833858     Date Filed: 07/07/2023     Page: 90

good faith reliance based on the improper execution of the warrant is a new argument taken by the

plaintiff and as a result cannot be the basis for relief under 59 (e). The defendant's are incorrect. The

issue of whether the defendant's improperly executed the warrant are based on the same facts pleaded

in the Amended Complaint. See Doc. 71. The facts from the complaint clearly state that the

interceptions of text messages are not mentioned as part of the execution of the warrant. Id. As a result

plaintiff's position is not a new argument but is instead a legal conclusion which is based on the same

facts pleaded in the complaint. The plaintiff correctly points out that the good faith exception does not

apply to the improper execution of a warrant. See United States v. Medlin, 798 F.2d 407, 410 (10th Cir.

1986). Therefore this court must comply with Tenth Circuit precedent prior to making it legal

conclusion on this ground.

## C.  TONY WOLF AND TIMOTHY BROWN BOTH DECIDED NOT TO DISPUTE THE FACTS FROM THE COMPLAINT WHICH DEFEATS THIS COURT'S QUALIFIED IMMUNITY DEFENSE

Tony Wolf and Timothy Brown insist that the plaintiff failed to present the unofficial custom in the

amended complaint and that if he did there are no facts presented to establish such a custom. See Doc.

120 at 6. The record conflicts with this position. The amended complaint states that Verizon Wireless

informed the defendants that the warrant did not protect the receipt of text messages. The complaint

then states with this knowledge the defendants still chose to send the text messages to the United States

Attorney's Office. Finally the complaint states that these actions represent an unofficial policy by Tony

Wolf and Timothy Brown. See Doc. 71 at 4-5.

The defendants also claim there was no legal authority presented showing the law violated by

the defendants was clearly established at the time of there conduct. See In General Doc. 120 at 6. Again

for the second time the defendant's ignore the fact that the complaint states that their conduct violated

United States v. Mcnulty, 729 F.2d 1243 (10 th Cir 1983). See doc. 71 at 3; Doc. 113 at 6 (stating state

wiretap law was clearly violated and informing the court that a violation of the federal counterpart

under 18 U.S.C. 2516 (2); citing United States v. Mcnulty 729 F.3d 1243 (10 th cir. 1983). Qualified

immunity 'protects governmental officials from liability for civil damages insofar as their conduct does

not violate "clearly established statutory or constitutional rights of which a reasonable person would

have known." Weise v. Caspar, 593 F.3d 1163, 1166 (10th Cir. 2010) (quoting Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009))." To that end, when a defendant asserts a qualified-immunity defence at summary judgement, we require the plaintiff "to shoulder" a heavy two-part burden to survive the defendant's assertion. Cox, 800 F.3d at 1245. First, "[t]he plaintiff must demonstrate on the facts alleged . . . that the defendant violated his [or her] constitutional or statutory rights." Higgins v. Goodman, 572 F.3d 1101, 1107 (10th Cir. 2009). Second, the plaintiff must demonstrate "that the right was clearly established at the time of the alleged unlawful activity." Id. Here, the district court ruled that Perry made both of these showings. Since the defendants have again failed to cite any authority which would tend to show the federal law from "Mcnulty" was not clearly established at the time of the defendant's conduct this court's qualified immunity defense cannot withstand the facts from the complaint.

Finally Tony Wolf claims that the plaintiff failed in the Rule 59 (e) to challenge the court's decision to grant the sheriff immunity in his individual capacity. See 120 at 6. Mr. wolf is correct that the plaintiff unintentionally failed to raise a challenge to the court's individual capacity claim in his Rule 59 (e) motion. This was a procedural over site by the plaintiff made because the district court denied plaintiff's individual capacity claim against Mr. Wolf by citing and adopting its previous position from Virden and Brown's defense. See Doc. 111 at 11 (this court adopting its position from Virden and Brown and applying that reasoning to Mr. Wolf as well). This court must construe the plaintiff's prose pleadings liberally. See Mayfield v.Bethards, 826 F.3d 1252, 1255 (10th Cir. 2016). The facts from the complaint have not changed and based on the undisputed facts this court must rule in favor of the plaintiff. See Carter Oil Co. v. McCasland, 190 F.2d 887, 892 (10th Cir. 1951) ("Under Rule 54(c) . . . it is the duty of the court to grant the relief to which a party is entitled . . . ."). By this court granting the defendant's qualified immunity in both their individual and official capacity without addressing the actual facts from the complaint resulted in error. The defendant continues to ignore the fact that "Mcnutly" was clearly established at the time the complaint states their liability occurred.

And for the same reasons argued in plaintiff's response motions Mr. wolf does not enjoy eleventh amendment immunity. See Doc. 89. This court must amend its judgment in order to take a position on how the court's legal conclusions coincide with the facts from the 59 (e) and the amended complaint.

### C. THE PLAINTIFF'S CONSPIRACY CLAIM AGAINST TONY WOLF AND TIMOTHY BROWN MUST BE GRANTED ON THE FACTS PLEADED IN THE AMENDED COMPLAINT

The facts from the complaint clearly establish the defendant's participation in a conspiracy to commit the underlying substantive counts. The facts show that Tony Wolf and Timothy Brown all knew they were not district judges. See Doc. 71, Doc. 113. The complaint also states the defendant's knew only judges of competent jurisdiction were allowed to authorize wiretap orders. Id. Even with this knowledge these defendants still personally authorized a wiretap warrant.  Moreover, good faith does not require law enforcement officers to inquire behind the face of an apparently valid warrant because they may rely upon the determination of a neutral magistrate. See United States v. McKneely, 6 F.3d 1447, 1454 (10th Cir. 1993).  The facts show in this case that the defendants inquired behind the face of a invalid warrant which did not authorize text messages. The complaint also states the defendants were informed by Verizon that the orders they received did not authorize interception of text messages. Id. After being informed of these facts the defendants caused the illegally obtained text messages to be disclosed to the United States Attorney's Office. Id. Finally Judge Crabtree in the criminal case held the text messages were protected under the Fourth Amendment. See United States v. Banks, 2014 WL 4261344 at *5 (D. Kan 2014). These facts clearly show a meeting of the minds between the defendants to violate the substantive claims.

### [D.] FED. R. CIV. P. 54 (b) APPLICABLE BECAUSE  THE DISTRICT COURT ADJUDICATED THE CLAIMS WITHOUT CONSIDERING THE UNDISPUTED FACTS FROM THE AMENDED COMPLAINT

Both Brown and Wolf ask this court to uphold its defenses without considering the following facts from the complaint. The questions which this court must answer prior to making its legal conclusions are as follows. (1) How does Wolf and Brown receive a good faith defense for authorizing a invalid wiretap order when they are not district judges and the law mandates only district judges the authority to authorize wiretap orders? ; (2) How is it objectively reasonable for Wolf and Brown receive a good faith defense for the intentional disclosure of text messages to the the United States Attorney's Office when prior to that disclosure Verizon Wireless informed the defendant the text messages were obtained illegally?; (3) how can Wolf Brown and T-mobile receive good faith when all

their action with regards to text messages resulted from the improper execution of the warrant under united States v. Medlin, 798 F.2d 407, 410 (10 th Cir. 1986)? ; (4) How can T- mobile receive judicial immunity for disclosing text messages which were neither requested nor authorized by the judges authorization order?; When a wiretap order fails to particularly describe the things to be seized why does a officer who exceeds the scope of the warrant in its execution not violate the Fourth Amendment ?; (6) Wby is united States v. Mcnulty not considered clearly established law? ; (7) How does a defendant who violates18 U.S.C. 2516(2), 18 U.S.C. 2518(3), and 18 U.S.C. 2511(c) not violate clearly established federal law? ; (8) How does Wolf's conduct in allowing him and his subordinate officers from the Geary County Sheriff's Office authorize a wiretap order which only allows a district judge to authorize wiretap orders not show a unofficial policy or custom by that department?; (9) How does T-Mobile receive judicial immunity and good faith for its conduct which exceeded the scope of the warrant?.

The defendants have insisted this court should uphold its prior defenses without address how its conclusions of law coincide with the facts from the complaint. The plaintiff has requested this court to clearly articulate its reasons and make careful statements based on the record supporting finality. See New Mexico v. Trujillo, 813 f.3d 1308, 1316 ( 10 th cir. 2018). This court should articulate why and how its legal conclusions withstand the nine questions which are based on the facts which were pleaded in the complaint. This motion must be granted under Fed. R. Civ. P. 54(b) and (c).

### [E] THE COURT COMMITTED CLEAR ERROR BY CONCLUDING THE CLAIMS AGAINST T-MOBILE ARE BARRED  BY T-MOBILE'S GOOD FAITH RELIANCE ON COURT ORDER

T-Mobile insist that the none of the "well pleaded facts" that plaintiff believes the court overlooked undermines the conclusion that T-Mobile  acted in good faith reliance on a court order. See T-mobile 59(e) Reply at 3-4. T-mobile further asserts none of plaintiff's  59(e) arguments  are based on new law or evidence, nor does he point to any aspect which would show the court's good faith reliance is arbitrary, capricious, whimsical, or manifestly unreasonable. Id.   Plaintiff has to the contrary pointed to facts from the complaint which would leave the court's good faith reliance manifestly unreasonable. See Wright ex Rel. Tr. Co of Kansas v. Abbot Labs Incs, 259 F.3d 1226, 1336 (10th cir. 2001).

A review of the complaint reveals that T-Mobile intercepted and disclosed  text messages. See Doc. 71. Further review of the complaint shows that interception of text messages were not protected by the terms and conditions of the court order. Id. As a result of this fact the complaint states that this action by T-Mobile resulted in the improper execution of the warrant. Id. Contrary to T-Mobile's

Appellate Case: 23-3103     Document: 010110883858     Date Filed: 07/07/2023     Page: 94

position it did not rely on a court order when it intercepted text messages. The facts from the complaint clearly proves this. The Tenth circuit has already held that good faith cannot be applied to the improper execution of a warrant. See United States v. Medlin, 789 F.2d 407, 410 (10th cir. 1986). The main issue which has not been answered is that T-Mobile did not rely on the warrant when it intercepted text messages because the warrant did not ask them to intercept text messages. See Doc. 113. This court has not explained how it gave T-Mobile good faith based on these specific facts. The good faith reliance by the court was as a result a manifest injustice.

## [F] THE COURT MUST CONDUCT THE PROPER ANALYSIS PRIOR TO CONCLUDING T-MOBILE IS NOT A STATE ACTOR

T-Mobile claims that plaintiff raises the same points and legal conclusions from his complaint. T-Mobile recognizes that the plaintiff argued that it exceeded the scope of the order by disclosing and intercepting text messages. See "Doc. 113 at 13", and did so in an attempt to assist law enforcement. Id. T-Mobile claims the court was correct in its holding it was not a state actor. It cites a case in which Verizon complied with a subpoena. See T-Mobile's 59 (e) Reply. The problem is that the complaint alleges that T-Mobile's action was not in compliance with the wiretap order. See Doc. 113 at 13. And since T-Mobile's action in intercepting text messages exceeded the scope of the warrant, all the plaintiff must do to establish liability for _mobile is proof it was indeed a state actor. In the court's order it failed to conduct the two prong test prior to ruling T-Mobile is not a state actor. See Doc. 111 at 13(holding acting in accordance with a court order does not itself constitute action preformed under color of state law). The main problem with this ruling is that the complaint clearly states that T-Mobile's action in disclosing and intercepting text messages was not in compliance with the terms of the warrant. See Doc. 71 at 7, 12.(amended complaint stating text messages were not authorization to either be intercepted or disclosed by judge Platt). T-Mobile is asking this court to shield its conduct for its actions which exceeded the scope of the terms protected by the warrant. This is clearly a manifest injustice.

Finally this court must view the complaint to see if those facts meets the test from this Tenth

Circuit. First the court must determine whether the government knew of and acquiesced in T-Mobile's intrusive conduct. This prong is easily proved by the fact that law enforcement requested T-Mobile to intercept plaintiff's oral calls. Once T-Mobile exceeded the scope of the warrant officers knowingly used and disclosed the illegally obtained text messages which was received by T-Mobile. T-Mobile has conceded this point. See Doc. 79 at 4. Second, the court must consider whether T-Mobile intended to assist law enforcement effects or further its own means. See United States v. Souza, 223 F.3d 1197, 1201 (10th Cir. 2000). There is no doubt that T-Mobile intended to help law enforcement when it exceeded the terms of the warrant. Why else would T-Mobile by its actions exceed the scope of the warrant. It can only be assumed thatr it wanted to give law enforcement more information than it requested. This court must address how T-Mobile is not a state actor based on the fact that its actions are not protected by the warrant, combined with how these facts coincide with Souza.

### [F] T-MOBILE DID NOT COMPLY WITH THE COURT ORDER WHEN IT INTERCEPTED AND DISCLOSED TEXT MESSAGES

T-Mobile understands that its actions in disclosing and intercepting text messages did not comply with the warrant because the warrant did not ask T-Mobile to intercept text messages. See T-Mobile's 59 (e) Reply at 5. It is to this day unbelievable that T-Mobile is asking for quasi judicial immunity for its actions that judge Platt did not order it to take. But for the third time T-Mobile ask this court to uphold its previous ruling on this ground without applying the facts from the complaint. T-Mobile even informs this court that it does not dispute that the wiretap order was not facially valid when it comes to the disclosure and interception of text messages. Id at 5. Without explanation T-Mobile claims the court was correct in rejecting the argument without applying the facts from the complaint to this case. There is not a case in existence which show a person received judicial immunity for actions it took which the judge did not request it to perform. If this court stands on its legal conclusion which is not even based on the facts from the complaint and uphold T-mobile's actions

Appellate Case: 23-3103     Document: 010110883858     Date Filed: 07/07/2023     Page: 96

which were not in compliance with the court order a new precedent will be set which will state a person may receive good faith or a warrant for actions which the warrant does not protect. Since the complaint establishes that T-Mobile's execution of the warrant was improper good faith or judicial immunity cannot be applied without addressing how the facts from the complaint mend with the court's legal conclusions.

For these reasons this motion should be grant on all grounds as to all grounds in favor of the plaintiff.

Respectfully Submitted,


Anthony Thompson
Leavenworth Detention Center
100 Highway Terr.
Leavenworth, Ks  6048

Anthony Thompson # 15318031
100 Highway Terr
Leavenworth, KS 66048



**RECEIVED**

**JAN 17 2019**

**CLERK U.S. DIST. COURT**
**TOPEKA, KANSAS**

District Court of Kansas
444 SE Quincy  Rm 490
Topeka, Ks  66683

NOTICE: This Correspondence was
mailed from a correctional institution
it's contents are uncensored.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ANTHONY THOMPSON,       ) | |
|       ) | |
|       Plaintiff,      ) | |
|       ) | |
| v.      ) | **Case. No. 15-cv-03117-SAC** |
|       ) | |
| GLEN VIRDEN, *et al*.      ) | |
|       ) | |
|       Defendants.      ) | |
|       ) | |

## <u>DEFENDANT VIRDEN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT</u>

Defendant Glen Virden submits this Response in Opposition to Plaintiff's Motion to Alter or Amend Judgment (ECF 113).   The Court's Order dismissing Plaintiff's Amended Complaint is correct on the facts and law and is free of clear error. Accordingly, Plaintiff's motion should be denied (ECF 111).

On January 9, 2019, this Court issued a Show Cause Order (ECF 127) requiring Defendant Virden file a response to Plaintiff's motion to amend or alter judgment (ECF 113). And, in so doing, this Court also ordered Defendant to explain why he failed to timely respond to Plaintiff's underlying motion (ECF 127).

To that end, Defendant Virden's counsel has never had a case where the docket is actually closed, the filings continue to stream in, and the motion currently at issue is patently frivolous.   Defense counsel has extremely limited resources, and must daily, make decisions as to what **must** be filed/responded to and what **should** be filed/responded to.   Clearly, counsel was mistaken here.[1] Following this filing, counsel will immediately pull the files from the other two cases that have generally parroted this one, and make the appropriate filings in those cases as needed[2].   Defendant Virden should not be penalized for defense counsel's failure to timely respond here, and instead, counsel respectfully requests that the Court now consider Defendant Virden's response to ECF 113.

Because Plaintiff's motion to amend or alter is wholly without merit Defendant will not restate the entirety of his original arguments made at ECF 101, but instead ask the Court to incorporate by reference those same arguments here.   There is little to nothing new alleged in fact or argued at law in Plaintiff's motion with regard to altering or amending (ECF 113).   Moreover, Defendant Virden incorporates by reference the same arguments raised by fellow defendants before the Order dismissing all claims (ECF 75 and 80) and after (ECF 120, 123, and 124).

---

[1] Since Plaintiff's filing on November 30, 2018, and in addition to a normal case load requiring an average of 10-14hr/days in the office (limited ability off-site) counsel has also since that time, concluded a 2day Civil Service Board trial, a federal bench trial (16-cv-04182), and an employment investigation.

[2] Case Nos. 15-cv-03093 (*Banks v. Opat, et al*) and 15-cv-03101 (*Madkins v. T-Mobile, et al*) were filed by this Plaintiff's cohorts in the underlying criminal matter; were filed within days of each other; and appeared to follow each other nearly lock-step throughout the civil filings here.

Simply stated, the Court issued the correct decision on November 16, 2018, when it dismissed all claims against all defendants, and closed the docket. Defendant Virden respectfully asks the Court to reach that same decision again, and thereby allowing this case to be re-closed giving the Defendant the finality normally associated with a complete dismissal (with prejudice).[3]

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

s/ Carrie A. Barney
Carrie A. Barney, KS #22872
Assistant Attorney General/Trial Counsel
Complex Tort Defense Unit
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas, 66612-1597
Phone: (785) 368-6695
Fax:   (785) 291-3767
Email: *carrie.barney@ag.ks.gov*
*Attorney for Defendant Virden*

---

[3] Counsel fully recognizes Plaintiff here (and the other two cases) will likely appeal regardless.

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2019, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all those individuals currently electronically registered with the Court and further that a copy was mailed, via U.S. Mail, postage prepaid to:

Anthony Thompson, #153018-031
Leavenworth Detention Center
100 Highway Terrace
Leavenworth, KS 66048
*Pro Se Plaintiff*

s/ Carrie A. Barney
Carrie A. Barney

Appellate Case: 23-3103   Document: 01011083858   Date Filed: 07/07/2023   Page: 103

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**



**MAR 1 1 2019**

Clerk, U.S. District Court
By:_____ Deputy Clerk

**ANTHONY THOMPSON,**
**Plaintiff,**

v.

**GLEN VIRDEN, et al.**
**Defendants.**

Case No:**15-cv-03117-HLT-KGS**

## PLAINTIFF'S FINAL REPLY FOR HIS REQUEST
## TO ALTER AND AMEND JUDGMENT

### I. Introduction

Plaintiff, Anthony Thompson standing prose brings this action with a final request that this Honorable Court reconsider [Doc. 111] which granted Mr. Virden relief on all grounds. See Doc. 113. The essence of the motion is that the court failed to adopt the undisputed facts from the complaint as true under Fed. R. Civ. P. 56(e), prior to making its conclusions of law. In his opposition to the Alter or Amend Mr. Virden chose not to address how the uncontested issues of fact should be applied to this Court's conclusion of law. Instead Mr. Virden chose to simply adopt by reference the pleadings of his co defendants reply brief. See Doc. 129 at 4. In those pleadings Mr. Virden's fellow co-defendants failed to address how the court can legally apply its conclusions of law to the undisputed facts. Since Mr. Virden has failed to dispute the facts from the complaint, this court's legal conclusions must be in reference to those undisputed facts. This Court must therefore adjudicate all legal conclusions in favor of the plaintiff pursuant to Fed. R. Civ. P. 54(b), (c) and 56(e). As a result this court must grant plaintiff's motion to Alter and Amend pursuant to 59(e).

### II. Standard

Grounds warranting a motion to Alter or Amend pursuant to Rule 59(e) include...the to correct clear error or prevent manifest injustice. See Servant of Paraclete v. Does, 204 F.3d 1005, 1012 (10th

Cir. 2000). Plaintiff's Rule 59(e) points directly to the number of undisputed facts which if not clearly acknowledged by the court would result in both clear error and manifest injustice.

### III. Undisputed Facts From the Complaint

(1) Glen Virden is a KBI Special Agent Heading the Manhattan Junction City are.

(2) Glen Virden does not hold the title of Kansas District Court Judge. See Doc. 71 at 1.

(3) Glen Virden authorized the state wiretap orders even though he does not hold the title of a Geary County District Judge. Id at 2-4.

(4) Verizon Wireless informed Glen Virden that the previous orders received  from T-Mobile did not legally allow for the interceptions of text messages. Id at 4.

(5) After being informed that he received the text messages without proper judicial authorization Glen Virden "intentionally" and "willfully" disclosed those illegal messages to the United States Attorney's office in order to commence the current criminal federal prosecution. Id at 4-5.

(6) Glen Virden "used" these illegal text messages to further his investigation in the state case. These text messages were sent and received from within the privacy of the plaintiff's home. Id at 5.

(7) The Tenth Circuit Court of Appeals does not allow officers to receive a good faith defense based on the improper execution of a warrant. Id at 4.

### IV. THIS COURT MUST GRANT PLAINTIFF'S MOTION TO ALTER OR AMEND

The defendant ask this Court to uphold its order granting his motion to dismiss based on the same arguments raised by his fellow defendants. See Doc 129 at 2. But the defendants in those motions have failed to explain how the undisputed facts align with the Court's conclusions of law. See Doc. 120, 123, and 124.  See Fed. R. Civ. P. 54(c) ("[E]very final judgment shall grant the relief to which the

Appellate Case: 23-3103     Document: 010110883858     Date Filed: 07/07/2023     Page: 104

party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."); Reynolds v. Slaughter, 541 F.2d 254, 255-56 (10th Cir. 1976). Mr. Virden chose not to address how the undisputed facts align with this Court's conclusions of law. Finally this Court should deny Virden's motion for cause failing to reply timely to plaintiff's motion to amend. Defendant has access to electronic filing and has not giving the Court any reasonable explanation on why he failed to respond to plaintiff's pleading. The court should in the interest of justice grant [Doc. 113] on all grounds

Respectfully submitted,

Anthony Thompson #15318-031

Anthony Thompson #75 36,8031
LDC
100 Highway Terr.
Leavenworth, KS
    66048



**RECEIVED**

MAR 11 2019

CLERK U.S. DIST. COURT
TOPEKA, KANSAS

Court Clerk
District Court
444 SE Quincy Rm 490
Topeka, KS. 66683

NOTICE: This Correspondence was
mailed from a correctional institution
its contents are uncensored.

**INDIGENT**

66683-358799

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ANTHONY THOMPSON,

     **Plaintiff,**

     **v.**

GLEN F. VIRDEN, et al.,

     **Defendants.**

Case No. 5:15-cv-03117-HLT-KGS

## MEMORANDUM AND ORDER

In this action, pro se[1] Plaintiff Anthony Thompson asserts claims for violation of state and federal wiretap statutes, violation of the Fourth Amendment, and conspiracy related to the interception of his cellular communications in connection with a criminal investigation. Doc. 71. Plaintiff seeks reconsideration of the Court's November 16, 2018 Memorandum and Order granting the motions to dismiss filed by each of the remaining defendants to this action— Defendants T-Mobile U.S.A., Glen Virden, Timothy Brown, and Tony Wolf. Doc. 111. For the reasons discussed below, the Court denies Plaintiff's motion.

## I.    BACKGROUND

The factual background underlying the parties' dispute is set forth in detail in the Court's November 16, 2018 order and is not repeated at length herein. *Id.* In sum, this case stems from the interception of Plaintiff's cellular communications in connection with an investigation into a suspected narcotics-trafficking conspiracy. Following that investigation, Plaintiff was indicted on federal criminal drug trafficking charges. Plaintiff subsequently filed this civil action, alleging that

---

[1]  As a pro se litigant, Plaintiff is entitled to leniency and the Court liberally construes his allegations. *See Hunt v. Sapien*, 2007 WL 1520906, at *1 (D. Kan. 2007). The Court, however, may not become an advocate for Plaintiff. *Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

107

various officials, agencies, and service providers violated state and federal law and the United States Constitution by intercepting and disclosing his communications without proper judicial authorization. Based on these allegations, Plaintiff asserted claims for: violation of the Kansas wiretap statute, K.S.A. §§ 22-2514, *et seq.*; violation of the federal Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. §§ 2510, *et seq.*; violation of the Fourth Amendment; and conspiracy.

Defendants—each of whom was associated to some extent with the investigation into the drug trafficking allegations—moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff failed to state a claim for relief. On November 16, 2018, the Court agreed, granting Defendants' motions and dismissing Plaintiff's claims. Doc. 111. In its order, the Court found that: (1) Plaintiff's claims under the Kansas wiretap statute and the federal ECPA are barred by the good faith defense; (2) qualified immunity protects Virden, Brown, and Wolf from individual liability for Plaintiff's Fourth Amendment claim; (3) Plaintiff's claim against Wolf in his official capacity likewise fails because Plaintiff does not allege any unconstitutional policy or custom; (4) Plaintiff cannot establish a Fourth Amendment claim against T-Mobile because Plaintiff cannot show the requisite state action and, regardless, T-Mobile is absolutely immune from liability; and (5) Plaintiff fails to establish the existence of an underlying unlawful act necessary to support his conspiracy claim or to plead sufficient facts. *Id.* Judgment was accordingly entered in favor of Defendants. Doc. 112. On November 30, 2018, however, Plaintiff moved to alter or amend the Court's judgment pursuant to Rule 59(e).[2] Doc. 113.

---

[2] Plaintiff has also submitted a "Request to Grant the Requested Relief Against Defendant Glen Virden." Doc. 131. In that submission, Plaintiff contends the Court should "grant the requested relief from [his] motion under Rule 59(e)" as against Virden because, as of the date of his request, he had not yet received Virden's response to his motion. *Id.* The Court denies Plaintiff's request. A district court may, in its discretion, consider an untimely filing where the failure to timely act was the result of excusable neglect. *See* FED. R. CIV. P. 6(b); *Essence, Inc. v. City of Fed. Heights*, 285 F.3d 1272, 1288 n.14 (10th Cir. 2002). The Court finds that consideration of the pertinent factors—including the relatively minimal length of delay by Virden in responding to the motion to alter or amend, the lack of any impact on

## II.   STANDARD

District of Kansas Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." Grounds warranting relief from judgment under Rule 59(e) include: (1) an intervening change in controlling law, (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence, and (3) the need to correct clear error or prevent manifest injustice. *Brinkman v. Norwood*, 2018 WL 1806758, at *1 (D. Kan. 2018); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. But it is not a vehicle to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* Nor is it "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994). The party seeking relief bears the burden of demonstrating that he is entitled to such relief. *Brinkman*, 2018 WL 1806758, at *1. Reconsideration of a judgment is an extraordinary remedy and should be used sparingly. *Id.*

## III.   ANALYSIS

Plaintiff moves under the third ground for relief only: the need to correct clear error or prevent manifest injustice. Doc. 113. Plaintiff asserts nine different bases that he alleges constitute error warranting reconsideration, arguing: (1) the Court erred in relying on the statutory good faith defense to dismiss Plaintiff's wiretap claims; (2) Judge Crabtree's findings with respect to good

---

these proceedings occasioned by that delay, and the risk of prejudice to Virden were the Court to grant Plaintiff's request—justifies denial of Plaintiff's request. *See Secure Techs. Int'l v. Block Spam Now, LLC*, 2004 WL 2005787, at *2 (D. Kan. 2004) ("In determining whether the excusable neglect standard is met, courts should consider all relevant circumstances, including (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith."). Finally, even if the Court did not consider Virden's response, Plaintiff's motion fails on the merits for the reasons explained in this order.

faith in the underlying criminal case have no applicability to the disposition of Plaintiff's claims here; (3) Tenth Circuit precedent dictates that the good faith exception does not apply to improper execution of a warrant; (4) the Court erred in finding Plaintiff failed to state a Fourth Amendment claim; (5) Virden and Brown are not entitled to qualified immunity because they violated a clearly established right; (6) Wolf is subject to liability in his official capacity because his conduct was representative of an institutional policy or custom; (7) the Court erred in finding T-Mobile did not act under color of state law; (8) T-Mobile is not entitled to absolute immunity because its actions were not authorized by the wiretap orders; and (9) Plaintiff has pleaded sufficient facts to establish a conspiracy. *Id.*

The first three bases identified by Plaintiff appear to go to the disposition of his state and federal wiretap claims, and bases four through eight are directed at his Fourth Amendment claim. The final alleged basis for error concerns the Court's dismissal of Plaintiff's conspiracy claim. The Court accordingly addresses the allegations of error with respect to each claim.

