**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 11, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| ALBERT DEWAYNE BANKS, | |
| Plaintiff - Appellant, | |
| v. | No. 23-3102<br>(D.C. No. 5:15-CV-03093-HLT)<br>(D. Kan.) |
| STEVEN L. OPAT, Former Geary County District Attorney in his individual capacity; GLEN F. VIRDEN, Senior Special Agent, Kansas Bureau of Investigation, in his individual capacity; TIMOTHY BROWN, Former Chief of Junction City Police Department, in his individual capacity. | |
| Defendants - Appellees. | |
| ANTHONY CARLYLE THOMPSON, | |
| Plaintiff - Appellant, | |
| v. | No. 23-3103<br>(D.C. Nos. 5:15-CV-03117-HLT & 5:15-CV-03093-HLT)<br>(D. Kan.) |
| GLEN F. VIRDEN, Senior Special Agent, Kansas Bureau of Investigation, in his individual capacity; TIMOTHY BROWN, Chief, Junction City Police Department, in his individual capacity; TONY WOLF, Sheriff, Geary County Sheriff's Department, in his individual and official capacity, | |
| Defendants - Appellees. | |

_____

# ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

These appeals grew out of a state investigation involving Mr. Albert Dewayne Banks and Mr. Anthony Carlyle Thompson. In the investigation, a Kansas prosecutor obtained court orders authorizing wiretaps on Mr. Banks and Mr. Thompson when they took their cellphones anywhere in the United States. Based on these orders, Kansas law-enforcement agents conducted the wiretaps and the federal government indicted the individuals on drug charges. A federal district court suppressed evidence from the wiretaps, concluding that the state court's authority over the wiretaps was limited to the court's own district.

Mr. Banks and Mr. Thompson sued the prosecutor and three of the law-enforcement agents who allegedly conducted the wiretaps. The district court granted summary judgment to the defendants, relying on

---

[*] Oral argument would not help us decide the appeal, so we have decided the appeal based on the briefing and the record. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

- absolute immunity for the prosecutor and
- a statutory good-faith exception for the three agents allegedly carrying out the wiretaps.

We affirm the grants of summary judgment.

## Standard for Review of Summary Judgment

For the summary-judgment rulings, we conduct de novo review, applying the same standard that governed in district court. *Dahl v. Charles F. Dahl, M.D., P.C. Defined Benefit Pension Tr.*, 744 F.3d 623, 628 (10th Cir. 2014). Under that standard, the defendants needed to show a right to judgment as a matter of law and the absence of a genuine dispute of material fact. Fed. R. Civ. P. 56(a). For this determination, we draw all reasonable inferences in favor of the non-moving party. *Georgelas v. Desert Hill Ventures, Inc.*, 45 F.4th 1193, 1197 (10th Cir. 2022).

## The Claim Against the Prosecutor

Mr. Banks argues that the prosecutor wasn't entitled to absolute immunity because

- he vouched for the warrants and
- wasn't acting as an advocate when he referred the case for federal prosecution.

But Mr. Banks forfeited both arguments by failing to make them in district court. *See Anderson v. Spirit Aerosystems Holdings, Inc.*, 827 F.3d 1229, 1238 (10th Cir. 2016). In district court, Mr. Banks mentioned that the prosecutor had signed the orders and had disclosed information to federal

3

agents. But Mr. Banks didn't argue in district court that these actions had stripped the prosecutor of absolute immunity.

### The Claims Against the Three Agents

Mr. Banks and Mr. Thompson also challenge the district court's ruling of good faith for the three law-enforcement agents who allegedly carried out the wiretaps.

In the criminal proceedings, the federal district court ultimately concluded that the orders had exceeded the state court's authority. But in the civil proceedings, defenses exist for law-enforcement agents acting in good faith. 18 U.S.C. § 2520(d)(1); Kan. Stat. Ann. § 22-2518(2). The court applied these defenses here, concluding that the agents' reliance on the orders had been objectively reasonable. So the district court properly concluded that the undisputed evidence had shown good faith in carrying out the orders.

The federal district court ultimately excluded evidence of some calls because the wiretaps had intercepted calls outside the state court's district. But this ruling doesn't negate the good faith of the law-enforcement officers when making the same mistake that the state court had made.

We addressed a similar issue in *United States v. Workman*, 863 F.3d 1313 (10th Cir. 2017). There we considered criminal proceedings growing out of a federal magistrate judge's warrant authorizing installation of software to identify individuals using a site to access child pornography.

*Id.* at 1316. A user in another district accessed the website and argued that the magistrate judge had lacked authority to authorize software that would identify users in other districts. *Id.* at 1316–17. We assumed for the sake of argument that the magistrate judge had exceeded his geographic authority. *Id.* at 1317–18. But we held that the evidence would have been admissible anyway because agents had acted in good faith when relying on the magistrate judge's order. *Id.* at 1320–21.

Here the state court exceeded its authority by issuing orders authorizing interception of information outside of the court's area of authority. In *Workman*, however, we concluded that the nuances of the court's geographic jurisdictional limits wouldn't have been readily apparent to law-enforcement officers. *Id.* The same is true here.

Mr. Banks and Mr. Thompson disagree, arguing that *Workman* is distinguishable because the sources of geographic authority differ here and the nuances were subtler in *Workman*. Though differences exist, they don't cast doubt on the objective reasonableness of the law-enforcement officers' reliance on the wiretap orders.

Granted, the sources of geographic authority differ here and in *Workman*. There the magistrate judge's geographic limits appeared in a federal rule of criminal procedure (Rule 41); here the limit appears in state law. But Mr. Banks and Mr. Thompson don't explain why this difference would matter. In both cases, the law-enforcement officers could reasonably

5

assume that the court would correctly apply the geographic limits when authorizing the interception of data. *See United States v. Pemberton*, 94 F.4th 1130, 1137–40 (10th Cir. 2024) (applying *Workman* to uphold the denial of a motion to suppress a state court's warrant even though the state court lacked authority over the region specified in the warrant).

Mr. Banks and Mr. Thompson also point out that

- the magistrate judge in *Workman* had authorized installation of software onto a server within his own district and
- here the state court authorized wiretaps anywhere in the United States.

Again, the difference doesn't cast doubt on the objective reasonableness of the agents' actions. In *Workman*, the court had authorized installation of malware that would identify users anywhere in the United States. *See United States v. Workman*, 863 F.3d 1313, 1315–16 (10th Cir. 2017). But we concluded in *Workman* that law-enforcement agents could reasonably rely on a magistrate judge's application of the geographic limits on his authority. *Id.* at 1319–21. The same is true here as to the agents' reliance on the state court's application of its geographic limits.

Finally, Mr. Banks and Mr. Thompson argue that even if *Workman* otherwise applied, there's no good-faith defense for mistakes of law. For this argument, Mr. Banks and Mr. Thompson rely on *Heggy v. Heggy*, 944 F.2d 1537 (10th Cir. 1991). There we concluded that a defendant

6

couldn't avoid liability based on his subjective belief that he could put a wiretap on his own home phone. *Id.* at 1541–42.

But *Heggy* didn't involve an order authorizing a wiretap, and we observed that the law provided a good-faith defense when someone relies on a court order. *Id.* at 1542. Here we have federal and state statutes expressly providing a defense based on good-faith reliance on a court order. So *Heggy* doesn't undermine the applicability of the good-faith defenses.

Affirmed.

                                        Entered for the Court

                                        Robert E. Bacharach
                                        Circuit Judge