### A.  Alleged Error in Dismissal of State and Federal Wiretap Claims

Counts I and II of the amended complaint assert claims against Defendants under the Kansas wiretap statute and the federal ECPA. The Court held that both counts failed to state a claim because the wiretap statutes provide a complete defense where a defendant relies in "good faith" upon a court order authorizing interception. Doc. 111 at 7-8. Accordingly, based on Judge Crabtree's findings in the underlying criminal case, the Court held that Defendants were immune from suit under the good faith exceptions. *Id.* at 8. The Court further found that T-Mobile—as a "provider of wire or electronic communication service"—was also statutorily exempt from liability under the ECPA. *Id.* at 8 n.7.

In his motion, Plaintiff generally argues that the Court erred in relying on the statutory good faith defense to dismiss his wiretap claims. <u>Doc. 113 at 2</u>. But Plaintiff identifies no clear error in the Court's judgment, instead either rehashing arguments already advanced or presenting new legal theories that could have been—but were not—raised in his prior briefing. Neither approach is the proper function of a Rule 59(e) motion.

First, Plaintiff contends that Judge Crabtree's findings with respect to good faith in the underlying criminal case have no applicability to the disposition of Plaintiff's claims in this action. *Id.* at 3. Specifically, Plaintiff argues it was improper for the Court to rely upon Judge Crabtree's findings because Plaintiff presented facts in this action that were not considered by Judge Crabtree. *Id.* at 3-7. The Court already rejected this argument in its order, holding the Court was entitled to rely upon the findings in the underlying criminal case in concluding that Defendants' good faith provided a complete defense to Plaintiff's wiretap claims. <u>Doc. 111 at 8</u>; *see, e.g.*, *Wright v. Florida*, <u>495 F.2d 186, 1090</u> (5th Cir. 1974) (holding that good faith reliance on a court order is a defense to both Fourth Amendment claims and § 2520 of the ECPA); *Reed v. Labbe*, <u>2012 WL 5267726</u>, at *9 (C.D. Cal. 2012) (relying on findings of the district court and court of appeals in plaintiff's underlying criminal case in concluding that § 2520(d) provided a complete defense to plaintiff's claims under the ECPA, warranting dismissal under Rule 12(b)(6)). This argument merely rehashes issues already addressed in the briefing of, and the Court's ruling on, Defendants' motions to dismiss, which is improper. *See, e.g.*, *Servants of the Paraclete*, <u>204 F.3d at 1012</u>; *Brinkman*, <u>2018 WL 1806758</u>, at *1. Plaintiff may not use his motion as a second chance to argue his case. *See Voelkel*, <u>846 F. Supp. at 1483</u>.

Second, Plaintiff contends that Tenth Circuit precedent—*United States v. Medlin*, <u>798 F.2d 407</u> (10th Cir. 1986)—dictates that the good faith exception does not apply to improper execution

of a warrant. Doc. 113 at 7. Plaintiff argues that the Court's finding that the good faith exception applies here conflicts with *Medlin* and must be amended to comply with precedent. *Id.* Significantly, however, Plaintiff did not make this argument in his briefing on Defendants' motions to dismiss—this is the first time he has raised this theory. Rule 59(e) does not permit a losing party to present new legal arguments that could have been raised in earlier filings. *See, e.g.*, *Brinkman*, 2018 WL 1806758, at *1; *Jiying Wei v. Univ. of Wyo. Coll. of Health Sch. Pharmacy*, 2019 WL 117081, at *3 (10th Cir. 2019) (holding that motions under Rule 59 are "inappropriate for advancing new arguments or supporting facts that could have been raised in prior briefing").[3]

Plaintiff has not met his burden of showing that the Court has misapprehended the facts, his position, or the controlling law so as to justify relief under Rule 59(e). The Court accordingly rejects Plaintiff's arguments for reconsideration of its dismissal of Counts I and II.

### B.   Alleged Error in Dismissal of Constitutional Claim

Count III of Plaintiff's amended complaint asserts a claim pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's Fourth Amendment rights. In dismissing this claim, the Court held: (1) that qualified immunity shielded Virden, Brown, and Wolf from individual liability under § 1983; (2) that Wolf was not subject to liability in his official capacity because Plaintiff failed to allege any unconstitutional policy or custom as required under § 1983; and (3) with respect to T-Mobile, that Plaintiff could not show the requisite state action and, regardless, T-Mobile was absolutely immune from liability. Doc. 111 at 9-14.

In his motion to alter or amend, Plaintiff alleges there is clear error in the Court's ruling on this claim because he properly pleaded a Fourth Amendment claim. Doc. 113 at 7. First, Plaintiff

---

[3]  Even considering this argument, however, the Court finds that *Medlin* is inapposite and that the Court's finding regarding the application of the good faith exception here is not in conflict with *Medlin*.

claims Virden and Brown violated a clearly established right and are therefore not entitled to qualified immunity.[4] *Id.* at 8-10. As the Court explained in its holding, once an official raises qualified immunity, the plaintiff bears the burden to show (1) the official violated a statutory or constitutional right and (2) the right was "clearly established" at the time of the challenged conduct. Doc. 111 at 9-10; *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Plaintiff appears to take issue with the fact that the Court, in its order on the motions to dismiss, opted to first consider the second prong of the qualified-immunity analysis—whether the right was clearly established. This argument fails. As the Court noted in its holding, the order in which the two prongs are evaluated is within the Court's discretion. Doc. 111 at 10 n.9; *see also al-Kidd*, 563 U.S. at 735. According to the Supreme Court, this flexibility reflects an understanding that "the judges of the district courts and the courts of appeals are in the best position to determine the order of decisionmaking that will best facilitate the fair and efficient disposition of each case." *Pearson v. Callahan*, 555 U.S. 223, 242 (2009). This Court exercised its discretion to consider the second prong first and found that Plaintiff did not meet his burden of showing a violation of clearly established law. Doc. 111 at 10-11. This was proper. *See, e.g.*, *Pearson*, 55 U.S. at 242; *al-Kidd*, 563 U.S. at 735; *Brown v. Montoya*, 662 F.3d 1152, 1171 n.15 (10th Cir. 2011) (noting that, for a qualified-immunity analysis, the court "can decide first, under *Pearson*, whether the constitutional right the defendant has allegedly violated was clearly established").

Furthermore, in his response to the motions to dismiss, Plaintiff did not identify any authority establishing that the Fourth Amendment is violated by the specific facts of this case. *See*

---

[4] Although, as discussed above, the Court's November 16, 2018 order also included a finding that Wolf was entitled to qualified immunity from individual liability under § 1983 (Doc. 111 at 11), Plaintiff's motion does not appear to contest that finding. However, to the extent it does, the Court finds that—for the reasons set forth with respect to Virden and Brown—Plaintiff has not shown the Court clearly erred in finding Wolf was entitled to qualified immunity.

*al-Kidd*, 563 U.S. at 741-42 (to show a violation of clearly established law, the plaintiff must identify either controlling authority or a "robust consensus" of persuasive authority placing the constitutional question "beyond debate"). Nor does Plaintiff now come forward with any such authority in connection with this motion to alter or amend. Plaintiff has not shown the Court clearly erred in finding Virden and Brown were entitled to qualified immunity.

Second, Plaintiff argues the Court erred in holding that Wolf was not subject to liability under § 1983 in his official capacity. Doc. 113 at 10-12. Plaintiff contends that—contrary to the Court's holding—the amended complaint pleaded sufficient facts to "clearly show" an official policy or custom or, alternatively, to "permit the Court to infer" such a custom. *Id.* To support this argument, Plaintiff reasserts a number of facts from the amended complaint that this Court has already considered and held insufficient to show a custom or policy establishing liability in Wolf's official capacity. Plaintiff may not use his Rule 59(e) motion as a vehicle to revisit issues already addressed. *See Servants of the Paraclete*, 204 F.3d at 1012. Again, Plaintiff has not shown clear error justifying amendment of the judgment.

Third, with respect to T-Mobile, Plaintiff argues the Court erred in finding T-Mobile did not act under color of state law. Doc. 113 at 12-15. Again, the Court rejected this argument in its order, holding that T-Mobile's conduct in complying with the state court's wiretap order did not constitute state action. Doc. 111 at 12-13; *see, e.g.*, *Green v. Truman*, 459 F. Supp. 342, 344-45 (D. Mass. 1978) (finding state court order "does not clothe [defendant] with the authority of state law necessary to satisfy the state actor requirement"); *Melnitzky v. HSBC Bank USA*, 2007 WL 1159639, at *9 (S.D.N.Y. 2007) ("[T]he mere compliance with a court order does not constitute action under color of state law."). Plaintiff's arguments on this point merely rehash issues raised in his prior briefing and do not provide any basis for clear error.

Fourth, Plaintiff contends that T-Mobile's conduct was not authorized by the state court wiretap orders. Doc. 113 at 15. Because Plaintiff contends the conduct was unauthorized, Plaintiff argues the Court erred in finding T-Mobile was entitled to absolute immunity. *Id.* Again, the Court has considered and rejected this argument. The Court found that T-Mobile acted in accordance with facially valid wiretap orders. Doc. 111 at 13-14. Therefore, under the doctrine of absolute immunity, those acts cannot form the basis for a § 1983 claim against T-Mobile. *Id.*; *see, e.g.*, *T & W Inv. Co. v. Kurtz*, 588 F.2d 801, 802-03 (10th Cir. 1978) (holding that receiver named as a defendant in corporation's civil rights action was a court officer who shared the judge's immunity to the extent he carried out the orders of his appointing judge); *Jarvis v. Roberts*, 489 F. Supp. 924, 929 (W.D. Tex. 1980) (in case involving claim under § 1983, finding that—where bank was merely complying with court order—actions complained of "were essentially those taken by the Court through its orders" and bank could not be held liable). Plaintiff has not showed the Court committed clear error in holding T-Mobile was entitled to absolute immunity.

Because Plaintiff fails to show that the Court has misapprehended the facts, his position, or the controlling law, the Court denies Plaintiff's request for reconsideration of its dismissal of Count III.

**C.  Alleged Error in Dismissal of Conspiracy Claim**

Plaintiff's final cause of action, Count IV, asserts a claim for conspiracy, alleging Defendants conspired to commit the wiretap and constitutional violations asserted in this lawsuit. The Court dismissed this claim, finding the amended complaint contained only conclusory allegations without any supporting facts. Doc. 111 at 14-16. The Court also held that, for the reasons set forth in its analysis of Plaintiff's other claims, Plaintiff failed to establish the existence of an underlying unlawful act necessary to support his conspiracy claim. *Id.*

In his motion, Plaintiff argues the Court erred in finding that he did not plead sufficient facts to establish a conspiracy between Virden, Brown, and Wolf. Doc. 113 at 15-16. Plaintiff also contends the Court erred in concluding there was no constitutional violation or violation of state or federal wiretap law to support his conspiracy claim. *Id.* Again, the Court already considered and disposed of these arguments in its order on the motions to dismiss. Plaintiff may not use his motion as a vehicle to rehash issues and arguments previously addressed. *See Servants of the Paraclete*, 204 F.3d at 1012. Plaintiff has not shown that the Court misapprehended the facts, his position, or the controlling law so as to justify reconsideration. The Court therefore denies Plaintiff's request for reconsideration of its dismissal of Count IV.[5]

## IV.    CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiff's motion to alter or amend the Court's judgment of dismissal (Doc. 113) is DENIED.

THE COURT FURTHER ORDERS that Plaintiff's motion for order asking that the Court grant the requested relief against Defendant Glen Virden (Doc. 131) is DENIED.

IT IS SO ORDERED.

Dated: March 20, 2019                               /s/  *Holly L. Teeter*
                                                                HOLLY L. TEETER
                                                                UNITED STATES DISTRICT JUDGE

---

[5]  In his motion, Plaintiff also requests the Court "certify" or "adjudicate" certain alleged "undisputed facts" in this lawsuit pursuant to Rule 54(b) and (c). Doc. 113 at 16-18. The Court denies this request as Rule 54(b) (applying where "fewer than all" claims have been decided) and 54(c) (applying to default judgments and relief to be granted) have no application to Plaintiff's motion to alter or amend.

FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**May 12, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

ANTHONY THOMPSON,

     Plaintiff - Appellant,

v.

DAVID R. PLATT, District Court Judge,
Geary County District Court, in his
individual capacity; GLEN F. VIRDEN,
Senior Special Agent, Kansas Bureau of
Investigation, in his individual capacity; T-
MOBILE U.S.A.; TIMOTHY BROWN,
Chief, Junction City Police Department, in
his individual capacity; BEN BENNETT,
Geary County Commissioner; LARRY
HICKS, Geary County Commissioner;
TONY WOLF, Sheriff, Geary County
Sheriff's Department, in his individual and
official capacity; GEARY COUNTY;
KANSAS BUREAU OF
INVESTIGATION; JUNCTION CITY
POLICE DEPARTMENT; GEARY
COUNTY SHERIFF'S OFFICE,

     Defendants - Appellees.

No. 19-3072
(D.C. No. 5:15-CV-03117-HLT-KGS)
(D. Kan.)

_____

**ORDER AND JUDGMENT***

---

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

—————————————————————

Before **MATHESON**, **KELLY**, and **PHILLIPS**, Circuit Judges.

—————————————————————

Pro se prisoner Anthony Thompson appeals from a district court order dismissing

his civil rights complaint, which alleged violations of federal and state wiretap statutes,

violations of the Fourth Amendment, and civil conspiracy.  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm in part and reverse in part.[1]

## I.  BACKGROUND[2]

This case arises from a law enforcement investigation of drug trafficking in Geary

County, Kansas.  In March and April 2013, Judge David R. Platt of the Eighth Judicial

District of Kansas issued wiretap orders for cell phones used by Mr. Thompson and

Albert Dewayne Banks.  Ensuing wiretaps produced information that law enforcement

officers used to obtain search warrants for Mr. Thompson's residence, where "officers

seized cell phones, cash, miscellaneous documents, drug paraphernalia, and credit cards."

*United States v. Thompson*, 866 F.3d 1149, 1152-53 (10th Cir. 2017), *vacated and*

*remanded by Thompson v. United States*, 138 S. Ct. 2706 (2018).

—————————————————————

[1] Although we liberally construe pro se pleadings, we do not assume the role of
Mr. Thompson's advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir.
2008).

[2] In reviewing a district court's dismissal order, "we may exercise our discretion to
take judicial notice of publicly filed records in our court and certain other courts
concerning matters that bear directly upon the disposition of the case at hand."  *United*
*States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).  We thus consider the district
court's decisions in Mr. Thompson's criminal case.

A. *Mr. Thompson's Criminal Case*

A federal grand jury indicted Mr. Thompson on multiple counts of distributing and conspiring to distribute crack cocaine. He moved to suppress the intercepted communications. He argued (1) the wiretap orders did not permit the interception of electronic (text message) communications, and (2) officers impermissibly intercepted his wire communications outside the Eighth Judicial District's jurisdiction. The district court rejected both arguments.

First, the court ruled that investigators reasonably believed the wiretap orders, despite specifying only wire communications, permitted the interception of both text messages and oral communications.[3] In particular, the court found an understanding between Judge Platt and officers "that the orders were supposed to authorize interception

---

[3] The term "'wire communication' means any aural transfer made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception . . . ." 18 U.S.C. § 2510(1); *see also* Kan. Stat. Ann. § 22-2514(1). An "'aural transfer' means a transfer containing the human voice at any point between and including the point of origin and the point of reception[.]" 18 U.S.C. § 2510(18). In contrast, an "'oral communication' means any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation, but such term does not include any electronic communication[.]" *Id.* § 2510(2). A telephone conversation qualifies as a "wire communication." *See United States v. Axselle*, 604 F.2d 1330, 1334 (10th Cir. 1979).

An "'electronic communication' means any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce, but does not include—(A) any wire or oral communication . . . ." *Id.* § 2510(12); *see also* Kan. Stat. Ann. § 22-2514(11). "[T]ext messages constitute 'electronic communications' within the meaning of the Wiretap Act." *United States v. Jones*, 451 F. Supp. 2d 71, 75 (D.D.C. 2006), *aff'd in part, rev'd in part on other grounds sub nom. United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010).

3

of electronic [i.e., text] communications." *United States v. Banks and Thompson*, 5:13-CR-40060-DDC, 2014 WL 4261344, at *4 (D. Kan. Aug. 29, 2014). The court thus applied the good faith exception to the Fourth Amendment's exclusionary rule and refused to suppress the text messages. *Id.* at *5 (citing *United States v. Leon*, 468 U.S. 897, 920-22 (1984)).

Second, the court "rule[d] that a Kansas state court judge acting under Kansas law has no authority to authorize interception outside the judge's own judicial district." ROA, Vol. I at 125. It granted the motion to suppress the extra-territorial communications, but it stated that officers "almost certainly" acted in good faith, "because one would not expect the officers executing the search warrants to have apprehended the subtle, technical jurisdictional defect." *United States v. Banks and Thompson*, No. 13-CR-40060-DDC, 2015 WL 2401048, at *3 (D. Kan. May 15, 2015).

A jury convicted Mr. Thompson and Mr. Banks on all counts.[4]

---

[4] We affirmed the convictions. *See Thompson*, 866 F.3d at 1152; *United States v. Banks*, 706 F. App'x 455, 460 (10th Cir. 2017). The Supreme Court vacated those decisions and remanded for further consideration in light of *Carpenter v. United States*, 138 S. Ct. 2206, 2217, 2222 (2018). In *Carpenter*, the Court held that "an individual maintains a legitimate expectation of privacy in the record of his physical movements as captured through [cell service location information]." Because law enforcement relied on such information to prove some of Mr. Thompson's and Mr. Banks's communications, we remanded to the district court to determine whether the government presented sufficient evidence absent the information. *United States v. Thompson*, 740 F. App'x 166, 168 (10th Cir. 2018).

4

B. *Mr. Thompson's Civil Case*

While his criminal proceeding was pending, Mr. Thompson filed a pro se suit in

the District of Kansas against Judge Platt, the law enforcement officers who executed the

wiretap orders, Geary County Commissioners Ben Bennett and Larry Hicks, and

T-Mobile USA, Inc.[5]  The court dismissed Judge Platt on immunity grounds and the

commissioners because Mr. Thompson failed to allege wrongdoing by them.

In an amended pro se complaint, Mr. Thompson named Judge Platt, Junction City

Police Chief Timothy Brown, Special Agent Glen Virden of the Kansas Bureau of

Investigation, Geary County Sheriff Tony Wolf, and T-Mobile.  Mr. Thompson alleged:

- Judge Platt (1) knew or should have known he could not issue wiretap orders beyond his territorial jurisdiction, and (2) failed to appoint Mr. Thompson counsel.  ROA, Vol. I at 316.

- Chief Brown, Agent Virden, and Sheriff Wolf ("law enforcement defendants") knew or should have known that the wiretap orders sought communications outside Judge Platt's territorial jurisdiction and did not encompass text messages.

- The law enforcement defendants impermissibly disclosed his text messages to third parties, such as the United States Attorney's Office, despite the absence of reference to texts in the wiretap orders.

- The law enforcement defendants "all had final decision making authority within their respect[ive] departments."  *Id.* at 313.

- T-Mobile improperly intercepted and disclosed his text messages, resulting in the improper execution of a search warrant.

---

[5] In addition, Mr. Thompson listed in the complaint's caption Geary County, the Kansas Bureau of Investigation, the Junction City Police Department, and the Geary County Sheriff's Office.

5

- "[T]he defendants act[ed] under the color of state law." *Id.* at 312.

He sued under 18 U.S.C. § 2520 (providing a civil action for the unlawful
interception, disclosure, or use of wire, oral, or electronic communications), Kan. Stat.
Ann. § 22-2518 (same), 42 U.S.C. § 1983, and civil conspiracy law.  The following chart
summarizes the specific claims alleged in the amended complaint against each of the
defendants:

| DEFENDANTS | CLAIMS FOR RELIEF |
|---|---|
| **Judge Platt**, sued in his individual and official capacities | NONE SPECIFIED |
| **Chief Brown, Agent Virden, and Sheriff Wolf**, each sued in his individual and official capacity | 1.  Violation of Kan. Stat. Ann. § 22-2518<br>2.  Violation of 18 U.S.C. § 2520<br>3.  Violation of 42 U.S.C. § 1983 (Fourth Amendment)<br>4.  "Conspiracy to Commit the Substantive Counts" |
| **T-Mobile** | 1.  Violation of Kan. Stat. Ann. § 22-2518<br>2.  Violation of 18 U.S.C. § 2520<br>3.  Violation of 42 U.S.C. § 1983 (Fourth Amendment) |

The district court screened the amended complaint under 28 U.S.C. §§ 1915(e)
and 1915A, and dismissed (1) Judge Platt, (2) any defendant named in the original
complaint but not named in the amended complaint, (3) Chief Brown in his official
capacity, and (4) Agent Virden in his official capacity.  The remaining defendants moved
to dismiss under Rule 12(b)(6), including Sheriff Wolf, who sought dismissal of the
individual capacity and official capacity claims pled against him.  The district court
granted the motions.  Mr. Thompson unsuccessfully sought reconsideration under Rule

59(e).  His appeal challenges the Rule 12(b)(6) dismissals and the denial of

reconsideration.[6]

## II. **DISCUSSION**

### A.  *Standard of Review*

We review de novo a district court's dismissal of an action under Rule 12(b)(6).

*Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012).  "To survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quotations omitted).  Plausibility requires "more than the mere possibility of

misconduct."  *Id.* at 679.  The plaintiff must "plead[ ] factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* at 678.  "[W]here 'there is no disputed issue of fact raised by an affirmative defense,

or the facts are completely disclosed on the face of the pleadings, . . . it is appropriate and

expedient to dispose of a claim by a motion to dismiss [based on an affirmative defense]

under Rule 12(b)."  *Frost v. ADT, LLC*, 947 F.3d 1261, 1267 (10th Cir. 2020) (quoting

5 Arthur R. Miller et al., Federal Practice and Procedure § 1277 (3d ed. 2002) (August

2019 update)).

---

[6] On appeal, Mr. Thompson does not contest and thus has waived any challenge to
the district court's dismissal of his claims against Judge Platt or to the official capacity
claims against Chief Brown and Agent Virden.  *See Burke v. Regalado*, 935 F.3d 960,
995 (10th Cir. 2019) ("The failure to raise an issue in an opening brief waives that issue."
(quotations omitted)).

7

## B. *Wiretap Claims*

The district court concluded that Mr. Thompson failed to plead a plausible federal

or state wiretap claim because the defendants relied in good faith on Judge Platt's orders

regarding both electronic (text messages) and extra-territorial communications.  We

resolve these claims as follows:

As to the law enforcement defendants:

(1) We affirm dismissal of the text messages claim because
    the district court's determination in the criminal case that
    the officers acted in good faith precludes Mr. Thompson
    from contesting a good faith affirmative defense in this
    case;[7] and

(2) We reverse dismissal of the extra-territorial
    communications claim because the district court erred in
    holding that the disposition in the criminal case precluded
    Mr. Thompson from contesting a good faith defense
    here.  Collateral estoppel does not apply because the
    district court in the criminal case excluded the extra-
    territorial evidence rather than rely on the officers' good
    faith to admit it.

As to T-Mobile:

We reverse dismissal of the text messages claim
because the collateral estoppel applicable to the law
enforcement defendants does not extend to T-Mobile.

---

[7] To the extent the district court in this case suggested that Mr. Thompson's
statutory wiretap claims failed without his alleging lack of good faith, we note that a
plaintiff is not required to anticipatorily plead against an affirmative defense.  *See
Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018).

8

1. **Legal Background**

Title I of the Electronic Communications Privacy Act of 1986 ("ECPA"), 18

U.S.C. §§ 2510–2522, provides that "any person whose wire, oral, or electronic

communication is intercepted, disclosed, or intentionally used in violation of this chapter

may in a civil action recover from the person or entity, other than the United States,

which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520(a).

Kansas law provides a nearly identical remedy. *See* Kan. Stat. Ann. § 22-2518(1).

Both the federal and state statutes provide for "a complete defense" for "good faith

reliance" on "a court warrant or order." 18 U.S.C. § 2520(d); Kan. Stat. Ann.

§ 22-2518(2). The statutory good faith defense is akin to the good faith exception to the

exclusionary rule for Fourth Amendment violations. *See United States v. Moore*, 41 F.3d

370, 376 (8th Cir. 1994) (observing that the federal wiretap statute's "legislative history

expresses a clear intent to adopt suppression principles developed in Fourth Amendment

cases"); *see, e.g.*, *Reed v. Labbe*, No. CV 10–8315–SVW (OP), 2012 WL 5267726, at *9

(C.D. Cal. Oct. 22, 2012) (relying on findings in the plaintiff's underlying criminal case

to conclude that § 2520(d) provided a complete defense to plaintiff's claims under the

ECPA and required dismissal under Rule 12(b)(6)); *Marino v. Hegarty*, No. 86 C 6759,

1987 WL 9582, at *1 (N.D. Ill. Apr. 10, 1987) ("Good faith reliance on a court order is a

defense both to fourth amendment claims and to the claims under [the ECPA].").

To invoke the good faith defense, an "officer's reliance on [a] defective warrant

still must be objectively reasonable." *United States v. Russian*, 848 F.3d 1239, 1246

9

(10th Cir. 2017); *see also Davis v. Gracey*, 111 F.3d 1472, 1484 (10th Cir. 1997) (stating that the good-faith defense to an 18 U.S.C. § 2707 civil claim under Title II of the ECPA for unauthorized access to stored electronic communications requires, like the Fourth Amendment, objectively reasonable reliance on a warrant).  "The test is an objective one that asks 'whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'"  *United States v. Otero*, 563 F.3d 1127, 1134 (10th Cir. 2009) (quoting *Leon*, 468 U.S. at 922 n.23).  "In addition, application of the 'good faith' exception assumes 'that the officers properly executed the warrant and searched only those places and for those objects that it was reasonable to believe were covered by the warrant.'"  *United States v. Leary*, 846 F.2d 592, 607 n.27 (10th Cir. 1988) (quoting *Leon*, 468 U.S. at 918 n.19).

2.  **Chief Brown, Agent Virden, and Sheriff Wolf**

   a.  *Text messages*

The district court in Mr. Thompson's criminal case said that, although Judge Platt's orders authorized interception of "wire communications" without specifying "electronic [text] communications," Judge Platt "and [the] executing officers both understood . . . that the authorization included interception of text messages." *Banks*, 2014 WL 4261344, at *5.  It found that the law enforcement defendants reasonably believed the orders permitted them to intercept text messages.  *See id.*  The court therefore held that their "interception of the text messages falls within the good-faith exception to the Fourth Amendment's exclusionary rule."  *Id.* at *4-5.

The district court's determination in Mr. Thompson's criminal case that the officers acted in good faith regarding the interception and disclosure of text messages precludes him from contesting the law enforcement defendants' affirmative defense of good faith.[8]  "[T]he doctrine of issue preclusion prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit."  *In re Corey*, 583 F.3d 1249, 1251 (10th Cir. 2009).  "Under federal law, issue preclusion attaches . . . when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment."  *Id.* (quotations omitted and alterations incorporated)).[9]  The doctrine is applicable in a civil case to preclude relitigation of an issue decided in favor of the prosecuting authority in a prior criminal case.  Restatement (Second) of Judgments § 85(2)(a) (1982).[10]

Issue preclusion has four elements:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a

---

[8] Although only T-Mobile argues for the application of issue preclusion, a court may sua sponte raise a preclusion bar where, as here, the court is on notice that the issue has been previously decided.  *See Arizona v. California*, 530 U.S. 392, 412 (2000).

[9] "Because we are here concerned with the preclusive effect of a federal-court judgment, federal law applies."  *Id.*

[10] *See also id.* cmt. e, illus. 7 ("D is convicted of arson of a building.  D then brings an action against I, an insurer which wrote a fire insurance policy on the building, seeking to recover on the policy.  The policy has an exclusion of liability for losses caused by intentional act of the insured.  The determination in the criminal prosecution that D deliberately set the fire is conclusive in favor of I in the subsequent civil action.").

11

> party, to the prior adjudication, and (4) the party against
> whom the doctrine is raised had a full and fair opportunity to
> litigate the issue in the prior action.

*Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir.

2004) (quotations omitted).  Here, those elements are met.

First, good faith under the wiretap statutes derives from the good faith exception to

the Fourth Amendment's exclusionary rule, *see Moore*, 41 F.3d at 376; *Davis*, 111 F.3d

at 1484, and turns on the objective reasonableness of the officers' reliance on Judge

Platt's wiretap orders to intercept text messages.  *See Davis*, 111 F.3d at 1484.

Second, the district court in Mr. Thompson's criminal case finally adjudicated the

good faith issue when it "refuse[d] to suppress [text messages] on the basis that the orders

authorized interception of wire communications only."  *Banks*, 2014 WL 4261344, at *5.

*See* Restatement (Second) of Judgments § 13 (1982) (stating that "for purposes of issue

preclusion (as distinguished from merger and bar), 'final judgment' includes any prior

adjudication of an issue in another action that is determined to be sufficiently firm to be

accorded conclusive effect").

Third, Mr. Thompson was a party-defendant to the motion-to-suppress litigation

that led to the determination of good faith.

Fourth, Mr. Thompson had a full and fair opportunity to litigate good faith.  He

participated in the suppression proceedings, which included testimony from Agent

Virden, and the good faith issue was squarely presented to the district court.  *See Burrell*

*v. Armijo*, 456 F.3d 1159, 1172 (10th Cir. 2006) (explaining that "the inquiry into

whether a party had a full and fair opportunity to litigate an issue" involves "whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties" (quotations omitted)).

Mr. Thompson thus cannot relitigate in this civil action whether the officers relied on Judge Platt's wiretap orders in good faith when seeking his text messages. *See, e.g.*, *Guenther v. Holmgren*, 738 F.2d 879, 884 (7th Cir. 1984) ("There can be little doubt that the issue of Holmgreen's veracity and good faith—the linchpin of Guenther's § 1983 Fourth Amendment claim—was both raised and actually litigated in the preliminary hearing."); *Blinder, Robinson & Co. v. SEC*, 565 F. Supp. 74, 77 (D. Colo. 1983) (collecting cases for the proposition that "[t]he collateral estoppel doctrine has been held to bar a subsequent civil action challenging the constitutional sufficiency of a Fourth Amendment search where, in a prior criminal action, the issue of suppression had been raised by the defendant and decided adversely to him"), *aff'd*, 748 F.2d 1415 (10th Cir. 1984).

The district court correctly granted the law enforcement defendants' motions to dismiss the statutory claims pertaining to text messages.[11]

---

[11] Mr. Thompson mistakenly relies on *United States v. Medlin*, 798 F.2d 407 (10th Cir. 1986) and *United States v. McNulty*, 729 F.2d 1243 (10th Cir. 1983), for the proposition that "good faith reliance" is not a defense. ROA, Vol. I at 313-15. Neither concerns defenses asserted here.

b. *Extra-territorial communications*

In his amended complaint, Mr. Thompson alleged that Judge Platt acted beyond

his jurisdiction and that "all defendants knew or had reason to know that the [wiretap]

order they were endorsing was invalid on its face."  ROA, Vol. I at 313.  He further

alleged that the law enforcement defendants unlawfully intercepted calls while he was in

the privacy of his home and "then used this private information in order to further there

[sic] own personal agenda."  *Id.* at 315.  A Rule 12(b)(6) motion to dismiss "accept[s] all

well-pled factual allegations [in the complaint] as true and view[s] these allegations in the

light most favorable to the nonmoving party."  *Peterson v. Grisham*, 594 F.3d 723, 727

(10th Cir. 2010) (quotation and citation omitted).  We conclude that Mr. Thompson has

"plead[ ] factual content that allows the court to draw the reasonable inference that the

[law enforcement] defendant[s] [are] liable for the misconduct alleged."  *Iqbal*, 556 U.S.

at 678.

Unlike the good faith affirmative defense to the text message claim, collateral

estoppel is not available to the law enforcement defendants on this claim.  Judge Platt's

orders permitted the law enforcement defendants to intercept Mr. Thompson's

communications without a territorial limit.  The district court in Mr. Thompson's criminal

case stated that the officers "almost certainly" acted in good faith given "the subtle[ ]

[and] technical" nature of the jurisdictional defect, but it excluded the extra-territorial

intercepted evidence, concluding there was no good-faith exception to the statutory

requirement for "suppress[ing] unlawfully intercepted wire and oral communications."

14

*Banks*, 2015 WL 2401048, at *2, *3.  Because the court made only an observation about good faith but not a finding, Mr. Thompson is not collaterally estopped from litigating the issue of good faith regarding his wiretap claims alleging the interception of extra-territorial communications.

We therefore reverse the dismissal of the extra-territorial wiretapping claims against the law enforcement defendants.

## 2.  **T-Mobile**

In his amended complaint, Mr. Thompson alleged that T-Mobile disclosed his electronic communications (text messages) to the other defendants without authorization in the wiretap order.  He further alleged the disclosures included "private text and picture messages to family members" sent from "the privacy of [his] home."  ROA, Vol. I at 314.  Viewing these allegations in the light most favorable to Mr. Thompson, *see Peterson*, 594 F.3d at 727, we conclude he has pled sufficient facts to plausibly show that T-Mobile "is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678.

The district court dismissed these claims against T-Mobile primarily for the same reason it did so for the law enforcement defendants:  "the record establishes [Mr. Thompson's] wiretap claims are barred by the good faith defense."  ROA, Vol. II at 189.[12]  Although businesses like T-Mobile may rely on the good faith defense, *see* 18

---

[12] In a brief footnote, the district court also said 18 U.S.C. § 2511(2)(a)(ii) "exempted" T Mobile from liability "'for providing information, facilities, or assistance in accordance with the terms of a court order[.]'"  *See* ROA, Vol. II at 190 n.7 (quoting the statute).  Because T-Mobile did not address § 2511(2)(a)(ii) in the district court or in its brief here, we decline to affirm on this ground.  *See Walton v. Powell*, 821 F.3d 1204,

U.S.C. §2520(a); Kan. Stat. Ann. § 22-2518(2), T-Mobile stands in different shoes than the law enforcement defendants.

T-Mobile attempts to rely on the collateral estoppel effect of the criminal case.  It argues "that it was objectively reasonable for law enforcement to rely on Judge Platt's wiretap order to seek and obtain Thompson's text messages from T-Mobile, even though the order did not explicitly encompass 'electronic communications.'"  T-Mobile Aplee. Br. at 17-18.  T-Mobile further posits that "[t]his same finding establishes, as a matter of law, T-Mobile's 'good faith reliance' defense under the wiretap statutes." *Id.* at 18.  But the district court in the criminal case did not address T-Mobile's good faith.  And collateral estoppel requires that "the issue previously decided [be] *identical* with the one presented in the action in question." *Park Lake Res.*, 378 F.3d at 1136 (emphasis added). T-Mobile provides no applicable authority that it can preclude Mr. Thompson's wiretap claims based on the district court's determination that law enforcement acted in good faith.[13]  We therefore reverse the dismissal of Mr. Thompson's statutory wiretap claims against T-Mobile.

---

1212 (10th Cir. 2016); *see also Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999) (declining to address an alternative basis for affirming the district court's dismissal where appellees did not adequately develop an argument).  Further, Judge Platt's wiretap order did not include electronic communications (text messages), so T-Mobile's disclosures were not "in accordance with [its] terms."  § 2511(2)(a)(ii).

[13] The cases T-Mobile cites in its collateral estoppel analysis have no bearing on this case.  In *Guenther v. Holmgreen*, 738 F.2d 879 (7th Cir. 1984), plaintiff alleged under § 1983 that his arrest violated the Fourth Amendment and due process. *Id.* at 881. The court affirmed summary judgment for the defendants on the Fourth Amendment claim because a state court decided at the preliminary hearing in plaintiff's criminal case

16

C. *Fourth Amendment § 1983 Claims*

Mr. Thompson argues the Defendants violated his Fourth Amendment rights by intercepting and disclosing his text messages.  He contends the district court therefore erred in dismissing his § 1983 claim.  We disagree.

1. **Legal Background**

a. *Fourth Amendment*

"The gravamen of a Fourth Amendment claim is that the complainant's legitimate expectation of privacy has been violated by an illegal search or seizure."  *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986).  The Fourth Amendment applies to wiretapping. *See Katz v. United States*, 389 U.S. 347, 353 (1967); *United States v. Williams*, 827 F.3d 1134, 1145 (D.C. Cir. 2016) (noting that "two different legal theories"—the Fourth Amendment and wiretap statutes—are available to challenge "evidence gathered as a result of wiretap surveillance").

---

that there was probable cause for the arrest.  *Id.* at 884, 889.  This case does not help T-Mobile.

T-Mobile also cites *Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation*, 975 F.2d 683 (10th Cir. 1992), which concerned whether the Affiliated Ute Citizens of the State of Utah or the Ute Distribution Corporation was the authorized representative of the mixed-blood Utes to manage their portion of the Ute Tribe's indivisible assets.  *Id.* at 684.  This court said the Supreme Court had decided the issue, precluding the plaintiffs-appellants from relitigating it.  *Id.* at 690.  *Murdock* provides no support for T-Mobile's argument other than stating the Tenth Circuit standard for collateral estoppel.

b.  *Qualified immunity defense*

Qualified immunity is available to "[i]ndividual defendants named in a § 1983 action" as a shield "from damages actions unless their conduct was unreasonable in light of clearly established law."  *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014) (quotations omitted).  "In resolving a motion to dismiss based on qualified immunity, the court considers (1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of defendant's alleged misconduct."  *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013) (quotations omitted).  The clearly-established-law prong requires both "a sufficiently clear foundation in then-existing precedent" and a "clear[ ] prohibit[ion] [on] the officer's conduct in the particular circumstances before him."  *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018).  "The doctrine of qualified immunity is designed to protect public officials who act in good faith, on the basis of objectively reasonable understandings of the law at the time of their actions."  *Weigel v. Broad*, 544 F.3d 1143, 1151 (10th Cir. 2008) (quotations omitted and alterations incorporated).

c.  *State action requirement*

Only persons acting under color of state law may be sued under § 1983.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  "[I]n rare circumstances[,] . . . a private party [can] be viewed as a 'state actor' for section 1983 purposes."  *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992).  "Private individuals and entities may be deemed state actors . . . if

they have acted together with or have obtained significant aid from state officials, or if their conduct is otherwise chargeable to the state." *Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002) (quotations and alterations omitted). But a private party's mere compliance with a court order does not constitute state action. *See, e.g.*, *Fairley v. PM Mgmt.-San Antonio AL, L.L.C.*, 724 F. App'x 343, 345 (5th Cir. 2018) (concluding that a nursing home's compliance with probate court's order was not state action), *cert. denied*, 139 S. Ct. 815 (2019); *Green v. Truman*, 459 F. Supp. 342, 345 (D. Mass. 1978) (ruling that a court order requiring a doctor to supervise a child's chemotherapy did "not clothe [the doctor] with the authority of state law necessary to satisfy the state actor requirement").

2. **Analysis**

   a. *Chief Brown, Agent Virden, and Sheriff Wolf*

The law enforcement defendants argued in district court that they are entitled to qualified immunity on Mr. Thompson's Fourth Amendment § 1983 claim.[14] The district

---

[14] As for the official capacity claim against Sheriff Wolf, it "generally represents only another way of pleading an action against [the] entity of which [he] is an agent, and as long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Brown v. Buhman*, 822 F.3d 1151, 1162 n.10 (10th Cir. 2016) (internal quotations omitted). "To establish a claim for damages under § 1983 against municipal entities or local government bodies, the plaintiff must prove (1) the entity executed a policy or custom (2) that caused the plaintiff to suffer deprivation of constitutional or other federal rights." *Id.* (quotations omitted). We agree with the district court that Mr. Thompson has not alleged a Geary County policy or custom that caused his alleged Fourth Amendment violation. His conclusory allegation that Sheriff Wolf "had final

19

court relied on the clearly-established-law prong of the qualified immunity test and found that immunity applied because Mr. Thompson had identified no authority "holding that the Fourth Amendment is violated by the <u>specific</u> facts presented here."  R., Vol. II at 192.

We agree that qualified immunity applies under the second prong.  The district court in Mr. Thompson's criminal case determined that the law enforcement defendants relied in good faith on Judge Platt's wiretap orders in intercepting his text messages.  "[R]easonable person[s] in [their] position would not know that [their] actions violated the Fourth Amendment for the same reasons [that] establish the good faith defense to liability under [18 U.S.C. § 2520]."  *Frierson v. Goetz*, 99 F. App'x. 649, 654 (6th Cir. 2004).  Where, as here, "the requisites of the statutory good faith defense are met, then the standard for qualified immunity as a defense to Fourth Amendment violations is also satisfied."  *Kilgore v. Mitchell*, 623 F.2d 631, 633 (9th Cir. 1980) (footnote omitted); *see also* 18 U.S.C. 2520(d) (providing that good-faith reliance "is a complete defense against any civil or criminal action brought under this chapter *or any other law*" (emphasis added)).  The district court correctly dismissed Mr. Thompson's Fourth Amendment claims against the law enforcement defendants.

---

decsion [sic] making authority within [his] . . . department[ ]," ROA, Vol. I at 313, is insufficient.  *See Norton v. City of Marietta*, 432 F.3d 1145, 1155 (10th Cir. 2005).

3. **T-Mobile**

Mr. Thompson failed to allege T-Mobile engaged in state action.  He claimed

T-Mobile (1) received a wiretap order that did not cover text messages, (2) intercepted

those messages, and (3) disclosed them to the other defendants.  But the amended

complaint did not allege T-Mobile participated in procuring the wiretap order, obtained

aid from state officials, or performed acts attributable to the state.  Thus, Mr. Thompson

failed to allege T-Mobile's compliance with Judge Platt's order constitutes state action.

The district court correctly dismissed Mr. Thompson's Fourth Amendment claim against

T-Mobile.

### D. *Civil Conspiracy*[15]

"Allegations of conspiracy may . . . form the basis of a § 1983 claim."  *Tonkovich*

*v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998).  "[T]o recover under a § 1983

conspiracy theory, a plaintiff must plead and prove not only a conspiracy, but also an

actual deprivation of rights; pleading and proof of one without the other will be

---

[15] The amended complaint does not say whether this claim is predicated on § 1983
or Kansas law.  The claim fails under both.  To the extent Mr. Thompson is attempting to
assert a federal common-law conspiracy claim, courts generally construe such claims as
§ 1983 conspiracy claims, and we do the same.  *See Burdett v. Reynoso*, No. C-06-00720
JCS, 2007 WL 2429426, at *29 (N.D. Cal. Aug. 23, 2007) (finding common law
conspiracy claim properly construed as § 1983 claim and collecting authority recognizing
a § 1983 conspiracy claim), *aff'd*, 399 F. App'x 276 (9th Cir. 2010).  Mr. Thompson does
not appear to be advancing a § 1985(3) conspiracy claim, which "generally describes a
conspiracy of two or more persons for the purpose of depriving . . . another of equal
protection of the laws or equal privileges and immunities under the laws."  *Dixon v. City
of Lawton*, 898 F.2d 1443, 1447 (10th Cir. 1990).

insufficient." *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990).  Likewise, "[a] civil conspiracy is not actionable under Kansas law without commission of some wrong giving rise to a tortious cause of action independent of conspiracy." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1268 (10th Cir. 2005).

Mr. Thompson alleged that Chief Brown, Agent Virden, and Sheriff Wolf "knowingly conspired with one another to commit the substantive counts in th[e] complaint," ROA, Vol. I at 320, and that they knew or should have known the wiretap orders were unlawful.  The district court determined that Mr. Thompson's conspiracy claim failed because there was neither an underlying unlawful act nor sufficiently pled facts of a conspiracy.  We agree with the latter determination.

An actionable conspiracy "requires at least a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective." *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010); *see also Stoldt v. City of Toronto*, 678 P.2d 153, 161 (Kan. 1984) (stating elements of a civil conspiracy as: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds in the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof" (quotations omitted)).

"[A] plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants" because "conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Brooks*, 614 F.3d at 1228 (quotations omitted

and alterations incorporated).  Mr. Thompson's allegation of a conspiracy is conclusory.

It identifies no agreement among Chief Brown, Agent Virden, and Sheriff Wolf to work

together to achieve an unlawful objective.  *See, e.g.*, *Vieux v. E. Bay Reg'l Park Dist.*,

906 F.2d 1330, 1343 (9th Cir. 1990) (observing that "[a] civil conspiracy is a

combination of two or more persons who, by some concerted action, intend to

accomplish some unlawful objective for the purpose of harming another which results in

damage," and concluding that there was no evidence of an illegal objective despite

correspondence and discussions between the defendants).

The district court appropriately dismissed Mr. Thompson's civil conspiracy claim.

## III.  CONCLUSION

We affirm the district court's judgment in part, but we reverse and remand for

further proceedings on Mr. Thompson's statutory wiretap claims about the law

enforcement defendants' interception and disclosure of extra-territorial communications

and T-Mobile's interception and disclosure of text messages.  Also, we deny Mr.

Thompson's request for the assistance of appellate counsel, and we remind him to

continue making partial payments until the entire filing fee has been paid.[16]

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

---

[16] To the extent Mr. Thompson appeals the district court's order denying his Rule
59(e) motion, we affirm because the court did not abuse its discretion.

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
## OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Christopher M. Wolpert
Clerk of Court

June 3, 2020

Jane K. Castro
Chief Deputy Clerk



Mr. Timothy M. O'Brien
United States District Court for the District of Kansas
Office of the Clerk
444 Southeast Quincy, Room 490
U.S. Courthouse
Topeka, KS 66683


**RE:**  **19-3072, Thompson v. Virden, et al**
     Dist/Ag docket: 5:15-CV-03117-HLT-KGS


Dear Clerk:

Pursuant to Federal Rule of Appellate Procedure 41, the Tenth Circuit's mandate in the above-referenced appeal issued today. The court's May 12, 2020 judgment takes effect this date.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of the Court

cc:     Carrie Barney
        Toby Crouse
        Michael T. Hilgers
        Michael K. Seck
        Trenton Don Tanner
        Anthony Carlyle Thompson
        Eric V. Turner
        Jeannette Lynn Wolpink


CMW/sls

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Anthony Thompson,

                Plaintiff,

v.

Timothy Brown, *et al.,*

                Defendants.

Case No. 5:15-CV-03117

### DEFENDANT GLEN VIRDEN'S ANSWER

Defendant Glen Virden ("this defendant") for his answer to the Amended Complaint (Doc. 54) states as follows:

### *First Defense*

1.     Plaintiff asserts claims under K.S.A. § 22-2518 for alleged violation of the Kansas wiretap statutes and under 18 U.S.C. § 2520 for alleged violation of the federal Electronic Communications Privacy Act of 1986 ("ECPA"). In particular, Plaintiff alleges that the Eighth Judicial District, Kansas, District Court Judge David Platt acted beyond his jurisdiction in the issuing of a wiretap order pertaining in part to Plaintiff's communications not in or captured in Geary County ("Extra-territorial communications") and that all defendants knew or had reason to know that the order was invalid on its face. He further alleges that this defendant, in his personal capacity, along with others defendants unlawfully intercepted calls while Plaintiff was in his home and "then used [the intercepted]

private information in order to further there [sic] own personal agenda."

Collectively, these claims are referred to here as the "remanded claims."

2.      All other claims which Plaintiff asserted or attempted to assert in his

Amended Complaint against this defendant were dismissed on the merits by this

Court and the dismissals were thereafter affirmed by the United States Court of

Appeals, Tenth Circuit, in *Thompson v. Platt*, No. 19-3073, — Fed.Appx. — , 2020

WL 2394007 (May 12, 2020). Accordingly, Plaintiff cannot recover under the

dismissed claims.

*Second Defense*

3.      Plaintiff is not entitled to relief under the remanded claims because

this defendant acted in good faith reliance on a court order(s) authorizing the

interception of Plaintiff's wire or electronic communications.

*Third Defense*

4.      The applicable statutes of limitation bar recovery upon one or both

of the remanded claims.

*Fourth Defense*

5.      The allegations in paragraphs 1, 7, 8, 11, 21, 22, 23, 24, 25, 27, 28, 29,

32, 33, 34, 35, 37, 38, 39 & 40 are denied, except the Court has subject matter

jurisdiction under 28 U.S.C. § 1331, with supplemental jurisdiction over the state

law claim, at this time, under 28 U.S.C. § 1367.

6.      The allegations in paragraphs 2, 4, 5, 6, 12, 13, 14, 19, 30, 41, 42, 43 &

44 are either inapplicable to this defendant or pertain to claims which have been dismissed. Accordingly, no responsive pleading is required.

7.    The allegations in paragraphs 3 & 36 are admitted, with the exception that the official capacity claim has been dismissed.

8.    The allegations in paragraph 9 are admitted.

9.    Answering paragraphs 10 & 16, it is admitted that, on about the date stated in the first sentence, the Eighth Judicial District, Kansas, District Court Judge David Platt entered an order or orders which authorized interceptions of Plaintiff's wire and electronic communications, and that a federal court thereafter held K.S.A. § 22-2516(3) only authorized Judge Platt to enter an order authorizing the "interception of wire, oral, or electronic communications within [his] territorial jurisdiction," *i.e.,* in the four counties composing the Eighth Judicial District, and as a result found inadmissible thousands of the intercepted communications in criminal proceedings against Plaintiff; but the balance of the allegations in paragraphs 10 & 16 are denied.

10.    Answering paragraph 15, it is admitted that this defendant listened to some of the calls intercepted pursuant to Judge Platt's order(s) and possibly reviewed some texts also intercepted pursuant to the order(s), but the balance of the allegations in paragraph 15 are denied.

11.    The allegations in paragraph 17 are admitted, except this defendant denies any liability arising from the interception of Plaintiff's wire and electronic

communications.

12.     Answering paragraph 18, in the referenced appeal, Plaintiff challenged the constitutionality of 18 U.S.C. § 2703(d) and the government's use of CSLI to establish that particular tapped cellular communications had occurred while a tapped phone was located within the four counties comprising Kansas's Eighth Judicial District. The allegations in paragraph 18 that are inconsistent with this statement are denied.

13.     This defendant lacks sufficient knowledge and information to admit or deny the allegations the second paragraph 18.

14.     The allegations in paragraphs 20 & 31 attempt to state a pure legal conclusions to which no responsive pleading is required.

15.     It is admitted that this defendant disclosed contents of the communications intercepted pursuant to Judge Pratt's order as permitted by the Kansas wiretap statutes and the ECPA, otherwise the allegations in paragraph 26 are denied.

16.     All of the allegations in the Amended Complaint that are expressly admitted herein are denied.

*Fifth Defense*

17.     Alternatively, Plaintiff's damages are not of the nature and extend alleged and he is precluded from recovering damages for any mental or emotional injury he claims to have suffered while incarcerated.

4

THEREFORE Defendant Glen Virden requests the Court enter a judgment denying Plaintiff's claims, such other relief as the Court deems just and necessary, and for its costs.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT
s/ Arthur S. Chalmers
Arthur S. Chalmers, KS S. Ct. #11088
Assistant Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612
Ph: (785) 368-8426
Fax: (785) 291-3707
Email:  art.chalmers@ag.ks.gov
Attorneys for Defendant Virden

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of June 2020, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all those individuals currently electronically registered with the Court and further that a copy was mailed, via U.S. Mail, postage prepaid, also on the 11th day of June 2020 upon:

Anthony Thompson, No. 15318-031
Core Civic Detention Center
100 Highway Terrance
Leavenworth, Kansas 66048

*Plaintiff*

s/ Arthur S. Chalmers

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY THOMPSON                       )
                                       )
                    Plaintiff,         )
                                       )   Civil Action No. 5:15-cv-3117-HLT-GEB
v.                                     )
                                       )
TIMOTHY BROWN, et al.                  )
                                       )
                    Defendants         )

**<u>SEPARATE ANSWER OF DEFENDANT TIMOTHY BROWN</u>**

COMES NOW the Defendant, Timothy Brown, and for his Answer to Thompson's Amended Complaint states as follows:

1.      Paragraph 1 is denied.

2.      With regard to Paragraph 2, Brown admits that he is formerly the Chief of the Junction City Police Department.  All other allegations are denied.

3.      Defendant Brown is without sufficient knowledge or information to admit or deny the allegations in Paragraph 3.

4.      Defendant Brown is without sufficient knowledge or information to admit or deny the allegations in Paragraph 4.

5.      Defendant Brown is without sufficient knowledge or information to admit or deny the allegations in Paragraph 5.

6.      Defendant Brown is without sufficient knowledge or information to admit or deny the allegations in Paragraph 6.

7.      With regard to Paragraph 7, Defendant Brown admits that this Court has personal and subject matter jurisdiction but all other allegations are denied.

8.      With regard to Paragraph 8, Defendant Brown admits that this Court has subject matter jurisdiction over the state law claims.  All other allegations are denied.

9.      Paragraph 9 is admitted.

10.     With regard to Paragraph 10, Defendant Brown admits that on or about March 5, 2013 Judge Platt entered an Order which is a written document that speaks for itself and all other allegations inconsistent therewith are denied.  Defendant Brown also admits that a federal court held that the state statute only authorized Judge Platt to enter an Order in the counties composing the Eighth Judicial District.

11.     Paragraph 11 is denied as to Defendant Brown. Defendant Brown is without sufficient knowledge or information to admit or deny the remaining allegations.

12.     Paragraph 12 has no application to Defendant Brown and therefore a response is not necessary.  In the alternative, the allegation is denied.

13.     Paragraph 13 is denied as to Defendant Brown.  Defendant Brown is without sufficient knowledge or information to admit or deny the remaining allegations.

14.     Paragraph 14 is denied as to Defendant Brown.  Defendant Brown is without sufficient knowledge or information to admit or deny the remaining allegations.

15.     Paragraph 15 is denied as to Defendant Brown.  Defendant Brown is without sufficient knowledge or information to admit or deny the remaining allegations.

16.     With regard to Paragraph 16, the District Court's Order is a written document that speaks for itself and all other allegations inconsistent therewith are denied.

17.     Defendant Brown is without sufficient knowledge or information to admit or deny the allegations in Paragraph 17.

18.     With regard to Thompson's first Paragraph 18, his appeal is a written document that speaks for itself and all allegations inconsistent therewith are denied.

19.     Defendant Brown is without sufficient knowledge or information to admit or deny the allegations in the second Paragraph 18.

20.     With regard to Paragraph 19, Judge Crabtree's Order is a written document that speaks for itself and all allegations inconsistent therewith are denied.  All other allegations are denied.

21.     Paragraph 20 is not a statement of fact to which an answer is required.

22.     Paragraph 21 is denied as to Defendant Brown. Defendant Brown is without sufficient knowledge or information to admit or deny the remaining allegations.

23.     Paragraph 22 is denied as to Defendant Brown. Defendant Brown is without sufficient knowledge or information to admit or deny the remaining allegations.

24.     Paragraph 23 is denied as to Defendant Brown. Defendant Brown is without sufficient knowledge or information to admit or deny the remaining allegations.

25.     Paragraph 24 is denied.

26.     Paragraph 25 is denied.

27.     Paragraph 26 is denied.

28.     Paragraph 27 is denied.

29.     Paragraph 28 is denied.

30.     Paragraph 29 is denied as to Defendant Brown. Defendant Brown is without sufficient knowledge or information to admit or deny the remaining allegations.

31.     Paragraph 30 is denied.

32.     Paragraph 31 is not a statement of fact to which an answer is required.

33.      Paragraph 32 is denied as to Defendant Brown. Defendant Brown is without sufficient knowledge or information to admit or deny the remaining allegations.

34.      Paragraph 33 is denied as to Defendant Brown. Defendant Brown is without sufficient knowledge or information to admit or deny the remaining allegations.

35.      Paragraph 34 is denied as to Defendant Brown. Defendant Brown is without sufficient knowledge or information to admit or deny the remaining allegations.

36.      Paragraph 35 is denied.

37.      Paragraph 36 is denied as to Defendant Brown. Defendant Brown is without sufficient knowledge or information to admit or deny the remaining allegations.

38.      Paragraph 37 is denied.

39.      Paragraph 38 is denied.

40.      Paragraph 39 is denied.

41.      Paragraph 40 is denied.

42.      The Claim in Paragraph 41 has been dismissed and, therefore, no answer is required.  In the alternative, this allegation is denied.

43.      The Claim in Paragraphs 42, 43 and 44 has been dismissed and, therefore, no answer is required.  In the alternative, they are denied.

44.      Further answering, Defendant Brown denies each and every allegation not specifically admitted herein.

45.      Further answering, Defendant Brown asserts that Thompson is not entitled to any relief as to those claims previously dismissed by the Tenth Circuit and/or the District Court.

46.      Further answering, Defendant Brown asserts that he acted in good faith and that Thompson's remaining claims are barred as a matter of law.

47.    Further answering, Defendant Brown denies that he had personal involvement in any alleged violation of Thompson's rights.

48.    Further answering, Defendant Brown denies that Thompson has suffered any damage from any alleged violation.

49.    Further answering, Defendant Brown asserts that Thompson's remaining claims are barred by the applicable statute of limitations.

50.    Further answering, Defendant Brown alleges that Thompson fails to state a claim upon which relief may be granted.

51.    Further answering, Defendant Brown asserts that he is entitled to qualified immunity and/or immunity under common law, the United States Constitution, and the applicable Kansas statutes.

52.    Further answering, Defendant Brown reserves the right to assert any additional defenses revealed during the course of discovery.

WHEREFORE, having fully answered Thompson's Amended Complaint, Defendant Brown prays that Thompson take nothing by his action, for Brown's costs and attorneys' fees and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

FISHER, PATTERSON, SAYLER & SMITH, LLP

  /s/ Michael K. Seck
Michael K. Seck, #11393
51 Corporate Woods, Suite 300
9393 West 110th Street
Overland Park, Kansas 66210
913.339.6757/Fax : 913.339.6187
mseck@fisherpatterson.com
**ATTORNEY FOR DEFENDANT
TIMOTHY BROWN**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of June 2020, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all those individuals currently electronically registered with the Court and further that a copy was mailed, via U.S. Mail, postage prepaid, also on the 30th day of June 2020 upon:

Anthony Thompson, No. 15318-031
Core Civic Detention Center
100 Highway Terrance
Leavenworth, Kansas 66048
*Plaintiff*

  /s/  Michael K. Seck
Michael K. Seck, #11393

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANTHONY THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-3117-HLT-GEB |
| | ) | |
| v. | ) | |
| | ) | |
| GLEN F. VIRDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER OF DEFENDANT TONY WOLF

This Answer is filed on behalf of Defendant Tony Wolf, who denies each and every allegation contained in the Amended Complaint, ECF No. 71, unless specifically admitted.

Further, Wolf states in response to each allegation:

<u>Parties</u>

1. Paragraph 1 is denied.

2. Paragraph 2 does not apply to Wolf, so he lacks knowledge or information sufficient to form a belief about the truth of the allegation.

3. Paragraph 3 does not apply to Wolf, so he lacks knowledge or information sufficient to form a belief about the truth of the allegation.

4. Paragraph 4 does not apply to Wolf, so he lacks knowledge or information sufficient to form a belief about the truth of the allegation.

5. Paragraph 5 is admitted that Tony Wolf is the former Geary County Sheriff and is being sued, but the remaining allegations are denied. All Section 1983 civil rights claims against Wolf in both his individual and official capacities have been dismissed. ECF No. 111 at 11-12; ECF No. 145 at 17-23 (affirming dismissal).

702599

6. Paragraph 6 does not apply to Wolf, so he lacks knowledge or information sufficient to form a belief about the truth of the allegation.

Jurisdiction and Venue

7. Paragraph 7 pertains to claims that have been dismissed and is therefore denied.

8. Paragraph 8 is admitted that jurisdiction is proper in this Court, at this time, but the remaining allegations are denied. Wolf reserves the right to deny the Court's supplemental jurisdiction over the state-law wiretap claim if it becomes the only remaining claim.

9. Paragraph 9 is admitted.

10. Paragraph 10 is admitted that on March 5, 2013, Judge Platt entered an order authorizing the interception of wire communications of the plaintiff, and that the order stated that "in the event that the target telephone is transferred outside the territorial jurisdiction of this court, interceptions may take place in any other jurisdiction within the United States." Paragraph 10 is admitted that K.S.A. 22-2516(3) allows a judge to authorize interceptions "within the territorial jurisdiction of such judge" and that 18 U.S.C. § 2518(3) allows a judge to authorize interceptions "within the territorial jurisdiction of the court in which the judge is sitting." The remaining allegations are denied.

11. Paragraph 11 is admitted that Wolf added his signature on a copy of the wiretap order on March 6, 2013, but the remaining allegations are denied. Wolf lacks knowledge or information sufficient to form a belief about the truth of the allegations about other defendants.

12. Paragraph 12 does not apply to Wolf, so he lacks knowledge or information sufficient to form a belief about the truth of the allegation.

13. The allegations in Paragraph 13 pertain to claims that have been dismissed. Accordingly, no response is required. In the alternative, the allegations are denied.

2

14. The allegations in Paragraph 14 pertain to claims that have been dismissed. Accordingly, no response is required. In the alternative, the allegations are denied.

15. The allegations in Paragraph 15 are denied.

16. Paragraph 16 is admitted that the federal district court suppressed nearly 60,000 communications from Thompson's criminal trial because that federal district court judge determined in Thompson's subsequent criminal trial that Judge Pratt lacked jurisdiction to authorize interceptions that happened to occur outside of the territorial limits of Kansas' Eighth Judicial District. The remaining allegations are denied.

17. Paragraph 17 is admitted that the Amended Complaint limits the claims to communications identified in the federal court's suppression order in Thompson's criminal proceedings. Wolf denies any liability arising from the interception of Thompson's communications. The remaining allegations are denied.

18. Paragraph 18 is not an allegation of fact that requires a response. Therefore, it is denied. The second paragraph identified as Paragraph 18 does not apply to Wolf, so he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

19. The allegations in Paragraph 19 pertain to claims that have been dismissed. Accordingly, no response is required. In the alternative, the allegations are denied.

Count I: Violation of the Kansas Wiretap Statute

20. Paragraph 20 states a legal conclusion that does not require a response. And it is denied.

21. The allegations in Paragraph 21 are denied.

22. The allegations in Paragraph 22 are denied.

23. The allegations in Paragraph 23 are denied.

24. The allegations in Paragraph 24 are denied.

25. The allegations in Paragraph 25 are denied.

3

26. The allegations in Paragraph 26 are denied.

27. The allegations in Paragraph 27 are denied.

28. The allegations in Paragraph 28 are denied.

29. The allegations in Paragraph 29 are denied.

30. The allegations in Paragraph 30 are denied.

<u>Count II: Violation of Federal Wiretap Statute</u>

31. Paragraph 31 states a legal conclusion that does not require a response. And it is denied.

32. The allegations in Paragraph 32 are denied.

33. The allegations in Paragraph 33 are denied.

34. The allegations in Paragraph 34 are denied.

35. The allegations in Paragraph 35 are denied.

36. Paragraph 36 is admitted in that Wolf is a "person" as defined by <u>18 U.S.C. § 2510(6)</u>. The remaining allegations do not apply to Wolf, so he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

37. The allegations in Paragraph 37 are denied.

38. The allegations in Paragraph 38 are denied.

39. The allegations in Paragraph 39 are denied.

40. The allegations in Paragraph 40 are denied.

<u>Count III: Violation of Fourth Amendment</u>

41. The allegations in Paragraph 41 pertain to a claim that has been dismissed. Accordingly, no response is required. In the alternative, the allegations are denied.

<u>Count IV: Conspiracy to Commit the Substantive Counts</u>

42. The allegations in Paragraph 42 pertain to a claim that has been dismissed. Accordingly, no response is required. In the alternative, the allegations are denied.

4

43. The allegations in Paragraph 43 pertain to a claim that has been dismissed. Accordingly, no response is required. In the alternative, the allegations are denied.

44. The allegations in Paragraph 44 pertain to a claim that has been dismissed. Accordingly, no response is required. In the alternative, the allegations are denied.

## AFFIRMATIVE DEFENSES

1. Wolf did not violate state or federal wiretap laws.

2. Wolf had a good-faith reliance on a court order and is entitled to statutory good-faith defenses in K.S.A. 22-2518(2) and 18 U.S.C. § 2520(d).

3. One or both of the remaining claims are barred by claim preclusion or issue preclusion.

4. One or both of the remaining claims are barred by the applicable statute of limitations.

5. Wolf is entitled to qualified immunity. Wolf also is entitled to immunity under the common law, the United States Constitution, and Kansas law.

6. The Amended Complaint fails to state a claim upon which relief may be granted.

7. This Court lacks subject-matter jurisdiction over the state-law claim.

8. Thompson's damages are not of the nature and extent alleged, and he has no actual damages.

9. Thompson's damages, if any, were not caused by Wolf's conduct.

10. Wolf reserves the right to assert other or further affirmative defenses.

Having fully answered Thompson's Amended Complaint, Defendant Tony Wolf respectfully requests this Court enter an Order dismissing the Amended Complaint with prejudice, granting Thompson nothing, awarding Wolf his costs incurred, and granting him such other relief as the Court deems just and proper.

5

702599

Respectfully submitted,

FOULSTON SIEFKIN LLP

By:  _____/s/ Eric Turner_____

Eric Turner, #25065
9225 Indian Creek Parkway, Suite 600
Overland Park, KS 66210-2000
Telephone:  (913) 498-2100
Facsimile:   (913) 498-2101
Email: eturner@foulston.com

*and*

CROUSE LLC

Toby Crouse, #20030
11814 Antioch, No. 253
Overland Park, Kansas 66210
Phone: 913.957.6832
Email: tcrouse@crousellc.com

ATTORNEYS FOR DEFENDANT
GEARY COUNTY SHERIFF TONY WOLF

## CERTIFICATE OF SERVICE

I certify that on June 30, 2020, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all counsel currently electronically registered with the Court and mailed, via U.S. Mail, postage prepaid, a copy of the same to:

Anthony Thompson, No. 15318-031
Leavenworth Detention Center
100 Highway Terrace
Leavenworth, KS 66048

*Pro Se Plaintiff*

/s/ Eric Turner_____
ATTORNEY FOR DEFENDANT
SHERIFF TONY WOLF

6

702599

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANTHONY THOMPSON #15318-031, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:15-CV-3117-HLT-GEB |
| | ) | |
| T-MOBILE USA, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT T-MOBILE USA INC'S ANSWER IN RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT

Comes now Defendant T-Mobile USA, Inc. ("T-Mobile"), and hereby files its Answer in response to Plaintiff Anthony Thompson's Amended Complaint, Doc. No. 71 (the "Complaint").

### PARTIES

1.     T-Mobile admits that Plaintiff Anthony Thompson is an individual who was the subject of a wiretap order in which T-Mobile participated. The remaining allegations in Paragraph 1 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, T-Mobile denies the same.

2.     Paragraph 2 of the Complaint relates to a party other than T-Mobile. Therefore, T-Mobile lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

3.     Paragraph 3 of the Complaint relates to a party other than T-Mobile. Therefore, T-Mobile lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

4.    Paragraph 4 of the Complaint relates to a party other than T-Mobile. Therefore, T-Mobile lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

5.    Paragraph 5 of the Complaint relates to a party other than T-Mobile. Therefore, T-Mobile lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

6.    T-Mobile admits that it is an electronic communications services provider.

### JURISDICTION AND VENUE

7.    Plaintiff's claim under 42 U.S.C. § 1983 has been dismissed. *See* Doc. No. 111; *Thompson v. Platt*, No. 19-3072, 2020 WL 2394007, at \*9 (10th Cir. May 12, 2020). Accordingly, T-Mobile denies that this Court has jurisdiction pursuant to § 1983.

8.    T-Mobile admits this Court possesses subject matter jurisdiction over Plaintiff's claim alleging violations of the Federal Wiretap Statute pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Defendant's claim concerning the Kansas Wiretap Statute pursuant to 28 U.S.C. § 1367. T-Mobile denies that any events have occurred that would give rise to the causes of action in the Complaint and denies any remaining allegations of paragraph 8.

9.    T-Mobile admits that venue is proper in this Court but denies that any events have occurred that would give rise to the causes of action in the Complaint.

## FACTUAL ALLEGATIONS

10.     T-Mobile admits that on March 5, 2013, Judge Platt issued a wiretap order authorizing the interception of certain communications to and from Plaintiff's cellphone. T-Mobile lacks information sufficient to form a belief as to the allegations regarding Judge Platt's knowledge regarding the propriety of the order and therefore denies the same. T-Mobile admits that in his criminal proceeding, the United States District Court for the District of Kansas suppressed certain communications intercepted beyond Judge Platt's territorial jurisdiction. The remainder of the allegations in Paragraph 10 constitute conclusions of law to which no response is required. To the extent a response is required, T-Mobile denies the same.

11.     The allegations in Paragraph 11 of the Complaint relate to parties other than T-Mobile. Therefore, T-Mobile lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, several allegations in Paragraph 11 constitute conclusions of law to which no response is required. To the extent a response is required, T-Mobile denies the same.

12.     T-Mobile admits that it is an electronic communications services provider that regularly conducts business within this District. T-Mobile admits that it received a wiretap order from law enforcement in or around March 2013 authorizing the interception of communications to and from Plaintiff's T-Mobile registered cellphone. Upon information and belief, T-Mobile was authorized to provide law enforcement intercepted electronic communications to and from Plaintiff's cellphone. T-Mobile denies that it violated the Plaintiff's rights under

3

federal or state wiretap statutes and denies that its conduct resulted in improper execution of the wiretap order. T-Mobile lacks information sufficient to form a belief as to the truth of the allegations regarding the nature of the intercepted text messages and therefore denies the same. The remainder of the allegations in Paragraph 12 constitute conclusions of law to which no response is required. To the extent a response is required, T-Mobile denies the same. T-Mobile denies any remaining allegations in Paragraph 12.

13.    T-Mobile admits that Judge Platt issued an order clarifying that certain wiretap orders he had previously issued, including to Verizon, were intended to encompass electronic communications. The remaining allegations in Paragraph 13 of the Complaint relate to parties other than T-Mobile. Therefore, T-Mobile lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

14.    The allegations in Paragraph 14 of the Complaint relate to parties other than T-Mobile. Therefore, T-Mobile lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, some allegations in Paragraph 14 constitute conclusions of law to which no response is required. To the extent a response is required, T-Mobile denies the same.

15.    The allegations in Paragraph 15 of the Complaint relate to parties other than T-Mobile. Therefore, T-Mobile lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, some

allegations in Paragraph 15 constitute conclusions of law to which no response is required. To the extent a response is required, T-Mobile denies the same.

16.     The allegations in Paragraph 16 of the Complaint relate to parties other than T-Mobile. Therefore, T-Mobile lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, some allegations in Paragraph 16 constitute conclusions of law to which no response is required. To the extent a response is required, T-Mobile denies the same.

17.     T-Mobile denies that it is liable for illegal communications from the Federal Court's suppression order. T-Mobile denies the remainder, if any, of the allegations in Paragraph 17.

18.     The Complaint contains two paragraphs numbered 18. With regard to the first Paragraph 18, T-Mobile was not a party to Plaintiff's direct appeal. Accordingly, T-Mobile lacks information sufficient to form a belief as to the truth of the allegations in the first Paragraph 18 of the Complaint and therefore denies the same.

18.     The Complaint contains two paragraphs numbered 18. The allegations in the second Paragraph 18 of the Complaint relate to parties other than T-Mobile. Therefore, T-Mobile lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Nevertheless, upon information and belief, T-Mobile alleges that Plaintiff became aware of the wiretap order before June 4, 2013.

19.     The allegations in Paragraph 19 of the Complaint relate to parties other than T-Mobile. Therefore, T-Mobile lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

## COUNT I (VIOLATION OF KANSAS WIRETAP STATUTE)

20.     The allegations in Paragraph 20 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, T-Mobile denies the same.

21.     T-Mobile denies the allegations in Paragraph 21 of the Complaint.

22.     T-Mobile denies the allegations in Paragraph 22 of the Complaint.

23.     The allegations contained in Paragraph 23 of the Complaint relate to parties other than T-Mobile. Therefore, T-Mobile lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same. In addition, the allegations in Paragraph 23 constitute legal conclusions to which no answer is required. To the extent a response is required, T-Mobile denies the same.

24.     The allegations in Paragraph 24 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, T-Mobile denies the same.

25.     The allegations in Paragraph 25 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, T-Mobile denies the same.

26.     T-Mobile admits that it disclosed communications to and from the Plaintiff's cellphone to law enforcement authorities. T-Mobile denies all other

allegations contained in Paragraph 26 of the Complaint to the extent they relate to T-Mobile.

27.     T-Mobile denies the allegations in Paragraph 27 of the Complaint.

28.     T-Mobile denies the allegations in Paragraph 28 of the Complaint.

29.     The allegations in Paragraph 29 of the Complaint constitute conclusions of law to which no response is required. In addition, the allegations contained in Paragraph 29 of the Complaint relate to parties other than T-Mobile. Therefore, T-Mobile lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

30.     The allegations in Paragraph 30 of the Complaint constitute conclusions of law to which no response is required. In addition, the allegations contained in Paragraph 30 of the Complaint relate to parties other than T-Mobile. Therefore, T-Mobile lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

### COUNT II (VIOLATION OF FEDERAL WIRETAP STATUTE)

31.     The allegations in Paragraph 31 of the Complaint constitute conclusions of law to which no response is required.

32.     T-Mobile denies the allegations in Paragraph 32 of the Complaint.

33.     T-Mobile denies the allegations in Paragraph 33 of the Complaint.

34.     T-Mobile denies the allegations in Paragraph 34 of the Complaint.

35.     The allegations in Paragraph 35 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, T-Mobile denies the same.

36.     The allegations in Paragraph 36 of the Complaint constitute conclusions of law to which no response is required.

37.     The allegations in Paragraph 36 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, T-Mobile denies the same.

38.     T-Mobile denies the allegations in Paragraph 38 of the Complaint.

39.     T-Mobile denies the allegations in Paragraph 39 of the Complaint.

40.     T-Mobile denies the allegations in Paragraph 40 of the Complaint.

### COUNT III (VIOLATION OF FOURTH AMENDMENT)

41.     This claim has been dismissed. *See* Doc. No. 111; *Thompson v.* Platt, No. 19-3072, 2020 WL 2394007, at *9 (10th Cir. May 12, 2020). Accordingly, T-Mobile is not required to respond to the allegations in this paragraph. To the extent a response is required, T-Mobile denies the same.

### COUNT IV (CONSPIRACY TO COMMIT THE SUBSTANTIVE COUNTS)

42.     This claim has been dismissed. *See* Doc. No. 111; *Thompson v.* Platt, No. 19-3072, 2020 WL 2394007, at *10 (10th Cir. May 12, 2020). Furthermore, the allegations in this count relate to parties other than T-Mobile. Accordingly, T-Mobile is not required to respond to the allegations in this paragraph. To the extent a response is required, T-Mobile denies the same.

8

43.     This claim has been dismissed. *See* Doc. No. 111; *Thompson v.* Platt, No. 19-3072, 2020 WL 2394007, at *10 (10th Cir. May 12, 2020). Furthermore, the allegations in this count relate to parties other than T-Mobile. Accordingly, T-Mobile is not required to respond to the allegations in this paragraph. To the extent a response is required, T-Mobile denies the same.

44.     This claim has been dismissed. *See* Doc. No. 111; *Thompson v.* Platt, No. 19-3072, 2020 WL 2394007, at *10 (10th Cir. May 12, 2020). Furthermore, the allegations in this count relate to parties other than T-Mobile. Accordingly, T-Mobile is not required to respond to the allegations in this paragraph. To the extent a response is required, T-Mobile denies the same.

## PRAYER FOR RELIEF

T-Mobile denies that Plaintiff is entitled to any relief, requested or otherwise, from T-Mobile or arising from the actions of T-Mobile, including without limitation his request for statutory and punitive damages, attorney fees and court costs.

## DEMAND FOR JURY TRIAL

T-Mobile hereby requests a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

T-Mobile denies any allegations in the Complaint not specifically admitted above. T-Mobile's current Affirmative Defenses are listed below. T-Mobile reserves the right to amend this Answer to assert additional Affirmative Defenses consistent with the law and the facts discovered during the course of this litigation.

1.     When providing Judge Platt's March 5, 2013 wiretap order to T-Mobile, law enforcement instructed T-Mobile to disclose text messages. It was also objectively

9

reasonable for T-Mobile to disclose Plaintiff's text messages in response to the wiretap order in light of the ambiguous nature of the wiretap order and the then-prevailing technological constraints, standards, and practices relating to the interception of wire and electronic communications. Therefore, Plaintiff is not entitled to relief under the federal or state wiretap claims because T-Mobile acted in good faith reliance on a court order(s) authorizing the interception of Plaintiff's communications. *See* 18 U.S.C. § 2520(d); Kan. Stat. Ann. § 22-2518(2).

2.     Plaintiff's is not entitled to relief, and his claims should be dismissed under the federal or state wiretap claims, because T-Mobile disclosed Plaintiff's communications to law enforcement "in accordance with the terms of a court order." 18 U.S.C. § 2511(2)(a)(ii).

3.     Plaintiff filed suit on May 14, 2015. *See* Doc. No. 1. T-Mobile was not served with Plaintiff's original complaint until October 9, 2017. By no later than May 9, 2013, when he was arrested and made his first appearance on various drug charges in Geary County district court, Plaintiff knew, or at least had a reasonable opportunity to discover, that his text messages had been disclosed to law enforcement pursuant to the wiretap order. Therefore, Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

4.     Plaintiff has failed to state a claim for which relief may be granted.

5.     In his criminal litigation before this Court, *see United States v. Banks et al.*, Case No. 13-CR-40060 (D. Kansas), Judge Crabtree found that it was objectively reasonable for the Kansas law enforcement officials to seek text messages from T-

Mobile pursuant to the March 5, 2013 wiretap order. Therefore, Plaintiff's claims are barred, in whole or in part, under the doctrines of issue preclusion and/or claim preclusion.

6.    The absence of damages to Plaintiff bars Plaintiff's claims in whole or in part.

Dated: June 30, 2020          Respectfully submitted,

/s/ J. Phillip  Gragson
J. Phillip Gragson, #16103
Amanda S. Vogelsberg, #23360
Henson, Hutton, Mudrick & Gragson, LLP
3649 SW Burlingame Rd., Ste. 200
Topeka, KS  66611-2155
785.232.2200 (phone); 785.232.3344 (fax)
jpgragson@hhmglaw.com
avogelsberg@hhmglaw.com

Michael T. Hilgers #24483
Trenton D. Tanner #26660
HILGERS GRABEN PLLC
575 Fallbrook Blvd., Suite 202
Lincoln, Nebraska 68521
Telephone:   (402) 218-2103
Facsimile:    (402) 413-1880
mhilgers@hilgersgraben.com
ttanner@hilgersgraben.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2020 a true and correct copy of the foregoing pleading was electronically filed with the Clerk of the U.S. District Court for the District of Kansas, and a service copy was served via electronic filing on the following:

Michael J. Shultz
Shultz Law Office
michael@shultzlaw.net
*Attorney for Plaintiff*

Carrie A. Barney
Arthur S. Chalmers
Office of Attorney General Derek Schmidt
Carrie.barney@ag.ks.gov
Art.chalmers@ag.ks.gov
*Attorneys for Defendant Virden*

Michael K. Seck
Fisher, Patterson, Sayler & Smith, LLP
mseck@fisherpatterson.com
*Attorney for Defendant Brown*

Eric Turner
Foulston Siefkin LLP
eturner@foulston.com
Toby Crouse
Crouse, LLC
tcrouse@crousellc.com
*Attorneys for Defendant Wolf*

/s/ J. Phillip Gragson
J. Phillip Gragson, #16103

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ALBERT DEWAYNE BANKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 15-3093-HLT-GEB** |
| ) | |
| **STEVEN L. OPAT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| —————————————————————) | |
| ) | |
| **ANTHONY THOMPSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 15-3117-HLT-GEB** |
| ) | |
| **DAVID L. PLATT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| —————————————————————) | |

### ORDER OF CONSOLIDATION FOR DISCOVERY PURPOSES;
### ORDER APPOINTING COUNSEL; and
### ORDER RESCHEDULING STATUS CONFERENCE

A status conference was conducted in each of the above cases on June 16, 2020,

with U.S. Magistrate Judge Gwynne E. Birzer.  In Case No. 15-3093-HLT-GEB, Plaintiff

Albert Dewayne Banks appeared pro se.  Defendant Glen Virden appeared through

counsel, Arthur Chalmers. Defendant Sprint/Nextel Wireless Telephone Company

appeared through counsel, Jay Heidrick. Defendant Timothy Brown appeared through

counsel, Michael Seck.  In Case No. 15-3117-HLT-GEB, Plaintiff Anthony Thompson

appeared pro se. Defendant Glen Virden appeared through counsel, Arthur Chalmers.

1

Defendant T-Mobile U.S.A. appeared through counsel, James Gragson and Trenton Tanner. Defendant Timothy Brown appeared by counsel, Michael Seck.

During the conferences, the Court recognized the similarities of the issues of law and fact in both cases and discussed possible consolidation with the parties. The Court further recognized Plaintiffs Albert Dewayne Banks and Anthony Thompson's initial requests for appointment of counsel were denied without prejudice. Even though Plaintiffs have been able to navigate through the various stages of litigation on their own, the cases have now progressed to a point where it is appropriate for the Court to reconsider appointment of counsel and address the issue of consolidation.

### A.   <u>Consolidation</u>

<u>Fed. R. Civ. P. 42(a)</u> permits the Court to consolidate actions which "involve a common question of law or fact." It is within the Court's discretion to "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."[1] The Court may order consolidation on a motion by a party or on its own initiative:

> The decision whether to consolidate such actions is left to the sound discretion of the trial court. In appropriate circumstances, a court can consolidate cases before it *sua sponte*… The primary consideration for the court is to consolidate the cases when it promotes judicial efficiency without unduly prejudicing a party.[2]

---

[1] <u>Fed. R. Civ. P. 42(a)(1)</u>-(3); *Frederick v. S. Star Cent. Gas Pipeline, Inc*., No. CIV. 10-1063-JAR, <u>2010 WL 4386911</u>, at *2 (D. Kan. Oct. 29, 2010) (citing *Shump v. Balka*, <u>574 F.2d 1341, 1344</u> (10th Cir. 1978)).
[2] *Munjak v. Signator Investors, Inc.*, No. 02-2108-CM, <u>2003 WL 23506989</u>, at *1 (D. Kan. Dec. 10, 2003) (internal citations omitted).

The Court finds common issues of law and fact exist warranting consolidation of the cases for discovery. Both Plaintiffs allege 42 U.S.C. §1983 violations and violations of Kansas and federal wiretap statutes, including unlawful authorization of wiretap communications and illegal endorsements of signatures on the wiretaps.[3] Additionally, the relief sought is similar in both cases.[4] Further, the cases have progressed at the same pace, and were subjected to identical rulings including through the appellate process.[5] And, the parties have yet to engage in any discovery.

The Court therefore finds consolidation of the two cases for discovery purposes will promote judicial efficiency without unduly delaying either case or prejudicing any party.[6] Finally, the Court notes even "when two cases are consolidated for purposes of convenience and administrative economy, the two cases retain their individual identities," and it "does not change the rights of the parties."[7]

**IT IS THEREFORE ORDERED** that *Banks v. Opat, et al*., Case No. 15-3093-HLT-GEB, and *Thompson v. Platt, et al*., Case No. 15-3117-HLT-GEB, are consolidated

---

[3] *See generally* Amended Complaint, ECF No. 74 (Case No. 15-3093); Amended Complaint, ECF No. 71 (Case No. 15-3117). *See also, e.g., Schone v. Auto. Club Inter-Ins. Exch*., No. 14-2156-KGS, 2014 WL 11485716, at *2 (D. Kan. July 31, 2014) (ordering consolidation for discovery purposes where cases arose out of the same events).

[4] *See generally* Amended Complaint, ECF No. 74 (Case No. 15-3093); Amended Complaint, ECF No. 71 (Case No. 15-3117). *See also, e.g., Schone*, 2014 WL 11485716, at *1-2 (ordering consolidation for discovery purposes where the relief sought in both cases was similar).

[5] *Thompson v. Platt*, No. 19-3072, 2020 WL 2394007 (10th Cir. May 12, 2020); *Banks v. Opat*, No. 19-3073, 2020 WL 2394008 (10th Cir. May 12, 2020).

[6] In considering judicial efficiency for consolidation purposes, the Court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause. *Schone*, 2014 WL 11485716, at *1 (citing *C.T. v. Liberal Sch. Dist*., 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008)).

[7] *Frederick*, 2010 WL 4386911, at *2.

3

for discovery purposes. Case No. 15-3093-HLT-GEB is designated as the lead case.  All future pretrial non-dispositive filings shall be made in the lead case bearing a consolidated case caption.

The Court intends to set a status conference to discuss dispositive motions, future scheduling, and the feasibility of continued consolidation after the close of discovery.

### B.       Appointment of Counsel

Since the inception of both cases, Plaintiffs have proceeded in their respective cases pro se. Both Plaintiffs have previously requested counsel on numerous occasions—collectively at least six motions between them—but those requests were denied without prejudice for various reasons, including pending the outcome of Rule 12 motion practice.[8] Such prior motions have been resolved through decisions by both judges of this Court and through subsequent appeals to the Tenth Circuit.  The Tenth Circuit has remanded some issues for further proceedings in this Court; and accordingly, both Plaintiffs have renewed their separate motions for appointment of counsel. (*See* Motion, ECF No. 150 in No. 15-3093-HLT-GEB; and Motion, ECF No. 156 in No. 15-3117-HLT-GEB.)

When evaluating whether to appoint counsel, the Court considers multiple factors, such as (1) the litigant's financial ability to pay an attorney; (2) the litigant's diligence in attempting to secure an attorney; (3) the merits of the litigant's claims, including the nature

---

[8] *See, e.g.*, Motion (ECF No. 40; Order, ECF No. 45; Motion, ECF No. 96; Order, ECF No. 97; Motion, ECF No. 150) in Case No. 15-3093-HLT-GEB.  *See also* Motion (ECF No. 27), Order (ECF No. 35); Motion (ECF No. 39); Order (ECF No. 61); Motion (ECF No. 77); Order (ECF No. 82); Motion (ECF No. 114); Order (ECF No. 121); Motion (ECF No. 156) in Case No. 15-3117-HLT-GEB.

and complexity of those claims; and (4) the litigant's ability to present his claims.[9]  The Court has an obligation not to make indiscriminate appointments on every occasion a Plaintiff seeks court-ordered counsel,[10] particularly in light of the expanding federal dockets, increased filings by pro se parties, and decreasing number of attorneys willing to accept appointments.[11]

In these cases, the Court after a careful analysis is satisfied all factors outlined above are met and appointment of counsel at this stage of litigation is warranted for the limited purposes stated herein.  First, given the Plaintiffs' incarceration, the Court finds it would be difficult for either of them to afford an attorney given their lack of monthly income and other assets.  Second, it stands without reason Plaintiffs have specific challenges regarding the traditional ways of attempting to secure counsel.  Third, it appears to the Court this litigation has become more complex, particularly in light of the ruling of the Tenth Circuit remanding the case for specific purposes and the current posture of the case, including the anticipated dispositive motion practice as discussed by the parties during the June 16, 2020 conference.  And fourth, Plaintiffs each express challenges to presenting their claims in a meaningful manner.  Both Plaintiffs have limited ability to conduct research and propound discovery due to curtailed access to the prison's law library, telephone and internet services. Finally, given the Order above regarding consolidation, the cases will be easier

---

[9] *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-21 (10th Cir. 1992).

[10] *Wheeler v. Wichita Police Dept.*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).

[11] *Camick v. Holladay*, No. 17-1110-EFM-GEB, 2017 WL 4099472, at *2 (D. Kan. Sept. 14, 2017).

to manage by one attorney and this should provide Plaintiffs the access to justice they have

requested.

Therefore, the Court provisionally appoints **Michael J. Shultz**, a member in good

standing of the bar of this Court, to represent both Plaintiffs for the limited purpose of

assisting them through discovery and dispositive motion practice. Mr. Shultz is appointed

pursuant to 28 U.S.C. § 1915(e) and may be reimbursed for his out-of-pocket expenses

allowed under D. Kan. Rule 83.5.3(f)(1). His contact information is:

> Michael J. Shultz
> Shultz Law Office, P.A.
> 445 N. Waco St.
> Wichita, KS 67202
> Phone: (316) 269-2284
> Fax (316) 269-2011

Mr. Shultz is expected to participate in the follow-up Scheduling Conference.  Such

conference was previously set for July 28, 2020, but due to a calendaring conflict must be

**rescheduled to August 13, 2020 at 1:30 p.m.** by Zoom videoconference before the

undersigned U.S. Magistrate Judge.  All participants will receive an email invitation prior

to the scheduled hearing.  Mr. Shultz's progress to date will be discussed, as well as setting

a schedule for this case, including a dispositive briefing schedule.

**IT IS THEREFORE ORDERED** that Plaintiffs' separate motions for appointment

of counsel are GRANTED. (Motion, **ECF No. 150** in No. 15-3093-HLT-GEB; and Motion,

**ECF No. 156** in No. 15-3117-HLT-GEB.)  **Michael J. Shultz**, a member in good standing

of the bar of this Court, is hereby appointed to represent the Plaintiffs in this case pursuant

to 28 U.S.C. § 1915(e) for the limited pretrial purposes of advising and assisting  Plaintiffs

with discovery and dispositive motion practice, appearing on Plaintiffs' behalf at all Court hearings, and receiving service of all Court filings from the date of appointment until further order of the Court.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 7th day of July, 2020.

 s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ALBERT DEWAYNE BANKS,  )
                            Plaintiff,  )
                                     )
vs.  )       Case No. 15-3093-HLT-GEB
                                     )
SPRINT/NEXTEL WIRELESS TELEPHONE  )
COMPANY, et. al.,  )
                      Defendants.  )
_____ )
                                     )
ANTHONY THOMPSON,  )
                            Plaintiff,  )
                                     )
vs.  )       Case No. 15-3117-HLT-GEB
                                     )
SPRINT/NEXTEL WIRELESS TELEPHONE  )
COMPANY, et. al.,  )
                      Defendants.  )
_____ )

## <u>REPORT AND RECOMMENDATION</u>

The Court held a pretrial conference on September 1, 2022.  Plaintiffs appeared by and through Michael J. Shultz.  Defendants appeared by and through Jay E. Heidrick. The subject of this Report and Recommendation is the Plaintiffs' request to add a new claim to their pretrial orders under <u>47 U.S.C. § 605</u>, ("§ 605"). After consideration of the Plaintiffs' request, the Court **RECOMMENDS** it be **DENIED**.

1

## I.      Background[1]

These cases were filed in 2015 and are aging.      In  this  suit,  the  Plaintiffs  sued

Defendants T-Mobile USA, Inc., Sprint/Nextel Wireless Telephone Company, and Virgin

Mobile USA/Sprint PCS for alleged violations of the Electronic Communications Privacy

Act, 18 U.S.C. § 2511, and the Kansas Wiretap Act, KSA 22-2502 et seq.[2] Specifically,

Plaintiffs allege Defendants disclosed their electronic communications to law enforcement

without proper judicial authorization.   Defendants allege they are not liable because they

disclosed  Plaintiffs'  text  messages  pursuant  to  and  consistent  with  a  lawful  judicial

authorization  and  because  they  qualify  under  the  statutes'  "good  faith"  exceptions  to

liability.

Following early dispositive motions and appeals, and once each individual case was

ready for formal scheduling, the Court conducted separate status conferences on June 16,

2020. (*See* ECF No. 152, No. 15-3093). Both Plaintiffs appeared *pro se*, and Defendants

were represented by counsel. Because these cases presented similarities regarding issues

of law and fact, they were eventually consolidated through the dispositive motion deadline.

(ECF No. 160, No. 15-3093). The Court also determined although Plaintiffs were able to

represent themselves through the various stages of litigation, the cases were at a point

---

[1] The background section is compiled from Plaintiff's Complaint (ECF No. 1) and the pretrial orders (ECF No. 235, No. 15-3093 and ECF No. 178, No. 15-3117) for each case and should not be considered as judicial findings or factual determinations.
[2] The original Complaint included Defendants David R. Platt, Steven L. Opat, Glen F. Virden, Timothy Brown, Brad Schoen, Ron Miller, Tony Wolf, Geary County, Kansas, KS Bureau of Investigation, Junction City Police Department, Riley County Police Department, and Topeka Police Department, who have all subsequently been dismissed.

where it was appropriate for counsel to be appointed, and Michael J. Shultz, an attorney in good standing, was appointed to assist the parties with their Rule 26(a)(1) disclosures. (ECF No. 154, No. 15-3093).  On July 8, 2020, the Court expanded the scope of Mr. Schultz' representation to, "the limited purpose of assisting Plaintiffs through discovery and dispositive motion practice." (ECF No. 160, No. 15-3093).

The initial schedule was entered on August 13, 2020 (ECF. No. 169, No. 15-3093) with brief modifications in September 2020. (ECF No. 172, No. 15-3093). After extensive discovery and summary judgment motion practice, the Court entered a Second Scheduling Order on February 28, 2022. (ECF No. 213, No. 15-3093). In the Second Scheduling Order, the parties agreed, and the Court ordered, "the deadline for filing any motion for leave to join…or otherwise amend the pleadings has passed and that they will not file any such motion(s) or amendments absent prior authorization from the Court for good cause." (*Id.*) Upon request of the parties, on June 1, 2022, the Court entered a Third Scheduling Order, which extended the discovery deadline to July 29, 2022; dispositive motion deadline to October 7, 2022; and the pretrial conference to September 1, 2022. (ECF No. 225, No. 15-3093).

Pursuant to the Third Scheduling Order, the parties submitted their proposed pretrial orders to the Court. For the first time, the Plaintiffs included a claim under 47 U.S.C. § 605, alleging unauthorized publication and use of electronic communications, and asked the Court to permit further amendment to their Amended Complaints to include such a claim.  Defendants object to the new claim as untimely, prejudicial, and futile under Fed.R.Civ.P. 15(a).

## II.     Recommendation of Denial of Amendment to the Amended Complaints.

"When an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings" because "the pretrial order is the controlling document for trial."[3]  As such, any claims not included in the pretrial order are waived even if they appeared in the complaint and, conversely, the inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include that claim.[4] "While we recognize that 'the pretrial order is treated as superseding the pleadings and establishing the issues to be considered at trial,' we do not normally expect to see claims or defenses not contained in the pleadings appearing for the first time in the pretrial order."[5] "Such a practice deprives one's adversary of fair notice, possibly discovery, and the opportunity for motion practice, and is subject to abuse by those who employ a sporting theory of justice."[6] In this case, the Plaintiffs seek to add a new claim a month after the close of discovery. "The laudable purpose of Fed.R.Civ.P. 16 is to avoid surprise, not foment it."[7]

The Court's pretrial conference was held seven days after receipt of the parties' proposed pretrial orders.  At the pretrial conference, the Court heard arguments from the Plaintiffs regarding the timing of this new claim.  Plaintiffs argued there was a general misunderstanding regarding the applicable statutes.  Defendants argued Plaintiff's counsel emailed Defendant's counsel on July 5, 2022, and informed Defendants of this new claim

---

[3] *Expertise Inc. v. Aetna Fin. Co.,* 810 F.2d 968, 973 (10th Cir.1987); Fed.R.Civ.P. 16(e).
[4] *Wilson v. Muckala, et. al,* 303 F.3d 1207, 1215 (10th Cir. 2002).
[5] *Id.*; Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1522.
[6] *Id.* at 1215-1216.
[7] *Wilson* at 1216.

4

for the first time, thus untimely, discovery is closed, and they have no ability to determine how the Plaintiffs want to calculate damages. In addition, there is prejudice clearly beyond ordinary instances of prejudice if Plaintiffs are permitted to amend their Amended Complaints. Finally, Defendants argue the addition of the new claim is futile, as § 605 was superseded by the Omnibus Crime Control and Safe Streets Act of 1968.

In *Smith v. Aztec Well Servicing Co.,* the court declined to allow plaintiffs to add a new claim to their pretrial order, despite plaintiffs identifying the possibility of bringing the claim through their answers to interrogatories more than a year prior to trial.[8] In denying the plaintiffs' request, the court stated, "we typically expect plaintiffs to file a formal motion to amend their pleadings if they want to add an entirely new claim to their complaint."[9] When the pretrial order attempts to add a new claim, it is the equivalent of asking leave to amend the complaint and should be evaluated by the court under the standards of Fed.R.Civ.P. 15(a).[10] "While Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires,' if there has been undue delay on the part of the plaintiff in raising the claim, the district court may properly deny the motion as untimely."[11] When analyzing whether a claim is untimely under Rule 15(a), the Court is to focus primarily on the reasons for delay, and the Tenth Circuit has held denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the

---

[8] 462 F.3d 1274, 1285 (10th Cir. 2006).
[9] *Id.*, (citing *Calderon v. Kan. Dep't of Soc. & Rehab. Servs*., 181 F.3d 1180, 1186 (10th Cir.1999)).
[10] *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1204 (10th Cir.2006).
[11] Fed.R.Civ.P. 15(a); *Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir.1994).

delay."[12] Whether to grant leave to amend the pleadings under Rule 15(a) is within the discretion of the court.[13] The only explanation given by the Plaintiffs for their failure to seek amendment at an earlier date is a vague reference as to whether 47 U.S.C. § 605 applied in this instance.  These cases have been on file for nearly seven years, and the Plaintiffs have been working with their counsel since June 25, 2020. The Court does not find the Plaintiffs' explanations adequate.

Aside from the untimely nature of the proposed new claim, undue delay is closely related to prejudice, because undue delay places an "unwarranted burden on the court or will become prejudicial, placing an unfair burden on the opposing party."[14]   The idea of prejudice to the nonmoving party is the most important factor in deciding a motion to amend the pleadings.[15] Courts look to determine whether the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment."[16] In this case, an amendment at this late date, after discovery has closed, will clearly result in prejudice to the Defendants.  The Plaintiffs seek to add a damages' claim under § 605 and seem to allege damages should be calculated based upon each text message disclosed by the Defendants.  However, the Defendants are handicapped insofar as defending against this claim because they do not know how many text messages there might be. And, they are

---

[12] *Minter* at 1206 (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir.1993)).
[13] *Id.* at 1204.
[14] *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir.2004); see also *USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir.2004).
[15] *Minter* at 1207.
[16] *Id.,* (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir.1971)).

unable to readily obtain the text messages from law enforcement or have any ability to depose Plaintiffs to inquire regarding their damages' calculations.

For these reasons, the undersigned U.S. Magistrate Judge **RECOMMENDS DENIAL** of Plaintiffs' request to amend their Amended Complaints or to add new claims under § 605 in their pretrial orders. The Court need not analyze Defendants' futility claim under Rule 15(a), as the Court recommends denial of the amendment based upon undue delay and prejudice.

**IT IS THEREFORE RECOMMENDED** Plaintiffs' motion to amend their amended complaints or add new § 605 claims in their pretrial orders be **DENIED.**

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to Plaintiffs Anthony Thompson at 2201 SE 25th, Topeka, Kansas 66605 and Albert Banks at 203 S. 7th, Apt. A, Ogden, Kansas 66517 by certified mail. Pursuant to 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiffs may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[17]

**IT IS SO ORDERED.**

---

[17] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated at Wichita, Kansas this 8th day of September 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

1

In The United States District Court For The
District of Kansas

Anthony Thompson, *Plaintiffs*                   Case No 15-3017
Albert Banks,                                    Case No 15-3093

V

Sprint/Nextel Wireless et al.,

## Objection to Report And Recommendation

The Court held a pre trial conference on September 1, 2022.
Plaintiff appeared through counsel who had no intentions to argue
the position presented to him by the plaintiff. Instead counsel appeared
in court solely for the purpose of formally withdrawing from the case.
The magistrate found that counsel made a vague reference of why
47 USC 605 should be applied. See Doc 236 at 6. The reason for
the plaintiff's failure to cite the case is far from vague and was
clearly explained to counsel over the phone as well through written
correspondence. See Declaration And a summary of the issue which
plaintiff mailed to counsel. Finally counsel made a number of concessions
which are and always have been in conflict with the plaintiff's position.
The untimely request for amendment was based on the plaintiff's misunderstanding
of a numerous amount of persuasive case law and the legislative history
of congress' intent of the reach of 605 and its application to Title III.
Because counsel did not present this issue to the magistrate for its
consideration this court should find the untimely disclosure excusable. And
~~because of counsel's vague presentation~~ looking to the fact that the conduct ~~from both~~
~~statutes has been pleaded~~ alleged in the complaint covers both Title III And
605 the prejudicial issue is not based on new discovery or new positions taken
by the plaintiff's. ~~The~~ only prejudice to the defendants is the possible lia'
for damages. The Court should review the prejudicial effect of counsel'
waivers combined with the vague assertions at the pre trial conferer
as sufficient cause to over rule the report and recommendation.

186

2

Page: 187

Date Filed: 07/07/2023

Document: 01011083858

Appellate Case: 23-3103

## Legal Standard

The exact words used to describe the standard for amending the pretrial order probably are less important than the meaning given them in practice... The words to prevent manifest injustice ... Adequately describe the restraint the trial judge should exercise. See 1983 Advisory Comm. Note to Fed. R. Civ. P. 16(e). The moving party for such modification bears the burden of proving that manifest injustice will result absent the amendment. The Tenth Circuit when reviewing a decision to deny a request to amend a Final Pretrial Order ... considers (i) the extent of prejudice or surprise to the non moving if the amendment were permitted; (ii) the ability of that party to cure any prejudice; (iii) disruption of the litigation by inclusion of the new issue; (iv) bad faith by the party seeking to modify the order. See Davey v Lockheed Martin Corp., 301 F.3d 1204, 1208-10 (10th Cir 2002); Koch v Koch Indus., 203 F.3d 1202, 1222 & n.10 (10th Cir 2000). In practice, courts within the Tenth Circuit tend to find the Koch factors favor amendments that are (a) filed before trial has begun or is imminent (b) do not seek to change the movants theory of its case after discovery has closed, and (c) do not seek to avoid prior rulings or otherwise show bad faith by the movant.

### (1) Counsel Failed To Explain The Pro Se Plaintiff's Reasons For Not Comprehending A Complex Technical Legal Analysis Therefore The Untimely Nature of The Proposal Should be Excused

As an initial matter the Court should take into account the fact that the evidence related to this issue shows that counsel entered the pre trial conference expecting to withdraw from the case and was not prepared to argue why the amendment should be allowed. On a number occassions the plaintiff has explained to counsel in great detail why he unintentionally read 47 USC 605 to actually be amended into Title III at the time Title III was enacted in 1968. See Att. 1 (Email sent by copy and scan sent directly to Mr Shultz explaining in great detail why he understood 605 to be amended into Title III) See Also Att 2 (Deposition taken in presence of Mr Shultz plaintiff explaining in detail his misunderstanding of 605's reach to Title III) See Also Plaintiff's Declaration (explaining conversations in which he explained to counsel he reasons for thinking by pleading a violation of 18 USC 2511 the 605 was violated as a result) In the face of this evidence counsel

187

3

Page: 188   Date Filed: 07/03/2023   Document: 01011083858   Appellate Case: 23-3103

presented the magistrate with a vague reference on why 47 USC 605 applied. See Doc 179 at 6. Counsel's vague reference is understandable at the pre trial conference because he came into the hearing prepared to do nothing more than withdraw. The failure of the court to take into account the plaintiff's pro-se status at the time he amended his original complaint combined with the complexity of 605's correlation to title III warrant this court ~~allow~~ to require the defendants to defend its position on the merits of its conduct in this case. Now the plaintiff ~~defendant~~ will explain his reason for his untimely disclosure.

(1) The Plaintiff's Reason For The Untimely Disclosure Qualifies As Excusable Neglect And Does Not Disrupt The Trial

There is no denying that when enacting Title III congress simultaneously added 605(a)'s introductory clause. See United States v Rose, 669 F.2d 23; 26-27 (1st Cir 1981). The plaintiff also understood Appellate courts to have held "the wiretap Act qualifies the entire paragraph of 605(a)... finding it significant that congress added 605(a)'s introductory clause when it passed Title III of 1968" Id. Courts have found the better interpretation limits each section of 605's prohibitions to activities not authorized by the wiretap Act. See Edwards v State Farm, 833 F.2d 535, 540 (5th Cir 1987). The court also held since congress added the introductory phrase to 605 at the same time it enacted the wiretap Act congress intended to make the same statutes consistent. Id. In there motion for summary judgment the defendants argued they were immune from liability under 18 USC 2511(2)(a)(ii) See Doc ?. The defense by the defendants during summary judgment enhanced plaintiff's belief that his position was correct. Every circuit to address 18 USC 2511(2)(a)'s relation to 605 has held 2511(2)(a) most sensibly be read as an exception of telephone companies from the prohibitions of 47 USC 605(a) and in a sense an authorization. See United States v Freeman 524 F.2d 337 (7th Cir 1975); United States v Clegg, 509 F.2d ~~605~~ 605 (5th Cir 1975)(same). In other words the plaintiff understood these persuasive cases to held phone companies were given a defense to ~~2511(a)~~ 605(a) liability thru 2511(2)(a). Essentially when the court rejected the summary judgment motion it opened the way for us to recieve damages under 605(a). The plaintiff has not ever been given any explaination on what effect did congress actions have on Title III when it amended 605(a) as a qualifying paragraph when it enacted Title III. The plaintiff ~~understand~~ now understands that whatever

188

4

effect the qualifying paragraph from 605 had on Title III it did not Amend 605(a) into Title III.

(2) When Courts Have Reviewed 605(a) Introductory Phrase Through Legislative History The Case Law on The Subject Further Clouded The Plaintiff's Understanding.

There is no confusing the fact that the Wiretap Act of 1968 Amended 605. Specifically the Wiretap Act Removed All References to wire transmission in 605 except for the first clause to which it added the beginning phrase except as authorized by Chapter 119 of Title 18. Legislative history of the wiretap act explains with Respect to wire communications the Amended 605 was specifically designed to regulate conduct of communication personnel. See United States v Norris, 88 F.3d 462, 465 (7th Cir 1996)(citing S. Rep 90-1097 Reprinted in 1968 USCCAN 2112, 2196-97)). Congress explained that the new wiretap Act was not intended to be an Reenactment of 605. The wiretap act did however Remove from 605 the principle share of its Authority over wire communications. But it must be noted that the Amended wiretap Act did eliminate all of 605's Authority. See TKR v Cable, 267 F.3d 196, 201 (3rd Cir 2001). But the wiretap Act Amendment Created a gap in the regulatory scheme because the definition of wire communication for purposes of the Wiretap Act is narrower than the definition in 605. The wiretap act governs wire communications as they Relate to common carriers. See Norris 88 F.3d at 465-66. 18 USC 2511(2)(a) was designed to protect phone carriers from liability of 605(a). But now the court has found 2511(2)(a) did not protect the defendants for summary judgment purposes. The Plaintiff was pro se and his understanding although inaccurate led the plaintiff to believe 2511 had to be pled in order to Recieve damages from both 18 USC 2520 and 47 USC 605(a). Counsel failed to explain this to the magistrate. The pro se plaintiff's misunderstanding of this complex correlation of statutes should be excused. The plaintiff thought when the wiretap Act of 1968 simultaneously Amended 605 it brought the two statutes into one. The plaintiff Ask the court to excuse his negligent misunderstanding of the two laws.

Page: 189    Date Filed: 07/07/2023    Document: 010110883858    Appellate Case: 23-3103

5

There Is No Prejudicial Effect On The Defendants ~ In Allowing The 605 Amendment Because The Theory Of The Allegations Are Identical To The Theory Charged In The Complaint. Plus The Trial Is Not Until June of 2023.

(A) There Is No Prejudice To Defendants Because The Theory In The Case Is Identical

When congress amended 605 with the cable communications Act Sen. Packwood explained that congress was adopting the legislative history with modifications emphasizing the broad reach of 605. See TKR Cable 267 F.3d at 206. There is no prejudice in allowing the amendment because the theory of both issues are identical as far as the defendants conduct. The court has found that summary judgment was not warranted because a factual dispute exist on whether the defendants were authorized to disclose text or Cell Site location information. 47 USC 605 simply finds liable phone companies who divulge or publish text w/fout being authorized under the wiretap act. Simply put if the defendant was not authorized to disclose electronic communications under the wiretap act then likewise the defendants were not allowed to divulge and publish those communications to others. Because this conduct is identical there is little to no prejudice to the defendant's.

(B) Because Trial Is Not Going To be Interupted The Tenth Circuit Favors Allowing The Amendment.

The timing of the motion in relation to the commencement of trial is an important element in analyzing whether the amendment would cause prejudice or surprise. See Palace Expl v Petroleum Dev Co, 316 F.3d 1110, 1117 (10th Cir 2003). The trial in this case is set for June of 2023 and this fact favors allowing the amendment. In practice, courts within the Tenth Circuit tend to find the koch favors amendments that are (a) filed before trial is imminent or has begun (b) do not seek to change the theory of the case after discovery has closed (c) do not seek to avoid prior rulings or show bad faith by the movant.

If this Court applies the koch factors to the current case then the 605 amendment must be granted. As for the first factor the trial is neither imminent nor has it begun. Actually the trial is scheduled

6

9 months away. The second factor also weighs in the favor of the plaintiff. The conduct alleged in the complaint covers charges divulsing text messages without a lawful authorization under 18 USC 2511. The conduct which is unlawful under 47 USC 605 is the unlawful divulging or publishing communications without judicial authorization. The theory for both statutes is identical. Because the request to amend 605 is identical to the liability under 18 USC 2511 the second Koch factor favors allowing the amendment. Finally the amendment does not seek to avoid prior rulings. Contrary to avoiding prior rulings amending 605 would actually coincide with this Courts prior summary judgment order. As for bad faith the failure of the plaintiff to raise 605 in his amended complaint was an issue of misunderstanding the effect of one statute being amended simultaneously with another statute when it was enacted. In this motion the plaintiff has explained in great detail why he believed 605 was actually amended into title III. When looking at these factors the court should allow the amendment to proceed.

Respectfully
Anthony Rea

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | | |
|---|---|---|---|
| ANTHONY THOMPSON, | | ) | |
| | | ) | |
| | Plaintiff, | ) | Case No. 5:15-CV-03117-HLT-GEB |
| | | ) | |
| v. | | ) | |
| | | ) | |
| GLEN VIRDEN, *et al.* | | ) | |
| | | ) | |
| | Defendants. | ) | |

**DEFENDANT T-MOBILE USA, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS
TO MAGISTRATE'S REPORT AND RECOMMENDATION**

Defendant T-Mobile USA, Inc. hereby responds in opposition to Plaintiff Anthony

Thompson's objections to Magistrate Judge Birzer's Report and Recommendation ("Objection")

(*see* Doc. No. 188[1]). In support of its response, T-Mobile states as follows:

**I.    INTRODUCTION**

Plaintiff Thompson sued T-Mobile over seven years ago for disclosing his text messages

without judicial authorization as part of law enforcement's investigation into Thompson's

involvement in a cocaine distribution conspiracy. Among other claims, Thompson alleged in his

original and Amended Complaint that T-Mobile violated the federal Wiretap Act, 18 U.S.C.

§§ 2511-2520. ("Section 2520"). Over a month after the close of all discovery, however,

Thompson has asked the Court to allow him to assert a brand-new cause of action against T-

Mobile under 47 U.S.C. § 605 ("Section 605") – a claim Thompson contends would entitle him

to millions of dollars in damages, compared with his Section 2520 claim for which recovery is

limited to $10,000.

---

[1] Unless otherwise indicated, citations to "Doc. No. _" refer to *Thompson v. T-Mobile*, Case No. 15-cv-3117 (D. Kansas) ("*Thompson*").

Magistrate Judge Birzer has already recommended that Thompson's late request for leave to amend be denied, both because Thompson has not shown good cause to justify the request, and because granting the request would cause significant prejudice to T-Mobile. This Court should adopt Judge Birzer's recommendation in whole and deny Thompson's request for leave to amend.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[2]

### A.   Cocaine Distribution Investigation and Related Wiretaps

In 2012 and 2013, the Kansas Bureau of Investigation ("KBI") investigated Thompson and several co-conspirators for cocaine distribution. In the course of that investigation, KBI sought and obtained numerous wiretap orders from a state-court judge in Geary County, Kansas. One such order was directed at Thompson's cell phone for which T-Mobile was the service provider. After KBI sent this wiretap order to T-Mobile, T-Mobile granted KBI access to Thompson's phone calls and text messages. Following KBI's investigation, Thompson and several of his co-conspirators were arrested, charged, tried, convicted, and sentenced to significant prison terms for numerous cocaine distribution crimes.

### B.   Thompson Files Civil Litigation

Thompson filed his original complaint in this lawsuit in May 2015. *See* Doc. No. 1.[3] He filed his Amended Complaint in February 2018. *See* Doc. No. 71. In his Amended Complaint,

---

[2] For a more detailed overview of this case's factual background, including citations to the record, see Defendants Sprint and T-Mobile's Motion for Summary Judgment, Doc. No. 182, filed in the companion case, *Banks v. Sprint*, Case No. 15-3093 (D. Kan.).

[3] One of Thompson's co-conspirators in the cocaine distribution ring, Albert Banks, filed a nearly identical lawsuit as Thompson, but named Sprint PCS (and several other parties) instead of T-Mobile since Sprint was Bank's mobile carrier. *See* Doc. No. 1, *Banks v. Sprint*, Case No. 15-cv-3093 (D. Kan.) ("*Banks*").

Thompson asserted claims against T-Mobile for "Violation of the Kansas Wiretap Act," *id.* at ¶¶ 20-30 (citing KSA §§ 2502 *et seq.*), and "Violation of Federal Wiretap Act," *id.* at ¶¶ 31-40 (citing 18 U.S.C. §§ 2511 *et seq.*).[4] Neither Thompson's original Complaint nor his Amended Complaint mention – let alone allege facts to support a claim under – Section 605 or the federal Communications Act of 1934 (of which Section 605 is a part).

Following an appeal to and remand from the Tenth Circuit in June 2020, *see* Doc. No. 145, Thompson – who until then had proceeded *pro se* – was appointed counsel. *See* Doc. No. 170 (order dated July 8, 2020, consolidating the *Thompson* and *Banks* cases for purposes of discovery and appointing Michael Shultz of Shultz Law Office, P.A., in Wichita, Kansas, to act as Thompson's and Bank's attorney). Mr. Shultz represented Thompson (and Banks) continuously from the date of his appointment in July 2020 until he recently withdrew. *See* Doc. No. 190 (granting attorney Shultz's motion to withdraw).

### C. Thompson Raises New Claim under 47 U.S.C. § 605

---

Thompson's case against T-Mobile was consolidated with *Banks* for purposes of discovery, *see Thompson*, Doc. No. 170, with the majority of the case filings since mid-2020 filed in *Banks*. Because only Thompson has objected to Magistrate Birzer's Report and Recommendation, however, and because he filed his objections in the *Thompson* case instead of in *Banks*, T-Mobile files this response only in the *Thompson* case.

[4] Thompson also asserted constitutional claims against T-Mobile and several law enforcement offices. *See* Doc. No. 71 at ¶¶ 41-44. All of these other claims have since been dismissed. *See* Doc. No. 111 (order granting motions to dismiss); *Thompson v. Platt*, Case No. 19-3072 (10th Cir. May 12, 2020) (affirming dismissal of constitutional claims against T-Mobile).

While represented by counsel (for more than two years), Thompson made Rule 26 disclosures, responded to written discovery, and had the opportunity to fully participate in the discovery process. In his Rule 26 disclosures, Thompson asserted damages under Section 2520 and under the Kansas Wiretap Act, but never mentioned or claimed damages under Section 605:

> Damage calculations are uncertain at this time, but Plaintiff Thompson believes he is entitled to the following damage categories and quantities:
>
> 1. Federal Wiretap Damages Pursuant to 18 U.S.C. § 2520(b) and (c):
>    a. The greater of the amount between Plaintiff's estimated actual damages or statutory damages of $100 per each day of violation, including violations of use of the illegally obtained information. Plaintiff estimates his actual damages to be between $1,000,000 and $2,000,000.
>    b. Punitive damages in an amount in excess of $5,000,000.
>    c. Attorney's fees and costs unknown at this time.
>
> 2. State Wiretap Damages Pursuant to K.S.A. 22-2518(a)-(c):
>    a. The greater of the amount between Plaintiff's estimated actual damages or statutory damages of $100 per each day of violation, including violations of use of the illegally obtained information. Plaintiff estimates his actual damages to be between $1,000,000 and $2,000,000.
>    b. Punitive damages in an amount in excess of $5,000,000.
>    c. Attorney's fees and costs unknown at this time.

*See* Ex. A. He also never mentioned Section 605 in any of his discovery responses.

The Court has issued several scheduling orders in this case. The Court's Second Scheduling Order, issued on February 28, 2022, states, "[t]he parties agree that the deadline for filing any motion for leave to join additional parties or to otherwise amend the pleadings has passed and that they will not file any such motion(s) or amendments absent prior authorization from the Court for good cause." *Banks*, Doc. No. 213 at 8. Then, on June 1, 2022, the Court entered its Third Scheduling Order. *See Banks*, Doc. No. 225. According to that order, discovery was set to close by July 29, 2022, and the parties were to supplement their Rule 26 disclosures, if necessary, by no later than 40 days before the close of discovery (i.e., by June 20, 2022). *Id.* at 3.

On July 5, 2022, counsel for Thompson notified T-Mobile – for the first time – about "an additional statutory damages claim or legal theory" based on Section 605. Ex. B. Nevertheless, Thompson did not supplement his Rule 26 disclosures to disclose this new claim or new category of damages. He also waited nearly two more months before finally asking this Court for leave to

further amend his Amended Complaint to assert his Section 605 claim. *See* <u>Doc. No. 178 at 15-16</u>.[5]

 T-Mobile opposed Thompson's request for leave to amend to assert this new claim under Section 605 on several grounds, including that (i) Thompson had known about, but failed to assert, this claim for several years, (ii) the amendment would be unfairly prejudicial to T-Mobile since Thompson had failed to provide *any* information during discovery to substantiate this new claim or associated damages calculation (and discovery was now closed), and (iii) the claim was futile. *See* <u>Doc. No. 178 at 3-4</u>, <u>8-11</u>, <u>16-17</u>.

### D.  Magistrate Judge Birzer's Report and Recommendation

 On September 8, 2022, Magistrate Judge Birzer issued a Report and Recommendation (R&R) regarding Thompson's and Banks' request for leave to amend their pleadings to add a claim against T-Mobile and Sprint under Section 605. *See* <u>Doc. No. 179</u>.

 In her R&R, after laying out the procedural and factual history of the case and Plaintiffs' new claim under Section 605, Judge Birzer recommended that their request for leave to assert this new claim be denied. Judge Birzer noted that allowing such a claim at such a late stage in the litigation "deprives one's adversary of fair notice, possibly discovery, and the opportunity for motion practice[.]" *Id.* at 4 (quoting *Wilson v. Muckala*, <u>303 F.3d 1207, 1215-16</u> (10th Cir. 2002)). Judge Birzer noted that Thompson's case has been pending for "nearly seven years," that he had been represented by counsel for over two years, and that his explanation for failing to assert a Section 605 claim earlier was inadequate. *Id.* at 6. She also found that allowing amendment "will clearly result in prejudice to the Defendants" since discovery was closed, and

---

 [5] Thompson did not file any motion for leave to amend. Instead, he treated the pre-trial order essentially as his motion for leave to amend. *See* <u>Doc. No. 178 at 15-16</u> (arguing for amendment of pleadings under Rule <u>15</u> and <u>16</u>).

Thompson and Banks had not provided any discovery regarding the number of text messages

that were allegedly illegally disclosed. *Id.* at 6-7.[6]

### E.  Thompson's Objections to R&R

Thompson lodged handwritten objections to the R&R on September 26, 2022. *See* Doc.

No. 188 ("Objection"). In his Objection, the following appear[7] to be Thompson's main

arguments in favor of amendment:

1. At the time he filed his original Complaint and Amended Complaint, Thompson was
   a *pro se* litigant and thus should be afforded additional latitude for his failure to
   timely assert his claim under Section 605;

2. Thompson sincerely, but mistakenly, believed that his claim under Section 605 was
   somehow incorporated into, or otherwise made part of, the federal Wiretap Act, so
   that he believed asserting his claim under Section 2520 effectively asserted a claim
   under Section 605 as well; and

3. T-Mobile will suffer "little to no" prejudice as a result of this late amendment because
   the misconduct he alleges as the basis for his Section 2520 claim is the same
   misconduct underlying the Section 605 claim – i.e., that T-Mobile disclosed
   Thompson's text messages to law enforcement without a valid warrant – such that T-
   Mobile does not need any additional discovery.[8]

## III.  STANDARD OF REVIEW

Numerous courts have concluded that a motion for leave to amend a complaint is a non-

dispositive motion subject to the "clearly erroneous or contrary to law" standard of review

---

[6] Judge Birzer declined to address T-Mobile's argument that amendment would
be futile since she concluded that Thompson's undue delay and the prejudice to T-
Mobile provided an adequate basis for recommending denial of Thompson's request.
Doc. No. 179 at 7.

[7] The undersigned has attempted, as best he can, to discern Thompson's
arguments in his Objection. Any mischaracterization of those arguments herein is
unintentional.

[8] Thompson also seems to suggest that even if additional discovery or
proceedings are required by his late amendment, the prejudice to T-Mobile is
minimal since trial is not scheduled to begin until June 2023.

specified in Federal Rule of Civil Procedure 72(a), especially where, as here, the magistrate judge does not base his or her decision to deny amendment on futility grounds. *See Klaassen v. Atkinson*, No. 13-2561-DDC, 2016 U.S. Dist. LEXIS 57476, at *2 n.1 (D. Kan. Apr. 29, 2016) (collecting cases for the proposition that, "for purposes of the standard of review, a magistrate judge's denial of a motion to amend for reasons other than futility is a nondispositive order" (citations and internal quotations omitted)). Nevertheless, because Judge Birzer issued her opinion as a Report and Recommendation under Rule 72(b) rather than a ruling on a non-dispositive motion under Rule 72(a), the proper standard of review is likely that of *de novo* review. *See, e.g., Horton v. Doe*, No. 09-cv-02220-WJM-KMT, 2011 U.S. Dist. LEXIS 143991, at *5 (D. Colo. Dec. 14, 2011) (noting that although "a motion to amend a pleading is generally viewed as a non-dispositive matter" that magistrates can definitively resolve under Rule 72(a), the court would apply Rule 72(b)'s *de novo* standard of review "in an abundance of caution" where the magistrate "did not definitively rule on the motion to amend at issue, but instead issued a Recommendation for a ruling by this Court").

## IV.   ARGUMENT

The Court should deny Thompson's request for three independent reasons: (1) Thompson has not shown "good cause" for this extremely tardy request to amend his pleadings; (2) amendment would unduly prejudice T-Mobile, especially now that discovery has closed and the deadline for dispositive motions has passed; and (3) Thompson's proposed new claim under Section 605 is futile because the federal Wiretap Act supersedes it.

### A.  Thompson Cannot Meet the "Good Cause" Standard for Late Amendment

Where, as here, a party seeks leave to amend a complaint after the deadline imposed in the scheduling order, that party "must demonstrate good cause for seeking modification under Fed. R. Civ. P. 16(b)(4)." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230,

1240 (10th Cir. 2014). The deadline for amending pleadings in this case was no later than February 28, 2022. *See Banks*, Doc. No. 213 at 8. The Court should adopt Judge Birzer's R&R and deny Thompson's request for leave to amend because Thompson has not shown – and cannot show – that "good cause" exists for allowing amendment.

According to the Tenth Circuit, "Rule 16's good cause requirement may be satisfied . . . if a plaintiff learns new information through discovery," but it is not satisfied "[i]f the plaintiff knew of the underlying conduct but simply failed to raise [the] claims." *Gorsuch*, 771 F.3d at 1240. Here, Thompson has admitted that he has known *for several years* about not only T-Mobile's alleged underlying conduct but also the very statute he now claims gives rise to T-Mobile's liability, 47 U.S.C. § 605. *See* Ex. C (Thompson Dep. Tr.) at 43:9-45:10 (acknowledging that he has "been aware of Section 605 as a possible claim against T-Mobile and Sprint for several years").

As an excuse for his failure to amend his pleadings sooner, Thompson argues that while he was mistaken in believing that his original claim under Section 2520 effectively bootstrapped in a claim under Section 605, this mistake was an honest one that should be excused. This argument does not establish good cause, for at least three main reasons.

First, none of the authorities that Thompson relies on actually provides a basis for his belief that his Section 2520 claim automatically and implicitly asserted a claim under Section 605 as well.[9] *See, e.g., United States v. Rose*, 669 F.2d 23, 26 (1st Cir. 1982) (concluding that the

---

[9] In fact, some of these authorities support T-Mobile's position below, i.e., that the federal Wiretap Act completely *supersedes* 47 U.S.C. § 605's application to claims of unlawfully intercepted electronic communications. *See* Section _ below (arguing futility of Thompson's proposed section 605 claim). For example, in *United States v. Rose*, the First Circuit relied on the legislative history behind the federal Wiretap Act to conclude that "the protective shield of § 605 is significantly

federal Wiretap Act – of which Section 2520 is a part – "significantly diminished in scope" the protection previously offered by Section 605, and providing no suggestion that Section 2520 somehow incorporated Section 605); *Edwards v. State Farm Ins. Co.*, 833 F.2d 535, 537-38 (5th Cir. 1987) (clearly referring to Section 605 as providing a cause of action separate and distinct from Section 2520, while also noting that the Wiretap Act narrowed the scope of Section 605's protections). Thus, even if Thompson sincerely believed that his claim under the Wiretap Act somehow incorporated a claim under Section 605, this belief was not reasonable.

Second, Thompson's argument of honest mistake entirely ignores that Thompson was represented by counsel *for over two years* before he disclosed this new Section 605 claim to T-Mobile. And even then, this disclosure was on the eve of the close of discovery. Ex. B; *Banks*, Doc. No. 225 (setting July 29, 2022 as close of all discovery). Thompson does not explain why his attorney did not raise this issue earlier (though he does describe some of his private communications with his attorney about the issue, potentially waiving privilege as to same, *see* Doc. No. 188 at 2). In any event, Thompson cannot rely on his mistaken views about what he claims are "complex" legal issues – not when he had the benefit of reputable counsel to help him navigate those legal issues for over two years.[10]

---

diminished in scope." 669 F.2d 23, 26-27 (1st Cir. 1982) ("The regulation of the interception of wire or oral communications in the future is to be governed by the proposed new [Title III]." (quoting S. Rep. No. 1097, [1968], U.S. Code Cong. & Admin. News, at 2196)).

[10] Thompson's Objection seems to infer that his attorney somehow dropped the ball when it came to explaining at the pretrial conference why Thompson had failed to assert his Section 605 claim earlier. Doc. No. 188 at 1-3. The more likely issue is that Thompson's legal arguments are fundamentally wrong, leaving his attorney with little ammunition with which to wage Thompson's uphill battle.

And finally, even if Thompson had acted *pro se* throughout this litigation, this would not excuse his failure to assert Section 605 earlier in the case. The Tenth Circuit has made clear that while *pro se* litigants are not held "to the standard of a trained lawyer," courts should "nonetheless rely on the plaintiff's statement of his own cause of action." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1024 (10th Cir. 2012) (citations and internal quotations omitted). Accordingly, courts "may not rewrite a [complaint] to include claims that were never presented." *Id.* (alteration in original; citations and internal quotations omitted); *see also Ogden v. San Juan County*, 32 F.3d 452 (10th Cir. 1994) ("While we of course liberally construe pro se pleadings, [a litigant's] pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").

In sum, the Court should affirm Judge Birzer's R&R and deny Thompson's request for leave to amend the scheduling order and his pleadings, for failure to show good cause.

**B. Amendment Would Unduly Prejudice T-Mobile**

The Court should deny Thompson's requested amendment for the independent reason that allowing him to assert his Section 605 claim now would unduly prejudice T-Mobile.

The alleged T-Mobile conduct underlying Thompson's claims under Section 2520 and Section 605 may be the same – the disclosure of Thompson's texts to law enforcement without proper judicial authorization. Nevertheless, the damages calculations and the factual inputs that go into those calculations are vastly different from one claim to the other, as Thompson concedes. According to Thompson (and as is clear from the language of Section 2520 itself), his total statutory damages under Section 2520 are capped at $10,000. *See* Doc. No. 178 at 14 ("Plaintiff asserts statutory damages pursuant to 18 U.S.C § 2520(c)(2)(B) in an amount of

$10,000.").[11] Nevertheless, Thompson believes that he is entitled to millions of dollars in damages under Section 605. *See* Doc. No. 178 at 14 ("Plaintiff asserts statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) in an amount of up to $5,000,000."). Thompson arrives at his seven-figure damages by claiming that Section 605 "provides for statutory damages of something like $1,000-$100,000 per violation (i.e. per text)." Ex. B.[12] By contrast, under Section 2520, statutory damages are limited to "the greater of $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520(c)(2)(B). So, whereas the factual inquiry relevant to Section 2520 is how many days the alleged violations took place, Thompson contends that under Section 605, the question is how many text messages were illegally disclosed.[13]

---

[11] Although section 2520 provides for "actual" and "punitive" damages in addition to statutory damages, Thompson has stipulated that he is not seeking any such actual or punitive damages in this case. *See Banks*, Doc. No. 228 ("Stipulation as to Damages" acknowledging that Thompson is "not seeking actual or punitive damages" and is instead seeking only statutory damages).

[12] Besides failing seek leave to amend his pleadings to assert a claim under Section 605 until after the close of discovery, Thompson has also never amended or supplemented his initial disclosures to provide his damages calculations under Section 605, as required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii). *See* Ex. A. Thus, for example, Thompson has not disclosed the number of texts involved, the content of such texts, the amount assigned to each text for damages, etc. Therefore, even if Thompson had properly raised a Section 605 claim (he did not), the damages he seeks under such a claim have never been disclosed to any party or to this Court.

[13] Even if Thompson were allowed to assert his Section 605 claim, and even if such a claim were not superseded by Section 2520, T-Mobile disputes that Thompson's damages under Section 605 would be calculated based on the number of text messages T-Mobile disclosed without authorization. Section 605 states that an aggrieved party "may recover an award of statutory damages for each violation of subsection (a) involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). The statute does say what is meant by "each violation" and Thompson has never provided any authority for his assertion that "each violation" means "each disclosed text message." Needless to say, T-Mobile reserves the right to challenge Thompson's damages calculations under Section 605 if he is allowed to pursue such a claim.

Other than baldly asserting that "there were thousands of electronic communications intercepted from my phone," Ex. D (Thompson Resp. to ROG No. 1), Thompson failed to provide any written discovery to T-Mobile regarding the number of text messages he claims T-Mobile illegally disclosed to law enforcement. *Id.* (Thompson Resp. to RFP No. 1) ("I do not have a copy of the pictures and text messages. I believe the United States Attorney's office might have a copy."). In his deposition, although he claimed to have seen evidence at one point while he was incarcerated that KBI obtained "67,000 interceptions," Thompson acknowledged he did not know how many of those interceptions were illegal, how many were phone calls versus text messages, or even how many were from his phone versus the phones of his "14 co-defendants." Ex. C (Thompson Dep. Tr.) at 24:6-25:23. He also acknowledged that neither he nor his attorney ever attempted to obtain copies of the text messages law enforcement intercepted. *Id.* at 33:6-36:16 (testifying he never tried contacting the U.S. Attorney's Office or his former criminal defense attorney's office to obtain copies of documents purportedly showing how many texts T-Mobile illegally disclosed).

Judge Birzer correctly concluded in her R&R that allowing Thompson to assert his Section 605 claim at this stage "will clearly result in prejudice to the Defendants" because it would allow Thompson to proceed on a claim – for which he seeks millions of dollars in damages – without providing a scintilla of admissible evidence backing up his damages calculations unique to that claim. This prejudice is compounded by the fact that the deadline for T-Mobile to seek summary judgment on any Section 605 claim has already passed. *See Banks*, Doc. No. 225 at 3 (setting October 7, 2022 as dispositive motions deadline).

The R&R should be adopted and Thompson's request denied on this basis as well.

**C.  Amendment Would Be Futile Because Section 2520 Supersedes Section 605**

Finally, the Court should deny Thompson's request to assert his Section 605 claim because such a claim is no longer viable. The Tenth Circuit has clearly declared that "Title III of the Omnibus Crime Control and Safe Streets Act of 1968" of which the federal Wiretap Act and Section 2520 are a part – "represents the first comprehensive federal legislation in the area of wiretapping and electronic surveillance. **It supersedes section 605 of the Federal Communications Act of 1934**." *United States v. Cox*, 449 F.2d 679, 683 (10th Cir. 1971) (emphasis added); *see also Watkins v. L.M. Berry & Co.*, 704 F.2d 577, 580 (11th Cir. 1983) ("The district court also held that the Communications Act does not provide the basis for a civil remedy. Watkins makes no real effort to contest this holding on appeal. To the extent that section 605 applies to this case, any private remedy it contains is superseded by the remedy provided by section 2520 of title III.  Section 605 was extensively revised by title III itself, and there is no reason to believe that title III provided duplicative remedies. We therefore also affirm the dismissal of the Communications Act claims." (emphasis added)).

Therefore, Thompson's Section 605 is futile and his request for leave to amend should be denied.

## V.   CONCLUSION

For each of the reasons explained above, the Court should overrule all of Thompson's Objections to the R&R, adopt the R&R in full, and deny Thompson's request for leave to amend his pleadings to assert a claim against T-Mobile under 47 U.S.C. § 605.

Dated: October 10, 2022        Respectfully submitted,

                               /s/ Trenton D. Tanner
                               Michael T. Hilgers #24483
                               Trenton D. Tanner #26660
                               HILGERS GRABEN PLLC
                               1320 Lincoln Mall, Suite 200
                               Lincoln, Nebraska 68508
                               Telephone:    (402) 218-2103
                               Facsimile:    (402) 413-1880
                               mhilgers@hilgersgraben.com
                               ttanner@hilgersgraben.com

                               Jay E. Heidrick (KS #20770)
                               POLSINELLI, PC
                               900 W. 48th Place, Suite 900
                               Kansas City, MO 64112
                               Telephone: (816) 753-1000
                               Facsimile:  (816) 753-1536

                               J. Phillip Gragson, #16103
                               Amanda S. Vogelsberg, #23360
                               Henson, Hutton, Mudrick, Gragson & Vogelsberg
                               LLP
                               3649 SW Burlingame Rd., Ste. 200
                               Topeka, KS  66611-2155
                               785.232.2200 (phone); 785.232.3344 (fax)
                               jpgragson@hhmglaw.com
                               avogelsberg@hhmglaw.com

                               *Attorneys for Defendant T-Mobile USA, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 10, 2022, a true and correct copy of the foregoing pleading was electronically filed with the Clerk of the U.S. District Court for the District of Kansas, and a service copy was served via electronic filing on the following:

Michael J. Shultz
Shultz Law Office
michael@shultzlaw.net
*Attorney for Plaintiff*

Anthony Thompson
<u>2201 SE 25</u>th Street
Topeka, KS 66605


/s/  *Jay E. Heidrick*
Jay E. Heidrick

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

| | | |
|---|---|---|
| ALBERT DEWAYNE BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-3093-HLT-GEB |
| | ) | |
| STEVEN L. OPAT, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ANTHONY THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-3117-HLT-GEB |
| | ) | |
| GLEN VIRDEN, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS ANTHONY THOMPSON AND ALBERT DEWAYNE BANKS'S RULE 26(a)(1) DISCLOSURES

COME NOW the Plaintiffs, Anthony Thompson and Albert Dewayne Banks, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, and for their Rule 26(a)(1) disclosures, states as follows:

**A.      Rule 26(a)(1)(A)(i) Disclosures/Witnesses:**

1.      Anthony Thompson

Mr. Thompson is the Plaintiff in case 15-3117 and has personal knowledge regarding all facts and related matters.

1

2.      Albert Banks

Mr. Banks is the Plaintiff in case 15-3093 and has personal knowledge regarding all facts and related matters.

3.      David L. Platt, current address unknown.

Judge Platt was a former Geary County State District Court judge who presided over state law proceedings involving wiretaps and criminal accusations. He will have knowledge of the following subject matter: creation and authorization and scope of the wiretaps, state criminal charges, unconstitutionally excessive bond, and general procedural posture of the state investigation.

4.      Steven L. Opat, current address unknown but can be reached through counsel.

Mr. Opat is a defendant in the consolidated case. He is the former Geary County Attorney. He will have knowledge regarding the circumstances of Plaintiffs' initial arrests, as well as the scope and authorization of the wiretap orders, state charges, discovery issues in the state case, interrogations done by other defendants, and federal and state wiretap law.

5.      Chris Turner, current address unknown.

Mr. Turner is a Special Agent for the Kansas Bureau of Investigation. He will have knowledge of interrogations performed in the initial state case and arrests, disclosure of extraterritorial communication interceptions, scope and authorization of various wiretap orders, as well as the location and organization of relevant documents (including communications between various law enforcement agencies, defendants, and corporations surrounding the illegal disclosure of intercepted communications).

6.      Jordan Kurtz, current address unknown.

Mr. Kurtz was an employee in the Law Enforcement Relations Division at T-Mobile during the relevant time periods, and he will have information related to T-Mobile's policy and procedures, as well as knowledge about the contents of wiretap authorizations generally and in the underlying criminal case at issue in the present lawsuit.

7.      Andrew M. Connors, current address unknown.

Mr. Connors was an employee in the Court Order Analyst division of Verizon Wireless during the relevant time periods, and he will have information related to Verizon's policy and procedures, as well as knowledge about the contents of wiretap authorizations generally and in the underlying criminal case at issue in the present lawsuit.

8.      Stacey Beilman, current address unknown.

2

Ms. Bellman is a Senior United States Probation Officer for Kansas. She will have information and knowledge of the disclosure and use of illegally-obtained communications to her office as late as 2019, as well as how that information was used in the underlying criminal proceedings. She will also have knowledge of the location of documents and communications between law enforcement officials regarding the wiretaps and communication interceptions.

9.    Anthony Mattivi, current address unknown.

Mr. Mattivi is an Assistant United States Attorney for the District of Kansas and will have knowledge of the entire scope of the discovery process, communication interceptions, use and disclosures, as well as relevant documents and information from the underlying federal criminal case.

10.    Angie Weeks, current address unknown.

Ms. Weeks is an employee of the Junction City Police Department and will have knowledge about the authorization of various wiretap orders and the use of illegally-obtained communications and interceptions. She will have knowledge of Junction City Police Department policies and procedures, as well specific facts about the circumstances surrounding the state-turned-federal investigation into Mr. Thompson and Banks.

11.    Eric Coffman, current address unknown.

Mr. Coffman is an employee of the Geary County Sheriffs Office and will have knowledge about the authorization of various wiretap orders and the use of illegally-obtained communications and interceptions. He will have knowledge of Geary County Sheriff's Office policies and procedures, as well specific facts about the circumstances surrounding the state-turned-federal investigation into Mr. Thompson and Banks.

12.    Timothy Brown, current address unknown but can be contacted through counsel.

Mr. Brown is the Chief of the Junction City Police Department and a defendant in both consolidated cases. He will have knowledge about the authorization of various wiretap orders and the use of illegally-obtained communications and interceptions. He will have knowledge of relevant policies and procedures, as well specific facts about the circumstances surrounding the state-turned-federal investigation into Mr. Thompson and Banks.

13.    Glen Virden, current address unknown but can be contacted through counsel.

Mr. Virden is a Senior Special Agent of the KBI and a defendant in both consolidated cases. He will have knowledge about the authorization of various wiretap orders and the use of illegally-obtained communications and interceptions. He will have knowledge of relevant policies and procedures, as well specific facts about the circumstances surrounding the state-turned-federal investigation into Mr. Thompson and Banks.

14.    Tony Wolf, current address unknown but can be contacted through counsel.

3

Mr. Wolf is the Sherriff of Geary County and a defendant in both consolidated cases. He will have knowledge about the authorization of various wiretap orders and the use of illegally-obtained communications and interceptions. He will have knowledge of relevant policies and procedures, as well specific facts about the circumstances surrounding the state-turned-federal investigation into Mr. Thompson and Banks.

15.     Joby Harrison, current address unknown.

Mr. Harrison is a Senior Special Agent of the KBI. He will have knowledge about the authorization of various wiretap orders and the use of illegally-obtained communications and interceptions. He will have knowledge of relevant policies and procedures, as well specific facts about the circumstances surrounding the state-turned-federal investigation into Mr. Thompson and Banks.

16.     Nathaniel Ehrnman, current address unknown.

Mr. Ehrnman was an employee in the Subpoena Specialist Division at Sprint PCS during the relevant time periods, and he will have information related to Sprint's policy and procedures, as well as knowledge about the contents of wiretap authorizations generally and in the underlying criminal case at issue in the present lawsuit.

17.     Todd Goffrey, current address unknown.

Mr. Goffrey is a former employee of the Junction City Police Department. He will have knowledge about the authorization of various wiretap orders and the use of illegally-obtained communications and interceptions. He will have knowledge of relevant policies and procedures, as well specific facts about the circumstances surrounding the state-turned-federal investigation into Mr. Thompson and Banks.

18.     Brad Schoen, current address unknown.

Mr. Schoen is an employee of Riley County. He will have knowledge about the authorization of various wiretap orders and the use of illegally-obtained communications and interceptions. He will have knowledge of relevant policies and procedures, as well specific facts about the circumstances surrounding the state-turned-federal investigation into Mr. Thompson and Banks.

19.     Other unknown law enforcement personnel. Upon information and belief, other law enforcement employees may have relevant information. Their identities are currently unknown but are likely included in police reports and various documents of the KBI and federal authorities.

20.     Individuals identified in any documents produced, or to have been produced, by any defendant.

4

21.     All witnesses identified by Defendants.

**B.     Rule 26(a)(1)(A)(ii) Disclosures/Documents:**

1.     No relevant or accessible documents are currently in the sole possession of plaintiffs, but generally the various court files from both the state and federal criminal cases will include relevant documents, such as: search warrants and applications, wiretap interception orders and warrants and applications, CSLI information provided by various telecommunications companies and to law enforcement, discovery information from the underlying criminal investigations, law enforcement reports and summaries of information related to wiretaps and criminal investigation, records of sworn statements or testimony by law enforcement or other prosecutorial witnesses in previous court proceedings, communications among law enforcement personnel regarding the legality of wiretaps as well as communications from the United States Attorney's office regarding disclosures of information from state criminal investigations and wiretaps, as well as other investigatory information and records from the underlying criminal investigations.  It is believed that most of these documents are in the possession of the United States Attorney's Office or Defendants.

**C.     Rule 26(a)(1)(A)(iii) Disclosures/Computation of Damages:**

For Plaintiff Albert Dewayne Banks:

Damage calculations are uncertain at this time, but Plaintiff Banks believes he is entitled to the following damage categories and quantities:

1.     Federal Wiretap Damages Pursuant to 18 U.S.C. § 2520(b) and (c):
   a.     The greater of the amount between Plaintiff's estimated actual damages or statutory damages of $100 per each day of violation, including violations of use of the illegally obtained information.  Plaintiff estimates his actual damages to be between $1,000,000 and $2,000,000.
   b.     Punitive damages in an amount in excess of $5,000,000.
   c.     Attorney's fees and costs unknown at this time.

2.     State Wiretap Damages Pursuant to K.S.A. 22-2518(a)-(c):
   a.     The greater of the amount between Plaintiff's estimated actual damages or statutory damages of $100 per each day of violation, including violations of use of the illegally obtained information.  Plaintiff estimates his actual damages to be between $1,000,000 and $2,000,000.
   b.     Punitive damages in an amount in excess of $5,000,000.
   c.     Attorney's fees and costs unknown at this time.

3.     Plaintiff reserves the right to amend these estimates as additional information becomes known and calculations are able to be more precisely made.

4.     Documents supportive of these calculations are generally listed above.

5

<u>For Plaintiff Anthony Thompson</u>:

Damage calculations are uncertain at this time, but Plaintiff Thompson believes he is entitled to the following damage categories and quantities:

1.   Federal Wiretap Damages Pursuant to <u>18 U.S.C. § 2520(b)</u> and <u>(c)</u>:
   a.   The greater of the amount between Plaintiff's estimated actual damages or statutory damages of $100 per each day of violation, including violations of use of the illegally obtained information.  Plaintiff estimates his actual damages to be between $1,000,000 and $2,000,000.
   b.   Punitive damages in an amount in excess of $5,000,000.
   c.   Attorney's fees and costs unknown at this time.

2.   State Wiretap Damages Pursuant to <u>K.S.A. 22-2518(a)-(c)</u>:
   a.   The greater of the amount between Plaintiff's estimated actual damages or statutory damages of $100 per each day of violation, including violations of use of the illegally obtained information.  Plaintiff estimates his actual damages to be between $1,000,000 and $2,000,000.
   b.   Punitive damages in an amount in excess of $5,000,000.
   c.   Attorney's fees and costs unknown at this time.

3.   Plaintiff reserves the right to amend these estimates as additional information becomes known and calculations are able to be more precisely made.

4.   Documents supportive of these calculations are generally listed above.

Precise damage amounts are uncertain and unknown at this time. Thus, Plaintiffs reserve the right to amend these damage calculations as additional records and statements are received and as discovery continues.

**D.    Rule 26(a)(2)(A) Disclosures of Experts:**

Expert witnesses have not been determined at this point in time but such information will be disclosed pursuant to the Court's Scheduling Order.

Respectfully submitted,
*s/ Michael Shultz*
Michael Shultz, #23133
Shultz Law Office, P.A.
445 N. Waco
Wichita, KS 67202
Telephone: (316) 269-2284
Fax: (316) 269-2011
E-mail: michael@shultzlaw.net

6

## <u>CERTIFICATE OF SERVICE</u>

A true and accurate copy of the foregoing was sent via email this 23rd day of July, 2020, to the following:

**Eric Turner**, Eturner@foulston.com
*Attorney for Defendants Opat and Wolf*

**Art Chalmers**, Art.Chalmers@ag.ks.gov
*Attorney for Defendant Virden*

**Jay Heidrick & Libby Marden**, JHeidrick@Polsinelli.com & LMarden@Polsinelli.com
*Attorneys for Defendants Sprint et al*

**Mike Seck**, mseck@fisherpatterson.com
*Attorney for Defendant Tim Brown*

**Trent Tanner & Amanda Vogelsberg & Michael Hilgers & J. Phillip Gragson**, ttanner@hilgersgraben.com & avogelsberg@hhmglaw.com & mhilgers@hilgersgraben.com & jpgragson@hhmglaw.com
*Attorneys for Defendant T-Mobile et al*

A true and accurate copy of the foregoing was sent via hardcopy and mail this 23rd day of July, 2020, to the following:

**Plaintiff Anthony Thompson**

**Plaintiff Albert Dewayne Banks**

*s/Michael Shultz*
Michael Shultz

7

# EXHIBIT B

EXHIBIT B

**Trent Tanner**

---

**From:**      michael shultzlaw.net <michael@shultzlaw.net>
**Sent:**      Tuesday, July 5, 2022 3:08 PM
**To:**        Jay Heidrick; Trent Tanner
**Subject:**   Anthony Thompson Discovery/Damages Supplement

**\*\*External Email - Do not open suspicious attachments or links from known or unknown senders.\*\***

Jay and Trent,

In the midst of this scheduling stuff, I also wanted to let you know about a potential legal issue/quasi-discovery issue (re: 47 USC 605) so you can inquire about it at depositions if you want.  I went and looked at interrogatories and I do not think it is responsive to any of the interrogatories (thus not needing a formal supplement) but wanted to at least informally alert you in advance of depositions (to me, it seems to be a legal question in the same vein as the wiretap statutory damages).

For some background, following mediation, I have tried to further understand Mr. Thompson's and Mr. Banks's position as it relates to damages/value of the case.  In the course of that, Mr. Thompson provided me last week some of his analysis about 47 USC 605 arguing that it applies to this situation as an additional statutory damages claim or legal theory that provides for statutory damages of something like $1,000-$100,000 per violation (i.e. per text).  That is part of the disparity in valuation of the case, and because Anthony was arrested the night before mediation, I have never fully discussed it with Anthony until I got the information and looked at it myself at the end of last week and discussed with Mr. Thompson about sending this to you.

It is not really a distinct factual issue, as I understand it, so it may not have anything to do with depositions.  But, because I expect there may be some motions/litigation regarding the damages claims in the pretrial, etc., I wanted you to be aware of it in case you want to inquire about it with Mr. Thompson (or Mr. Banks) at depositions.

Please feel free to call if you have any questions.

Thanks,
Michael

p.s. I am still waiting to be able to speak with Mr. Banks about scheduling matters...don't know if you've heard anything yet.  Mr. Thompson is good to go.



Michael Shultz
Shultz Law Office, P.A.
445 North Waco
Wichita, Kansas 67202
(316) 269-2284
(316) 269-2011 fax
michael@shultzlaw.net

Appellate Case: 23-3103   Document: 010110883858   Date Filed: 07/07/2023   Page: 218

# EXHIBIT C

EXHIBIT C

**ANTHONY THOMPSON**

```
1    .

2              IN  THE  UNITED  STATES  DISTRICT  COURT

3                  FOR  THE  DISTRICT  OF  KANSAS

4    .

5    .

6    ALBERT  DEWAYNE  BANKS,

7                  Plaintiff,

8    vs.          Case  No.5:15-CV-03093-HLT-GEB

9    STEVEN  L.  OPAT,        (LEAD  CASE)

10   et  al.,

11               Defendants.

12   ANTHONY  THOMPSON,

13   #15318-031,

14               Plaintiff,

15   vs.          Case  No.5:15-CV-03117-HLT-GEB

16   GLEN  VIRDEN,  et  al.,    (CONSOLIDATED  CASE)

17               Defendants.

18   .

19   .

20   .

21               THE  VIDEO-RECORDED

22               VIDEOCONFERENCE

23            DEPOSITION  OF  ANTHONY  THOMPSON,

24   .

25   .
```



5111 SW 21st Street
Topeka, KS 66604
785-273-3063
www.appinobiggs.com

6420 W. 95th Street
Suite 101
Overland Park, KS 66212
913-383-1131

800 E. 1st Street
Suite 305
Wichita, KS 67202
316-201-1612

**24**

## ANTHONY THOMPSON

1    Q.   Okay.  So as you understand it, T-

2  Mobile was disclosing your text messages

3  without a valid Court authorization for no

4  more than 60 days?

5    A.   Correct.

6    Q.   Okay.  How many text messages did T-

7  Mobile disclose to law enforcement without a

8  valid warrant?  Your text messages, I mean.

9    A.   Well, there's really no way that I

10 would be able to know that because we were

11 incarcerated and it's -- it's -- I'm pretty

12 sure you're familiar with the CG -- CJA Act;

13 and while you're incarcerated, you can only

14 look at discovery only when your attorney's

15 right there.  So we really didn't have

16 access to look at all the text -- any of the

17 specific text messages.  We could only see

18 what our attorneys brung up there.

19          So I -- only thing I can tell you

20 about that is that it was 67,000

21 interceptions, and they were texts and phone

22 calls.  We don't know the specifics about

23 which ones, how many text messages it was or

24 anything.  We never seen that.  We don't

25 really know.  It was 67,000 interceptions



5111 SW 21st Street        6420 W. 95th Street        800 E. 1st Street
Topeka, KS 66604            Suite 101                 Suite 305
785-273-3063               Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com          913-383-1131             316-201-1612

220

1   though.

2       Q.   Okay.  So that 67,000 interceptions

3   that you're referring to, that applies to

4   both phone calls and text messages.

5   Correct?

6       A.   Absolutely.

7       Q.   And those phone calls and text

8   messages were not just your phone calls and

9   text messages.  It was all of the

10  participants in the conspiracy?

11      A.   Absolutely.

12      Q.   And -- and roughly how many

13  participants were on this conspiracy?

14      A.   Well, it was in the conspiracy was

15  14.  We have 14 co-defendants.  But it was

16  only I think it was one, two, three -- it

17  was four of us that had our phones

18  intercepted.

19      Q.   Okay.  So of these 67,000, you

20  really have no idea how many were text

21  messages of yours.  Correct?

22      A.   I don't know how many exactly,

23  correct.

24      Q.   Okay.  Do you have any reason to

25  believe that T-Mobile disclosed your text



5111 SW 21st Street        6420 W. 95th Street       800 E. 1st Street
Topeka, KS 66604           Suite 101                 Suite 305
785-273-3063               Overland Park, KS 66212   Wichita, KS 67202
www.appinobiggs.com        913-383-1131              316-201-1612

Appellate Case: 23-3103   Document: 010110883858   Date Filed: 07/07/2023   Page: 222

**ANTHONY THOMPSON**

1  based on your own investigation, your own

2  research.  Is that right?

3      A.  Yes.

4      Q.  And you did not learn about it in

5  the first place from your attorney.

6  Correct?

7      A.  Correct.

8      Q.  Have you spoken to Mr. Banks about

9  this possible claim under Section 605?

10     A.  Well, not really.

11     Q.  And let me --

12     A.  We -- we --

13     Q.  Let me pause again.  I'll interrupt

14  you, sir, and just to be clear if you talked

15  to Mr. Banks about Section 605 in the

16  presence of your attorney, you know, I don't

17  need to hear about the contents of that

18  communication.

19     A.  No.  But we talked about it, but

20  this is like probably like years ago while

21  we were still in CCA, like maybe.

22     Q.  Okay.  So while you were --

23     A.  A long time ago.

24     Q.  While you were incarcerated for the

25  2015 cocaine distribution charge at some



5111 SW 21st Street       6420 W. 95th Street       800 E. 1st Street
Topeka, KS 66604          Suite 101                 Suite 305
785-273-3063              Overland Park, KS 66212    Wichita, KS 67202
www.appinobiggs.com       913-383-1131              316-201-1612

222

## ANTHONY THOMPSON

1    point in your incarceration, you recall

2    talking to Mr. Banks about a possible claim

3    against T-Mobile and Sprint under Section

4    605?

5         A.    Correct.

6         Q.    Okay.  So you -- you've been aware

7    of Section 605 as a possible claim against

8    T-Mobile and Sprint for several years.  Is

9    that fair?

10        A.    Yes.

11        Q.    How did you discover Section 605 as

12   a possible claim against T-Mobile and

13   Sprint?

14        A.    Well, actually I just really what

15   happened is I misread the statute because I

16   actually thought by pleading to 2520, 605

17   was amended when the Federal Wire Tap Act

18   was enacted back in 1968.  When they enacted

19   Title III in 1968, they actually amended the

20   605 into the statute.

21             So I was under the -- until I spoke

22   to Mr. Shultz about it, I was under the

23   impression that by me pleading 2520 and 605

24   being amended at the time it was enacted

25   that that was automatically, like it was one



5111 SW 21st Street          6420 W. 95th Street          800 E. 1st Street
Topeka, KS 66604             Suite 101                    Suite 305
785-273-3063                 Overland Park, KS 66212      Wichita, KS 67202
www.appinobiggs.com          913-383-1131                 316-201-1612

223

# EXHIBIT D

EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ALBERT DEWAYNE BANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-3093-HLT-GEB |
| | ) | |
| STEVEN L. OPAT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| ANTHONY THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-3117-HLT-GEB |
| | ) | |
| DAVID L. PLATT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### PLAINTIFF ANTHONY THOMPSON'S RESPONSES TO DEFENDANT T-MOBILE USA, INC.'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW the plaintiff, Anthony Thompson, and provides the following answers to defendant T-Mobile's first set of interrogatories and requests for production of documents. Plaintiff reserves the right to amend and/or supplement these responses as litigation and/or discovery proceed.

### INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify and/or describe the contents of each of the "private communications" and the pictures and text messages you allege T-Mobile disclosed to third parties in Paragraph 12 of your Amended Complaint.

**ANSWER:**

82634674.1

225

I know that there were thousands of electronic communications intercepted from my phone. However, I do not have copies of those communications, nor do I remember each and every one. But I know that some of them included pictures of my family, including children, as well as private communications unrelated to any alleged criminal activity. Some of those messages were of an intimate personal nature.

**INTERROGATORY NO. 2:**       Please identify and explain all facts of which you are aware

showing T-Mobile used the private information contained in your text messages to profit or further

its agenda as you allege in Paragraph 15 of your Amended Complaint.

   **ANSWER:**

Paragraph 15 of my Amended Complaint was intended to highlight the actions of the named defendants in that paragraph and was not intended to include T-Mobile. However, I do believe that T-Mobile was probably paid for its work.

**INTERROGATORY NO. 3:**       Please identify any sources of income, including but not

limited to full or part-time employment, contract work, gig-work, or any form of employment that

you held from March 1, 2012 to June 3, 2013.

   **ANSWER:**

I was in school for HVAC training at Manhattan Area Technical College (MATC). I received a grant for that training in the approximate amount of $7,000 around that time period.

**INTERROGATORY NO. 4:**       Please identify and describe in detail any emotional or

mental harm or distress you allege you suffered as a result of T-Mobile disclosing your text

messages to third parties, including but not limited to any physical manifestations you have

experienced of such emotional or mental harm or distress.

   **ANSWER:**

I suffered emotional and mental harm for multiple reasons. First, I knew that various pictures and communications about my children were disclosed to third parties and that cause significant emotional harm and stress to me. Second, I knew that private and intimate conversations and messages were disclosed to third parties who used that information as leverage against me in the criminal case and in the process destroyed my family. Finally, I knew that T-Mobile disclosed my location information as well, which was used by third parties to enhance the prosecution efforts against me.

2

**INTERROGATORY NO. 5:**    Please identify and describe in detail any reputational harm you allege you suffered as a result of T-Mobile disclosing your text messages to third parties.

   **ANSWER:**

**Private information was used and disclosed to family members to create leverage against me in the criminal case. This information, which was not related to any criminal activity, caused me to suffer reputational harm. Additionally, my reputation suffered because some people who were in communication with me about non-criminal matters were unfairly roped into the situation and that caused many people to look at my reputation differently and more negatively.**

**INTERROGATORY NO. 6:**    If you are claiming lost wages as damages in this lawsuit, please identify the amount of lost wages, was well as a summary of your previous work history and your annual gross income for 2009, 2010, 2011, 2012, and 2013.

   **ANSWER:**

**Not applicable. I am not claiming lost wages as damages in this lawsuit.**

**INTERROGATORY NO. 7:**    If you contend that T-Mobile acted in bad faith by providing your text messages to any third party, please identify the third party you contend T-Mobile provided text messages to in bad faith and explain all facts showing T-Mobile acted in bad faith.

   **ANSWER:**

**T-Mobile generally expressed commitments to privacy and good service. Those commitments made me believe that T-Mobile would value my information and privacy and would protect that information unless required to disclose it by a valid court order. T-Mobile's decision to intercept and disclose thousands of my electronic communications shows to me that they never meant any of their promises and never intended to comply with their commitments. Basically, it seems as if T-Mobile made false promises with no intent to actually keep them.**

**INTERROGATORY NO. 8:**    Please identify each date (day, month, and year) in which you contend T-Mobile improperly disclosed electronic communications to a third party, and identify the third party to whom you contend the electronic communications were provided.

**ANSWER:**

**I do not have a copy of the electronic communications provided and do not know each and every date each and every communication was disclosed. However, I do know that communications were disclosed every day and generally from the beginning of the order at issue in this case until the issuance of the clarifying order from Judge Platt. I think that T-Mobile unlawfully disclosed electronic communications for approximately 45 days.**

**VERIFICATION**

STATE OF MISSOURI      )
                       )
COUNTY OF *Greene*     )

  Anthony Thompson, of lawful age, after first being sworn upon his oath, deposes and states that he is the plaintiff in the above-entitled case, that he has made answers to said interrogatories and the answers given herein are true and correct to the best of his knowledge.

              _____
              ANTHONY THOMPSON

SUBSCRIBED AND SWORN TO before me this *18* day of *April*, 2022.

              _____
              NOTARY PUBLIC

My appointment expires: *11/03/2024*

KAYLA DANIELLE ENLOE
Notary Public, Notary Seal
State of Missouri
Greene County
Commission # 20343102
My Commission Expires 11-03-2024

## RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**   Please provide a copy of each of the "private communications" and the private pictures and text messages you allege T-Mobile disclosed to third parties in Paragraphs 12 and 34 of your Amended Complaint.

   **ANSWER:**

**I do not have a copy of the pictures and text messages.  I believe the United States Attorney's office might have a copy.**

**REQUEST NO. 2:**   Please provide a copy of any tax documents or other proof of income, including but not limited to your filed tax returns, 1099's and W-2's, or pay stubs, for work performed or income received in 2009, 2010, 2011, 2012, or 2013.

   **ANSWER:**

**Not applicable, as I am not claim lost wages as part of the damages in this case.  I do not have copies of any of my tax returns from any of those dates.**

**REQUEST NO. 3:**   Please provide any writings, communications, or other documents you contend support any claim that you suffered physical, mental, emotional or reputational harm as a result of T-Mobile disclosing your text messages to any third party, including any written communications you have sent or received about the facts of this case.

   **ANSWER:**

**I do not have any responsive documents to this request.  But please see my writings in the pleadings in this case.**

**REQUEST NO. 4:**   Please provide a copy of any deposition or hearing transcripts wherein you discuss any injury or harm resulting from T-Mobile disclosing your text messages to any third party.

   **ANSWER:**

**None.  I have not testified in any hearing related to this matter.**

5

229

**REQUEST NO. 5:**   Please provide a copy of any medical bills or expenses you incurred as a result of T-Mobile disclosing your text messages to any third party.

        **ANSWER:**

**None.**

                                Respectfully submitted,

                                SHULTZ LAW OFFICE, P.A.

                                BY:    /s/ Michael Shultz_____
                                            MICHAEL SHULTZ #23133
                                          445 N. WACO
                                          Wichita, KS 67202
                                          Phone: (316) 269-2284
                                          Fax:   (316) 269-2011
                                          Email: michael@shultzlaw.net
                                          *Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

    I hereby certify that on April 18, 2022, I served a copy of the foregoing on Defendant's counsel, Trenton D. Tanner, via email.

                                */s/ Michael Shultz__*
                                  Michael Shultz
                                  *Attorney for Anthony Thompson*

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: James Phillip Gragson (jpgragson@hhmglaw.com,
robin@hensonlawoffice.com), Jay E. Heidrick (docketing@polsinelli.com,
jheidrick@polsinelli.com, jthies@polsinelli.com, kmurray@polsinelli.com,
ksartain@polsinelli.com), Michael T. Hilgers (mhilgers@hilgersgraben.com), Trenton
D. Tanner (paralegals@hilgersgraben.com, ttanner@hilgersgraben.com), Amanda S.
Vogelsberg (avogelsberg@hhmglaw.com, robin@hhmglaw.com, shery@hensonlawoffice.com),
District Judge Holly L. Teeter (ksd_teeter_chambers@ksd.uscourts.gov)
--Non Case Participants: Wendell F. Cowan, Jr (bcowan@foulston.com), Stephen O.
Phillips (steve.phillips@ag.ks.gov)
--No Notice Sent:

Message-Id:<5682263@ksd.uscourts.gov>
Subject:Activity in Case 5:15-cv-03117-HLT Thompson v. Virden et al :
```
***** Case Consolidated for Discovery; All Non-Dispositive filings to be made in Lead Case 15-cv-3093***.**
```
Order
Content-Type: text/html
```

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**DISTRICT OF KANSAS**

**Notice of Electronic Filing**

The following transaction was entered on 10/14/2022 at 9:27 AM CDT and filed on 10/14/2022

| | |
|---|---|
| **Case Name:** | Thompson v. Virden et al : **\*\*\* Case Consolidated for Discovery; All Non-Dispositive filings to be made in Lead Case 15-cv-3093\*\*\*.** |
| **Case Number:** | <u>5:15-cv-03117-HLT</u> |
| **Filer:** | |
| **Document Number:** | 194(No document attached) |

**Docket Text:**
**MINUTE ORDER: At the direction of chambers and upon filing of the Pretrial Order, case 15-3093-HLT and 15-3117-HLT are no longer consolidated. Each action will continue under its own case number. Signed by deputy clerk on 10/14/2022. Mailed to pro se party Anthony Thompson by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(jal)**

**5:15-cv-03117-HLT Notice has been electronically mailed to:**

James Phillip Gragson     jpgragson@hhmglaw.com, robin@hensonlawoffice.com

Jay E. Heidrick     jheidrick@polsinelli.com, docketing@polsinelli.com, jthies@polsinelli.com, kmurray@polsinelli.com, ksartain@polsinelli.com

Amanda S. Vogelsberg     avogelsberg@hhmglaw.com, robin@hhmglaw.com, shery@hensonlawoffice.com

Michael T. Hilgers     mhilgers@hilgersgraben.com

Trenton D. Tanner     ttanner@hilgersgraben.com, paralegals@hilgersgraben.com

**5:15-cv-03117-HLT Notice has been delivered by other means to:**

Anthony Thompson
2201 SE 25th
Topeka, KS 66605

Arthur S. Chalmers
Office of Attorney General - Kansas
120 SW 10th Avenue
Topeka, KS 66612-1597

Eric Turner
Foulston Siefkin LLP - OP
7500 College Blvd., Suite 1400
Overland Park, KS 66210

Michael K. Seck
Fisher, Patterson, Sayler & Smith, LLP - Overland Park
9393 W. 110th Street, Suite 300
Overland Park, KS 66210

Toby Crouse
U.S. District Court - Topeka
444 SE Quincy Street
Topeka, KS 66683-0001

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF KANSAS**

FILED

OCT 31 2022

Clerk, U.S. District Court
By: _____ Deputy Clerk

**ANTHONY THOMPSON**

**Plaintiff,**

**No. 15-3117-HLT**

**v.**

**COMMUNICATIONS CARRIERS**

**Defendant,**

**Objections To The Magistrates Report And Recommendation And good Cause To Slightly**

**Change The Pre Trial Order**

The Court held a pretrial conference on September 1, 2022. Plaintiff appeared through

counsel even though counsel for the plaintiff was fully anticipating and prepared to be allowed to

formally withdraw his services from the case. However instead of being allowed to withdraw

counsel was ordered to argue a position which was not only in direct conflict his professional

understanding of the procedural issue at hand but also flat out wrong. After hearing counsel's

best explanation for the plaintiff's failure to timely plead the 47 U.S.C 605(a) issue the

magistrate called counsel's description of the plaintiff's failure to plead 47 U.S.C 605 in his

complaint vague in her report and recommendation. See Doc. 179 at pg. 6.

A review of the record in this case proves the plaintiff's reason for not placing the 47

U.S.C 605(a) issue in the complaint was anything but vague and based solely on the fact that he

misunderstood the effect of the legislature adding the 605 statute into the introductory clause of

18 U.C.S 2510 et al. See Att. 1 (email sent to counsel). It is clear counsel did not assert diligently

assert the plaintiff's position at the pretrial conference for two reasons. First counsel knew in his professional judgment that the plaintiff's understanding was procedurally incorrect. Second counsel believed based on the sound reasoning for his request that the motion to withdraw would be granted at the pretrial conference hearing. The current record shows that counsel was aware of why the plaintiff failed to plead the statute in question. See Att. 1 (Declaration of Plaintiff). Counsel simply was not comfortable with arguing a position which was clearly wrong. As a result the magistrate did not receive the benefit of actually hearing why the amendment was not placed in the original amended complaint prior to making her report and recommendation. Once this Court understands that this was actually a honest mistake this Court should grant the amendment under good cause. The Court should also allow the plaintiff to withdraw the stipulations made by counsel which are in direct conflict with the plaintiffs position, intentions, and his pleading from his original amended complaint. The stipulations plaintiff is seeking to have withdrawn are the waiver of the state law wiretap claim which was stipulated to by counsel. And the stipulation that the plaintiff's are no longer seeking punitive damages from the wiretap act. We were under the understanding that we were simply waiving any claim for actual damages from the wiretap statute. We were comfortable with waiving actual damages because we were never physically harmed and we did not maintain any type of employment during the time the phone carriers became liable for their actions to suffer loss wages. On the other hand we always made it clear to counsel prior to the stipulation by counsel that one of our reasons for our damage request was surrounded by the fact that the phone companies are responsible for protecting millions of United States citizens private communications. There are dozens of statutes enacted by congress to ensure the proper procedures were followed by communication carriers. We always explained to counsel that the communication carriers should be punished for violating the

234

wiretap law because the communication carriers are held to be responsible to protect millions of citizens private communications. The defendant's profit hundreds of millions of dollars off millions of citizens private communications and should be taught a lesson for their violation. At this point it seems like one of focus points in the defendant's position is surrounded around the fact that the plaintiffs were drug dealers at the time of the communication carriers' actions. While it is true the plaintiffs were selling drugs at the time the communication carriers committed the acts in question that does not absolve them from congress' mandate to follow the law. The merits of the plaintiff's request should be granted in full. The motion to amend should be granted and the plaintiff should be allowed to withdraw stipulations and allowed to proceed with the state law claim and the punitive damages under the wiretap act.

**LEGAL STANDARD**

The exact words used to describe the standard for amending the pre trial order probably are less important than the meaning given them in practice... The words to prevent manifest injustice... Adequately describe the restraint the trial judge should exercise. See 1983 Adivsory Comm. Note to Fed. R. Civ. P. 16(e). The moving party for such modification bears the burden of proving the manifest injustice will result absent the amendment. The Tenth Circuit when reviewing a decision to deny a request to amend a final pretrial order... considers (i) the extent of prejudice or surprise to the non moving party if the amendment were permitted; (ii) the ability of that party to cure any prejudice; (iii) disruption if the litigation by inclusion of the new issue; (iv) bad faith by the party seeking to modify the order. See Davey v. Lockhead Martin Corp., 301 F.3d 1204, 1208-10 (10th cir.2002; Koch v. Koch Indus., 203 F.3d 1202, 1222 & n. 10 (10th Cir. 2000). In practice, courts within the Tenth Circuit tend to find the Koch factors favor amendment that are (a) filed before trial has begun or is imminent (b) do not seek to change movants theory of its case

after discovery has closed, and (c) do not seek to avoid prior rulings or otherwise show bad faith by the movant. Since the plaintiff meets all three of these prongs easily this request should be granted in full.

### Magistrate Did Not Hear The Reason For The Failure Of Plaintiff To Plead 605 In The Complaint

When counsel went to the pretrial conference he fully expected to be granted his motion to withdraw which was filed a few days prior to the hearing. Counsel knew the reason that the plaintiff did not plead 605 was because the plaintiff actually thought 605 was amended into Title III when the statute was enacted. See (Declaration of Plaintiff). Counsel knew the plaintiff's belief was wrong and more than likely was not comfortable with presenting the erroneous position to the court. The plaintiff will now explain why his failure to plead 605 should be awarded under good cause.

### The Plaintiff Should Be Granted His Motion To Amend Under Good Cause Because His Failure To Plead Was Unintentional, Does Not Cause Any Prejudice, And Will Not Require Extensive Discovery Disclosure

There is no denying that when enacting Title III congress simultaneously added 605's introductory clause. See United States v. Rose, 669 F.3d 23, 26-27 (1st Cir. 1981). The plaintiff also understood appellate courts to hold the wiretap act qualifies the entire paragraph of 605… finding it significant that congress added 605(a)'s introductory clause when it passed Title III of 1968. Id. Courts have found the better interpretation limits each section of 605's prohibitions to activities not authorized by the wiretap act. See Edwards v. State v. Farm, 833 F.2d 535, 540 (5th Cir. 1987). When the plaintiff pled 18 U.S.C 2511 in his complaint against the phone carriers he

incorrectly assumed he could recover damages from 605 if successful on his claim. This

misunderstanding by the plaintiff was based on congress placing 605's introductory clause in

Title III when it was enacted. 18 U.S.C 2511 (which is the section pled by the plaintiff in his

complaint) is the section of Title III which gave phone carriers protection from 605's liability.

When circuit court's have addressed the effect 2511 has on 605 they have all held 2511 is an

authorization which protects phone carriers from 605's liability. See United States v. Freeman,

524 F.2d 337 (7th Cir. 1975) (holding 2511 must be read as an exception to phone companies to

the prohibitions of 47 U.S.C 605). Basically the plaintiff understood these cases to hold 2511 as

a defense to phone carriers from being held liable under 605. And when looking at the

introductory clause of 605 inside of Title III itself the plaintiff incorrectly assumed that 605 and

its liability was amended into Title III when it was enacted. This confusion came from the fact

that even though it is clear that Title III supersedes 605 the 605 statute has never been abolished

and has actually been amended several times since Title III's enactment. Congress has never to

this day explained what effect 605's introductory clause in Title III has on the new statute.

Instead everytime 605 has been amended congress has explained that the statute continues to

have broad reach. The plaintiff thought that 605 amended its protection into Title III upon the

condition that Title III's protections were violated. This was not something which was planned

with the intentions of causing a surprise for the defendants. The plaintiff did not even know that

failing to plead 605 was an issue until counsel and him passed the summary judgment phase and

counsel wanted to know how we came up with how the damages would be calculated. See

Declaration. Even though the plaintiff knew of the statute he did not understand its effect and to

be quite honest the plaintiff still to this day does not understand the effect 605's introductory

clause had on Title III. The plaintiff should be given good cause for his unintentional failure to timely plead 605.

**There Is No Prejudicial Effect On Allowing The Amendment Because The Theory Of Both Allegations Are The Same Plus The More Strict Wiretap Act Claim Has Survived Summary Judgment.**

When congress amended 605 with the cable communications act Sen. Packwood explained that congress was adopting the legislative history with modifications emphasizing the broad reach of 605. See TKR v. Cable, 267 F.3d 196, 201 (3rd Cir. 2001). The legislative history of the wiretap act also shows that with respect to wire communications the amended 605 was specifically designed to regulate the conduct of communications personnel. See United States v. Norris, 88 F.3d 462, 465 (7th Cir. 1996). There is no prejudice caused by allowing the amendment because the theory of issues are similar with the stricter statute already surviving summary judgment. 47 U.S.C. 605 simply finds phone companies liable when they divulge or publish communications in violation of the wiretap act.

**(B) Discovery Disclosures Can Be Complete In Less Than One Week**

Since counsel withdrew the plaintiff has contacted a few of the trial attorney's and was able to come up with a download of the entire trial record. This disc has a copy of the search warrant affidavit which contains hundreds of conversations of text messages. The record also has within it thousands of cell site location records ( a distinct form of electronic communications disclosed by T-Mobile without authorization) which was used in the criminal case by the United States Attorney's Office. Finally there are records of call logs from the phone carriers which was turned over to the United States Attorney's Office. These call logs simply show if a call or text

was sent or received from a particular phone but does not give any content from those communications. Counsel also had this same trial record within his possession but when pressed on turning some of these records over he told us the discovery deadline does not mean we have to stop prosecuting our case. He told us we can bring forth the information when we get to the damages process because this does not have anything to do with us proving our case for trial but instead will become relevant when damages becomes an issue. For the past two years I was always very adamant in explaining to counsel we needed to recovery and turn these documents over. Even though counsel had a copy of this same record he decided not to turn these documents over to the phone carriers. These disclosures can be turned over to the phone carriers in a very expedient manner. To allow the plaintiff one week to disclose the documents to the phone carriers would not prejudice them in any way as the trial is set for June 0f 2023..

**(C) The State Law Stipulation And The Punitive Damages Stipulation Should Be Rescinded**

The plaintiff never intended for either his state law or his punitive damages claims to be stipulated that we no longer would pursue the claims. Counsel explained that it was simply an oversite when he did not plead the state law claim in our pre trial pleading. **See Declaration.** Counsel stated he was so consumed with trying to understand my position on 605 that he just dropped the ball on that. Counsel also said I did not notice the failure to plead our state law claim either. He said he would talk to the phone companies. The phone company responded by informing counsel that if we waived our 605 claims then they will allow us to reopen our state law claim. I refused that offer because we should not be held accountable for a honest mistake which was made by counsel. The other claim of stipulating to not argue punitive damages was also a miscommunication between me and counsel. I was under the impression that we agreed

that I would not argue for actual damages within the statute. This concession was based on the

fact that we were not physically harmed or we did not lose any income from the violation. I

never intended for counsel to waive punitive damages. Me and counsel also had conversations

where I explained to him that we would be seeking monetary damages under the wiretap act

based on the companies responsibility to protect millions of citizens private communications.

The phone carriers should be taught a lesson that no matter how many orders it receives in a year

thier legal team is specifically paid very well to ensure the phone carriers follow the law. The

phone companies maintain control over nearly every citizens private communications. The phone

company has basically taken the position that because the plaintiffs were into drugs that there

violation should be swept under the rug. Basically the phone companies believe our rights as

citizens are somehow diminished. The plaintiff's already went to trial and lost. This case is not

about our past violations we have paid hose debts and are now law abiding citizens. This case is

about whether the phone companies sent our text messages and CSLI to law enforcement without

a valid warrant. They did and they should explain to their actions to a jury. They have all but

admitted that they did. But now they are trying to use the miscommunications between former

counsel as a way to escape having a merits determination via trial by jury. The Tenth Circuit

favors cases being decided on the merits. These unintentional waivers will simply allow the

phone carriers an escape hatch from a facing jury determination for their actions.

### Conclusion

The Court should find that the amendment was based on a understandable , non

intentional misunderstanding of a vague addition to Title III at the time of its enactment. The

Court should allow the plaintiff to turn over the few documents which will be relevant to show

that the phone carrier transferred electronic communications to law enforcement without

240

authorization. The Court should finally allow the plaintiff to plead his action against the

defendants for its state law violations and for punitive damages because counsels waivers are

prejudicial to the plaintiff's entire cause. There is no prejudice suffered because the trial is not to

commence until June of 2023.

Respectfully submitted,

Anthony Thompson.

Anthony Thompson

10-31-22

Page: 242

Date Filed: 07/07/2023

Document: 01011083858

Appellate Case: 23-3103

Re: Attachment To Objections



NOV - 3 2022

11-3-22

Case No. 15-3117

Clerk, U.S. District Court
By: _____ Deputy Clerk

Dear Court Clerk,

Please find enclose an attachment to the motion which was filed on October 31, 2022. The Objections are the same as the original the only difference is that this document has the attachments which were mentioned in the motion but were not placed within the actual motion. One <u>attachment i</u>s a copy of an email I sent to counsel prior to the pretrial conference. The other <u>attachment i</u>s a declaration I made for the record concerning my state of mind at the time I filed my complaint. Please attach the email and declaration to the record.

Respectfully submitted,

Anthony Thompson

242

Page: 243     Date Filed: 07/07/2023     Document: 01110883858     Appellate Case: 23-3103

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF KANSAS**

**ANTHONY THOMPSON**
      Plaintiff,

                                     **No. 15-3117-HLT**

**v.**

**COMMUNICATIONS CARRIERS**

      Defendant,

**<u>Objections To The Magistrates Report And Recommendation And Good Cause To Slightly</u>**

**<u>Change The Pre Trial Order</u>**

The Court held a pretrial conference on September 1, 2022. Plaintiff appeared through counsel even though counsel for the plaintiff was fully anticipating and prepared to be allowed to formally withdraw his services from the case. However instead of being allowed to withdraw counsel was ordered to argue a position which was not only in direct conflict his professional understanding of the procedural issue at hand but also flat out wrong. After hearing counsel's best explanation for the plaintiff's failure to timely plead the 47 U.S.C 605(a) issue the magistrate called counsel's description of the plaintiff's failure to plead 47 U.S.C 605 in his complaint vague in her report and recommendation. See <u>Doc. 179 at</u> pg. 6.

A review of the record in this case proves the plaintiff's reason for not placing the 47 U.S.C 605(a) issue in the complaint was anything but vague and based solely on the fact that he misunderstood the effect of the legislature adding the 605 statute into the introductory clause of 18 U.C.S 2510 et al. See Att. 1 (email sent to counsel). It is clear counsel did not diligently assert

the plaintiff's position at the pretrial conference for two reasons. First counsel knew in his professional judgment that the plaintiff's understanding was procedurally incorrect. Second counsel believed based on the sound reasoning for his request that the motion to withdraw would be granted at the pretrial conference hearing. The current record shows that counsel was aware of why the plaintiff failed to plead the statute in question. See Att. 2 (Declaration of Plaintiff). Counsel simply was not comfortable with arguing a position which was clearly wrong. As a result, the magistrate did not receive the benefit of hearing why the amendment was not placed in the original amended complaint prior to making her report and recommendation. Once this Court understands that this was an honest mistake this Court should grant the amendment under good cause. The Court should also allow the plaintiff to withdraw the stipulations made by counsel which are in direct conflict with the plaintiffs position, intentions, and his pleadings from his original amended complaint. The stipulations plaintiff is seeking to have withdrawn are the waiver of the state law wiretap claim which was stipulated to by counsel. And the stipulation that the plaintiff's are no longer seeking punitive damages from the wiretap act. We were under the understanding that we were simply waiving any claim for actual damages from the wiretap statute. We were comfortable with waiving actual damages because we were never physically harmed and we did not maintain any type of employment during the time the phone carriers became liable for their actions to suffer loss wages. On the other hand we always made it clear to counsel prior to the stipulation by counsel that one of our reasons for our damage request was surrounded by the fact that the phone companies are responsible for protecting millions of United States citizens private communications. See Att 2 (Declaration). There are dozens of statutes enacted by congress to ensure the proper procedures were followed by communication carriers. We always explained to counsel that the communication carriers should be punished for

violating the wiretap law because the communication carriers are held to be responsible to protect millions of citizens private communications. The defendant's profit hundreds of millions of dollars off millions of citizens private communications and should be taught a lesson for their violation. At this point it seems like one of focus points in the defendant's position is  surrounded around the fact that the plaintiffs were drug dealers at the time of the communication carriers' actions. While it is true the plaintiffs were selling drugs at the time the communication carriers committed the acts in question that does not absolve them from congress' mandate to follow the law. The merits of the plaintiff's request should be granted in full. The motion to amend should be granted and the plaintiff should be allowed to withdraw stipulations and allowed to proceed with the state law claim and the punitive damages under the wiretap act.

**LEGAL STANDARD**

The exact words used to describe the standard for amending the pre trial order probably are less important than the meaning given them in practice… The words to prevent manifest injustice… Adequately describe the restraint the trial judge should exercise. See 1983 Adivsory Comm. Note to Fed. R. Civ. P. 16(e). The moving party for such modification bears the burden of proving the manifest injustice will result absent the amendment. The Tenth Circuit when reviewing a decision to deny a request to amend a final pretrial order… considers (i) the extent of prejudice or surprise to the non moving party if the amendment were permitted; (ii) the ability of that party to cure any prejudice; (iii) disruption if the litigation by inclusion of the new issue; (iv) bad faith by the party seeking to modify the order. See Davey v. Lockhead Martin Corp., 301 F.3d 1204, 1208-10 (10th cir.2002; Koch v. Koch Indus., 203 F.3d 1202, 1222 & n. 10 (10th Cir. 2000). In practice, courts within the Tenth Circuit tend to find the Koch factors favor amendment that are (a) filed before trial has begun or is imminent (b) do not seek to change movants theory of its case

Appellate Case: 23-3103     Document: 01110883858     Date Filed: 07/07/2023     Page: 246

after discovery has closed, and (c) do not seek to avoid prior rulings or otherwise show bad faith by the movant. Since the plaintiff meets all three of these prongs easily this request should be granted in full.

## Magistrate Did Not Hear The Reason For The Failure Of Plaintiff To Plead 605 In The Complaint

When counsel went to the pretrial conference he fully expected to be granted his motion to withdraw which was filed a few days prior to the hearing. Counsel knew the reason that the plaintiff did not plead 605 was because the plaintiff actually thought 605 was amended into Title III when the statute was enacted. See (Declaration of Plaintiff). Counsel knew the plaintiff's belief was wrong and more than likely was not comfortable with presenting the erroneous position to the court. The plaintiff will now explain why his failure to plead 605 should be awarded under good cause.

## The Plaintiff Should Be Granted His Motion To Amend Under Good Cause Because His Failure To Plead Was Unintentional, Does Not Cause Any Prejudice, And Will Not Require Extensive Discovery Disclosure

There is no denying that when enacting Title III congress simultaneously added 605's introductory clause. See United States v. Rose, 669 F.3d 23, 26-27 (1st Cir. 1981). The plaintiff also understood appellate courts to hold the wiretap act qualifies the entire paragraph of 605… finding it significant that congress added 605(a)'s introductory clause when it passed Title III of 1968. Id. Courts have found the better interpretation limits each section of 605's prohibitions to activities not authorized by the wiretap act. See Edwards v. State v. Farm, 833 F.2d 535, 540 (5th Cir. 1987). When the plaintiff pled 18 U.S.C 2511 in his complaint against the phone carriers he

246

Appellate Case: 23-3103     Document: 010110883858     Date Filed: 07/07/2023     Page: 247

incorrectly assumed he could recover damages from 605 if successful on his claim. This

misunderstanding by the plaintiff was based on congress placing 605's introductory clause in

Title III when it was enacted. 18 U.S.C 2511 (which is the section pled by the plaintiff in his

complaint) is the section of Title III which gave phone carriers protection from 605's liability.

When circuit court's have addressed the effect 2511 has on 605 they have all held 2511 is an

authorization which protects phone carriers from 605's liability. See United States v. Freeman,

524 F.2d 337 (7th Cir. 1975) (holding 2511 must be read as an exception to phone companies to

the prohibitions of 47 U.S.C 605). Basically the plaintiff understood these cases to hold 2511 as

a defense to phone carriers from being held liable under 605. And when looking at the

introductory clause of 605 inside of Title III itself the plaintiff incorrectly assumed that 605 and

its liability was amended into Title III when it was enacted. This confusion came from the fact

that even though it is clear that Title III supersedes 605 the 605 statute has never been abolished

and has actually been amended several times since Title III's enactment. Congress has never to

this day explained what effect 605's introductory clause in Title III has on the new statute.

Instead everytime 605 has been amended congress has explained that the statute continues to

have broad reach. The plaintiff thought that 605 amended its protection into Title III upon the

condition that Title III's protections were violated. This was not something which was planned

with the intentions of causing a surprise for the defendants. The plaintiff did not even know that

failing to plead 605 was an issue until counsel and him passed the summary judgment phase and

counsel wanted to know how we came up with how the damages would be calculated. See

Declaration. Even though the plaintiff knew of the statute he did not understand its effect and to

be quite honest the plaintiff still to this day does not understand the effect 605's introductory

Appellate Case: 23-3103   Document: 010110883858   Date Filed: 07/07/2023   Page: 248

clause had on Title III. The plaintiff should be given good cause for his unintentional failure to timely plead 605.

**There Is No Prejudicial Effect On Allowing The Amendment Because The Theory Of Both Allegations Are The Same Plus The More Strict Wiretap Act Claim Has Survived Summary Judgment.**

When congress amended 605 with the cable communications act Sen. Packwood explained that congress was adopting the legislative history with modifications emphasizing the broad reach of 605. See TKR v. Cable, <u>267 F.3d 196, 201</u> (3rd Cir. 2001). The legislative history of the wiretap act also shows that with respect to wire communications the amended 605 was specifically designed to regulate the conduct of communications personnel. See United States v. Norris, <u>88 F.3d 462, 465</u> (7th Cir. 1996). There is no prejudice caused by allowing the amendment because the theory of issues are similar with the stricter statute already surviving summary judgment. 47 U.S.C. 605 simply finds phone companies liable when they divulge or publish communications in violation of the wiretap act.

**(B) Discovery Disclosures Can Be Complete In Less Than One Week**

Since counsel withdrew the plaintiff has contacted a few of the trial attorney's and was able to come up with a download of the entire trial record. This disc has a copy of the search warrant affidavit which contains hundreds of conversations of text messages. The record also has within it thousands of cell site location records ( a distinct form of electronic communications disclosed by T-Mobile without authorization) which was used in the criminal case by the United States Attorney's Office. Finally there are records of call logs from the phone carriers which was turned over to the United States Attorney's Office. These call logs simply show if a call or text

Appellate Case: 23-3103     Document: 01011083858     Date Filed: 07/07/2023     Page: 249

was sent or received from a particular phone but does not give any content from those communications. Counsel also had this same trial record within his possession but when pressed on turning some of these records over he told us the discovery deadline does not mean we have to stop prosecuting our case. He told us we can bring forth the information when we get to the damages process because this does not have anything to do with us proving our case for trial but instead will become relevant when damages becomes an issue. For the past two years I was always very adamant in explaining to counsel we needed to recovery and turn these documents over. Even though counsel had a copy of this same record he decided not to turn these documents over to the phone carriers. These disclosures can be turned over to the phone carriers in a very expedient manner. To allow the plaintiff one week to disclose the documents to the phone carriers would not prejudice them in any way as the trial is set for June 0f 2023..

**(C) The State Law Stipulation And The Punitive Damages Stipulation Should Be Rescinded**

The plaintiff never intended for either his state law or his punitive damages claims to be stipulated that we no longer would pursue the claims. Counsel explained that it was simply an oversite when he did not plead the state law claim in our pre trial pleading. **See Declaration**. Counsel stated he was so consumed with trying to understand my position on 605 that he just dropped the ball on that. Counsel also said I did not notice the failure to plead our state law claim either. He said he would talk to the phone companies. The phone company responded by informing counsel that if we waived our 605 claims then they will allow us to reopen our state law claim. I refused that offer because we should not be held accountable for a honest mistake which was made by counsel. The other claim of stipulating to not argue punitive damages was also a miscommunication between me and counsel. I was under the impression that we agreed

Appellate Case: 23-3103     Document: 010110883858     Date Filed: 07/07/2023     Page: 250

that I would not argue for actual damages within the statute. This concession was based on the fact that we were not physically harmed or we did not lose any income from the violation. I never intended for counsel to waive punitive damages. Me and counsel also had conversations where I explained to him that we would be seeking monetary damages under the wiretap act based on the companies responsibility to protect millions of citizens private communications. The phone carriers should be taught a lesson that no matter how many orders it receives in a year thier legal team is specifically paid very well to ensure the phone carriers follow the law. The phone companies maintain control over nearly every citizens private communications. The phone company has basically taken the position that because the plaintiffs were into drugs that there violation should be swept under the rug. Basically the phone companies believe our rights as citizens are somehow diminished. The plaintiff's already went to trial and lost. This case is not about our past violations we have paid hose debts and are now law abiding citizens. This case is about whether the phone companies sent our text messages and CSLI to law enforcement without a valid warrant. They did and they should explain to their actions to a jury. They have all but admitted that they did. But now they are trying to use the miscommunications between former counsel as a way to escape having a merits determination via trial by jury. The Tenth Circuit favors cases being decided on the merits. These unintentional waivers will simply allow the phone carriers an escape hatch from a facing jury determination for their actions.

## Conclusion

The Court should find that the amendment was based on a understandable , non intentional misunderstanding of a vague addition to Title III at the time of its enactment. The Court should allow the plaintiff to turn over the few documents which will be relevant to show that the phone carrier transferred electronic communications to law enforcement without

250

authorization. The Court should finally allow the plaintiff to plead his action against the

defendants for its state law violations and for punitive damages because counsel's waivers are

prejudicial to the plaintiff's entire cause. There is no prejudice suffered because the trial is not to

commence until June of 2023.

Respectfully submitted,

Anthony Thompson.

Appellate Case: 23-3103    Document: 010110883858    Date Filed: 07/07/2023    Page: 251

Appellate Case: 23-3103     Document: 010110883858     Date Filed: 07/07/2023     Page: 252

**ATTACHMENT I**

(A carbon copy of the email sent to Mr. Shultz prior to pretrial conference)

Attention: Micheal Shultz
From: Anthony Thompson #15318-03

Page: 253          Date Filed: 07/07/2023          Document: 01110883858          Appellate Case: 23-3103

## Why is 47 USC 605(a) Relevant to our Case?

(1 ) Every circuit to address this issue has held that 18 USC 2511(2)(a) must be sensibly be read as an exception of telephone companies from the prohibitions of 47 USC 605(a), and in a sense an authorization. See United States v. Freeman, 524 F.2d 337 (7th Cir. 1975); United States v. Clegg, 509 F.2d 605 (5th Cir. 1975)(same). In other words as a precondition to finding a phone company liable under 605(a) a person must first show the company violated 2511(2)(a).

(The wiretap act qualifies the entire paragraph of 605(a).. finding it significant that congress simultaneously added 605(a)'s introductory clause when it passed Title III of 1968). See United States v. Rose, 669 F.2d 23, 26-27 (1st Cir. 1981).

**Post ECPA's Amendment to the Wiretap Act**

Edwards v. state Farm, 833 F.2d 535 (5th cir. 1987)(We think the better interpretation limits each section 605's prohibitions to activities not authorized by the wiretap act). Id at 540. Also explaining (since congress added the introductory phrase to section 605 at the same time it enacted the wiretap act we believe congress intended to make the same statutes consistent). See Tyler v. Berodt, 877 F.2d 705 (8th Cir. 1989)(holding wiretap act requirements apply to 605).

I take the position that when Judge Teeter expressly rejected summary judgment to the phone companies defense of 2511(2)(a) it essentially allows us to bring damages under the qualifying statute of 605(a) which was enacted specifically to hold phone companies liable.

**Legislative history shows 605(a) Was Established specifically To Hold Communications Companies Liable**

The Wiretap Act of 1968 amended 605. The wiretap act removed all references to wire transmission in 605 except for the first clause to which it added the beginning phrase "except as authorized by Chapter 119 of Title 18. Legislative history of the wiretap act explains that with respect to wire communications the amended 605 was designed to regulate conduct of communication personnel. See United States v. Norris, 88 F.3d 462, 465 (7th cir. 1996)(citing S. Rep. 90-1097 reprinted in 1968 USCCAN 2112, 2196-97).

Congress explained that the new wiretap act was not intended to be an reenactment of 605. The new provisions are intended as a substitute. Id. Thus the act removed from 605 the principle share of its authority over wire communication. TKR v. Cable, 267 F.3d 196, 201 (3rd Cir. 2001) The wiretap act amendment created a gap in the regulatory scheme because the definition of wire communication for purposes of the wiretap act is narrower than the definition in 605. The wiretap act therefore governs wire communications as they relate to common carriers whereas Cable television providers are not common carriers. See Norris 88 F.3d at 465-66. Based on the fact that the wiretap act is narrower than 605 it is no issue with us obtaining damages from the more broadly worded 605 statute.

**Congress Adopts Cable Communications Act of 1984**

This legislation was enacted to fill the void and to deter piracy of cable television. See TKR. Cable Co. 267 F.3d at 206. (statement of Sen. Packwood), reprinted 1984 USCCAN 4738 (statement of Senator Robert W. Packwood, Chairman of the Senate Committee on Commerce.. adopting the legislative history with modifications emphasizing the broad reach of 605). It is essential to remember this point because it shows that congress intended the reach of 605 to be broad.

Page: 254     Date Filed: 07/07/2023     Document: 01110883858     Appellate Case: 23-3103

**Satellite Home Viewer Act of 1988**

In 1988 congress amended the Communication Act again to deter piracy practices. See The Satellite Home Viewer Act of 1988 Pub. L. No. 100-667) 205, 102 Stat 3959-60. These amendments stiffened applicable civil and criminal penalties expanded civil standing to sue, and added the provision now identified as 605(e )(4).(H.R Rep. No. 100-887 (11) (1988) at 28, reprinted in 1988 USCCAN 5638, 5657).

In sum the review of statutory history of 605 reveals when the statute was first enacted it was meant to be construed expansively to cover all communications known and anticipated through technological advances. Certain amendments and controlling case law may have carved out exceptions to that coverage but on a whole the legislative history reflects congress intent that 605 be construed expansively. See H.R. Rep. 98-934, 83 reprinted in 1984 USCCAN 4655, 4746 (Section 605 has provided broad protection against  the unauthorized interception of various forms of radio communications. It is the committes's intention that the amendment preserve these broad protections)

**ISSUES RELATED TO DAMAGES 605(a)**

(1 ) 605 is a proper statute to assert damages because 2511 is narrower than the protections in 605(a)

(2 ) the statute was enacted to deter communications personnel conduct. The fact that the phone companies deal with millions of its consumers data on a daily basis means that the 605 should be applied to deter future conduct. The 20,000 dollar will only serve the purpose to inform phone companies that it does not really have to follow the law or its policy when dealing with personnel data because they will on be forced to pay a very minimum amount for the violation. Basically there would no longer be any incentive for a phone company to strictly construe court orders  anymore. They could literally now just skip the process and become arms of the government and follow orders of law enforcement.

(3 ) The definitions from 2510 distinguishes "person" from "communications carrier". In 18 U.S.C 2520 which is the damages statute under Title III communications carrier is only mention one time and that is in reference to ordering communication carriers not to turn over information or inform the people who are being wiretapped that law enforcement is actively intercepting their communications. If phone personnel does then the person who violates that can personally be held liable. Every other reference to liability is in reference to a "person" who under statutory construction must be considered to mean something different from a communications carrier.

(4) I am in the process of contacting the Federal Communications Commission to report the phone companies. Also I am in contact with a few journalist who I am try to convince to write an article about phone companies giving up person information without a warrant.

Our position is that since the phone company is not protected under 2511 then it is now subject to damages under the broader law against phone carriers under 605(a).

I hope this helps you get a better feel of what I am trying to do. We are only trying to get statutory damages for each text and csli which was used and disclosed to law enforcement. It is my belief that you have are in a win win situation because it is pretty clear that the phone companies sent the text and csli without a warrant. Based on that it is a high percentage that regardless of how our statutory damages

request goes you should get compensated by the phone companies regardless. I know it is no such thing as a sure win but I feel like we have a better chance to win than to lose.

Please contact me soon.

Sincerely

Anthony Thompson

Appellate Case: 23-3103   Document: 010110883858   Date Filed: 07/07/2023   Page: 255

**ATTACHMENT II**

(A Declaration of Anthony Thompson)

Appellate Case: 23-3103     Document: 010110883858     Date Filed: 07/07/2023     Page: 256

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

Page: 257

Date Filed: 07/07/2023

Document: 01110883858

Appellate Case: 23-3103

**ANTHONY THOMPSON,**

> **Plaintiff,**

v.                                                                        **Case No. 15-3117**

**GLEN VIRDEN, et al.,**

**<u>DECLARATION OF ANTHONY THOMPSON</u>**

I, Anthony Thompson, pursuant to 28 U.S.C 1746, hereby declare as follows:

1. I am a United States citizen, resident of the State of Kansas, and am over 18 years of age.

2. I make this declaration from my personal knowledge.

3. I declare in 2017 when I filed the amended complaint, I believed that 47 U.S.C. 605 was amended into Title III and therefore essentially part of Title III.

4. I declare the belief that 605 was part of Title III was based on my interpretation of the following case law and statutory interpretations: United States v. Rose, <u>669 F.2d 23, 26-27</u> (1st Cir. 1981)(the wiretap act qualifies the entire paragraph of 605(a)'s…finding it significant that congress added the introductory phrase when it passed Title III) ; See Also Edwards v. State Farm, <u>833 F.2d 535, 540</u> (5th Cir. 1987)("We think the better

257

Page: 258          Date Filed: 07/07/2023          Document: 01110883858          Appellate Case: 23-3103

interpretation limits each section of 605's prohibitions to activities not authorized by the act… Since congress added the introductory phrase  to section 605 at the same time it enacted the Wiretap Act, we believe congress intended to make the statutes consistent")

5. I declare part of the reasoning behind me requesting no less than five million dollars in my complaint was because I thought the amended 605 applied equally to Title III.

6. I declare it was my understanding and still is that 18 U.S.C 2511(2)(a) was an exception of phone companies from the prohibitions of 605 (a) and in a sense an authorization. See United States v. Freeman, 524 F.2d 337 (7th Cir. 1975) United States v. Clegg, 509 F.2d 605 (5th Cir. 1975). I declare I felt if I hurdled 2511(2)(a) then damages could be sought from 605(a) because for one the 605 statute is broader than 2511.

7. I declare up until after mediation Mr. Shultz had no idea my request for no less than five million dollars had a legal reasoning behind its request. After mediation we discussed why I felt 605 had a per violation language which could assist us when calculating our damages from the wiretap act. Mr. Shultz immediately explained the difference between the statutes why he felt there may be a statute of limitations concern. This is when I explained in detail why I believed the 605 statute was amended into and part of Title III. This is when I formally requested Mr. Shultz to amend in the pretrial conference for me.

8. I declare I did not fail to plead 605 to cause delay or harass the defendants Nor did I intentionally waive my 605 claim. Nor did I intend to stipulate waiving the state law claim and the punitive damages claim. Those stipulations were made unintentionally because of miscommunication with counsel.

9. I declare that prior to the stipulation of the punitive damages counsel was aware that one of our reasons for damages under the wiretap act was to teach the phone companies a lesson

on how important it is to follow the law and protect its millions of consumers private communications. I never intended for counsel to believe that I wanted to waive everything in the wiretap statute except the 10,000 dollar fee found in  18 U.S.C 2520(c ) (2) (B).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 2, 2022

Anthony Thompson

Page: 259     Date Filed: 07/07/2023     Document: 01011083858     Appellate Case: 23-3103